The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.

APPENDIX 16

# CONSPIRACY AGAINST RIGHTS UNDER COLOR OF LAW

## U.S. BANKRUPTCY COURT, THE MIDDLE DISTRICT OF TENN

## WILLIAMSON COUNTY CHANCERY COURT AT FRANKLIN, TENN

### BK: #3:19-BK-02693 | TN: #M2019-02059-COA-R3-CV | WILCO: #48419B

**COUNSEL'S FINANCIAL & LEGAL LIABILITY FOR BANKRUPTCY CRIMES & EXCESSIVE COSTS (APPLICABLE)** ............................................................ 1

Story & Ausbrooks: Counsel's Liability for Excessive Costs (APPLICABLE) ............ 1

Signature of an Attorney on Bankruptcy Petition, Pleading, or Written Motion shall Constitute a Certification (APPLICABLE) ................................................ 2

Bankruptcy Attorney's Liability for Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers (APPLICABLE) ............................ 3

**FEDERAL RULES OF BANKRUPTCY PROCEDURE (VIOLATIONS)** .................... 6

FRBP Rule 7001: Scope of Rules of Part VII—ADVERSARY PROCEEDINGS: Required by Four Seperate Factors in my Ex-wife's Undisclosed Bankruptcy (VIOLATED) ............ 6

FRBP Rule 9011: Bankruptcy Attorney's Liability for Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers (VIOLATED) .................... 8

**TITLE-11: BANKRUPTCY LAWS (VIOLATIONS)** ........................................ 11

**11 USC § 363(h)(3): CAN ONLY SELL IF the Benefit to the Estate of a Sale of such Property Free of the Interests of Co-owners Outweighs the Detriment to such Co-owners (VIOLATED)** .... 11

11 USC § 363(b)(1): Tenants with Lawful Leasehold Interests and I were Due Notices & Hearings in FED BK Court or FED District Court, Shortly after Ex-wife Filed BK (VIOLATED) ......... 13

11 USC § 363(e): Adequate Protection was Intentionally Circumvented by Refusing my Tenants and I Notice & Hearing in FED BK or District Court = FRBP 7001 (VIOLATED) ................ 11

11 USC § 363(h)(3): The Benefit to the Estate, of a Sale of such Property, Free of the Interests of Co-owners, Outweighs the Detriment, if any, to such Co-owners. (Husband had NO Knowledge or Means of Knowing that ANY Mortgage Payments were Missed, since Ex-wife Promised to Pay & Controlled Access.) Husband lost over a Million-Dollar, post-tax, lifetime Property Interest, while being rendered Homeless, Broke & Destitute in TN. (I told Attorney Story that I could Borrow Money to bring the Mortgages Current, but she Insisted that it was "Already Too Far Along in the BK Process") On my first day in Court, on 8/1/2019, Before Discovery Began (VIOLATED) ............................ 11

11 USC § 363(h): Permits Sale of a Co-owner's Interest in Property IF the Benefit to the Estate Outweighs any Detriment to the Co-owners. (Benefit to the Estate is Determined by the Amount of UNSECURED Debts which can be Payed by the Sale, above and beyond the Mortgages Secured by the Property. This Sale ONLY paid the Mortgages. It was of NO such Benefit and FAILED to Meet the Criteria to Force the Sale.) "Burdonsome Asset" (VIOLATED) _____ 14

**11 USC § 541: Property of Estate— Commencement of a Bankruptcy Case Creates an Estate** ___ **16**

11 USC § 541(d): Property in which the Debtor Holds, as of the Commencement of the Case (VIOLATED) _____ 18

11 USC § 541: The House amendment provides that property of the estate will include whatever interest the debtor held in the property at the commencement of the case (VIOLATED) _____ 19

11 USC § 541: Only the Debtor's Interest in such Property becomes Property of the Estate (VIOLATED) _____ 19

11 USC § 541: Both possessory interests and lease-hold interests are VALID interests which must be given consideration (VIOLATED) _____ 20

11 USC § 541: It is not intended to expand the debtor's rights against others more than they exist at the commencement of the case (VIOLATED) _____ 20

**11 USC § 542: Turnover of Property—Husband was the "Debtor in Possession" with two Tenant's who had Federally Protected Leasehold Interests. Husband had more premarital retirement funds invested into the purchase of the Marital Residence than Ex-wife (VIOLATED)** _____ **21**

**11 USC § 707(4)(C): Signature of an Attorney on a Petition,  Pleading, or Written Motion shall Constitute a Certification (APPLICABLE)** _____ **22**

**11 USC § 1203: Rights and Powers of Debtor—I was the Debtor in Possession, Fraudulently Denied Notice, Hearing in FED Court, and an Adversarial Proceeding (VIOLATED)** _____ **23**

11 USC § 1204(a): Removal of Debtor as Debtor in Possession—On request of a party in interest (had I not been denied lawful notice per FRBP-7001, I would have made such a request), the Court SHALL Order that the Debtor shall NOT be a "Debtor in Possession" for Cause, including Fraud, Dishonesty, Incompetence, or Gross Mismanagement of the Affairs (I was and remained the "Debtor in Possession" until Wrongfully Evicted on 9/3/2019, with only Five-Days Notice, by 4-Sheriff's Deputies, based upon Significant Attorney and Judicial Misconduct and Fraud Upon the Court by Officers of the Court during my Pro Se 8/29/2019 "hearing" in Chancery, without Reason Provided by Judge Michael W. Binkley. Transcripts of Evidence were hidden by Court in Volum _____ 23

11 USC § 1205: Adequate Protection—This ENTIRE Section Applies and was KNOWINGLY (VIOLATED) by the Egregious Conspiracy Against MY Rights, Under Color of Law, with the Knowing Disregard for Bankruptcy Rules & Laws _____ 23

11 USC § 1206: Sales Free of Interests—After Notice and a Hearing, in Addition to the Authorization contained in Section 363(f) = 363(h)3 MEANS TEST (FAILED) .............................. 24

11 USC § 1207: Property of the Estate .......................................................... 24

11 USC § 1208: Conversion or Dismissal—Any waiver of the right to  dismiss under this subsection is unenforceable.  (c) On request of a party in interest, and after  notice and a hearing, the court may dismiss a  case under this chapter for cause, including — (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors; ........................ 24

**TITLE-18: FEDERAL CRIMES IN THIS CASE (VIOLATIONS)** .............................. 25

**BANKRUPCY CRIMES (VIOLATED)** ............................................................ 25

18 USC § 152: Concealment of Assets; False Oaths, Claims; Bribery ...................... 25

18 USC § 153: Embezzlement Against Estate ................................................ 26

18 USC § 154: Adverse Interest and Conduct of Officers .................................. 26

18 USC § 156: Knowing Disregard of Bankruptcy Law or  Rule .......................... 27

18 USC § 157: Bankruptcy Fraud ............................................................ 27

18 USC § 158: Designation of United States Attorneys and Agents of the F.B.I. .......... 28

**18 USC § 373 Solicitation to Commit a Crime of Violence (VIOLATED)** ................ 29

18 USC § 401: Power of a Court of the United States to have the Power to Punish by Fine or Imprisonment, or Both, at  its Discretion, such Contempt of its Authority ..................... 29

18 USC § 402: Contempts Constituting Crimes: Any Person Willfully  Disobeying any Lawful Writ, Process, Order,  Rule, Decree, or Command of any District Court of  the United States ........ 29

**18 USC § 241: Conspiracy Against Rights** ................................................ 30

**18 USC § 242: Deprivation of Rights Under Color of Law** ............................... 30

**18 USC § 1951(b)(1), (2): Hobb's Act "ROBBERY" & "EXTORTION"—The term "Extortion" means the obtaining of property from another, with his consent,  induced by wrongful use of actual or threatened force, violence, or fear, or under color of  official right (VIOLATED)** ........ 31

**18 USC § 1951(a): Hobb's Act Interference with Commerce by Threats or Violence (VIOLATED)** ..... 31

**Universal Declaration of Human Rights (TORTURE): To take everything that a man has, his only income, shelter, property, pre-marital retirement (by an entirely secret, fraudulent conspiracy between powerful Courts, without a single GOOD-FAITH motive or action), in**

violation of every RULE OF LAW, then to further deprive me of my LIBERTY interest by DEFAULT, without the slightest HINT of DUE PROCESS, after geographically displaced me by 600 miles, is such an egregious overstep of any lawful authority or jurisdiction, I have literally experienced LITIGIOUS TERRORISM for OVER THREE-YEARS OF OUTRAGEOUS PAIN AND SUFFERING, beyond the scope of "TORTURE" as recognized by the Universal Declaration of Human Rights! (Of which you are hereby notified that you are a party to, having REFUSED me ANY ASSISTANCE!)

REFUSED me ANY ASSISTANCE!) _____ 32

## TITLE-28: JUDICIAL & JURISDICTIONAL (VIOLATIONS) _____ 33

FEDERAL JURISDICTION: Absent Abstention by the Bankruptcy Court of its Exclusive Jurisdiction over the Debtor's Property, the State Court may not Exercise Jurisdiction over Property of the Debtor or Property of the Bankruptcy Estate. _____ 33

28 USC § 1334: Bankruptcy Cases and Proceedings—DISTRICT COURTS have Original & Exclusive JURISDICTION (VIOLATED) _____ 34

28 USC § 1335: Interpleader—The DISTRICT COURTS shall have Original Jurisdiction of any Civil Action of Interpleader or in the Nature of Interpleader Filed (VIOLATED) _____ 35

28 USC § 1927: Counsel's Liability for Excessive Costs—Bankruptcy Attorney Mary Beth Ausbrooks Liable & Divorce Attorney Virginia Lee Story Liable (amongst others) _____ 36

## TITLE-42: PUBLIC HEALTH AND WELFARE (VIOLATIONS) _____ 37

### AMERICANS WITH DISABILITIES ACT: VIOLATIONS _____ 37

42 USC § 12202: State Immunity—Egregious ADA Violations of Disadvantaged and Vulnerable People (APPLICABLE) _____ 37

42 USC § 12203(a): Prohibition Against Retaliation and Coercion (VIOLATED) _____ 37

42 USC § 12203(b): Interference, Coercion, or Intimidation—Threats of Incarceration to Coerce my Signature on the "Listing Agreement" in Court on 8/29/2019. The Fraudulent 6-YEAR "ORDER OF PROTECTION" to EXTORT MY SILENCE (under color of official right, or law), while it was ENTIRELY FRAUDULENT, by DEFAULT JUDGMENTS after I was lawlessly RENDERED HOMELESS and DISLOCATED to the State of Michigan to SURVIVE, giving the State of Tennessee NO LAWFUL AUTHORY or JURISDICTION to FURTHER HARM ME! (My Ex-wife's FALSE Statement about me is NOT EVEN SIGNED, which by the FEDERAL RULES OF EVIDENCE means that it is TRASH!) _____ 37

42 USC § 12203: Attorney Virginia Lee Story outrageously harrassed and even had the AUCTIONEER Tommy Anderson spy on my elderly mother and I while, followed later by his THREATS ahd harrassment, followed by him coming to my home and pounding on the back door, about scaring my mother to death! To threaten we hurry up and move out, or else something not to my liking was going to happen! (We tried to hurry to comply with her demands, to pack my personal property once permitted

to come do so, while she had a hearing pending the next day to DISCARD it by using a FEDERAL BK Court Order to Supersede TN STATE LAW's "Personal Property Exemption" which I had lawfully filed in Chancery Court. (This was purely the manipulation of a FRAUDULENT FEDERAL BAN. ........................................................................................................................ 37

42 USC § 12203: Attorney Virginia Lee Story tried to EXTORT thousands of dollars out of my elderly mother, while THREATENING to otherwise SELL or DISCARD my PERSONAL PROPERTY, which she and BInkley FORCED me to leave at the PROPERTY under completely FRAUDULENT CLAIMS, intended to OBSTRUCT a TRIBUNMAL, while they TAG-TEAMED me during my PRO SE Hearing on 8/29/2019. .......................................................................................................... 37

**42 § 1981: Equal Rights Under the Law** .......................................................................................... 37

**42 § 1982: Deprivation of Property Under Color of Law** .............................................................. 37

**42 § 1983: Deprivation of Rights under Color of Law** ................................................................. 37

**42 § 1985: Conspiracy Against Rights** ............................................................................................ 37

**42 § 1986: Action for Neglect to Prevent** ...................................................................................... 37

**42 § 1988: Proceedings in Vindication of Civil Rights** ................................................................ 37

**42 § 3631: Criminal Interference with Right to Fair Housing** ..................................................... 37

**HUD & FED (VIOLATIONS)** ........................................................................................................... 38

**31 CFR Subtitle A § 5.18: How Does a Debtor Request a  Special Review Based on a Change in Circumstances such as Catastrophic  Illness, Divorce, Death, or Disability? (I was unlawfully DEPRIVED of any chance to even apply!)** ...................................................................................... 38

**31 CFR Subtitle A § 5.18(a): Material change in circumstances.  A  debtor who owes a Treasury debt may,  at any time, request a special review  by the applicable Treasury entity of  the amount of any offset, administrative  wage garnishment, or voluntary payment, based based on materially changed circumstances beyond the control of  the debtor such as, but not limited to,  catastrophic illness, divorce, death, or  disability. (Criminally deprived by CONSPIRCY between State and Federal BK COURTS of any CHANCE to apply for relief.)** ......................................................... 38

**24 CFR Ch. V § 570.606: Displacement, Relocation, Acquisition,  and Replacement of Housing. (a) General policy for minimizing displacement. (I was CRIMINALLY deprived of even NOTICE OF NEED, so that I could APPLY FOR ASSISTANCE before fraudulently being rendered HOMELESS (with a FIVE-DAY NOTICE, under grossly FALSE CLAIMS, with zero provision without being GEOGRAPHICALLY DISPLACED by 600 MILES to simply SURVIVE the lawless actions of BOTH State and Federal Courts in what I believe was a RICO action!)** ................ 39

**FEDERAL CIVIL RIGHTS (VIOLATIONS)** ..................................................................................... 42

The Federal BILL OF RIGHTS was Repeatedly and Carelessly Violated (I HAD ZERO RIGHTS IN THAT COURT, and any USE of that Court was to purely CIRCUMVENT my LAWFUL FEDERAL, Constitutional, and NATURAL RIGHTS to live through a secret conspiracy they strategically AMBUSHED ME with, to intentionally target, attack, and exploit my fully KNOWN and disclosed DISABILITIES for a STRATEGIC ADVANTAGE and to be SADISTICALLY HARM ME beyond the BENEFIT to ANY PARTY, lawful or otherwise, proving the CRUEL & INHUMANE ACTIONS of this Conspiracy against LIFE, LIBERTY, PROPERTY, while absolutely demolishing my PURSUIT OF HAPPINESS, entirely by FRAUD and an aburd number of CRIMINAL FELONIES against me and my family, not the slightest of which can be lawfully justified. 42

Amdt5.4.4.2.1: Deprivations of Liberty—The Court also appeared to have expanded the notion of "liberty" to include the right to be free of official stigmatization, and found that such threatened stigmatization could in and of itself require due process. 44

14th Amendment and Due Process: I was screamed at on the phone in a recorded call with the Chapter 7 Bankruptcy Trustee, chastising me for asserting that my 14th Amendment Constitutional Rights were Violated! Even though he admitted he didn't see the full lawful process was completed, while refusing to tell me what or who had failed to obey the FRBP and bankruptcy LAW. Telling me instead that Bankruptcy Law is the Second most Complicated Section of Code in the USA, second only to TAX LAW, SO GOOD LUCK! 45

## TENNESSEE STATE CRIMES: TCA (VIOLATIONS) 45



**INSIDE THE STATE OF TENNESSEE'S LEGISLATURE/COURTS/AOC/TBI, BJC & BPR JURISDICTION:** Arrests, Impeachments, Disbarments, Disciplinary Actions, State Criminal Charges, Corrections, Expungements, Restitution, Damages, Sanctions, Policy Changes To Increase Transparency and Accountability within ALL Tennessee Courts. More Uniform Policies State-Wide to Reduce Discrimination By Local Rules. Mandatory Disclosures & Recusals of Hearing Cases By "Friends".

THE "DOMESTIC" DIVORCE CASE **Per Chancery Court Record, Docket #48419B Williamson County Tennessee**

"THE DOG AND PONY SHOW" **Almost Exclusively Fraud Upon the Court(s), by Officer(s) of Both Court(s) A Strategically Engineered Emergency Distraction to CIRCUMVENT the FRBP & BK Laws**

**OUTSIDE DOJ/FBI JURISDICTION:** Due to the Influence of the "Players", Nobody within the State of Tennessee Has Shown ANY Interest in Enforcing The "Rule of Law" or Holding the Court and Counsel Accountable To Their "Oaths of Office", the Judicial Canons, or the Rules Of Professional Conduct. The Board of Professional Responsibility has Refused To File, Vet and Act Upon My "Serious Complaint" Submitted Well Over Two Years-Ago; Against Attorneys Virginia Lee Story, Mary Beth Ausbrooks, Elaine Beeler, And "Friends".

**INSIDE DOJ/FBI JURISDICTION**
**Bankruptcy Case 3:19-BK-02693**
FRBP 7001 Adversary Proceedings
FRBP 9011 Attorney Certification
28 USC §§ 1927, 1334, 1335 — Jurisdiction
11 USC §§ 363(b)(1), (e) NOTICE & HEARING
11 USC § 363(h) Sell if Benefit to Estate
11 USC §§ 541, 542, 543 Estate Property/Turnover
18 USC § 241 Conspiracy Against Rights
18 USC § 242 Deprivation (Color of Law)
18 USC §§ 157, 1341 BK Fraud(s) & Swindles
18 USC § 1503 Obstruction of Justice
18 USC § 1519 Falsifying BK Records
18 USC § 1951 Hobb's Act Extortion
18 USC § 1957 Unlawful Property Trans.

**IN DOJ/FBI/TBI JURISDICTION**
CONSTITUTIONAL, STATE, AND
**— FEDERAL CRIMES —**
COMMITTED BY BOTH COURTS AND COUNSEL COLLUSIVELY: CONSPIRACY AGAINST RIGHTS, DEPRIVATION OF PROPERTY AND LIBERTY UNDER COLOR OF LAW, WITHOUT NOTICE/EQUAL OR DUE PROCESS. MALICIOUS LITIGATION, ABUSE, CRUELTY, FAILURE TO INTERVENE, NEGLECT TO PREVENT, CIVIL RIGHTS INTIMIDATION, COERCION, THEFT, EXTORTION, UNDER COLOR OF OFFICIAL RIGHT, ADA COERCION THREATS, INTERFERENCE, RETALIATION.

**SYNOPSIS:** Family Court Attorney, **Virginia Lee Story** (in Williamson County Chancery Court) Conspired with Bankruptcy Specialist, Attorney **Mary Elizabeth Maney Ausbrooks** (in U.S. Bankruptcy Court for the Middle District of Tennessee), well over a Month in Advance of my Ex-wife's secret Divorce Filing & Ambush. The Crux of this Conspiracy Conducted by Counsel, with the Fraudulent Assistance by BOTH Courts, was to CIRCUMVENT the "Federal Rules of Bankruptcy Procedure" (FRBP) and a Multitude of Federal Bankruptcy Laws, so they could Illegally FORCE the Deprivation of Multiple Property Interests (purchased/owned/held) by MYSELF in 1986 Sunnyside Drive, Brentwood, TN 37027; as well as by my two Roommates/Tenants State & Federally Protected "Leasehold Property Interests". Each of which Required an "Adversarial Proceeding", including NOTICES & HEARINGS in Federal District Court, or Federal Bankruptcy Court. Under the circumstances, the State Courts were specifically FORBIDDEN from Exercising Jurisdiction. The BK Trustee was REQUIRED to REMOVE the PROPERTY from my Ex-wife's secret "BANKRUPTCY ESTATE", as a "BURDENSOME ASSET", long before I met Judge Michael W. Binkley.

**Jeff Fenton**

| | |
|---|---|
| **From:** | Seliber, Megan (USTP) <Megan.Seliber@usdoj.gov> |
| **Sent:** | Tuesday, March 15, 2022 6:08 PM |
| **To:** | Jeff Fenton |
| **Subject:** | Fenton 19-02693: sale motion complaint |
| **Attachments:** | fenton 319-02693 deed.pdf |

> IF the BANKRUPTCY COURT had OBEYED the FRBP, then the Bankruptcy Trustee would have been FORCED by the Federal Bankruptcy Court or the Federal District Court to REMOVE the Marital Residence from my Ex-wife's "BANKRUPTCY ESTATE" as a "BURDENSOME ASSET" long before I ever even MET Judge Binkley! BOTH my INTERESTS and my TENANT'S LEASEHOLD INTERESTS were PROTECTED under Federal Bankruptcy Laws!

Mr. Fenton,

I further investigated your complaint that you were not given notice of the motion to sell 1986 Sunnyside Drive as a co-owner in bankruptcy court. I confirmed that you did not receive notice. ~~Because Judge Binkley gave your ex-wife the power to close the sale in family court, it does not appear that any objection in bankruptcy court would have been availing even if you had been given notice.~~ For your records, I've attached the warranty deed and the family court order that was recorded.

Although you are welcome to seek bankruptcy counsel to investigate the matter further, ~~I believe that because the family court had dual jurisdiction over the property, you will need to seek any further remedy in state court. As the property has already been sold to a third-party purchaser, it is also unclear if any remedies would be available~~.

> The State Court DID NOT have DUAL JURISDICTION, that is a LIE! The Federal Court always has ORIGINAL JURISDICTION, and usually EXCLUSIVE JURISDICTION over all property, where it sits, as it sits, upon the day the BANKRUPTCY IS FILED!
>
> The State Court is actually SPECIFICALLY FORBIDDEN from taking Jurisdiction over the property because of the circumstances, and the Bankruptcy having been filed 39-DAYS before the DIVORCE!
>
> REMEDIES are ALWAYS available for RACKETEERING and FRAUD, especially with as many bad-actors, in a Conspiracy to intentionally CIRCUMVENT the FRBP and FEDERAL BANKRUPTCY LAWS via CRIMES UNDER COLOR OF LAW, without EQUAL or DUE PROCESS, in a Corrupt State Court!

This concludes my investigation into your complaint.

Best,

**Megan Seliber**
Trial Attorney, Office of the United States Trustee
318 Customs House, 701 Broadway
Nashville, TN  37203
(615) 695-4060

> The CRIMINAL EVIDENCE of CONSPIRACY AGAINST RIGHTS (AND PROPERTY) UNDER COLOR of LAW, FRAUD UPON BOTH COURTS, HOBBS ACT EXTORTION, and a BUNCH OF FEDERAL BANKRUPTCY CRIMES is ALL in the TIME-LINE:
>
> DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when DIVORCE was FILED on 6/04/2019: 39-DAYS
>
> DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when I was SERVED DIVORCE PAPERS 6/15/2019: 50-DAYS
>
> DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when fraudulent "Order of Protection Ex Parte was Served on 6/20/2019: 55-DAYS
>
> DAYS between when BANKRUPTCY was FILED on 4/26/2029 and when I had my FIRST HEARING in CHANCERY COURT on 8/1/2019: 97-DAYS (The Bankruptcy Attorney HAD TO KNOW this far in ADVANCE, that Judge Binkley would "PLAY BALL"!)
> Otherwise the Bankruptcy Attorney would have gotten CAUGHT filing a FRAUDULENT BANKRUPTY PETITION, as would the TRUSTEE. The Bankruptcy Attorney would have been responsible for all losses, faced serious sanctions, and removal from office! She HAD TO KNOW that Judge Binkley would illegally FORCE THE AUCTION OF MY HOME, on my VERY FIRST DAY in Court, before she could WAIT for 97-DAYS for what she was REQUIRED to do within the first 14-DAYS OF FILING the FRAUDULENT BANKRUPTCY!
>
> DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when I was FORCEFULLY EVICTED from my home on 9/3/2019: 130-DAYS

determination of personal injury awards or wrongful death claims from the bankruptcy court's core judicial authority. 28 U.S.C. § 157(b)(2)(O).

Bankruptcy courts may also hear "related non-core" proceedings. *Cf. In re Gallucci*, 931 F.2d 738 (11th Cir. 1991) (bankruptcy court may not hear non-core, nonrelated matters). A proceeding "relates to" a bankruptcy case if its outcome affects the amount of property available for distribution of the allocation of property to creditors. *In re Emerald Acquisition Corp.*, 170 B.R. 632 (Bankr. N.D. Ill. 1994). In a non-core related case, absent the consent of the parties, the bankruptcy court must submit findings of fact and conclusions of law to the district court, which then enters judgment in the case. 28 U.S.C. § 157(c)(1) and (2). Case law has defined "related proceedings" as those proceedings that, in the absence of a petition in bankruptcy, the parties could bring in a state or district court. *See Moody v. Amoco Oil Company*, 734 F.2d 1200 (7th Cir. 1984) cert. den'd, 469 U.S. 982 (1984). *See also, In re Best Prod. Co., Inc.*, 168 B.R. 35 (Bankr. S.D. N.Y. 1994).

The bankruptcy judge determines whether a matter is core or non-core. *Eubanks v. Esenjay Petro. Corp.*, 152 B.R. 459 (E.D. La. 1993). The judge may make this determination on her own motion or upon the timely motion of a party. 28 U.S.C. § 157(b)(3). The bankruptcy judge's determination that a proceeding is core -- either express or implied from his entering a final order -- is presumably subject to review on appeal. However, unless the objecting party appeals the determination in a timely fashion and the court reverses its decision, the final judgment or order will bind the parties even though the matter may have been truly non-core. *See DuVoisin v. Foster (In re Southern Indust. Banking Corp.)*, 809 F.2d 329, 331 (6th Cir. 1987).

### 5. Jurisdiction Over Property

28 U.S.C. § 1334(e) grants the bankruptcy court exclusive jurisdiction over all property, wherever located, of the debtor and the estate as of the commencement of the case. This section makes clear that a bankruptcy proceeding constitutes, in large measure, an in rem action for the purposes of collection, liquidation, and distribution of an estate. To this end, the bankruptcy court has exclusive jurisdiction over virtually all the debtor's property interests, disputes, ownership or lien interests in that property and about its disposition. In general, the property is accorded the bankruptcy court's protection, even if it was subject to the jurisdiction of another court at the time the bankruptcy petition was filed. This jurisdictional provision directly affects any

divorce action the non-debtor spouse may seek to commence or which is ongoing when the bankruptcy proceeding is filed. Absent abstention by the bankruptcy court of its exclusive jurisdiction over the debtor's property, the state court may not exercise jurisdiction over property of the debtor or property of the bankruptcy estate. See e.g., In re Palmer, 78 B.R. 402, 405-06 (Bankr. E.D.N.Y. 1987).

### F. Bankruptcy Administration

One matter causing confusion and frustration to nonbankruptcy practitioners is the number of parties involved in the administration of the bankruptcy case. These parties include the bankruptcy judge, the United States Trustee's office, a panel or private trustee, the estate's professionals and, in limited circumstances, examiners. While a detailed discussion of the roles of each of these parties to a bankruptcy case would provide a topic for an entirely separate paper, a brief description is necessary for understanding the basics of bankruptcy.

### 1. The Bankruptcy Judge

Although technically not an "administrator," the bankruptcy judge (as described above) presides over cases and proceedings before the bankruptcy court. The role of the bankruptcy judge is comparable to that of other judges, i.e., to act as a finder of fact and to make conclusions of law based on presentation of evidence and argument to the court. The absence of the bankruptcy judge in administration is a noteworthy development of modern bankruptcy. Prior to the enactment of the Bankruptcy Code, the bankruptcy judge not only exercised judicial decision-making authority, but also supervised the administration of bankruptcy cases. The dual-role of the bankruptcy judge was, in the opinion of many, the most glaring defect in the former bankruptcy system. The very nature of administrative duties imposed by the court under the Bankruptcy Act encouraged, if not required informal contact among the bankruptcy judge, lawyers, and others participating in the bankruptcy administration. For this reason, the Bankruptcy Code separates the judicial and administrative functions. The United States Trustee's Office performs the administrative functions previously handled by bankruptcy judges.

### 2. The United States Trustee

The United States Trustee operates under the supervision of the United States Attorney General. The twenty-one regions, which consist of groups of federal judicial districts, comprise the United States Trustee system. 28 U.S.C. § 581(a). The Attorney General appoints a United States Trustee for each

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 3:19-BK-02693 |
| | § | |
| FAWN TIFFANY FENTON | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

John C. McLemore, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1)       All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report.  The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law.  The trustee hereby requests to be discharged from further duties as a trustee.

2)       A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | | | |
|---|---|---|---|
| Assets Abandoned: *(without deducting any secured claims)* | $1,250.00 | Assets Exempt: | $11,000.00 |
| Total Distributions to Claimants: | $3,028.98 | Claims Discharged Without Payment: | $55,593.59 |
| | | ATTORNEY STORY: | —$11,514.50 |
| Total Expenses of Administration: | $1,371.02 | (SEE PAGE-4) | $44,079.09 |

3)       Total gross receipts of $4,400.00  (see **Exhibit 1**), minus funds paid to the debtor(s) and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $4,400.00 from the liquidation of the property of the estate, which was distributed as follows:

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| Secured Claims (from **Exhibit 3**) | $11,672.82 | $308,190.92 | $0.00 | $0.00 |
| Priority Claims: |  |  |  |  |
| Chapter 7 Admin. Fees and Charges (from **Exhibit 4**) | NA | $1,371.02 | $1,371.02 | $1,371.02 |
| Prior Chapter Admin. Fees and Charges (from **Exhibit 5**) | NA | $0.00 | $0.00 | $0.00 |
| Priority Unsecured Claims (From **Exhibit 6**) | $0.00 | $0.00 | $0.00 | $0.00 |
| General Unsecured Claims (from **Exhibit 7**) | $59,845.46 | $37,324.85 | $35,314.85 | $3,028.98 |
| **Total Disbursements** | $71,518.28 | $346,886.79 | $36,685.87 | $4,400.00 |

4). This case was originally filed under chapter 0 on 04/26/2019. The case was converted to one under Chapter 7 on 12/06/2019. The case was pending for 13 months.

5). All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6). An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**. The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: 01/09/2021                    By:   /s/ John C. McLemore
                                                          Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

## EXHIBITS TO
## FINAL ACCOUNT

### EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE | AMOUNT RECEIVED |
|---|---|---|
| 2017 Toyota Prius Mileage: 30,000 Other Information: VIN: JTDKBRFU2H3033495 | 1129-000 | $4,400.00 |
| **TOTAL GROSS RECEIPTS** | | $4,400.00 |

The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

### EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES
NONE

### EXHIBIT 3 – SECURED CLAIMS
NONE

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 6 | BancorpSouth Bank | 4110-000 | $0.00 | $54,863.54 | $0.00 | $0.00 |
| 7 | Toyota Motor Credit Corporation | 4210-000 | $11,672.82 | $12,600.00 | $0.00 | $0.00 |
| 8 | Specialized Loan Servicing LLC | 4110-000 | $0.00 | $240,727.38 | $0.00 | $0.00 |
| **TOTAL SECURED CLAIMS** | | | $11,672.82 | $308,190.92 | $0.00 | $0.00 |

### EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| John C. McLemore, Trustee | 2100-000 | NA | $1,100.00 | $1,100.00 | $1,100.00 |
| John C. McLemore, Trustee | 2200-000 | NA | $83.69 | $83.69 | $83.69 |
| Pinnacle Bank | 2600-000 | NA | $6.33 | $6.33 | $6.33 |
| U.S. Bankruptcy Court Clerk | 2700-000 | NA | $181.00 | $181.00 | $181.00 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | NA | $1,371.02 | $1,371.02 | $1,371.02 |

### EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES
NONE

### EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM | CLAIMANT | UNIFORM | CLAIMS | CLAIMS | CLAIMS | CLAIMS |
|---|---|---|---|---|---|---|

UST Form 101-7-TDR (10/1/2010)

| NUMBER | | TRAN. CODE | SCHEDULED | ASSERTED | ALLOWED | PAID |
|---|---|---|---|---|---|---|
| 1 | IRS Insolvency | 5800-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL PRIORITY UNSECURED CLAIMS | | | $0.00 | $0.00 | $0.00 | $0.00 |

## EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 2 | Ascend Federal Credit Union | 7100-000 | $12,900.65 | $12,900.65 | $12,900.65 | $1,106.50 |
| 3 | Ascend Federal Credit Union | 7100-000 | $4,212.89 | $5,000.00 | $2,990.00 | $256.45 |
| 4 | American Express National Bank | 7100-000 | $9,518.02 | $9,518.02 | $9,518.02 | $816.37 |
| 5 | Capital One Bank (USA), N.A. | 7100-000 | $9,906.18 | $9,906.18 | $9,906.18 | $849.66 |
| | BanCorp South | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| | Bank of America | 7100-000 | $11,793.22 | $0.00 | $0.00 | $0.00 |
| | Chase Card | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| | Specialized Loan Servicing, LLC | 7100-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| | Virginia Lee Story | 7100-000 | $11,514.50 | $0.00 | $0.00 | $0.00 |
| TOTAL GENERAL UNSECURED CLAIMS | | | $59,845.46 | $37,324.85 | $35,314.85 | $3,028.98 |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:  1                Exhibit 8

| | |
|---|---|
| Case No.: | 19-02693-CW3-7 |
| Case Name: | FENTON, FAWN TIFFANY |
| For the Period Ending: | 1/9/2021 |

| | |
|---|---|
| Trustee Name: | John C. McLemore |
| Date Filed (f) or Converted (c): | 12/06/2019 (c) |
| §341(a) Meeting Date: | 01/06/2020 |
| Claims Bar Date: | 05/04/2020 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Ref. # | | | | | | |
| 1 | 2017 Toyota Prius Mileage: 30,000 Other Information: VIN: JTDKBRFU2H3033495 | $14,500.00 | $6,188.16 | | $4,400.00 | FA |
| 2 | Sofa, Rugs, End Table, Coffee Table, Bedroom Suite, Bookshelves, Gun Safe, Table & Chairs, Toaster, Pots & Pans, Misc. Household items | $1,420.00 | $0.00 | | $0.00 | FA |
| 3 | TV, Tablet | $575.00 | $0.00 | | $0.00 | FA |
| 4 | Breyer Horses | $450.00 | $0.00 | | $0.00 | FA |
| 5 | AR15, FN-FAL, Glock 23, Rugger SP101 | $2,750.00 | $50.00 | | $0.00 | FA |
| 6 | Clothing/Shoes/Purse | $500.00 | $0.00 | | $0.00 | FA |
| 7 | Wedding Ring $1500 and Costume jewelry | $1,200.00 | $300.00 | | $0.00 | FA |
| Asset Notes: | Jeweler said worth $300. Burdensome Asset. | | | | | |
| 8 | Dog, 2 Bunnies, Fish | $0.00 | $0.00 | | $0.00 | FA |
| 9 | Items in storage Books, Luggage, Pet Supplies, Christmas Decorations | $435.00 | $0.00 | | $0.00 | FA |
| 10 | 2 Aquarium located at 102 Plum Nelly Circle | $425.00 | $0.00 | | $0.00 | FA |
| 11 | Cash | $200.00 | $0.00 | | $0.00 | FA |
| 12 | Checking First Farmers & Merchants | $1,349.36 | $0.00 | | $0.00 | FA |
| 13 | Checking Ascend Federal CU | $0.00 | $0.00 | | $0.00 | FA |
| 14 | Savings First Farmers & Merchants | $1,350.65 | $0.00 | | $0.00 | FA |
| 15 | Savings Ascend Federal CU | $272.60 | $0.00 | | $0.00 | FA |
| 16 | Checking MIT FCU (u) | $255.00 | $0.00 | | $0.00 | FA |
| 17 | Savings MIT FCU (u) | $200.55 | $0.00 | | $0.00 | FA |
| 18 | Cellphone, Laptop (u) | $550.00 | $0.00 | | $0.00 | FA |

**TOTALS (Excluding unknown value)**

**Gross Value of Remaining Assets**

| | $26,433.16 | $6,538.16 | | $4,400.00 | $0.00 |
|---|---|---|---|---|---|

**Major Activities affecting case closing:**
07/21/2020    Filed Amended Claims Recommendation.

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page No:  2                Exhibit 8

| Case No.: | 19-02693-CW3-7 | | Trustee Name: | John C. McLemore |
| Case Name: | FENTON, FAWN TIFFANY | | Date Filed (f) or Converted (c): | 12/06/2019 (c) |
| For the Period Ending: | 1/9/2021 | | §341(a) Meeting Date: | 01/06/2020 |
| | | | Claims Bar Date: | 05/04/2020 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

| | |
|---|---|
| 07/07/2020 | PC with Virginia Story 615-790-1778 who represents the Debtor in her Williamson County Divorce (Judge Binkley) |
| 07/02/2020 | PC from Jeff Fenton?? Debtor's former husband talked with him for more than 30 minutes. |
| 05/27/2020 | Filed Mt to Allow/Disallow Claims. |
| 05/13/2020 | Email to Jodie Thresher re: claims. |
| 04/15/2020 | Fawn Fenton picked up her ring. |
| 04/01/2020 | Email to Jody Thresher and Mary Beth Ausbrooks about Debtor's ring |
| 03/19/2020 | Filed Report of Sale. |
| 03/19/2020 | Jeweler said diamond ring and wedding band was worth $300. Burdensome asset. Will return ring to Debtor. |
| 02/19/2020 | Gave diamond ring and wedding band to Bobby Colson who will get a valuation. |
| 02/10/2020 | Filed Mt to Sell Equity in Vehicle to Debtor for $4,400. |
| 02/03/2020 | Claims bar 5/4/2020. |
| 01/30/2020 | Debtor wants to buy equity in vehicle |
| 01/30/2020 | Email to Jodie Thresher about wedding ring. |
| 01/28/2020 | Calculation of value of equity in 2017 Toyota Prius |
| 01/20/2020 | PC with Paul Spina counsel for Toyota Motor Credit. |
| 01/08/2020 | Email from Jodie Thresher, Debtor's attorney - Just wanted to give you a heads up that we will be filing an Amended Schedule A/B and C on this case. |
| 01/07/2020 | Email to Mary Beth - John told Ms. Fenton yesterday that he would like an independent valuation of her 2017 Toyota Prius. See attached instructions to forward to your client. |

Initial Projected Date Of Final Report (TFR):          Current Projected Date Of Final Report (TFR):          /s/ JOHN C. MCLEMORE

JOHN C. MCLEMORE

FORM 2   Page: 1   Exhibit 9

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| **Case No.** | 19-02693-CW3-7 |
| **Case Name:** | FENTON, FAWN TIFFANY |
| **Primary Taxpayer ID #:** | **-***4153 |
| **Co-Debtor Taxpayer ID #:** | |
| **For Period Beginning:** | 4/26/2019 |
| **For Period Ending:** | 1/9/2021 |

| | |
|---|---|
| **Trustee Name:** | John C. McLemore |
| **Bank Name:** | Pinnacle Bank |
| **Checking Acct #:** | ******0194 |
| **Account Title:** | |
| **Blanket bond (per case limit):** | $720,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 02/05/2020 | (1) | Diane D. Winters  Ex-wife's MOM Paid To Keep New Prius! | Equity in 2017 Toyota Prius per 2-10-2020 Motion to Sell [Dkt. No. 99] | 1129-000 | $4,400.00 | | $4,400.00 |
| 07/31/2020 | | Pinnacle Bank | Service Charge | 2600-000 | | $77.00 | $4,323.00 |
| 08/03/2020 | | Pinnacle Bank | Service Charge | 2600-000 | | ($77.00) | $4,400.00 |
| 08/03/2020 | | Pinnacle Bank | Service Charge | 2600-000 | | $6.33 | $4,393.67 |
| 09/03/2020 | 3001 | U.S. Bankruptcy Court Clerk | Motion to Sell Filing Fee (Docket No. 99) | 2700-000 | | $181.00 | $4,212.67 |
| 12/12/2020 | 3002 | John C. McLemore | Trustee Compensation | 2100-000 | | $1,100.00 | $3,112.67 |
| 12/12/2020 | 3003 | John C. McLemore | Trustee Expenses | 2200-000 | | $83.69 | $3,028.98 |
| 12/12/2020 | 3004 | Ascend Federal Credit Union | Final Distribution | 7100-000 | | $1,106.50 | $1,922.48 |
| 12/12/2020 | 3005 | Ascend Federal Credit Union | Final Distribution | 7100-000 | | $256.45 | $1,666.03 |
| 12/12/2020 | 3006 | American Express National Bank | Final Distribution | 7100-000 | | $816.37 | $849.66 |
| 12/12/2020 | 3007 | Capital One Bank (USA), N.A. | Final Distribution | 7100-000 | | $849.66 | $0.00 |

|  | | |
|---|---|---|
| **TOTALS:** | $4,400.00 | $4,400.00 | $0.00 |
| **Less: Bank transfers/CDs** | $0.00 | $0.00 | |
| **Subtotal** | $4,400.00 | $4,400.00 | |
| **Less: Payments to debtors** | $0.00 | $0.00 | |
| **Net** | $4,400.00 | $4,400.00 | |

**For the period of 4/26/2019 to 1/9/2021**

| | |
|---|---|
| Total Compensable Receipts: | $4,400.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $4,400.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $4,400.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $4,400.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the account between 02/03/2020 to 1/9/2021**

| | |
|---|---|
| Total Compensable Receipts: | $4,400.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $4,400.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $4,400.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $4,400.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

## FORM 2

### CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 19-02693-CW3-7 | | Trustee Name: | John C. McLemore |
|---|---|---|---|---|
| Case Name: | FENTON, FAWN TIFFANY | | Bank Name: | Pinnacle Bank |
| Primary Taxpayer ID #: | **-***4153 | | Checking Acct #: | ******0194 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | |
| For Period Beginning: | 4/26/2019 | | Blanket bond (per case limit): | $720,000.00 |
| For Period Ending: | 1/9/2021 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | | | | NET | ACCOUNT |
|---|---|---|---|---|---|
| | TOTAL - ALL ACCOUNTS | | NET DEPOSITS | DISBURSE | BALANCES |
| | | | $4,400.00 | $4,400.00 | $0.00 |

| For the period of 4/26/2019 to 1/9/2021 | | For the entire history of the case between 12/06/2019 to 1/9/2021 | |
|---|---|---|---|
| Total Compensable Receipts: | $4,400.00 | Total Compensable Receipts: | $4,400.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $4,400.00 | Total Comp/Non Comp Receipts: | $4,400.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $4,400.00 | Total Compensable Disbursements: | $4,400.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp  Disbursements: | $4,400.00 | Total Comp/Non Comp  Disbursements: | $4,400.00 |
| Total Internal/Transfer  Disbursements: | $0.00 | Total Internal/Transfer  Disbursements: | $0.00 |

/s/ JOHN C. MCLEMORE

JOHN C. MCLEMORE

Publications (https://www.bayardlaw.com/news/?category=publications)
/  Sections 542 and 543—Turnover of Property of the Estate (2016)

## Publications / 11.14.2016

# Sections 542 and 543—Turnover of Property of the Estate (2016)

By Bruce Grohsgal* and Gregory J. Flasser (http://www.bayardlaw.com/attorney/gregory-j-flasser)**

## I. INTRODUCTION

Section 542 of the Bankruptcy Code generally requires a noncustodial entity who has possession, custody, or control of property of the estate that the trustee may use, sell, or lease under § 363, or that the debtor may exempt under § 522, to deliver to the trustee the property or the value of the property, and to account for such property.[1] Section 543 similarly requires a custodian with knowledge of the commencement of the case to deliver such property and the proceeds of such property to the trustee and account for such property.[2] This paper reports on opinions regarding turnover published since the 2015 update.[3]

## II. JURISDICTION AND AUTHORITY OF THE BANKRUPTCY COURTS

**Jurisdiction and Authority — Generally**

Bankruptcy jurisdiction is essentially in rem, based on the district court's exclusive jurisdiction over all property, wherever located, of the debtor's estate.[4] The court's jurisdiction begins on the filing of the bankruptcy case and for most purposes ends when the property is transferred from the estate or revests in the debtor[5] or the case is dismissed.[6] The bankruptcy court stands in the district court's shoes with respect to its jurisdiction over estate property, by virtue of the standing order of reference from its district court, and has exclusive jurisdiction over property of the debtor's estate.[7]

The statutory framework for this jurisdiction is set forth in 28 U.S.C.A. § 157. Section 157(b) gives bankruptcy judges the statutory authority to enter final judgments on certain "core" matters arising under or arising in the bankruptcy case. "Core" matters expressly include "orders to turn over property of the estate."[8]

Under § 157, a bankruptcy judge does not have authority to enter a final judgment on a matter that is not core but is merely "related to" the bankruptcy case. A ubiquitous example of a non-core action is a suit by a debtor to recover a disputed prepetition account receivable. The bankruptcy judge may hear a non-core, "related to" matter, but it cannot enter final judgment on it unless the district court has referred the matter to the bankruptcy court and the parties have consented to the bankruptcy court's authority to enter final judgment. Absent such referral and consent, the bankruptcy judge may only submit its proposed findings of fact and conclusions of law to the district court. The district judge following its de novo consideration of both the facts and the law, then enters or declines to enter the final judgment.[9]

It follows from this jurisdictional foundation that a turnover action with respect to estate property is a core proceeding, and the jurisdictional statute that governs bankruptcy proceedings expressly so provides.[10]

attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

(June 25, 1948, ch. 646, 62 Stat. 957.)

#### HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., § 831 (R.S. § 984; June 10, 1921, ch. 18, § 304, 42 Stat. 24).

Section as revised conforms to existing Federal Practice. See note to subdivision (d) of Rule 54 of the Federal Rules of Civil Procedure. For discussion as to verification of bill of costs under existing practice, see—8 Hughes, Federal Practice, Jurisdiction and Procedure—Civil and Criminal, § 6441.

Words "or allowed by the General Accounting Office" were omitted as unnecessary. That office will not allow items in a tax bill for costs against the United States unless such bill has been taxed by the court, and the court, under this section, cannot tax as costs items in an unverified bill.

Changes were made in phraseology.

### § 1925. Admiralty and maritime cases

Except as otherwise provided by Act of Congress, the allowance and taxation of costs in admiralty and maritime cases shall be prescribed by rules promulgated by the Supreme Court.

(June 25, 1948, ch. 646, 62 Stat. 957.)

#### HISTORICAL AND REVISION NOTES

This section was drafted to make possible the promulgation of comprehensive and uniform rules governing costs in admiralty. Various enactments of Congress, all over 100 years old, relate to particular features of such matter, but do not set forth any comprehensive and uniform procedure. See, for example, sections 818, 826, and 827 of title 28, U.S.C., 1940 ed.

### § 1926. Court of Federal Claims

(a) The Judicial Conference of the United States shall prescribe from time to time the fees and costs to be charged and collected in the United States Court of Federal Claims.

(b) The court and its officers shall collect only such fees and costs as the Judicial Conference prescribes. The court may require advance payment of fees by rule.

(June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 97–164, title I, § 139(p)(1), Apr. 2, 1982, 96 Stat. 44; Pub. L. 102–572, title IX, § 902(b), Oct. 29, 1992, 106 Stat. 4516.)

#### HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., § 304 (Mar. 3, 1911, ch. 231, § 191, 36 Stat. 1144).

For distribution of other provisions of section 304 of title 28, U.S.C., 1940 ed., see Distribution Table.

Changes were made in phraseology.

#### AMENDMENTS

1992—Pub. L. 102–572 substituted "Court of Federal Claims" for "Claims Court" as section catchline and "United States Court of Federal Claims" for "United States Claims Court" in subsec. (a).

1982—Pub. L. 97–164 substituted "Claims Court" for "Court of Customs and Patent Appeals" as section catchline and, in text substituted provisions directing the Judicial Conference of the United States to prescribe from time to time the fees and costs to be charged and collected in the United States Claims Court and directing the court and its officers to collect only such fees and costs as the Judicial Conference prescribes, with the court authorized to require advance payment of fees by rule for provisions which had directed that fees and costs in the Court of Customs and Patent Appeals be fixed by a table of fees adopted by such court and approved by the Supreme Court, that the fees and costs so fixed not exceed the fees and costs charged in the Supreme Court, and that the fees be accounted for and paid over to the Treasury.

#### EFFECTIVE DATE OF 1992 AMENDMENT

Amendment by Pub. L. 102–572 effective Oct. 29, 1992, see section 911 of Pub. L. 102–572, set out as a note under section 171 of this title.

#### EFFECTIVE DATE OF 1982 AMENDMENT

Amendment by Pub. L. 97–164 effective Oct. 1, 1982, see section 402 of Pub. L. 97–164, set out as a note under section 171 of this title.

#### COURT FEES FOR ELECTRONIC ACCESS TO INFORMATION

Judicial Conference to prescribe reasonable fees for collection by courts under this section for access to information available through automatic data processing equipment and fees to be deposited in Judiciary Automation Fund, see section 303 of Pub. L. 102–140, set out as a note under section 1913 of this title.

### § 1927. Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

(June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.)

#### HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., § 829 (R.S. § 982).

Word "personally" was inserted upon authority of Motion Picture Patents Co. v. Steiner et al., 1912, 201 F. 63, 119 C.C.A. 401. Reference to "proctor" was omitted as covered by the revised section.

See definition of "court of the United States" in section 451 of this title.

Changes were made in phraseology.

#### AMENDMENTS

1980—Pub. L. 96–349 substituted judicial authorization to require attorneys to satisfy excess costs, expenses, and attorneys' fees reasonably incurred because of multiplication of proceedings for such prior authority to impose liability for increased costs based on multiplication of proceedings.

### § 1928. Patent infringement action; disclaimer not filed

Whenever a judgment is rendered for the plaintiff in any patent infringement action involving a part of a patent and it appears that the patentee, in his specifications, claimed to be, but was not, the original and first inventor or discoverer of any material or substantial part of the thing patented, no costs shall be included in such judgment, unless the proper disclaimer has been filed in the United States Patent and Trademark Office prior to the commencement of the action.

(June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 106–113, div. B, § 1000(a)(9) [title IV, § 4732(b)(17)], Nov. 29, 1999, 113 Stat. 1536, 1501A–585.)

(D) Subparagraphs (A) through (C) shall not apply, and the court may not dismiss or convert a case based on any form of means testing—

(i) if the debtor is a disabled veteran (as defined in section 3741(1) of title 38), and the indebtedness occurred primarily during a period during which he or she was—

(I) on active duty (as defined in section 101(d)(1) of title 10); or

(II) performing a homeland defense activity (as defined in section 901(1) of title 32); or

(ii) with respect to the debtor, while the debtor is—

(I) on, and during the 540-day period beginning immediately after the debtor is released from, a period of active duty (as defined in section 101(d)(1) of title 10) of not less than 90 days; or

(II) performing, and during the 540-day period beginning immediately after the debtor is no longer performing, a homeland defense activity (as defined in section 901(1) of title 32) performed for a period of not less than 90 days;

if after September 11, 2001, the debtor while a member of a reserve component of the Armed Forces or a member of the National Guard, was called to such active duty or performed such homeland defense activity.

(3) In considering under paragraph (2) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

(4)(A) The court, on its own initiative or on the motion of a party in interest, in accordance with the procedures described in rule 9011 of the Federal Rules of Bankruptcy Procedure, may order the attorney for the debtor to reimburse the trustee for all reasonable costs in prosecuting a motion filed under section 707(b), including reasonable attorneys' fees, if—

(i) a trustee files a motion for dismissal or conversion under this subsection; and

(ii) the court—

(I) grants such motion; and

(II) finds that the action of the attorney for the debtor in filing a case under this chapter violated rule 9011 of the Federal Rules of Bankruptcy Procedure.

(B) If the court finds that the attorney for the debtor violated rule 9011 of the Federal Rules of Bankruptcy Procedure, the court, on its own initiative or on the motion of a party in interest, in accordance with such procedures, may order—

(i) the assessment of an appropriate civil penalty against the attorney for the debtor; and

(ii) the payment of such civil penalty to the trustee, the United States trustee (or the bankruptcy administrator, if any).

(C) The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has—

(i) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and

(ii) determined that the petition, pleading, or written motion—

(I) is well grounded in fact; and

(II) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1).

(D) The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

(5)(A) Except as provided in subparagraph (B) and subject to paragraph (6), the court, on its own initiative or on the motion of a party in interest, in accordance with the procedures described in rule 9011 of the Federal Rules of Bankruptcy Procedure, may award a debtor all reasonable costs (including reasonable attorneys' fees) in contesting a motion filed by a party in interest (other than a trustee or United States trustee (or bankruptcy administrator, if any)) under this subsection if—

(i) the court does not grant the motion; and

(ii) the court finds that—

(I) the position of the party that filed the motion violated rule 9011 of the Federal Rules of Bankruptcy Procedure; or

(II) the attorney (if any) who filed the motion did not comply with the requirements of clauses (i) and (ii) of paragraph (4)(C), and the motion was made solely for the purpose of coercing a debtor into waiving a right guaranteed to the debtor under this title.

(B) A small business that has a claim of an aggregate amount less than $1,000¹ shall not be subject to subparagraph (A)(ii)(I).

(C) For purposes of this paragraph—

(i) the term "small business" means an unincorporated business, partnership, corporation, association, or organization that—

(I) has fewer than 25 full-time employees as determined on the date on which the motion is filed; and

(II) is engaged in commercial or business activity; and

(ii) the number of employees of a wholly owned subsidiary of a corporation includes the employees of—

(I) a parent corporation; and

(II) any other subsidiary corporation of the parent corporation.

(6) Only the judge or United States trustee (or bankruptcy administrator, if any) may file a motion under section 707(b), if the current monthly income of the debtor, or in a joint case, the debtor and the debtor's spouse, as of the date of the order for relief, when multiplied by 12, is equal to or less than—

(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

(B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median fam-

Court and the Congress will thus be relieved of the burden of considering the large number of complex forms used in bankruptcy practice. The use of the Official Forms has generally been held subject to a "rule of substantial compliance" and some of these rules, for example Rule 1002, specifically state that the filed document need only "conform substantially" to the Official Form. See also Rule 9005. The second sentence recognizes the propriety of combining and rearranging Official Forms to take advantage of technological developments and resulting economies.

The Director of the Administrative Office is authorized to issue additional forms for the guidance of the bar.

Notes of Advisory Committee on Rules—1991 Amendment

Rule 9029 [9009] is amended to clarify that local court rules may not prohibit or limit the use of the Official Forms.

Committee Notes on Rules—2008 Amendment

The rule is amended to provide that a plan proponent in a small business chapter 11 case need not use an Official Form of a plan of reorganization and disclosure statement. The use of those forms is optional, and under Rule 3016(d) the proponent may submit a plan and disclosure statement in those cases that does not conform to the Official Forms.

*Changes Made After Publication.* No changes were made after publication.

Committee Notes on Rules—2017 Amendment

This rule is amended and reorganized into separate subdivisions.

Subdivision (a) addresses permissible modifications to Official Forms. It requires that an Official Form be used without alteration, except when another rule, the Official Form itself, or the national instructions applicable to an Official Form permit alteration. The former language generally permitting alterations has been deleted, but the rule preserves the ability to make minor modifications to an Official Form that do not affect the wording or the order in which information is presented on a form. Permissible changes include those that merely expand or delete the space for responses as appropriate or delete inapplicable items so long as the filer indicates that no response is intended. For example, when more space will be necessary to completely answer a question on an Official Form without an attachment, the answer space may be expanded. Similarly, varying the width or orientation of columnar data on a form for clarity of presentation would be a permissible minor change. On the other hand, many Official Forms indicate on their face that certain changes are not appropriate. Any changes that contravene the directions on an Official Form would be prohibited by this rule.

The creation of subdivision (b) and subdivision (c) is stylistic.

### Rule 9010. Representation and Appearances; Powers of Attorney

(a) Authority To Act Personally or by Attorney. A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

(b) Notice of Appearance. An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record.

(c) Power of Attorney. The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form. The execution of any such power of attorney shall be acknowledged before one of the officers enumerated in 28 U.S.C. §459, §953, Rule 9012, or a person authorized to administer oaths under the laws of the state where the oath is administered.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991.)

Notes of Advisory Committee on Rules—1983

This rule is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing *pro se.* See *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978).

Notes of Advisory Committee on Rules—1987 Amendment

*Subdivision (c)* is amended to include a reference to Rule 9012 which is amended to authorize a bankruptcy judge or clerk to administer oaths.

Notes of Advisory Committee on Rules—1991 Amendment

References to Official Form numbers in subdivision (c) are deleted in anticipation of future revision and renumbering of the Official Forms.

### Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers

(a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—[1]

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable oppor-

---

[1] So in original. The comma probably should not appear.

tunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How Initiated.*

(A) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative.* On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) *Order.* When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) INAPPLICABILITY TO DISCOVERY. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037.

(e) VERIFICATION. Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. §1746 satisfies the requirement of verification.

(f) COPIES OF SIGNED OR VERIFIED PAPERS. When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 11, 1997, eff. Dec. 1, 1997.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

*Subdivision (a).* Excepted from the papers which an attorney for a debtor must sign are lists, schedules, statements of financial affairs, statements of executory contracts. Chapter 13 Statements and amendments thereto. Rule 1008 requires that these documents be verified by the debtor. Although the petition must also be verified, counsel for the debtor must sign the petition. See Official Form No. 1. An unrepresented party must sign all papers.

The last sentence of this subdivision authorizes a broad range of sanctions.

The word "document" is used in this subdivision to refer to all papers which the attorney or party is required to sign.

*Subdivision (b)* extends to all papers filed in cases under the Code the policy of minimizing reliance on the formalities of verification which is reflected in the third sentence of Rule 11 F.R.Civ.P. The second sentence of subdivision (b) permits the substitution of an unsworn declaration for the verification. See 28 U.S.C. §1746. Rules requiring verification or an affidavit are as follows: Rule 1008, petitions, schedules, Chapter 13 Statements and amendments; Rule 2006(e), list of multiple proxies and statement of facts and circumstances regarding their acquisition; Rule 4001(c), motion for ex parte relief from stay; Rule 7065, incorporating Rule 65(b) F.R.Civ.P. governing issuance of temporary restraining order; Rule 8011(d), affidavit in support of emergency motion on appeal.

NOTES OF ADVISORY COMMITTEE ON RULES—1987
AMENDMENT

The statement of intention of the debtor under §521(2) of the Code is added to the documents which counsel is not required to sign.

NOTES OF ADVISORY COMMITTEE ON RULES—1991
AMENDMENT

*Subdivision (a)* is amended to conform to Rule 11 F.R.Civ.P. where appropriate, but also to clarify that it applies to the unnecessary delay or needless increase in the cost of the administration of the case. Deletion of the references to specific statements that are excluded from the scope of this subdivision is stylistic. As used in subdivision (a) of this rule, "statement" is limited to the statement of financial affairs and the statement of intention required to be filed under Rule 1007. Deletion of the reference to the Chapter 13 Statement is consistent with the amendment to Rule 1007(b).

NOTES OF ADVISORY COMMITTEE ON RULES—1997
AMENDMENT

This rule is amended to conform to the 1993 changes to F.R.Civ.P. 11. For an explanation of these amend-

ments, see the advisory committee note to the 1993 amendments to F.R.Civ.P. 11.

The "safe harbor" provision contained in subdivision (c)(1)(A), which prohibits the filing of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged paper is a petition. The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under §362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

*GAP Report on Rule 9011.* The proposed amendments to subdivision (a) were revised to clarify that a party not represented by an attorney must sign lists, schedules, and statements, as well as other papers that are filed.

## Rule 9012. Oaths and Affirmations

(a) PERSONS AUTHORIZED TO ADMINISTER OATHS. The following persons may administer oaths and affirmations and take acknowledgments: a bankruptcy judge, clerk, deputy clerk, United States trustee, officer authorized to administer oaths in proceedings before the courts of the United States or under the laws of the state where the oath is to be taken, or a diplomatic or consular officer of the United States in any foreign country.

(b) AFFIRMATION IN LIEU OF OATH. When in a case under the Code an oath is required to be taken a solemn affirmation may be accepted in lieu thereof.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

This rule is derived from Rule 43(d) F.R.Civ.P.

The provisions of former Bankruptcy Rule 912(a) relating to who may administer oaths have been deleted as unnecessary. Bankruptcy judges and the clerks and deputy clerks of bankruptcy courts are authorized by statute to administer oaths and affirmations and to take acknowledgments. 28 U.S.C. §§459, 953. A person designated to preside at the meeting of creditors has authority under Rule 2003(b)(1) to administer the oath. Administration of the oath at a deposition is governed by Rule 7028.

NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

*Subdivision (a)* has been added to the rule to authorize bankruptcy judges and clerks to administer oaths.

NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

This rule is amended to conform to the 1986 amendment to §343 which provides that the United States trustee may administer the oath to the debtor at the §341 meeting. This rule also allows the United States trustee to administer oaths and affirmations and to take acknowledgments in other situations. This amendment also affects Rule 9010(c) relating to the acknowledgment of a power of attorney. The words "United States trustee" include a designee of the United States trustee pursuant to Rule 9001 and §102(9) of the Code.

## Rule 9013. Motions: Form and Service

A request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the

grounds therefor, and shall set forth the relief or order sought. Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:

(a) the trustee or debtor in possession and on those entities specified by these rules; or

(b) the entities the court directs if these rules do not require service or specify the entities to be served.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 16, 2013, eff. Dec. 1, 2013.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

This rule is derived from Rule 5(a) and Rule 7(b)(1) F.R.Civ.P. Except when an application is specifically authorized by these rules, for example an application under Rule 2014 for approval of the employment of a professional, all requests for court action must be made by motion.

COMMITTEE NOTES ON RULES—2013 AMENDMENT

A cross-reference to Rule 9006(d) is added to this rule to call attention to the time limits for the service of motions, supporting affidavits, and written responses to motions. Rule 9006(d) prescribes time limits that apply unless other limits are fixed by these rules, a court order, or a local rule. The other changes are stylistic.

*Changes Made After Publication and Comment.* No changes were made after publication and comment.

## Rule 9014. Contested Matters

(a) MOTION. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

(b) SERVICE. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P.

(c) APPLICATION OF PART VII RULES. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071. The following subdivisions of Fed. R. Civ. P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3) (additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan). An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191 (HIPAA).

Subdivision (c) directs the trustee to maintain proof of compliance with §351(1)(B), but because the proof of compliance may contain patient names that should or must remain confidential, it prohibits filing the proof of compliance unless the court orders the trustee to file it under seal.

Subdivision (d) requires the trustee to file a report with the court regarding the destruction of patient records. This certification is intended to ensure that the trustee properly completed the destruction process. However, because the report will be filed with the court and ordinarily will be available to the public under §107, the names, addresses, and other identifying information of patients are not to be included in the report to protect patient privacy.

*Changes Made After Publication.* Subdivision (b)(2) was amended to add the Attorney General of the State where a health care facility is located to the list of entities entitled to notice of the disposal of patient records.

## PART VII—ADVERSARY PROCEEDINGS

### Rule 7001. Scope of Rules of Part VII

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), ¹ (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 26, 1999, eff. Dec. 1, 1999; Apr. 28, 2010, eff. Dec. 1, 2010.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

The rules in Part VII govern the procedural aspects of litigation involving the matters referred to in this Rule 7001. Under Rule 9014 some of the Part VII rules also apply to contested matters.

These Part VII rules are based on the premise that to the extent possible practice before the bankruptcy

¹ So in original. Probably should be only one section symbol.

courts and the district courts should be the same. These rules either incorporate or are adaptations of most of the Federal Rules of Civil Procedure. Although the Part VII rules of the former Bankruptcy Rules also relied heavily on the F.R.Civ.P., the former Part VII rules departed from the civil practice in two significant ways: a trial or pretrial conference had to be scheduled as soon as the adversary proceeding was filed and pleadings had to be filed within periods shorter than those established by the F.R.Civ.P. These departures from the civil practice have been eliminated.

The content and numbering of these Part VII rules correlates to the content and numbering of the F.R.Civ.P. Most, but not all, of the F.R.Civ.P. have a comparable Part VII rule. When there is no Part VII rule with a number corresponding to a particular F.R.Civ.P., Parts V and IX of these rules must be consulted to determine if one of the rules in those parts deals with the subject. The list below indicates the F.R.Civ.P., or subdivision thereof, covered by a rule in either Part V or Part IX.

| F.R.Civ.P. | Rule in Part V or IX |
|---|---|
| 6 | 9006 |
| 7(b) | 9013 |
| 10(a) | 9004(b) |
| 11 | 9011 |
| 38,39 | 9015(a)–(e) |
| 47–51 | 9015(f) |
| 43,44,44.1 | 9017 |
| 45 | 9016 |
| 58 | 9021 |
| 59 | 9023 |
| 60 | 9024 |
| 61 | 9005 |
| 63 | 9028 |
| 77(a),(b),(c) | 5001 |
| 77(d) | 9022(d) |
| 79(a)–(d) | 5003 |
| 81(c) | 9027 |
| 83 | 9029 |
| 92 | 9030 |

Proceedings to which the rules in Part VII apply directly include those brought to avoid transfers by the debtor under §§544, 545, 547, 548 and 549 of the Code; subject to important exceptions, proceedings to recover money or property; proceedings on bonds under Rules 5008(d) and 9025; proceedings under Rule 4004 to determine whether a discharge in a chapter 7 or 11 case should be denied because of an objection grounded on §727 and proceedings in a chapter 7 or 13 case to revoke a discharge as provided in §§727(d) or 1328(e); and proceedings initiated pursuant to §523(c) of the Code to determine the dischargeability of a particular debt. Those proceedings were classified as adversary proceedings under former Bankruptcy Rule 701.

Also included as adversary proceedings are proceedings to revoke an order of confirmation of a plan in a chapter 11 or 13 case as provided in §§1144 and 1330, to subordinate under §510(c), other than as part of a plan, an allowed claim or interest, and to sell under §363(h) both the interest of the estate and a co-owner in property.

Declaratory judgments with respect to the subject matter of the various adversary proceedings are also adversary proceedings.

Any claim or cause of action removed to a bankruptcy court pursuant to 28 U.S.C. §1478 is also an adversary proceeding.

Unlike former Bankruptcy Rule 701, requests for relief from an automatic stay do not commence an adversary proceeding. Section 362(e) of the Code and Rule 4001 establish an expedited schedule for judicial disposition of requests for relief from the automatic stay. The formalities of the adversary proceeding process and the time for serving pleadings are not well suited to the expedited schedule. The motion practice prescribed in Rule 4001 is best suited to such requests because the court has the flexibility to fix hearing dates and other deadlines appropriate to the particular situation.

Clause (1) contains important exceptions. A person with an interest in property in the possession of the trustee or debtor in possession may seek to recover or reclaim that property under § 554(b) or § 725 of the Code. Since many attempts to recover or reclaim property under these two sections do not generate disputes, application of the formalities of the Part VII Rules is not appropriate. Also excluded from adversary proceedings is litigation arising from an examination under Rule 2017 of a debtor's payments of money or transfers of property to an attorney representing the debtor in a case under the Code or an examination of a superseded administration under Rule 6002.

Exemptions and objections thereto are governed by Rule 4003. Filing of proofs of claim and the allowances thereof are governed by Rules 3001–3005, and objections to claims are governed by Rule 3007. When an objection to a claim is joined with a demand for relief of the kind specified in this Rule 7001, the matter becomes an adversary proceeding. See Rule 3007.

NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

Another exception is added to clause (1). A trustee may proceed by motion to recover property from the debtor.

NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

Clauses (5) and (8) are amended to include chapter 12 plans.

COMMITTEE NOTES ON RULES—1999 AMENDMENT

This rule is amended to recognize that an adversary proceeding is not necessary to obtain injunctive or other equitable relief that is provided for in a plan under circumstances in which substantive law permits the relief. Other amendments are stylistic.

*GAP Report on Rule 7001.* No changes since publication, except for stylistic changes.

COMMITTEE NOTES ON RULES—2010 AMENDMENT

Paragraph (4) of the rule is amended to create an exception for objections to discharge under §§ 727(a)(8), (a)(9), and 1328(f) of the Code. Because objections to discharge on these grounds typically present issues more easily resolved than other objections to discharge, the more formal procedures applicable to adversary proceedings, such as commencement by a complaint, are not required. Instead, objections on these three grounds are governed by Rule 4004(d). In an appropriate case, however, Rule 9014(c) allows the court to order that additional provisions of Part VII of the rules apply to these matters.

*Changes Made After Publication.* The proposed addition of subsection (b) was deleted, and the content of that provision was moved to Rule 4004(d). The exception in paragraph (4) of the rule was revised to refer to objections to discharge under §§ 727(a)(8), (a)(9), and 1328(f) of the Code. The redesignation of the existing rule as subdivision (a) was also deleted. The Committee Note was revised to reflect these changes.

## Rule 7002. References to Federal Rules of Civil Procedure

Whenever a Federal Rule of Civil Procedure applicable to adversary proceedings makes reference to another Federal Rule of Civil Procedure, the reference shall be read as a reference to the Federal Rule of Civil Procedure as modified in this Part VII.

NOTES OF ADVISORY COMMITTEE ON RULES—1983

Rules 5, 12, 13, 14, 25, 27, 30, 41 and 52 F.R.Civ.P. are made applicable to adversary proceedings by Part VII. Each of those rules contains a cross reference to another Federal Rule; however, the Part VII rule which incorporates the cross-referenced Federal Rule modifies the Federal Rule in some way. Under this Rule 7002 the cross reference is to the Federal Rule as modified by Part VII. For example, Rule 5 F.R.Civ.P., which is made applicable to adversary proceedings by Rule 7005, contains a reference to Rule 4 F.R.Civ.P. Under this Rule 7002, the cross reference is to Rule 4 F.R.Civ.P. as modified by Rule 7004.

Rules 7, 10, 12, 13, 14, 19, 22, 23.2, 24–37, 41, 45, 49, 50, 52, 55, 59, 60, 62 F.R.Civ.P. are made applicable to adversary proceedings by Part VII or generally to cases under the Code by Part IX. Each of those Federal Rules contains a cross reference to another Federal Rule which is not modified by the Part VII or Part IX rule which makes the cross-referenced Federal Rule applicable. Since the cross-referenced rule is not modified by a Part VII rule this Rule 7002 does not apply.

REFERENCES IN TEXT

The Federal Rules of Civil Procedure, referred to in text, are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

## Rule 7003. Commencement of Adversary Proceeding

Rule 3 F.R.Civ.P. applies in adversary proceedings.

NOTES OF ADVISORY COMMITTEE ON RULES—1983

Rule 5005(a) requires that a complaint commencing an adversary proceeding be filed with the court in which the case under the Code is pending unless 28 U.S.C. § 1473 authorizes the filing of the complaint in another district.

REFERENCES IN TEXT

The Federal Rules of Civil Procedure, referred to in text, are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

## Rule 7004. Process; Service of Summons, Complaint

(a) SUMMONS; SERVICE; PROOF OF SERVICE.

(1) Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(1), (e)–(j), (*l*), and (m) F.R.Civ.P. applies in adversary proceedings. Personal service under Rule 4(e)–(j) F.R.Civ.P. may be made by any person at least 18 years of age who is not a party, and the summons may be delivered by the clerk to any such person.

(2) The clerk may sign, seal, and issue a summons electronically by putting an ''s/'' before the clerk's name and including the court's seal on the summons.

(b) SERVICE BY FIRST CLASS MAIL. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

(2) Upon an infant or an incompetent person, by mailing a copy of the summons and complaint to the person upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts

Court and the Congress will thus be relieved of the burden of considering the large number of complex forms used in bankruptcy practice. The use of the Official Forms has generally been held subject to a "rule of substantial compliance" and some of these rules, for example Rule 1002, specifically state that the filed document need only "conform substantially" to the Official Form. See also Rule 9005. The second sentence recognizes the propriety of combining and rearranging Official Forms to take advantage of technological developments and resulting economies.

The Director of the Administrative Office is authorized to issue additional forms for the guidance of the bar.

NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

Rule 9029 [9009] is amended to clarify that local court rules may not prohibit or limit the use of the Official Forms.

COMMITTEE NOTES ON RULES—2008 AMENDMENT

The rule is amended to provide that a plan proponent in a small business chapter 11 case need not use an Official Form of a plan of reorganization and disclosure statement. The use of those forms is optional, and under Rule 3016(d) the proponent may submit a plan and disclosure statement in those cases that does not conform to the Official Forms.

*Changes Made After Publication.* No changes were made after publication.

COMMITTEE NOTES ON RULES—2017 AMENDMENT

This rule is amended and reorganized into separate subdivisions.

Subdivision (a) addresses permissible modifications to Official Forms. It requires that an Official Form be used without alteration, except when another rule, the Official Form itself, or the national instructions applicable to an Official Form permit alteration. The former language generally permitting alterations has been deleted, but the rule preserves the ability to make minor modifications to an Official Form that do not affect the wording or the order in which information is presented on a form. Permissible changes include those that merely expand or delete the space for responses as appropriate or delete inapplicable items so long as the filer indicates that no response is intended. For example, when more space will be necessary to completely answer a question on an Official Form without an attachment, the answer space may be expanded. Similarly, varying the width or orientation of columnar data on a form for clarity of presentation would be a permissible minor change. On the other hand, many Official Forms indicate on their face that certain changes are not appropriate. Any changes that contravene the directions on an Official Form would be prohibited by this rule.

The creation of subdivision (b) and subdivision (c) is stylistic.

## Rule 9010. Representation and Appearances; Powers of Attorney

(a) AUTHORITY TO ACT PERSONALLY OR BY ATTORNEY. A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

(b) NOTICE OF APPEARANCE. An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record.

(c) POWER OF ATTORNEY. The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form. The execution of any such power of attorney shall be acknowledged before one of the officers enumerated in 28 U.S.C. §459, §953, Rule 9012, or a person authorized to administer oaths under the laws of the state where the oath is administered.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

This rule is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing *pro se.* See *In re Las Colinas Development Corp.,* 585 F.2d 7 (1st Cir. 1978).

NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

*Subdivision (c)* is amended to include a reference to Rule 9012 which is amended to authorize a bankruptcy judge or clerk to administer oaths.

NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

References to Official Form numbers in subdivision (c) are deleted in anticipation of future revision and renumbering of the Official Forms.

## Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers

(a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— [1]

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable oppor-

---

[1] So in original. The comma probably should not appear.

tunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How Initiated.*

(A) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative.* On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) *Order.* When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) INAPPLICABILITY TO DISCOVERY. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037.

(e) VERIFICATION. Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. §1746 satisfies the requirement of verification.

(f) COPIES OF SIGNED OR VERIFIED PAPERS. When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 11, 1997, eff. Dec. 1, 1997.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

*Subdivision (a).* Excepted from the papers which an attorney for a debtor must sign are lists, schedules, statements of financial affairs, statements of executory contracts, Chapter 13 Statements and amendments thereto. Rule 1008 requires that these documents be verified by the debtor. Although the petition must also be verified, counsel for the debtor must sign the petition. See Official Form No. 1. An unrepresented party must sign all papers.

The last sentence of this subdivision authorizes a broad range of sanctions.

The word "document" is used in this subdivision to refer to all papers which the attorney or party is required to sign.

*Subdivision (b)* extends to all papers filed in cases under the Code the policy of minimizing reliance on the formalities of verification which is reflected in the third sentence of Rule 11 F.R.Civ.P. The second sentence of subdivision (b) permits the substitution of an unsworn declaration for the verification. See 28 U.S.C. §1746. Rules requiring verification or an affidavit are as follows: Rule 1008, petitions, schedules, statements of financial affairs, Chapter 13 Statements and amendments; Rule 2006(e), list of multiple proxies and statement of facts and circumstances regarding their acquisition; Rule 4001(c), motion for ex parte relief from stay; Rule 7065, incorporating Rule 65(b) F.R.Civ.P. governing issuance of temporary restraining order; Rule 9011(d), affidavit in support of emergency motion on appeal.

NOTES OF ADVISORY COMMITTEE ON RULES—1987
AMENDMENT

The statement of intention of the debtor under §521(2) of the Code is added to the documents which counsel is not required to sign.

NOTES OF ADVISORY COMMITTEE ON RULES—1991
AMENDMENT

*Subdivision (a)* is amended to conform to Rule 11 F.R.Civ.P. where appropriate, but also to clarify that it applies to the unnecessary delay or needless increase in the cost of the administration of the case. Deletion of the references to specific statements that are excluded from the scope of this subdivision is stylistic. As used in subdivision (a) of this rule, "statement" is limited to the statement of financial affairs and the statement of intention required to be filed under Rule 1007. Deletion of the reference to the Chapter 13 Statement is consistent with the amendment to Rule 1007(b).

NOTES OF ADVISORY COMMITTEE ON RULES—1997
AMENDMENT

This rule is amended to conform to the 1993 changes to F.R.Civ.P. 11. For an explanation of these amend-

ments, see the advisory committee note to the 1993 amendments to F.R.Civ.P. 11.

The "safe harbor" provision contained in subdivision (c)(1)(A), which prohibits the filing of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged paper is a petition. The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under §362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

*GAP Report on Rule 9011.* The proposed amendments to subdivision (a) were revised to clarify that a party not represented by an attorney must sign lists, schedules, and statements, as well as other papers that are filed.

## Rule 9012. Oaths and Affirmations

(a) PERSONS AUTHORIZED TO ADMINISTER OATHS. The following persons may administer oaths and affirmations and take acknowledgments: a bankruptcy judge, clerk, deputy clerk, United States trustee, officer authorized to administer oaths in proceedings before the courts of the United States or under the laws of the state where the oath is to be taken, or a diplomatic or consular officer of the United States in any foreign country.

(b) AFFIRMATION IN LIEU OF OATH. When in a case under the Code an oath is required to be taken a solemn affirmation may be accepted in lieu thereof.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

This rule is derived from Rule 43(d) F.R.Civ.P.

The provisions of former Bankruptcy Rule 912(a) relating to who may administer oaths have been deleted as unnecessary. Bankruptcy judges and the clerks and deputy clerks of bankruptcy courts are authorized by statute to administer oaths and affirmations and to take acknowledgments. 28 U.S.C. §§459, 953. A person designated to preside at the meeting of creditors has authority under Rule 2003(b)(1) to administer the oath. Administration of the oath at a deposition is governed by Rule 7028.

NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

*Subdivision (a)* has been added to the rule to authorize bankruptcy judges and clerks to administer oaths.

NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

This rule is amended to conform to the 1986 amendment to §343 which provides that the United States trustee may administer the oath to the debtor at the §341 meeting. This rule also allows the United States trustee to administer oaths and affirmations and to take acknowledgments in other situations. This amendment also affects Rule 9010(c) relating to the acknowledgment of a power of attorney. The words "United States trustee" include a designee of the United States trustee pursuant to Rule 9001 and §102(9) of the Code.

## Rule 9013. Motions: Form and Service

A request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:

(a) the trustee or debtor in possession and on those entities specified by these rules; or

(b) the entities the court directs if these rules do not require service or specify the entities to be served.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 16, 2013, eff. Dec. 1, 2013.)

NOTES OF ADVISORY COMMITTEE ON RULES—1983

This rule is derived from Rule 5(a) and Rule 7(b)(1) F.R.Civ.P. Except when an application is specifically authorized by these rules, for example an application under Rule 2014 for approval of the employment of a professional, all requests for court action must be made by motion.

COMMITTEE NOTES ON RULES—2013 AMENDMENT

A cross-reference to Rule 9006(d) is added to this rule to call attention to the time limits for the service of motions, supporting affidavits, and written responses to motions. Rule 9006(d) prescribes time limits that apply unless other limits are fixed by these rules, a court order, or a local rule. The other changes are stylistic.

*Changes Made After Publication and Comment.* No changes were made after publication and comment.

## Rule 9014. Contested Matters

(a) MOTION. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

(b) SERVICE. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P.

(c) APPLICATION OF PART VII RULES. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071. The following subdivisions of Fed. R. Civ. P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3) (additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan). An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.

(4) Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control.

(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section—

(1) in the case of a debtor that is a corporation or trust that is not a moneyed business, commercial corporation, or trust, only in accordance with nonbankruptcy law applicable to the transfer of property by a debtor that is such a corporation or trust; and

(2) only to the extent not inconsistent with any relief granted under subsection (c), (d), (e), or (f) of section 362.

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

(g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of such co-owners out-

weighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

(i) Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

(j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

(k) At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

(l) Subject to the provisions of section 365, the trustee may use, sell, or lease property under subsection (b) or (c) of this section, or a plan under chapter 11, 12, or 13 of this title may provide for the use, sale, or lease of property, notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title concerning the debtor, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's interest in such property.

(m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

(n) The trustee may avoid a sale under this section if the sale price was controlled by an agreement among potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated, and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection.

(o) Notwithstanding subsection (f), if a person purchases any interest in a consumer credit

I WAS IN POSSESSION OF THE PROPERTY, I HAD TENANTS (ELDERLY & HANDICAPPED) WITH LEGITIMATE LEASES, PROTECTED BY BANKRUPTCY LAW, STATE LAW, ADA, AND THE PROTECTING TENANTS AT FORECLOSURE ACT. I OFFERED TO BRING THE MORTGAGES CURRENT AT MY 8/1/2019 HEARING IN CHANCERY COURT, WHILE ATTORNEY VIRGINIA LEE STORY TOLD ME THAT IT WAS ALREADY TOO LATE. THAT THE BANKRUPTCY PROCEEDINGS WERE TOO FAR ALONG, WHICH IS A VIOLATION OF MY CONSTITUTIONAL RIGHTS FOR PROTECTING MY CRITICAL PROPERTY INTERESTS, WITH MY RIGHTS UNDER FEDERAL HUD/ADA/FED/FRBP CRIMINAL & CIVIL LAWS! ADVERSARIAL PROCEEDING REQUIRED BY LAW!

transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

(p) In any hearing under this section—

(1) the trustee has the burden of proof on the issue of adequate protection; and

(2) the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest.

(Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2572; Pub. L. 98–353, title III, §442, July 10, 1984, 98 Stat. 371; Pub. L. 99–554, title II, §257(k), Oct. 27, 1986, 100 Stat. 3115; Pub. L. 103–394, title I, §109, title II, §§214(b), 219(c), title V, §501(d)(8), Oct. 22, 1994, 108 Stat. 4113, 4126, 4129, 4144; Pub. L. 109–8, title II, §§204, 231(a), title XII, §1221(a), Apr. 20, 2005, 119 Stat. 49, 72, 195; Pub. L. 111–327, §2(a)(13), Dec. 22, 2010, 124 Stat. 3559.)

HISTORICAL AND REVISION NOTES

LEGISLATIVE STATEMENTS

Section 363(a) of the House amendment defines "cash collateral" as defined in the Senate amendment. The broader definition of "soft collateral" contained in H.R. 8200 as passed by the House is deleted to remove limitations that were placed on the use, lease, or sale of inventory, accounts, contract rights, general intangibles, and chattel paper by the trustee or debtor in possession.

Section 363(c)(2) of the House amendment is derived from the Senate amendment. Similarly, sections 363(c)(3) and (4) are derived from comparable provisions in the Senate amendment in lieu of the contrary procedure contained in section 363(c) as passed by the House. The policy of the House amendment will generally require the court to schedule a preliminary hearing in accordance with the needs of the debtor to authorize the trustee or debtor in possession to use, sell, or lease cash collateral. The trustee or debtor in possession may use, sell, or lease cash collateral in the ordinary course of business only "after notice and a hearing."

Section 363(f) of the House amendment adopts an identical provision contained in the House bill, as opposed to an alternative provision contained in the Senate amendment.

Section 363(h) of the House amendment adopts a new paragraph (4) representing a compromise between the House bill and Senate amendment. The provision adds a limitation indicating that a trustee or debtor in possession sell jointly owned property only if the property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power. This limitation is intended to protect public utilities from being deprived of power sources because of the bankruptcy of a joint owner.

Section 363(k) of the House amendment is derived from the third sentence of section 363(e) of the Senate amendment. The provision indicates that a secured creditor may bid in the full amount of the creditor's allowed claim, including the secured portion and any unsecured portion thereof in the event the creditor is undersecured, with respect to property that is subject to a lien that secures the allowed claim of the sale of the property.

SENATE REPORT NO. 95–989

This section defines the right and powers of the trustee with respect to the use, sale or lease of property and the rights of other parties that have interests in the property involved. It applies in both liquidation and reorganization cases.

Subsection (a) defines "cash collateral" as cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest, such as a lien or a co-ownership interest. The definition is not restricted to property of the estate that is cash collateral on the date of the filing of the petition. Thus, if "non-cash" collateral is disposed of and the proceeds come within the definition of "cash collateral" as set forth in this subsection, the proceeds would be cash collateral as long as they remain subject to the original lien on the "non-cash" collateral under section 552(b). To illustrate, rents received from real property before or after the commencement of the case would be cash collateral to the extent that they are subject to a lien.

Subsection (b) permits the trustees to use, sell, or lease, other than in the ordinary course of business, property of the estate upon notice and opportunity for objections and hearing thereon.

Subsection (c) governs use, sale, or lease in the ordinary course of business. If the business of the debtor is authorized to be operated under §721, 1108, or 1304 of the bankruptcy code, then the trustee may use, sell, or lease property in the ordinary course of business or enter into ordinary course business transactions without need for notice and hearing. This power is subject to several limitations. First, the court may restrict the trustee's powers in the order authorizing operation of the business. Second, with respect to cash collateral, the trustee may not use, sell, or lease cash collateral except upon court authorization after notice and a hearing, or with the consent of each entity that has an interest in such cash collateral. The same preliminary hearing procedure in the automatic stay section applies to a hearing under this subsection. In addition, the trustee is required to segregate and account for any cash collateral in the trustee's possession, custody, or control.

Under subsections (d) and (e), the use, sale, or lease of property is further limited by the concept of adequate protection. Sale, use, or lease of property in which an entity other than the estate has an interest may be effected only to the extent not inconsistent with any relief from the stay granted to that interest's holder. Moreover, the court may prohibit or condition the use, sale, or lease as is necessary to provide adequate protection of that interest. Again, the trustee has the burden of proof on the issue of adequate protection. Subsection (e) also provides that where a sale of the property is proposed, an entity that has an interest in such property may bid at the sale thereof and set off against the purchase price up to the amount of such entity's claim. No prior valuation under section 506(a) would limit this bidding right, since the bid at the sale would be determinative of value.

Subsection (f) permits sale of property free and clear of any interest in the property of an entity other than the estate. The trustee may sell free and clear if applicable nonbankruptcy law permits it, if the other entity consents, if the interest is a lien and the sale price of the property is greater than the amount secured by the lien, if the interest is in bona fide dispute, or if the other entity could be compelled to accept a money satisfaction of the interest in a legal or equitable proceeding. Sale under this subsection is subject to the adequate protection requirement. Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of the sale.

At a sale free and clear of other interests, any holder of any interest in the property being sold will be permitted to bid. If that holder is the high bidder, he will be permitted to offset the value of his interest against

363(H) THIS WAS A BURDENSOM ASSET, AS LONG AS I COULD BRING THE PAYMENTS CURRENT AND KEEP PAYING THEM ON TIME, THE BANKRUPTCY TRUSTEE WOULD HAVE HAD TO REMOVE OUR HOME FROM THE BANKRUPTCY ESTATE, OR PAY TO RELOCATE MY TENTNATS, AND PAID TO RELOCATE AND REIMBURSE ME FOR MY INVESTMENT, NOT A FORCED AUCTION, WHERE WE INSTANTLY LOST OVER $200. WHILE OUR HOME IS WORTH $800K TODAY! SCAM BETWEEN COURTS!

EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of this title. Pub. L. 109–8, set out as a note under section 101 of this title.

EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103–394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under this title before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as a note under section 101 of this title.

EFFECTIVE DATE OF 1990 AMENDMENT

Pub. L. 101–508, title III, § 3007(a)(3), Nov. 5, 1990, 104 Stat. 1388–28, provided that: "The amendments made by this subsection [amending this section and section 541 of this title] shall be effective upon date of enactment of this Act [Nov. 5, 1990]."

Pub. L. 101–508, title III, § 3008, Nov. 5, 1990, 104 Stat. 1388–29, provided that the amendments made by subtitle A (§§ 3001–3008) of title III of Pub. L. 101–508, amending this section, sections 541 and 1328 of this title, and sections 1078, 1078–1, 1078–7, 1085, 1088, and 1091 of Title 20, Education, and provisions set out as a note under section 1078–1 of Title 20, were to cease to be effective Oct. 1, 1996, prior to repeal by Pub. L. 102–325, title XV, § 1558, July 23, 1992, 106 Stat. 841.

EFFECTIVE DATE OF 1986 AMENDMENT

Amendment by section 257 of Pub. L. 99–554 effective 30 days after Oct. 27, 1986, but not applicable to cases commenced under this title before that date, see section 302(a), (c)(1) of Pub. L. 99–554, set out as a note under section 581 of Title 28, Judiciary and Judicial Procedure.

Amendment by section 283 of Pub. L. 99–554 effective 30 days after Oct. 27, 1986, see section 302(a) of Pub. L. 99–554.

Pub. L. 99–509, title V, § 5001(b), Oct. 21, 1986, 100 Stat. 1912, provided that: "The amendments made by subsection (a) of this section [amending this section] shall apply only to petitions filed under section 362 of title 11, United States Code, which are made after August 1, 1986."

EFFECTIVE DATE OF 1984 AMENDMENT

Amendment by Pub. L. 98–353 effective with respect to cases filed 90 days after July 10, 1984, see section 552(a) of Pub. L. 98–353, set out as a note under section 101 of this title.

REPORT TO CONGRESSIONAL COMMITTEES

Pub. L. 99–509, title V, § 5001(a), Oct. 21, 1986, 100 Stat. 1911, directed Secretary of Transportation and Secretary of Commerce, before July 1, 1989, to submit reports to Congress on the effects of amendments to 11 U.S.C. 362 by this subsection.

§ 363. Use, sale, or lease of property

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless—

(A) such sale or such lease is consistent with such policy; or

(B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease—

(i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

(ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

(2) If notification is required under subsection (a) of section 7A of the Clayton Act in the case of a transaction under this subsection, then—

(A) notwithstanding subsection (a) of such section, the notification required by such subsection to be given by the debtor shall be given by the trustee; and

(B) notwithstanding subsection (b) of such section, the required waiting period shall end on the 15th day after the date of the receipt, by the Federal Trade Commission and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice, of the notification required under such subsection (a), unless such waiting period is extended—

(i) pursuant to subsection (e)(2) of such section, in the same manner as such subsection (e)(2) applies to a cash tender offer;

(ii) pursuant to subsection (g)(2) of such section; or

(iii) by the court after notice and a hearing.

(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

(3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is

---

363(B)(1) I WAS DUE A NOTICE and A HEARING BY THE TRUSTEE, SHORTLY AFTER MY EX-WIFE (SECRETLY) FILED FOR BANKRUPTCY. MY EX-WIFE HAD COMMITTED TO PAYING THE MORTGAGES AS THE VOLUNTARY PRIMARY BREADWINNER FOR OUR FAMILY SINCE 2011. I HAD NO ACCESS TO THE ACCOUNTS, THE STATEMENTS OR NOTICES. I HAD NO KNOWLEDGE, NOTICE, OR MEANS OF KNOWING THAT A SINGLE MORTGAGE PAYMENT WAS LATE, LET ALONE THAT SEVERAL WERE DEFAULTED UPON, AND OUR MUTUALLY INVESTED IN (CASH), PURCHASED, AND DEEDED PROPERTY WAS AT RISK!

the purchase price of the property. Thus, in the most common situation, a holder of a lien on property being sold may bid at the sale and, if successful, may offset the amount owed to him that is secured by the lien on the property (but may not offset other amounts owed to him) against the purchase price, and be liable to the trustee for the balance of the sale price, if any.

Subsection (g) permits the trustee to sell free and clear of any vested or contingent right in the nature of dower or curtesy.

Subsection (h) permits sale of a co-owner's interest in property in which the debtor had an undivided ownership interest such as a joint tenancy, a tenancy in common, or a tenancy by the entirety. Such a sale is permissible only if partition is impracticable, if sale of the estate's interest would realize significantly less for the estate than sale of the property free of the interests of the co-owners, and if the benefit to the estate of such a sale outweighs any detriment to the co-owners. This subsection does not apply to a co-owner's interest in a public utility when a disruption of the utilities services could result.

Subsection (i) provides protections for co-owners and spouses with dower, curtesy, or community property rights. It gives a right of first refusal to the co-owner or spouse at the price at which the sale is to be consummated.

Subsection (j) requires the trustee to distribute to the spouse or co-owner the appropriate portion of the proceeds of the sale, less certain administrative expenses.

Subsection (k) [enacted as (l)] permits the trustee to use, sell, or lease property notwithstanding certain bankruptcy or ipso facto clauses that terminate the debtor's interest in the property or that work a forfeiture or modification of that interest. This subsection is not as broad as the anti-ipso facto provision in proposed 11 U.S.C. 541(c)(1).

Subsection (l) [enacted as (m)] protects good faith purchasers of property sold under this section from a reversal on appeal of the sale authorization, unless the authorization for the sale and the sale itself were stayed pending appeal. The purchaser's knowledge of the appeal is irrelevant to the issue of good faith.

Subsection (m) [enacted as (n)] is directed at collusive bidding on property sold under this section. It permits the trustee to void a sale if the price of the sale was controlled by an agreement among potential bidders. The trustees may also recover the excess of the value of the property over the purchase price, and may recover any costs, attorney's fees, or expenses incurred in voiding the sale or recovering the difference. In addition, the court is authorized to grant judgment in favor of the estate and against the collusive bidder if the agreement controlling the sale price was entered into in willful disregard of this subsection. The subsection does not specify the precise measure of damages, but simply provides for punitive damages, to be fixed in light of the circumstances.

### References in Text

Section 7A of the Clayton Act, referred to in subsec. (b)(2), is classified to section 18a of Title 15, Commerce and Trade.

The Truth in Lending Act, referred to in subsec. (o), is title I of Pub. L. 90–321, May 29, 1968, 82 Stat. 146, as amended, which is classified generally to subchapter I (§ 1601 et seq.) of chapter 41 of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 1601 of Title 15 and Tables.

### Amendments

2010—Subsec. (d). Pub. L. 111–327, § 2(a)(13)(A), struck out "only" before dash at end of introductory provisions.

Subsec. (d)(1). Pub. L. 111–327, § 2(a)(13)(B), amended par. (1) generally. Prior to amendment, par. (1) read as follows: "in accordance with applicable nonbankruptcy

law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust; and".

Subsec. (d)(2). Pub. L. 111–327, § 2(a)(13)(C), inserted "only" before "to the extent".

2005—Subsec. (b)(1). Pub. L. 109–8, § 231(a), substituted ", except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless—" and subpars. (A) and (B) for period at end.

Subsec. (d). Pub. L. 109–8, § 1221(a), substituted "only—" and pars. (1) and (2) for "only to the extent not inconsistent with any relief granted under section 362(c), 362(d), 362(e), or 362(f) of this title."

Subsecs. (o), (p). Pub. L. 109–8, § 204, added subsec. (o) and redesignated former subsec. (o) as (p).

1994—Subsec. (a). Pub. L. 103–394, § 214(b), inserted "and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties" after "property".

Subsec. (b)(2). Pub. L. 103–394, §§ 109, 501(d)(8)(A), struck out "(15 U.S.C. 18a)" after "Clayton Act" and amended subpars. (A) and (B) generally. Prior to amendment, subpars. (A) and (B) read as follows:

"(A) notwithstanding subsection (a) of such section, such notification shall be given by the trustee; and

"(B) notwithstanding subsection (b) of such section, the required waiting period shall end on the tenth day after the date of the receipt of such notification, unless the court, after notice and hearing, orders otherwise."

Subsec. (c)(1). Pub. L. 103–394, § 501(d)(8)(B), substituted "1203, 1204, or 1304" for "1304, 1203, or 1204".

Subsec. (e). Pub. L. 103–394, § 219(c), inserted at end "This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362)."

1986—Subsec. (c)(1). Pub. L. 99–554, § 257(k)(1), inserted reference to sections 1203 and 1204 of this title.

Subsec. (l). Pub. L. 99–554, § 257(k)(2), inserted reference to chapter 12.

1984—Subsec. (a). Pub. L. 98–353, § 442(a), inserted "whenever acquired" after "equivalents" and "and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title" after "interest".

Subsec. (b). Pub. L. 98–353, § 442(b), designated existing provisions as par. (1) and added par. (2).

Subsec. (e). Pub. L. 98–353, § 442(c), inserted ", with or without a hearing," after "court" and struck out "In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection".

Subsec. (f)(3). Pub. L. 98–353, § 442(d), substituted "all liens on such property" for "such interest".

Subsec. (h). Pub. L. 98–353, § 442(e), substituted "at the time of" for "immediately before".

Subsec. (j). Pub. L. 98–353, § 442(f), substituted "compensation" for "compensation".

Subsec. (k). Pub. L. 98–353, § 442(g), substituted "unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder" for "if the holder".

Subsec. (l). Pub. L. 98–353, § 442(h), substituted "Subject to the provisions of section 365, the trustee" for "The trustee", "condition" for "conditions", "or the taking" for "a taking", and "interest" for "interests".

Subsec. (n). Pub. L. 98–353, § 442(i), substituted "avoid" for "void", "avoiding" for "voiding", and "In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of

363(h) WOULD HAVE ONLY ALLOWED THIS SALE (PROVIDED I COULD BRING THE PAYMENTS CURRENT AND MAINTAIN THEM) IF THE BENEFIT TO THE ESTATE OF SUCH A SALE OUTWEIGHS ANY DETRIMENT TO THE CO-OWNERS. WHICH IS LITERALLY IMPOSSIBLE! SHE HAD ROUGHLY $40K OF UNSECURE DEBT, OUR MARITAL DEBTS LEFT IN MY NAME WERE NEVER GIVEN ANY CONSIDERATION, NOR WAS A PENNY APPLIED TO MY MARITAL DEBTS, OR PAID TO ME FOR MY INVESTMENTS. WE INSTANTLY LOST OVER $200K FROM OUR CASH INVESTMENTS, PLUS I LOST A MILLION DOLLAR RETIREMENT INVESTMENT, WHICH THIS PROPERTY WAS THE WHOLE OF. WORTH $800K TODAY, WITH ONLY $300K OWED!

this subsection'' for ''The court may grant judgment in favor of the estate and against any such party that entered into such agreement in willful disregard of this subsection for punitive damages in addition to any recovery under the preceding sentence''.

Subsec. (o). Pub. L. 98–353, §442(j), added subsec. (o).

### EFFECTIVE DATE OF 2005 AMENDMENT

Pub. L. 109–8, title XII, §1221(d), Apr. 20, 2005, 119 Stat. 196, provided that: ''The amendments made by this section [amending this section and sections 541 and 1129 of this title and enacting provisions set out as a note under this section] shall apply to a case pending under title 11, United States Code, on the date of enactment of this Act [Apr. 20, 2005], or filed under that title on or after that date of enactment, except that the court shall not confirm a plan under chapter 11 of title 11, United States Code, without considering whether this section would substantially affect the rights of a party in interest who first acquired rights with respect to the debtor after the date of the filing of the petition. The parties who may appear and be heard in a proceeding under this section include the attorney general of the State in which the debtor is incorporated, was formed, or does business.''

Amendment by sections 204 and 231(a) of Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of this title.

### EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103–394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under this title before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as a note under section 101 of this title.

### EFFECTIVE DATE OF 1986 AMENDMENT

Amendment by Pub. L. 99–554 effective 30 days after Oct. 27, 1986, but not applicable to cases commenced under this title before that date, see section 302(a), (c)(1) of Pub. L. 99–554, set out as a note under section 581 of Title 28, Judiciary and Judicial Procedure.

### EFFECTIVE DATE OF 1984 AMENDMENT

Amendment by Pub. L. 98–353 effective with respect to cases filed 90 days after July 10, 1984, see section 552(a) of Pub. L. 98–353, set out as a note under section 101 of this title.

### CONSTRUCTION OF SECTION 1221 OF PUB. L. 109–8

Pub. L. 109–8, title XII, §1221(e), Apr. 20, 2005, 119 Stat. 196, provided that: ''Nothing in this section [see Effective Date of 2005 Amendment note above] shall be construed to require the court in which a case under chapter 11 of title 11, United States Code, is pending to remand or refer any proceeding, issue, or controversy to any other court or to require the approval of any other court for the transfer of property.''

### § 364. Obtaining credit

(a) If the trustee is authorized to operate the business of the debtor under section 721, 1108, 1203, 1204, or 1304 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estate that is subject to a lien.

(d)(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—

(A) the trustee is unable to obtain such credit otherwise; and

(B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

(2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

(e) The reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

(f) Except with respect to an entity that is an underwriter as defined in section 1145(b) of this title, section 5 of the Securities Act of 1933, the Trust Indenture Act of 1939, and any State or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security does not apply to the offer or sale under this section of a security that is not an equity security.

(Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2574; Pub. L. 99–554, title II, §257(l), Oct. 27, 1986, 100 Stat. 3115; Pub. L. 103–394, title V, §501(d)(9), Oct. 22, 1994, 108 Stat. 4144.)

### HISTORICAL AND REVISION NOTES

#### LEGISLATIVE STATEMENTS

Section 364(f) of the House amendment is new. This provision continues the exemption found in section 3(a)(7) of the Securities Act of 1933 [15 U.S.C. 77c(a)(7)] for certificates of indebtedness issued by a trustee in bankruptcy. The exemption applies to any debt security issued under section 364 of title 11. The section does not intend to change present law which exempts such securities from the Trust Indenture Act, 15 U.S.C. 77aaa, et seq. (1976).

#### SENATE REPORT NO. 95–989

This section is derived from provisions in current law governing certificates of indebtedness, but is much broader. It governs all obtaining of credit and incurring of debt by the estate.

Subsection (a) authorizes the obtaining of unsecured credit and the incurring of unsecured debt in the ordi-

363(H) PLUS THIS FORCED AUCTION RENDERED ME HOMELESS WITHOUT ANY INCOME, STRAIGHT FROM A BEAUTIFUL HOME WITH PROVISION PAID BY MY TENANTS. THIS DEPRIVED ME OF MY PROPERTY INTEREST IN MY ONLY STREAM OF INCOME, MY PROPERTY INTEREST IN MY SHELTER, MY PROVISION, AND THE WHOLE OF MY PREMARITAL RETIREMENT SAVINGS, WITHOUT ONE PENNY TO MY BENEFIT, OR NOTICE BY WHICH I COULD SAVE MY PROPERTY INTEREST, OR AT LEAST TRY TO MITIGATE MY LOSSES IN MY PROPERTY INTERESTS! WHILE THE BANKRUPTCY WAS FILED MONTHS BEFORE THE DIVORCE, GIVING CIRCUIT COURT JURISDICTION! CRIME BETWEEN COURTS & COUNSEL!

#### Editorial Notes

##### Amendments

2010—Subsec. (b). Pub. L. 111–327 substituted "Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention," for "Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention" in third sentence of fourth undesignated par.

#### Statutory Notes and Related Subsidiaries

##### Effective Date

Section effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as an Effective Date of 2005 Amendment note under section 101 of this title.

### § 528. Requirements for debt relief agencies

(a) A debt relief agency shall—

(1) not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously—

(A) the services such agency will provide to such assisted person; and

(B) the fees or charges for such services, and the terms of payment;

(2) provide the assisted person with a copy of the fully executed and completed contract;

(3) clearly and conspicuously disclose in any advertisement of bankruptcy assistance services or of the benefits of bankruptcy directed to the general public (whether in general media, seminars or specific mailings, telephonic or electronic messages, or otherwise) that the services or benefits are with respect to bankruptcy relief under this title; and

(4) clearly and conspicuously use the following statement in such advertisement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." or a substantially similar statement.

(b)(1) An advertisement of bankruptcy assistance services or of the benefits of bankruptcy directed to the general public includes—

(A) descriptions of bankruptcy assistance in connection with a chapter 13 plan whether or not chapter 13 is specifically mentioned in such advertisement; and

(B) statements such as "federally supervised repayment plan" or "Federal debt restructuring help" or other similar statements that could lead a reasonable consumer to believe that debt counseling was being offered when in fact the services were directed to providing bankruptcy assistance with a chapter 13 plan or other form of bankruptcy relief under this title.

(2) An advertisement, directed to the general public, indicating that the debt relief agency provides assistance with respect to credit defaults, mortgage foreclosures, eviction proceedings, excessive debt, debt collection pressure, or inability to pay any consumer debt shall—

(A) disclose clearly and conspicuously in such advertisement that the assistance may involve bankruptcy relief under this title; and

(B) include the following statement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." or a substantially similar statement.

(Added Pub. L. 109–8, title II, § 229(a), Apr. 20, 2005, 119 Stat. 71.)

#### Statutory Notes and Related Subsidiaries

##### Effective Date

Section effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as an Effective Date of 2005 Amendment note under section 101 of this title.

### SUBCHAPTER III—THE ESTATE

### § 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

(b) Property of the estate does not include—

(1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor;

(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case;

(3) any eligibility of the debtor to participate in programs authorized under the Higher Education Act of 1965 (20 U.S.C. 1001 et seq.; 42 U.S.C. 2751 et seq.),[1] or any accreditation status or State licensure of the debtor as an educational institution;

(4) any interest of the debtor in liquid or gaseous hydrocarbons to the extent that—

(A)(i) the debtor has transferred or has agreed to transfer such interest pursuant to a farmout agreement or any written agreement directly related to a farmout agreement; and

(ii) but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 365 or 544(a)(3) of this title; or

(B)(i) the debtor has transferred such interest pursuant to a written conveyance of a production payment to an entity that does not participate in the operation of the property from which such production payment is transferred; and

(ii) but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 365 or 542 of this title;

(5) funds placed in an education individual retirement account (as defined in section 530(b)(1) of the Internal Revenue Code of 1986) not later than 365 days before the date of the filing of the petition in a case under this title, but—

(A) only if the designated beneficiary of such account was a child, stepchild, grandchild, or stepgrandchild of the debtor for the taxable year for which funds were placed in such account;

(B) only to the extent that such funds—

(i) are not pledged or promised to any entity in connection with any extension of credit; and

(ii) are not excess contributions (as described in section 4973(e) of the Internal Revenue Code of 1986); and

(C) in the case of funds placed in all such accounts having the same designated beneficiary not earlier than 720 days nor later than 365 days before such date, only so much of such funds as does not exceed $5,000;[2]

(6) funds used to purchase a tuition credit or certificate or contributed to an account in accordance with section 529(b)(1)(A) of the Internal Revenue Code of 1986 under a qualified State tuition program (as defined in section 529(b)(1) of such Code) not later than 365 days before the date of the filing of the petition in a case under this title, but—

(A) only if the designated beneficiary of the amounts paid or contributed to such tuition program was a child, stepchild, grandchild, or stepgrandchild of the debtor for the taxable year for which funds were paid or contributed;

(B) with respect to the aggregate amount paid or contributed to such program having the same designated beneficiary, only so much of such amount as does not exceed the total contributions permitted under section 529(b)(6) of such Code with respect to such beneficiary, as adjusted beginning on the date of the filing of the petition in a case under this title by the annual increase or decrease (rounded to the nearest tenth of 1 percent) in the education expenditure category of the Consumer Price Index prepared by the Department of Labor; and

(C) in the case of funds paid or contributed to such program having the same designated beneficiary not earlier than 720 days nor later than 365 days before such date, only so much of such funds as does not exceed $5,000;[2]

(7) any amount—

(A) withheld by an employer from the wages of employees for payment as contributions—

(i) to—

(I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986;

(II) a deferred compensation plan under section 457 of the Internal Revenue Code of 1986; or

(III) a tax-deferred annuity under section 403(b) of the Internal Revenue Code of 1986;

except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2); or

(ii) to a health insurance plan regulated by State law whether or not subject to such title; or

(B) received by an employer from employees for payment as contributions—

(i) to—

(I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986;

(II) a deferred compensation plan under section 457 of the Internal Revenue Code of 1986; or

(III) a tax-deferred annuity under section 403(b) of the Internal Revenue Code of 1986;

except that such amount under this subparagraph shall not constitute disposable income, as defined in section 1325(b)(2); or

(ii) to a health insurance plan regulated by State law whether or not subject to such title;

[1] See References in Text note below.
[2] See Adjustment of Dollar Amounts notes below.

(8) subject to subchapter III of chapter 5, any interest of the debtor in property where the debtor pledged or sold tangible personal property (other than securities or written or printed evidences of indebtedness or title) as collateral for a loan or advance of money given by a person licensed under law to make such loans or advances, where—

(A) the tangible personal property is in the possession of the pledgee or transferee;

(B) the debtor has no obligation to repay the money, redeem the collateral, or buy back the property at a stipulated price; and

(C) neither the debtor nor the trustee have exercised any right to redeem provided under the contract or State law, in a timely manner as provided under State law and section 108(b);

(9) any interest in cash or cash equivalents that constitute proceeds of a sale by the debtor of a money order that is made—

(A) on or after the date that is 14 days prior to the date on which the petition is filed; and

(B) under an agreement with a money order issuer that prohibits the commingling of such proceeds with property of the debtor (notwithstanding that, contrary to the agreement, the proceeds may have been commingled with property of the debtor),

unless the money order issuer had not taken action, prior to the filing of the petition, to require compliance with the prohibition;

(10) funds placed in an account of a qualified ABLE program (as defined in section 529A(b) of the Internal Revenue Code of 1986) not later than 365 days before the date of the filing of the petition in a case under this title, but—

(A) only if the designated beneficiary of such account was a child, stepchild, grandchild, or stepgrandchild of the debtor for the taxable year for which funds were placed in such account;

(B) only to the extent that such funds—

(i) are not pledged or promised to any entity in connection with any extension of credit; and

(ii) are not excess contributions (as described in section 4973(h) of the Internal Revenue Code of 1986); and

(C) in the case of funds placed in all such accounts having the same designated beneficiary not earlier than 720 days nor later than 365 days before such date, only so much of such funds as does not exceed $6,225;[2] and

(11) recovery rebates made under section 6428 of the Internal Revenue Code of 1986.

Paragraph (4) shall not be construed to exclude from the estate any consideration the debtor retains, receives, or is entitled to receive for transferring an interest in liquid or gaseous hydrocarbons pursuant to a farmout agreement.

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

(e) In determining whether any of the relationships specified in paragraph (5)(A) or (6)(A) of subsection (b) exists, a legally adopted child of an individual (and a child who is a member of an individual's household, if placed with such individual by an authorized placement agency for legal adoption by such individual), or a foster child of an individual (if such child has as the child's principal place of abode the home of the debtor and is a member of the debtor's household) shall be treated as a child of such individual by blood.

(f) Notwithstanding any other provision of this title, property that is held by a debtor that is a corporation described in section 501(c)(3) of the Internal Revenue Code of 1986 and exempt from tax under section 501(a) of such Code may be transferred to an entity that is not such a corporation, but only under the same conditions as would apply if the debtor had not filed a case under this title.

(Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2594; Pub. L. 98–353, title III, §§363(a), 456, July 10, 1984, 98 Stat. 363, 376; Pub. L. 101–508, title III, §3007(a)(2), Nov. 5, 1990, 104 Stat. 1388–28; Pub. L. 102–486, title XXX, §3017(b), Oct. 24, 1992, 106 Stat. 3130; Pub. L. 103–394, title II, §§208(b), 223, Oct. 22, 1994, 108 Stat. 4124, 4129; Pub. L. 109–8, title II, §225(a), title III, §323, title XII, §§1212, 1221(c), 1230, Apr. 20, 2005, 119 Stat. 65, 97, 194, 196, 201; Pub. L. 111–327, §2(a)(22), Dec. 22, 2010, 124 Stat. 3560; Pub. L. 113–295, div. B, title I, §104(a), Dec. 19, 2014, 128 Stat. 4063; Pub. L. 116–260, div. FF, title X, §1001(a), Dec. 27, 2020, 134 Stat. 3216.)

AMENDMENT OF SUBSECTION (b)

*Pub. L. 116–260, div. FF, title X, §1001(a)(2), Dec. 27, 2020, 134 Stat. 3216, provided that, effective on the date that is 1 year after Dec. 27, 2020, subsection (b) of this section is amended:*

*(1) in paragraph (9), in the matter following subparagraph (B), by adding "or" at the end;*

(2) in paragraph (10)(C), by striking "; or" and inserting a period; and

(3) by striking paragraph (11).

See 2020 Amendment note below.

### HISTORICAL AND REVISION NOTES

#### LEGISLATIVE STATEMENTS

Section 541(a)(7) is new. The provision clarifies that any interest in property that the estate acquires after the commencement of the case is property of the estate; for example, if the estate enters into a contract, after the commencement of the case, such a contract would be property of the estate. The addition of this provision by the House amendment merely clarifies that section 541(a) is an all-embracing definition which includes charges on property, such as liens held by the debtor on property of a third party, or beneficial rights and interests that the debtor may have in property of another. However, only the debtor's interest in such property becomes property of the estate. If the debtor holds bare legal title or holds property in trust for another, only those rights which the debtor would have otherwise had emanating from such interest pass to the estate under section 541. Neither this section nor section 545 will affect various statutory provisions that give a creditor a lien that is valid both inside and outside bankruptcy against a bona fide purchaser of property from the debtor, or that creates a trust fund for the benefit of creditors meeting similar criteria. See Packers and Stockyards Act § 206, 7 U.S.C. 196 (1976).

Section 541(c)(2) follows the position taken in the House bill and rejects the position taken in the Senate amendment with respect to income limitations on a spend-thrift trust.

Section 541(d) of the House amendment is derived from section 541(e) of the Senate amendment and reiterates the general principle that where the debtor holds bare legal title without any equitable interest, that the estate acquires bare legal title without any equitable interest in the property. The purpose of section 541(d) as applied to the secondary mortgage market is identical to the purpose of section 541(e) of the Senate amendment and section 541(d) will accomplish the same result as would have been accomplished by section 541(e). Even if a mortgage seller retains for purposes of servicing legal title to mortgages or interests in mortgages sold in the secondary mortgage market, the trustee would be required by section 541(d) to turn over the mortgages or interests in mortgages to the purchaser of those mortgages.

The seller of mortgages in the secondary mortgage market will often retain the original mortgage notes and related documents and the seller will not endorse the notes to reflect the sale to the purchaser. Similarly, the purchaser will often not record the purchaser's ownership of the mortgages or interests in mortgages under State recording statutes. These facts are irrelevant and the seller's retention of the mortgage documents and the purchaser's decision not to record do not change the trustee's obligation to turn the mortgages or interests in mortgages over to the purchaser. The application of section 541(d) to secondary mortgage market transactions will not be affected by the terms of the servicing agreement between the mortgage servicer and the purchaser of the mortgages. Under section 541(d), the trustee is required to recognize the purchaser's title to the mortgages or interests in mortgages and to turn this property over to the purchaser. It makes no difference whether the servicer and the purchaser characterize their relationship as one of trust, agency, or independent contractor.

The purpose of section 541(d) as applied to the secondary mortgage market is therefore to make certain that secondary mortgage market sales as they are currently structured are not subject to challenge by bankruptcy trustees and that purchasers of mortgages will be able to obtain the mortgages or interests in mortgages which they have purchased from trustees without

the trustees asserting that a sale of mortgages is a loan from the purchaser to the seller.

Thus, as section 541(a)(1) clearly states, the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. To the extent such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate except to the extent that defenses which are personal against the debtor are not effective against the estate.

Property of the estate: The Senate amendment provided that property of the estate does not include amounts held by the debtor as trustee and any taxes withheld or collected from others before the commencement of the case. The House amendment removes these two provisions. As to property held by the debtor as a trustee, the House amendment provides that property of the estate will include whatever interest the debtor held in the property at the commencement of the case. Thus, where the debtor held only legal title to the property and the beneficial interest in that property belongs to another, such as exists in the case of property held in trust, the property of the estate includes the legal title, but not the beneficial interest in the property.

As to withheld taxes, the House amendment deletes the rule in the Senate bill as unnecessary since property of the estate does not include the beneficial interest in property held by the debtor as a trustee. Under the Internal Revenue Code of 1954 (section 7501) [26 U.S.C. 7501], the amounts of withheld taxes are held to be a special fund in trust for the United States. Where the Internal Revenue Service can demonstrate that the amounts of taxes withheld are still in the possession of the debtor at the commencement of the case, then if a trust is created, those amounts are not property of the estate. Compare *In re Shakesteers Coffee Shops*, 546 F.2d 821 (9th Cir. 1976) with *In re Glynn Wholesale Building Materials, Inc.* (S.D. Ga. 1978) and *In re Progress Tech Colleges, Inc.*, 42 Afer 2d 78–5973 (S.D. Ohio 1977).

Where it is not possible for the Internal Revenue Service to demonstrate that the amounts of taxes withheld are still in the possession of the debtor at the commencement of the case, present law generally includes amounts of withheld taxes as property of the estate. See, e.g., *United States v. Randall*, 401 U.S. 513 (1973) [91 S. Ct. 991, 28 L.Ed.2d 273] and *In re Tamasha Town and Country Club*, 483 F.2d 1377 (9th Cir. 1973). Nonetheless, a serious problem exists where "trust fund taxes" withheld from others are held to be property of the estate where the withheld amounts are commingled with other assets of the debtor. The courts should permit the use of reasonable assumptions under which the Internal Revenue Service, and other tax authorities, can demonstrate that amounts of withheld taxes are still in the possession of the debtor at the commencement of the case. For example, where the debtor had commingled that amount of withheld taxes in his general checking account, it might be reasonable to assume that any remaining amounts in that account on the commencement of the case are the withheld taxes. In addition, Congress may consider future amendments to the Internal Revenue Code [title 26] making clear that amounts of withheld taxes are held by the debtor in a trust relationship and, consequently, that such amounts are not property of the estate.

#### SENATE REPORT NO. 95–989

This section defines property of the estate, and specifies what property becomes property of the estate. The commencement of a bankruptcy case creates an estate. Under paragraph (1) of subsection (a), the estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act § 70a(6) [section 110(a)(6) of former title 11]), and all other forms of property currently specified in section 70a of the Bankruptcy Act § 70a [section 110(a) of former

title 11], as well as property recovered by the trustee under section 542 of proposed title 11, if the property recovered was merely out of the possession of the debtor, yet remained "property of the debtor." The debtor's interest in property also includes "title" to property, which is an interest, just as are a possessory interest, or lease-hold interest, for example. The result of *Segal v. Rochelle,* 382 U.S. 375 (1966), is followed, and the right to a refund is property of the estate.

Though this paragraph will include choses in action and claims by the debtor against others, it is not intended to expand the debtor's rights against others more than they exist at the commencement of the case. For example, if the debtor has a claim that is barred at the time of the commencement of the case by the statute of limitations, then the trustee would not be able to pursue that claim, because he too would be barred. He could take no greater rights than the debtor himself had. But see proposed 11 U.S.C. 108, which would permit the trustee a tolling of the statute of limitations if it had not run before the date of the filing of the petition.

Paragraph (1) has the effect of overruling *Lockwood v. Exchange Bank,* 190 U.S. 294 (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate. The broad jurisdictional grant in proposed 28 U.S.C. 1334 would have the effect of overruling *Lockwood* independently of the change made by this provision.

Paragraph (1) also has the effect of overruling *Lines v. Frederick,* 400 U.S. 18 (1970).

Situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in a constructive trust for the person to whom the bill was owed. This section and proposed 11 U.S.C. 545 also will not affect various statutory provisions that give a creditor of the debtor a lien that is valid outside as well as inside bankruptcy, or that creates a trust fund for the benefit of a creditor of the debtor. See Packers and Stockyards Act § 206, 7 U.S.C. 196.

Bankruptcy Act §§ [section 26 of former title 11] has been deleted as unnecessary. Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the state, and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts.

The estate also includes the interests of the debtor and the debtor's spouse in community property, subject to certain limitations; property that the trustee recovers under the avoiding powers; property that the debtor acquires by bequest, devise, inheritance, a property settlement agreement with the debtor's spouse, or as the beneficiary of a life insurance policy within 180 days after the petition; and proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earning from services performed by an individual debtor after the commencement of the case. Proceeds here is not used in a confining sense, as defined in the Uniform Commercial Code, but is intended to be a broad term to encompass all proceeds of property of the estate. The conversion in form of property of the estate does not change its character as property of the estate.

Subsection (b) excludes from property of the estate any power, such as a power of appointment, that the debtor may exercise solely for the benefit of an entity other than the debtor. This changes present law which excludes powers solely benefiting other persons but not other entities.

Subsection (c) invalidates restrictions on the transfer of property of the debtor, in order that all of the interests of the debtor in property will become property of the estate. The provisions invalidated are those that restrict or condition transfer of the debtor's interest, and those that are conditioned on the insolvency or financial condition of the debtor, on the commencement of a bankruptcy case, or on the appointment of a custodian of the debtor's property. Paragraph (2) of subsection (c), however, preserves restrictions on a transfer of a spendthrift trust that the restriction is enforceable nonbankruptcy law to the extent of the income reasonably necessary for the support of a debtor and his dependents.

Subsection (d) [enacted as (e)], derived from section 70c of the Bankruptcy Act [section 110(c) of former title 11], gives the estate the benefit of all defenses available to the debtor as against an entity other than the estate, including such defenses as statutes of limitations, statutes of frauds, usury, and other personal defenses, and makes waiver by the debtor after the commencement of the case ineffective to bind the estate.

Section 541(e) [enacted as (d)] confirms the current status under the Bankruptcy Act [former title 11] of bona fide secondary mortgage market transactions as the purchase and sale of assets. Mortgages or interests in mortgages sold in the secondary market should not be considered as part of the debtor's estate. To permit the efficient servicing of mortgages or interests in mortgages the seller often retains the original mortgage notes and related documents, and the purchaser records under State recording statutes the purchaser's ownership of the mortgages or interests in mortgages purchased. Section 541(e) makes clear that the seller's retention of the mortgage documents and the purchaser's decision not to record do not impair the asset sale character of secondary mortgage market transactions. The committee notes that in secondary mortgage market transactions the parties may characterize their relationship as one of trust, agency, or independent contractor. The characterization adopted by the parties should not affect the statutes in bankruptcy on bona fide secondary mortgage market purchases and sales.

**Editorial Notes**

REFERENCES IN TEXT

The Higher Education Act of 1965, referred to in subsec. (b)(3), is Pub. L. 89–329, Nov. 8, 1965, 79 Stat. 1219, which is classified generally to chapter 28 (§ 1001 et seq.) of Title 20, Education. Part C of title IV of the Act was formerly classified to part C (§ 2751 et seq.) of subchapter I of chapter 34 of Title 42, The Public Health and Welfare, prior to transfer to part C (§ 1087–51 et seq.) of subchapter IV of chapter 28 of Title 20. For complete classification of this Act to the Code, see Short Title note set out under section 1001 of Title 20 and Tables.

The Internal Revenue Code of 1986, referred to in subsecs. (b)(5) to (7), (10), (11) and (f), is classified generally to Title 26, Internal Revenue Code.

The Employee Retirement Income Security Act of 1974, referred to in subsec. (b)(7)(A)(i)(I), (B)(i)(I), is Pub. L. 93–406, Sept. 2, 1974, 88 Stat. 829, as amended. Title I of the Act is classified generally to subchapter I (§ 1001 et seq.) of chapter 18 of Title 29, Labor. For complete classification of this Act to the Code, see Short Title note set out under section 1001 of Title 29 and Tables.

AMENDMENTS

2020—Subsec. (b)(11). Pub. L. 116–260, § 1001(a)(2), struck out par. (11) which read as follows: "recovery re-

bates made under section 6428 of the Internal Revenue Code of 1986.''.

Pub. L. 116–260, § 1001(a)(1), added par. (11).

2014—Subsec. (b)(10). Pub. L. 113–295 added par. (10).

2010—Subsec. (b)(6)(B). Pub. L. 111–327 substituted "section 529(b)(6)" for "section 529(b)(7)".

2005—Subsec. (b)(4). Pub. L. 109–8, § 225(a)(1)(A), struck out "or" at end.

Subsec. (b)(4)(B)(ii). Pub. L. 109–8, § 1212, inserted "365 or" before "542".

Subsec. (b)(5), (6). Pub. L. 109–8, § 225(a)(1)(C), added pars. (5) and (6). Former par. (5) redesignated (9).

Subsec. (b)(7). Pub. L. 109–8, § 323, added par. (7).

Subsec. (b)(8). Pub. L. 109–8, § 1230, added par. (8).

Subsec. (b)(9). Pub. L. 109–8, § 225(a)(1)(B), redesignated par. (5) as (9).

Subsec. (e). Pub. L. 109–8, § 225(a)(2), added subsec. (e).

Subsec. (f). Pub. L. 109–8, § 1221(c), added subsec. (f).

1994—Subsec. (b)(4). Pub. L. 103–394, § 208(b), designated existing provisions of subpar. (A) as cl. (i) of subpar. (A), redesignated subpar. (B) as cl. (ii) of subpar. (A), substituted "the interest referred to in clause (i)" for "such interest", substituted "; or" for period at end of cl. (ii), and added subpar. (B).

Pub. L. 103–394, § 223(3), which directed the amendment of subsec. (b)(4) by striking out period at end and inserting "; or", was executed by inserting "or" after semicolon at end of subsec. (b)(4)(B)(ii), as added by Pub. L. 103–394, § 208(b)(3), to reflect the probable intent of Congress.

Subsec. (b)(5). Pub. L. 103–394, § 223, added par. (5).

1992—Subsec. (b). Pub. L. 102–486 added par. (4) and closing provisions.

1990—Subsec. (b)(3). Pub. L. 101–508 added par. (3).

1984—Subsec. (a). Pub. L. 98–353, § 456(a)(1), (2), struck out "under" after "under" and inserted "and by whomever held" after "located".

Subsec. (a)(3). Pub. L. 98–353, § 456(a)(3), inserted "329(b), 363(n),".

Subsec. (a)(5). Pub. L. 98–353, § 456(a)(4), substituted "Any" for "An".

Subsec. (a)(6). Pub. L. 98–353, § 456(a)(5), substituted "or profits" for "and profits".

Subsec. (b). Pub. L. 98–353, § 363(a), amended subsec. (b) generally. Prior to amendment, subsec. (b) read as follows: "Property of the estate does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor.''

Subsec. (c)(1). Pub. L. 98–353, § 456(b)(1), inserted "in an agreement, transfer, instrument, or applicable nonbankruptcy law".

Subsec. (c)(1)(B). Pub. L. 98–353, § 456(b)(2), substituted "taking" for "the taking", and inserted "before such commencement" after "custodian".

Subsec. (d). Pub. L. 98–353, § 456(c), inserted "(1) or (2)" after "(a)".

Subsec. (e). Pub. L. 98–353, § 456(d), struck out subsec. (e) which read as follows: "The estate shall have the benefit of any defense available to the debtor as against an entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.''

### Statutory Notes and Related Subsidiaries

EFFECTIVE DATE OF 2020 AMENDMENT

Pub. L. 116–260, div. FF, title X, § 1001(a)(2), Dec. 27, 2020, 134 Stat. 3216, provided that the amendment made by section 1001(a)(2) is effective on the date that is 1 year after Dec. 27, 2020.

EFFECTIVE DATE OF 2014 AMENDMENT

Amendment by Pub. L. 113–295 applicable with respect to cases commenced under this title on or after Dec. 19, 2014, see section 104(d) of Pub. L. 113–295, set out as a note under section 521 of this title.

EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by section 1221(c) of Pub. L. 109–8 applicable to cases pending under this title on Apr. 20, 2005,

or filed under this title on or after Apr. 20, 2005, with certain exceptions, see section 1221(d) of Pub. L. 109–8, set out as a note under section 363 of this title.

Amendment by sections 225(a), 323, 1212, and 1230 of Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of this title.

EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103–394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under this title before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as a note under section 101 of this title.

EFFECTIVE DATE OF 1992 AMENDMENT

Amendment by Pub. L. 102–486 effective Oct. 24, 1992, but not applicable with respect to cases commenced under this title before Oct. 24, 1992, see section 3017(c) of Pub. L. 102–486, set out as a note under section 101 of this title.

EFFECTIVE DATE OF 1984 AMENDMENT

Amendment by Pub. L. 98–353 effective with respect to cases filed 90 days after July 10, 1984, see section 552(a) of Pub. L. 98–353, set out as a note under section 101 of this title.

### Court Rules and Judicial Documents

ADJUSTMENT OF DOLLAR AMOUNTS

The dollar amounts specified in this section were adjusted by notices of the Judicial Conference of the United States pursuant to section 104 of this title as follows:

By notice dated Feb. 5, 2019, 84 F.R. 3488, effective Apr. 1, 2019, in subsec. (b)(5)(C), (6)(C), (10)(C), dollar amount "6,425" was adjusted to "6,825". See notice of the Judicial Conference of the United States set out as a note under section 104 of this title.

By notice dated Feb. 16, 2016, 81 F.R. 8748, effective Apr. 1, 2016, in subsec. (b)(5)(C), (6)(C), dollar amount "6,225" was adjusted to "6,425".

By notice dated Feb. 12, 2013, 78 F.R. 12089, effective Apr. 1, 2013, in subsec. (b)(5)(C), (6)(C), dollar amount "5,850" was adjusted to "6,225".

By notice dated Feb. 19, 2010, 75 F.R. 8747, effective Apr. 1, 2010, in subsec. (b)(5)(C), (6)(C), dollar amount "5,475" was adjusted to "5,850".

By notice dated Feb. 7, 2007, 72 F.R. 7082, effective Apr. 1, 2007, in subsec. (b)(5)(C), (6)(C), dollar amount "5,000" was adjusted to "5,475".

## § 542. Turnover of property to the estate

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

(c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual no-

(D) Subparagraphs (A) through (C) shall not apply, and the court may not dismiss or convert a case based on any form of means testing—

　(i) if the debtor is a disabled veteran (as defined in section 3741(1) of title 38), and the indebtedness occurred primarily during a period during which he or she was—

　　(I) on active duty (as defined in section 101(d)(1) of title 10); or

　　(II) performing a homeland defense activity (as defined in section 901(1) of title 32); or

　(ii) with respect to the debtor, while the debtor is—

　　(I) on, and during the 540-day period beginning immediately after the debtor is released from, a period of active duty (as defined in section 101(d)(1) of title 10) of not less than 90 days; or

　　(II) performing, and during the 540-day period beginning immediately after the debtor is no longer performing, a homeland defense activity (as defined in section 901(1) of title 32) performed for a period of not less than 90 days;

if after September 11, 2001, the debtor while a member of a reserve component of the Armed Forces or a member of the National Guard, was called to such active duty or performed such homeland defense activity.

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—

　(A) whether the debtor filed the petition in bad faith; or

　(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

(4)(A) The court, on its own initiative or on the motion of a party in interest, in accordance with the procedures described in rule 9011 of the Federal Rules of Bankruptcy Procedure, may order the attorney for the debtor to reimburse the trustee for all reasonable costs in prosecuting a motion filed under section 707(b), including reasonable attorneys' fees, if—

　(i) a trustee files a motion for dismissal or conversion under this subsection; and

　(ii) the court—

　　(I) grants such motion; and

　　(II) finds that the action of the attorney for the debtor in filing a case under this chapter violated rule 9011 of the Federal Rules of Bankruptcy Procedure.

(B) If the court finds that the attorney for the debtor violated rule 9011 of the Federal Rules of Bankruptcy Procedure, the court, on its own initiative or on the motion of a party in interest, in accordance with such procedures, may order—

　(i) the assessment of an appropriate civil penalty against the attorney for the debtor; and

　(ii) the payment of such civil penalty to the trustee, the United States trustee (or the bankruptcy administrator, if any).

(C) The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has—

　(i) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and

　(ii) determined that the petition, pleading, or written motion—

　　(I) is well grounded in fact; and

　　(II) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1).

(D) The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

(5)(A) Except as provided in subparagraph (B) and subject to paragraph (6), the court, on its own initiative or on the motion of a party in interest, in accordance with the procedures described in rule 9011 of the Federal Rules of Bankruptcy Procedure, may award a debtor all reasonable costs (including reasonable attorneys' fees) in contesting a motion filed by a party in interest (other than a trustee or United States trustee (or bankruptcy administrator, if any)) under this subsection if—

　(i) the court does not grant the motion; and

　(ii) the court finds that—

　　(I) the position of the party that filed the motion violated rule 9011 of the Federal Rules of Bankruptcy Procedure; or

　　(II) the attorney (if any) who filed the motion did not comply with the requirements of clauses (i) and (ii) of paragraph (4)(C), and the motion was made solely for the purpose of coercing a debtor into waiving a right guaranteed to the debtor under this title.

(B) A small business that has a claim of an aggregate amount less than $1,000[1] shall not be subject to subparagraph (A)(ii)(I).

(C) For purposes of this paragraph—

　(i) the term "small business" means an unincorporated business, partnership, corporation, association, or organization that—

　　(I) has fewer than 25 full-time employees as determined on the date on which the motion is filed; and

　　(II) is engaged in commercial or business activity; and

　(ii) the number of employees of a wholly owned subsidiary of a corporation includes the employees of—

　　(I) a parent corporation; and

　　(II) any other subsidiary corporation of the parent corporation.

(6) Only the judge or United States trustee (or bankruptcy administrator, if any) may file a motion under section 707(b), if the current monthly income of the debtor, or in a joint case, the debtor and the debtor's spouse, as of the date of the order for relief, when multiplied by 12, is equal to or less than—

　(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

　(B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median fam-

"(B) any amount by which the percentage fee fixed under paragraph (1)(B) of this subsection for all such cases exceeds—

"(i) such individual's actual compensation for such cases, as adjusted under subparagraph (A) of this paragraph; plus

"(ii) the actual, necessary expenses incurred by such individual as standing trustee in such cases."

See section 586(b) and (e) of Title 28, Judiciary and Judicial Procedure.

EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by section 219(c) of Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of this title.

EFFECTIVE DATE

Section effective 30 days after Oct. 27, 1986, and the amendment by section 227 of Pub. L. 99–554, see section 302(c)(2) of Pub. L. 99–554, set out as an Effective Date of 1986 Amendment note under section 581 of Title 28, Judiciary and Judicial Procedure.

Effective date and applicability of amendment by section 227 of Pub. L. 99–554 dependent upon the judicial district involved, see section 302(d), (e) of Pub. L. 99–554.

REFERENCES IN SUBSECTION (a) TEMPORARILY DEEMED TO BE REFERENCES TO OTHER PROVISIONS

Until the amendments made by subtitle A (§§ 201 to 231) of title II of Pub. L. 99–554 become effective in a district and apply to a case, in subsec. (a) of this section—

(1) the first two references to the United States trustee are deemed to be references to the court, and

(2) any reference to section 586(b) of Title 28, Judiciary and Judicial Procedure, is deemed to be a reference to subsec. (c) of this section,

see section 302(c)(3)(B), (d), (e) of Pub. L. 99–554, set out as an Effective Date note under section 581 of Title 28.

§ 1203. Rights and powers of debtor

Subject to such limitations as the court may prescribe, a debtor in possession shall have all the rights, other than the right to compensation under section 330, and powers, and shall perform all the functions and duties, except the duties specified in paragraphs (3) and (4) of section 1106(a), of a trustee serving in a case under chapter 11, including operating the debtor's farm or commercial fishing operation.

(Added and amended Pub. L. 99–554, title II, § 255, title III, § 302(f), Oct. 27, 1986, 100 Stat. 3107, 3124; Pub. L. 103–65, § 1, Aug. 6, 1993, 107 Stat. 311; Pub. L. 105–277, div. C, title I, § 149(a), Oct. 21, 1998, 112 Stat. 2681–610; Pub. L. 106–5, § 1(1), (2), Mar. 30, 1999, 113 Stat. 9; Pub. L. 106–70, § 1, Oct. 9, 1999, 113 Stat. 1031; Pub. L. 107–8, § 1, May 11, 2001, 115 Stat. 10; Pub. L. 107–17, § 1, June 26, 2001, 115 Stat. 151; Pub. L. 107–170, § 1, May 7, 2002, 116 Stat. 133; Pub. L. 107–171, title X, § 10814(a), May 13, 2002, 116 Stat. 532; Pub. L. 107–377, § 2(a), Dec. 19, 2002, 116 Stat. 3115; Pub. L. 108–73, § 2(a), Aug. 15, 2003, 117 Stat. 891; Pub. L. 108–369, § 2(a), Oct. 25, 2004, 118 Stat. 1749; Pub. L. 109–8, title X, §§ 1001(a)(1), (c), 1007(c)(2), Apr. 20, 2005, 119 Stat. 185, 186, 188.)

CODIFICATION

For repeal of section effective Oct. 1, 1998, and subsequent reenactment of section, see note set out preceding section 1201 of this title.

AMENDMENTS

2005—Pub. L. 109–8, § 1007(c)(2), inserted "or commercial fishing operation" after "farm".

EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by section 1007(c)(2) of Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of this title.

§ 1204. Removal of debtor as debtor in possession

(a) On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the commencement of the case.

(b) On request of a party in interest, and after notice and a hearing, the court may reinstate the debtor in possession.

(Added and amended Pub. L. 99–554, title II, § 255, title III, § 302(f), Oct. 27, 1986, 100 Stat. 3107, 3124; Pub. L. 103–65, § 1, Aug. 6, 1993, 107 Stat. 311; Pub. L. 105–277, div. C, title I, § 149(a), Oct. 21, 1998, 112 Stat. 2681–610; Pub. L. 106–5, § 1(1), (2), Mar. 30, 1999, 113 Stat. 9; Pub. L. 106–70, § 1, Oct. 9, 1999, 113 Stat. 1031; Pub. L. 107–8, § 1, May 11, 2001, 115 Stat. 10; Pub. L. 107–17, § 1, June 26, 2001, 115 Stat. 151; Pub. L. 107–170, § 1, May 7, 2002, 116 Stat. 133; Pub. L. 107–171, title X, § 10814(a), May 13, 2002, 116 Stat. 532; Pub. L. 107–377, § 2(a), Dec. 19, 2002, 116 Stat. 3115; Pub. L. 108–73, § 2(a), Aug. 15, 2003, 117 Stat. 891; Pub. L. 108–369, § 2(a), Oct. 25, 2004, 118 Stat. 1749; Pub. L. 109–8, title X, § 1001(a)(1), (c), Apr. 20, 2005, 119 Stat. 185, 186.)

CODIFICATION

For repeal of section effective Oct. 1, 1998, and subsequent reenactment of section, see note set out preceding section 1201 of this title.

§ 1205. Adequate protection

(a) Section 361 does not apply in a case under this chapter.

(b) In a case under this chapter, when adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of property securing a claim or of an entity's ownership interest in property; 

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of property securing a claim or of an entity's ownership interest in property; 

(3) paying to such entity for the use of farmland the reasonable rent customary in the community where the property is located, based upon the rental value, net income, and earning capacity of the property; or 



(4) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will adequately protect the value of property securing a claim or of such entity's ownership interest in property.

(Added and amended Pub. L. 99–554, title II, §255, title III, §302(f), Oct. 27, 1986, 100 Stat. 3107, 3124; Pub. L. 103–65, §1, Aug. 6, 1993, 107 Stat. 311; Pub. L. 105–277, div. C, title I, §149(a), Oct. 21, 1998, 112 Stat. 2681–610; Pub. L. 106–5, §1(1), (2), Mar. 30, 1999, 113 Stat. 9; Pub. L. 106–70, §1, Oct. 9, 1999, 113 Stat. 1031; Pub. L. 107–8, §1, May 11, 2001, 115 Stat. 10; Pub. L. 107–17, §1, June 26, 2001, 115 Stat. 151; Pub. L. 107–170, §1, May 7, 2002, 116 Stat. 133; Pub. L. 107–171, title X, §10814(a), May 13, 2002, 116 Stat. 532; Pub. L. 107–377, §2(a), Dec. 19, 2002, 116 Stat. 3115; Pub. L. 108–73, §2(a), Aug. 15, 2003, 117 Stat. 891; Pub. L. 108–369, §2(a), Oct. 25, 2004, 118 Stat. 1749; Pub. L. 109–8, title X, §1001(a)(1), (c), Apr. 20, 2005, 119 Stat. 185, 186.)

CODIFICATION

For repeal of section effective Oct. 1, 1998, and subsequent reenactment of section, see note set out preceding section 1201 of this title.

§ 1206. Sales free of interests

After notice and a hearing, in addition to the authorization contained in section 363(f), the trustee in a case under this chapter may sell property under section 363(b) and (c) free and clear of any interest in such property of an entity other than the estate if the property is farmland, farm equipment, or property used to carry out a commercial fishing operation (including a commercial fishing vessel), except that the proceeds of such sale shall be subject to such interest.

(Added and amended Pub. L. 99–554, title II, §255, title III, §302(f), Oct. 27, 1986, 100 Stat. 3108, 3124; Pub. L. 103–65, §1, Aug. 6, 1993, 107 Stat. 311; Pub. L. 105–277, div. C, title I, §149(a), Oct. 21, 1998, 112 Stat. 2681–610; Pub. L. 106–5, §1(1), (2), Mar. 30, 1999, 113 Stat. 9; Pub. L. 106–70, §1, Oct. 9, 1999, 113 Stat. 1031; Pub. L. 107–8, §1, May 11, 2001, 115 Stat. 10; Pub. L. 107–17, §1, June 26, 2001, 115 Stat. 151; Pub. L. 107–170, §1, May 7, 2002, 116 Stat. 133; Pub. L. 107–171, title X, §10814(a), May 13, 2002, 116 Stat. 532; Pub. L. 107–377, §2(a), Dec. 19, 2002, 116 Stat. 3115; Pub. L. 108–73, §2(a), Aug. 15, 2003, 117 Stat. 891; Pub. L. 108–369, §2(a), Oct. 25, 2004, 118 Stat. 1749; Pub. L. 109–8, title X, §§1001(a)(1), (c), 1007(c)(3), Apr. 20, 2005, 119 Stat. 185, 186, 188.)

CODIFICATION

For repeal of section effective Oct. 1, 1998, and subsequent reenactment of section, see note set out preceding section 1201 of this title.

AMENDMENTS

2005—Pub. L. 109–8, §1007(c)(3), substituted "if the property is farmland, farm equipment, or property used to carry out a commercial fishing operation (including a commercial fishing vessel)" for "if the property is farmland or farm equipment".

EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by section 1007(c)(3) of Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable

with respect to cases commenced under this title before such effective date, as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of this title.

§ 1207. Property of the estate

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 of this title, whichever occurs first; and



(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 of this title, whichever occurs first.

(b) Except as provided in section 1204, a confirmed plan, or an order confirming a plan, the debtor shall remain in possession of all property of the estate.

(Added and amended Pub. L. 99–554, title II, §255, title III, §302(f), Oct. 27, 1986, 100 Stat. 3108, 3124; Pub. L. 103–65, §1, Aug. 6, 1993, 107 Stat. 311; Pub. L. 105–277, div. C, title I, §149(a), Oct. 21, 1998, 112 Stat. 2681–610; Pub. L. 106–5, §1(1), (2), Mar. 30, 1999, 113 Stat. 9; Pub. L. 106–70, §1, Oct. 9, 1999, 113 Stat. 1031; Pub. L. 107–8, §1, May 11, 2001, 115 Stat. 10; Pub. L. 107–17, §1, June 26, 2001, 115 Stat. 151; Pub. L. 107–170, §1, May 7, 2002, 116 Stat. 133; Pub. L. 107–171, title X, §10814(a), May 13, 2002, 116 Stat. 532; Pub. L. 107–377, §2(a), Dec. 19, 2002, 116 Stat. 3115; Pub. L. 108–73, §2(a), Aug. 15, 2003, 117 Stat. 891; Pub. L. 108–369, §2(a), Oct. 25, 2004, 118 Stat. 1749; Pub. L. 109–8, title X, §1001(a)(1), (c), Apr. 20, 2005, 119 Stat. 185, 186.)

CODIFICATION

For repeal of section effective Oct. 1, 1998, and subsequent reenactment of section, see note set out preceding section 1201 of this title.

§ 1208. Conversion or dismissal

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—

(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1221 of this title;

(4) failure to commence making timely payments required by a confirmed plan;

(5) denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

tion of "debtor" as a debtor concerning whom a petition has been filed under title 11 for definition of "bankrupt" as a debtor by or against whom a petition has been filed under title 11, and struck out definition of "bankruptcy" as including any proceeding, arrangement, or plan pursuant to title 11.

EFFECTIVE DATE OF 1978 AMENDMENT

Amendment by Pub. L. 95–598 effective Oct. 1, 1979, see section 402(a) of Pub. L. 95–598, set out as an Effective Date note preceding section 101 of Title 11, Bankruptcy.

SAVINGS PROVISION

Amendment by section 314 of Pub. L. 95–598 not to affect the application of chapter 9 (§ 151 et seq.), chapter 96 (§ 1961 et seq.), or section 2516, 3057, or 3284 of this title to any act of any person (1) committed before Oct. 1, 1979, or (2) committed after Oct. 1, 1979, in connection with a case commenced before such date, see section 403(d) of Pub. L. 95–598, set out as a note preceding section 101 of Title 11, Bankruptcy.

§ 152. Concealment of assets; false oaths and claims; bribery

A person who—

(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;

(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;

(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;

(5) knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11;

(6) knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under title 11;

(7) in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;

(8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or

(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor,

shall be fined under this title, imprisoned not more than 5 years, or both.

(June 25, 1948, ch. 645, 62 Stat. 689; Pub. L. 86–519, § 2, June 12, 1960, 74 Stat. 217; Pub. L. 86–701, Sept. 2, 1960, 74 Stat. 753; Pub. L. 94–550, § 4, Oct. 18, 1976, 90 Stat. 2535; Pub. L. 95–598, title III, § 314(a), (c), Nov. 6, 1978, 92 Stat. 2676, 2677; Pub. L. 100–690, title VII, § 7017, Nov. 18, 1988, 102 Stat. 4395; Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 103–394, title III, § 312(a)(1)(A), Oct. 22, 1994, 108 Stat. 4138; Pub. L. 104–294, title VI, § 601(a)(1), Oct. 11, 1996, 110 Stat. 3497.)

HISTORICAL AND REVISION NOTES

Based on section 52(b) of title 11, U.S.C., 1940 ed., Bankruptcy (July 1, 1898, ch. 541, § 29b, 30 Stat. 554; May 27, 1926, ch. 406, § 11 (part), 44 Stat. 665; June 22, 1938, ch. 575, § 1 (part), 52 Stat. 855).

Section was broadened to apply to one who gives or offers a bribe.

Minor changes were made in phraseology.

AMENDMENTS

1996—Pub. L. 104–294 substituted "fined under this title" for "fined not more than $5,000" in closing provisions.

1994—Pub. L. 103–394 amended section generally, designating undesignated pars. as opening provisions, pars. (1) to (9), and closing provisions, and in pars. (1) and (9) inserting reference to United States Trustee.

Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000" in last par.

1988—Pub. L. 100–690 substituted "penalty of perjury" for "penalty or perjury" in third par.

1978—Pub. L. 95–598 substituted, wherever appearing, "debtor" for "bankrupt", "case under title 11" for "bankruptcy proceeding", and "provisions of title 11" for "bankruptcy law"; and substituted "a custodian" for "the receiver, custodian", wherever appearing, and "recorded information, including books, documents, records, and papers, relating to the property or financial affairs" for "document affecting or relating to the property or affairs", in two places.

1976—Pub. L. 94–550 inserted paragraph covering the knowing and fraudulent making of a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28 or in relation to any bankruptcy proceeding.

1960—Pub. L. 86–701 included fraudulent transfers and concealment of property by persons in their individual capacity in sixth par.

Pub. L. 86–519 struck out "under oath" after "knowingly and fraudulently presents" in third par.

EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103–394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as a note under section 101 of Title 11.

EFFECTIVE DATE OF 1978 AMENDMENT

Amendment by Pub. L. 95–598 effective Oct. 1, 1979, see section 402(a) of Pub. L. 95–598, set out as an Effective Date note preceding section 101 of Title 11, Bankruptcy.

SAVINGS PROVISION

Amendment by section 314 of Pub. L. 95–598 not to affect the application of chapter 9 (§ 151 et seq.), chapter

96 (§1961 et seq.), or section 2516, 3057, or 3284 of this title to any act of any person (1) committed before Oct. 1, 1979, or (2) committed after Oct. 1, 1979, in connection with a case commenced before such date, see section 403(d) of Pub. L. 95–598, set out as a note preceding section 101 of Title 11, Bankruptcy.

## § 153. Embezzlement against estate

(a) OFFENSE.—A person described in subsection (b) who knowingly and fraudulently appropriates to the person's own use, embezzles, spends, or transfers any property or secretes or destroys any document belonging to the estate of a debtor shall be fined under this title, imprisoned not more than 5 years, or both.

(b) PERSON TO WHOM SECTION APPLIES.—A person described in this subsection is one who has access to property or documents belonging to an estate by virtue of the person's participation in the administration of the estate as a trustee, custodian, marshal, attorney, or other officer of the court or as an agent, employee, or other person engaged by such an officer to perform a service with respect to the estate.

(June 25, 1948, ch. 645, 62 Stat. 690; Pub. L. 95–598, title III, §314(a)(1), (d)(1), (2), Nov. 6, 1978, 92 Stat. 2676, 2677; Pub. L. 103–322, title XXXIII, §330016(1)(K), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 103–394, title III, §312(a)(1)(A), Oct. 22, 1994, 108 Stat. 4139; Pub. L. 104–294, title VI, §601(a)(1), Oct. 11, 1996, 110 Stat. 3497.)

HISTORICAL AND REVISION NOTES

Based on section 52(a) of title 11, U.S.C., 1940 ed., Bankruptcy (July 1, 1898, ch. 541, §29a, 30 Stat. 554; May 27, 1926, ch. 406, §11 (part), 44 Stat. 665; June 22, 1938, ch. 575, §1 (part), 52 Stat. 855).

Minor changes were made in phraseology.

AMENDMENTS

1996—Subsec. (a). Pub. L. 104–294 substituted "fined under this title" for "fined not more than $5,000".

1994—Pub. L. 103–394 amended section generally. Prior to amendment, section read as follows: "Whoever knowingly and fraudulently appropriates to his own use, embezzles, spends, or transfers any property or secretes or destroys any document belonging to the estate of a debtor which came into his charge as trustee, custodian, marshal, or other officer of the court, shall be fined under this title or imprisoned not more than five years, or both."

Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000".

1978—Pub. L. 95–598 struck out ", receiver" after "trustee" in section catchline and in text struck out "receiver," before "custodian" and substituted "debtor" for "bankrupt".

EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103–394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as a note under section 101 of Title 11.

EFFECTIVE DATE OF 1978 AMENDMENT

Amendment by Pub. L. 95–598 effective Oct. 1, 1979, see section 402(a) of Pub. L. 95–598, set out as an Effective Date note preceding section 101 of Title 11, Bankruptcy.

SAVINGS PROVISION

Amendment by section 314 of Pub. L. 95–598 not to affect the application of chapter 9 (§151 et seq.), chapter 96 (§1961 et seq.), or section 2516, 3057, or 3284 of this

title to any act of any person (1) committed before Oct. 1, 1979, or (2) committed after Oct. 1, 1979, in connection with a case commenced before such date, see section 403(d) of Pub. L. 95–598, set out as a note preceding section 101 of Title 11, Bankruptcy.

## § 154. Adverse interest and conduct of officers

A person who, being a custodian, trustee, marshal, or other officer of the court—

(1) knowingly purchases, directly or indirectly, any property of the estate of which the person is such an officer in a case under title 11;

(2) knowingly refuses to permit a reasonable opportunity for the inspection by parties in interest of the documents and accounts relating to the affairs of estates in the person's charge by parties when directed by the court to do so; or

(3) knowingly refuses to permit a reasonable opportunity for the inspection by the United States Trustee of the documents and accounts relating to the affairs of an estate in the person's charge,

shall be fined under this title and shall forfeit the person's office, which shall thereupon become vacant.

(June 25, 1948, ch. 645, 62 Stat. 690; Pub. L. 95–598, title III, §314(a)(2), (e)(1), (2), Nov. 6, 1978, 92 Stat. 2676, 2677; Pub. L. 103–322, title XXXIII, §330016(1)(G), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 103–394, title III, §312(a)(1)(A), Oct. 22, 1994, 108 Stat. 4139; Pub. L. 104–294, title VI, §601(a)(1), Oct. 11, 1996, 110 Stat. 3497.)

HISTORICAL AND REVISION NOTES

Based on section 52(c) of title 11, U.S.C., 1940 ed., Bankruptcy (July 1, 1898, ch. 541, §29c, 30 Stat. 554; June 22, 1938, ch. 575, §1 (part), 52 Stat. 856).

Minor changes were made in phraseology.

AMENDMENTS

1996—Pub. L. 104–294 substituted "fined under this title" for "fined not more than $5,000" in closing provisions.

1994—Pub. L. 103–394 amended section generally. Prior to amendment, section read as follows:

"Whoever, being a custodian, trustee, marshal, or other officer of the court, knowingly purchases, directly or indirectly, any property of the estate of which he is such officer in a case under title 11; or

"Whoever being such officer, knowingly refuses to permit a reasonable opportunity for the inspection of the documents and accounts relating to the affairs of estates in his charge by parties in interest when directed by the court to do so—

"Shall be fined under this title, and shall forfeit his office, which shall thereupon become vacant."

Pub. L. 103–322 substituted "fined under this title" for "fined not more than $500" in third par.

1978—Pub. L. 95–598 struck out "referees and other" before "officers" in section catchline, and in text struck out "Whoever knowingly acts as a referee in a case in which he is directly or indirectly interested; or" before "Whoever, being a" and "referee, receiver," before "custodian" and substituted "case under title 11" for "bankruptcy proceeding".

EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103–394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as a note under section 101 of Title 11.

EFFECTIVE DATE OF 1978 AMENDMENT

Amendment by Pub. L. 95–598 effective Oct. 1, 1979, see section 402(a) of Pub. L. 95–598, set out as an Effective Date note preceding section 101 of Title 11, Bankruptcy.

SAVINGS PROVISION

Amendment by section 314 of Pub. L. 95–598 not to affect the application of chapter 9 (§ 151 et seq.), chapter 96 (§ 1961 et seq.), or section 2516, 3057, or 3284 of this title to any act of any person (1) committed before Oct. 1, 1979, or (2) committed after Oct. 1, 1979, in connection with a case commenced before such date, see section 403(d) of Pub. L. 95–598, set out as a note preceding section 101 of Title 11, Bankruptcy.

## § 155. Fee agreements in cases under title 11 and receiverships

Whoever, being a party in interest, whether as a debtor, creditor, receiver, trustee or representative of any of them, or attorney for any such party in interest, in any receivership or case under title 11 in any United States court or under its supervision, knowingly and fraudulently enters into any agreement, express or implied, with another such party in interest or attorney for another such party in interest, for the purpose of fixing the fees or other compensation to be paid to any party in interest or to any attorney for any party in interest for services rendered in connection therewith, from the assets of the estate, shall be fined under this title or imprisoned not more than one year, or both.

(June 25, 1948, ch. 645, 62 Stat. 690; May 24, 1949, ch. 139, § 4, 63 Stat. 90; Pub. L. 95–598, title III, § 314(f)(1), (2), Nov. 6, 1978, 92 Stat. 2677; Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147.)

HISTORICAL AND REVISION NOTES

1948 ACT

Based on section 572a of title 28, U.S.C., 1940 ed., Judicial Code and Judiciary (Aug. 25, 1937, ch. 777, 50 Stat. 810.)

Words "upon conviction" were deleted as surplusage since punishment can be imposed only after a conviction.

A fine of "$5,000" was substituted for "$10,000" and "one year" for "five years", to reduce the offense to the grade of a misdemeanor and the punishment to an amount and term proportionate to the gravity of the offense.

Minor changes were made in phraseology.

1949 ACT

This amendment [see section 4] clarifies section 155 of title 18, U.S.C., by restating the first paragraph thereof in closer conformity with the original law, as it existed at the time of the enactment of the revision of title 18.

AMENDMENTS

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000".

1978—Pub. L. 95–598 substituted "cases under title 11 and receiverships" for "bankruptcy proceedings" in section catchline and in text "or case under title 11" for ", bankruptcy or reorganization proceeding", inserted "knowingly and fraudulently" after "supervision,", and struck out penalty provision for a judge of a United States court to knowingly approve the payment of any fees or compensation that were fixed.

1949—Act May 24, 1949, inserted references to attorneys for any party in interest in three places, and substituted "in any United States court or under its super-

vision" for "in or under the supervision of any court of the United States".

EFFECTIVE DATE OF 1978 AMENDMENT

Amendment by Pub. L. 95–598 effective Oct. 1, 1979, see section 402(a) of Pub. L. 95–598, set out as an Effective Date note preceding section 101 of Title 11, Bankruptcy.

SAVINGS PROVISION

Amendment by section 314 of Pub. L. 95–598 not to affect the application of chapter 9 (§ 151 et seq.), chapter 96 (§ 1961 et seq.), or section 2516, 3057, or 3284 of this title to any act of any person (1) committed before Oct. 1, 1979, or (2) committed after Oct. 1, 1979, in connection with a case commenced before such date, see section 403(d) of Pub. L. 95–598, set out as a note preceding section 101 of Title 11, Bankruptcy.

## § 156. Knowing disregard of bankruptcy law or rule

(a) DEFINITIONS.—In this section—

(1) the term "bankruptcy petition preparer" means a person, other than the debtor's attorney or an employee of such an attorney, who prepares for compensation a document for filing; and

(2) the term "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under title 11.

(b) OFFENSE.—If a bankruptcy case or related proceeding is dismissed because of a knowing attempt by a bankruptcy petition preparer in any manner to disregard the requirements of title 11, United States Code, or the Federal Rules of Bankruptcy Procedure, the bankruptcy petition preparer shall be fined under this title, imprisoned not more than 1 year, or both.

(Added Pub. L. 103–394, title III, § 312(a)(1)(B), Oct. 22, 1994, 108 Stat. 4140; amended Pub. L. 109–8, title XII, § 1220, Apr. 20, 2005, 119 Stat. 195.)

REFERENCES IN TEXT

The Federal Rules of Bankruptcy Procedure, referred to in subsec. (b), are set out in the Appendix to Title 11, Bankruptcy.

AMENDMENTS

2005—Subsec. (a). Pub. L. 109–8, in first par., inserted "(1) the term" before "'bankruptcy petition preparer'" and substituted "; and" for period at end and, in second par., inserted "(2) the term" before "'document for filing'" and substituted "title 11" for "this title".

EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of Title 11.

EFFECTIVE DATE

Section effective Oct. 22, 1994, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as an Effective Date of 1994 Amendment note under section 101 of Title 11.

## § 157. Bankruptcy fraud

A person who, having devised or intending to devise a scheme or artifice to defraud and for

the purpose of executing or concealing such a scheme or artifice or attempting to do so—

(1) files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;

(2) files a document in a proceeding under title 11; or

(3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,

shall be fined under this title, imprisoned not more than 5 years, or both.

(Added Pub. L. 103–394, title III, § 312(a)(1)(B), Oct. 22, 1994, 108 Stat. 4140; amended Pub. L. 109–8, title III, § 332(c), Apr. 20, 2005, 119 Stat. 103; Pub. L. 111–327, § 2(b), Dec. 22, 2010, 124 Stat. 3562.)

### AMENDMENTS

2010—Par. (1). Pub. L. 111–327, § 2(b)(1), struck out "bankruptcy" after "involuntary".

Pars. (2), (3). Pub. L. 111–327, § 2(b)(2), struck out ", including a fraudulent involuntary bankruptcy petition under section 303 of such title" after "title 11".

2005—Pars. (1) to (3). Pub. L. 109–8, which directed insertion of ", including a fraudulent involuntary bankruptcy petition under section 303 of such title" after "title 11", was executed by making the insertion after "title 11" wherever appearing, to reflect the probable intent of Congress.

### EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of Title 11.

### EFFECTIVE DATE

Section effective Oct. 22, 1994, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as an Effective Date of 1994 Amendment note under section 101 of Title 11.

### § 158. Designation of United States attorneys and agents of the Federal Bureau of Investigation to address abusive reaffirmations of debt and materially fraudulent statements in bankruptcy schedules

(a) IN GENERAL.—The Attorney General of the United States shall designate the individuals described in subsection (b) to have primary responsibility in carrying out enforcement activities in addressing violations of section 152 or 157 relating to abusive reaffirmations of debt. In addition to addressing the violations referred to in the preceding sentence, the individuals described under subsection (b) shall address violations of section 152 or 157 relating to materially fraudulent statements in bankruptcy schedules that are intentionally false or intentionally misleading.

(b) UNITED STATES ATTORNEYS AND AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION.—The individuals referred to in subsection (a) are—

(1) the United States attorney for each judicial district of the United States; and

(2) an agent of the Federal Bureau of Investigation for each field office of the Federal Bureau of Investigation.

(c) BANKRUPTCY INVESTIGATIONS.—Each United States attorney designated under this section shall, in addition to any other responsibilities, have primary responsibility for carrying out the duties of a United States attorney under section 3057.

(d) BANKRUPTCY PROCEDURES.—The bankruptcy courts shall establish procedures for referring any case that may contain a materially fraudulent statement in a bankruptcy schedule to the individuals designated under this section.

(Added Pub. L. 109–8, title II, § 203(b)(1), Apr. 20, 2005, 119 Stat. 49.)

### EFFECTIVE DATE

Section effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under Title 11, Bankruptcy, before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as an Effective Date of 2005 Amendment note under section 101 of Title 11.

## CHAPTER 10—BIOLOGICAL WEAPONS

Sec.
175.   Prohibitions with respect to biological weapons.
175a.  Requests for military assistance to enforce prohibition in certain emergencies.
175b.  Select agents; certain other agents.[1]
175c.  Variola virus.
176.   Seizure, forfeiture, and destruction.
177.   Injunctions.
178.   Definitions.

### AMENDMENTS

2004—Pub. L. 108–458, title VI, § 6911(b), Dec. 17, 2004, 118 Stat. 3775, added item 175c.

2002—Pub. L. 107–188, title II, § 231(b)(2), June 12, 2002, 116 Stat. 661, substituted "Select agents; certain other agents" for "Possession by restricted persons" in item 175b.

2001—Pub. L. 107–56, title VIII, § 817(3), Oct. 26, 2001, 115 Stat. 386, added item 175b.

1996—Pub. L. 104–201, div. A, title XIV, § 1416(c)(1)(B), Sept. 23, 1996, 110 Stat. 2723, added item 175a.

### § 175. Prohibitions with respect to biological weapons

(a) IN GENERAL.—Whoever knowingly develops, produces, stockpiles, transfers, acquires, retains, or possesses any biological agent, toxin, or delivery system for use as a weapon, or knowingly assists a foreign state or any organization to do so, or attempts, threatens, or conspires to do the same, shall be fined under this title or imprisoned for life or any term of years, or both. There is extraterritorial Federal jurisdiction over an offense under this section committed by or against a national of the United States.

(b) ADDITIONAL OFFENSE.—Whoever knowingly possesses any biological agent, toxin, or delivery system of a type or in a quantity that, under the circumstances, is not reasonably justified by a prophylactic, protective, bona fide research, or other peaceful purpose, shall be fined under this title, imprisoned not more than 10 years, or both. In this subsection, the terms "biological

---

[1] So in original. Does not conform to section catchline.

acted in 1861 there were no possessions, and hence the use of the words "State or Territory" was sufficient to describe the area then subject to the jurisdiction of the United States. The word "District" was inserted by the codifiers of the 1909 Criminal Code.

### AMENDMENTS

2002—Pub. L. 107–273 substituted "under this title" for "not more than $5,000".

### § 373. Solicitation to commit a crime of violence

(a) Whoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half of the maximum fine prescribed for the punishment of the crime solicited, or both; or if the crime solicited is punishable by life imprisonment or death, shall be imprisoned for not more than twenty years.

(b) It is an affirmative defense to a prosecution under this section that, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, the defendant prevented the commission of the crime solicited. A renunciation is not "voluntary and complete" if it is motivated in whole or in part by a decision to postpone the commission of the crime until another time or to substitute another victim or another but similar objective. If the defendant raises the affirmative defense at trial, the defendant has the burden of proving the defense by a preponderance of the evidence.

(c) It is not a defense to a prosecution under this section that the person solicited could not be convicted of the crime because he lacked the state of mind required for its commission, because he was incompetent or irresponsible, or because he is immune from prosecution or is not subject to prosecution.

(Added Pub. L. 98–473, title II, § 1003(a), Oct. 12, 1984, 98 Stat. 2138; amended Pub. L. 99–646, § 26, Nov. 10, 1986, 100 Stat. 3597; Pub. L. 103–322, title XXXIII, § 330016(2)(A), Sept. 13, 1994, 108 Stat. 2148.)

### AMENDMENTS

1994—Subsec. (a). Pub. L. 103–322 inserted "(notwithstanding section 3571)" before "fined not more than one-half".

1986—Subsec. (a). Pub. L. 99–646 substituted "property or against the person of another" for "the person or property of another" and inserted "life imprisonment or" before "death".

### CHAPTER 21—CONTEMPTS

Sec.
401.    Power of court.
402.    Contempts constituting crimes.
403.    Protection of the privacy of child victims and child witnesses.

### AMENDMENTS

1990—Pub. L. 101–647, title II, § 225(b)(2), Nov. 29, 1990, 104 Stat. 4806, added item 403.

1949—Act May 24, 1949, ch. 139, § 8(a), (b), 63 Stat. 90, struck out "CONSTITUTING CRIMES" in chapter heading and substituted "Contempts constituting crimes" for "Criminal contempts" in item 402.

### § 401. Power of court

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

(June 25, 1948, ch. 645, 62 Stat. 701; Pub. L. 107–273, div. B, title III, § 3002(a)(1), Nov. 2, 2002, 116 Stat. 1805.)

### HISTORICAL AND REVISION NOTES

Based on section 385 of title 28, U.S.C., 1940 ed., Judicial Code and Judiciary (Mar. 3, 1911, ch. 231, § 268, 36 Stat. 1163).

Said section 385 conferred two powers. The first part authorizing courts of the United States to impose and administer oaths will remain in title 28, U.S.C., 1940 ed., Judicial Code and Judiciary. The second part relating to contempt of court constitutes this section.

Changes in phraseology and arrangement were made.

### AMENDMENTS

2002—Pub. L. 107–273 inserted "or both," after "fine or imprisonment," in introductory provisions.

### § 402. Contempts constituting crimes

Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia, by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt as provided in section 3691 of this title and shall be punished by a fine under this title or imprisonment, or both.

Such fine shall be paid to the United States or to the complainant or other party injured by the act constituting the contempt, or may, where more than one is so damaged, be divided or apportioned among them as the court may direct, but in no case shall the fine to be paid to the United States exceed, in case the accused is a natural person, the sum of $1,000, nor shall such imprisonment exceed the term of six months.

This section shall not be construed to relate to contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice, nor to contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States, but the same, and all other cases of contempt not specifically embraced in this section may be punished in conformity to the prevailing usages at law.

For purposes of this section, the term "State" includes a State of the United States, the Dis-

Sec.
249.    Hate crime acts.

### AMENDMENTS

2009—Pub. L. 111–84, div. E, §4707(b), Oct. 28, 2009, 123 Stat. 2841, added item 249.

1994—Pub. L. 103–322, title XXXIII, §330023(a)(1), Sept. 13, 1994, 108 Stat. 2150, substituted "Freedom of access to clinic entrances" for "Blocking access to reproductive health services" in item 248.

Pub. L. 103–259, §4, May 26, 1994, 108 Stat. 697, added item 248.

1988—Pub. L. 100–690, title VII, §7018(b)(2), Nov. 18, 1988, 102 Stat. 4396, struck out "of citizens" after "rights" in item 241.

Pub. L. 100–346, §3, June 24, 1988, 102 Stat. 645, added item 245.

1976—Pub. L. 94–453, §4(b), Oct. 2, 1976, 90 Stat. 1517, added item 246.

1968—Pub. L. 90–284, title I, §102, Apr. 11, 1968, 82 Stat. 75, added item 245.

### § 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90–284, title I, §103(a), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100–690, title VII, §7018(a), (b)(1), Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103–322, title VI, §60006(a), title XXXII, §§320103(a), 320201(a), title XXXIII, §330016(1)(L), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub. L. 104–294, title VI, §§604(b)(14)(A), 607(a), Oct. 11, 1996, 110 Stat. 3507, 3511.)

### HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., §51 (Mar. 4, 1909, ch. 321, §19, 35 Stat. 1092).

Clause making conspirator ineligible to hold office was omitted as incongruous because it attaches ineligibility to hold office to a person who may be a private citizen and who was convicted of conspiracy to violate a specific statute. There seems to be no reason for imposing such a penalty in the case of one individual crime, in view of the fact that other crimes do not carry such a severe consequence. The experience of the Department of Justice is that this unusual penalty has been an obstacle to successful prosecutions for violations of the act.

Mandatory punishment provision was rephrased in the alternative.

Minor changes in phraseology were made.

### AMENDMENTS

1996—Pub. L. 104–294, §607(a), substituted "any State, Territory, Commonwealth, Possession, or District" for "any State, Territory, or District" in first par.

Pub. L. 104–294, §604(b)(14)(A), repealed Pub. L. 103–322, §320103(a)(1). See 1994 Amendment note below.

1994—Pub. L. 103–322, §330016(1)(L), substituted "They shall be fined under this title" for "They shall be fined not more than $10,000" in third par.

Pub. L. 103–322, §320201(a), substituted "person in any State" for "inhabitant of any State" in first par.

Pub. L. 103–322, §320103(a)(2)–(4), in third par., substituted "results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both" for "results, they shall be subject to imprisonment for any term of years or for life".

Pub. L. 103–322, §320103(a)(1), which provided for amendment identical to Pub. L. 103–322, §330016(1)(L), above, was repealed by Pub. L. 104–294, §604(b)(14)(A).

Pub. L. 103–322, §60006(a), substituted ", or may be sentenced to death." for period at end of third par.

1988—Pub. L. 100–690 struck out "of citizens" after "rights" in section catchline and substituted "inhabitant of any State, Territory, or District" for "citizen" in text.

1968—Pub. L. 90–284 increased limitation on fines from $5,000 to $10,000 and provided for imprisonment for any term of years or for life when death results.

### EFFECTIVE DATE OF 1996 AMENDMENT

Amendment by section 604(b)(14)(A) of Pub. L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub. L. 104–294, set out as a note under section 13 of this title.

### SHORT TITLE OF 1996 AMENDMENT

Pub. L. 104–155, §1, July 3, 1996, 110 Stat. 1392, provided that: "This Act [amending section 247 of this title and section 10602 of Title 42, The Public Health and Welfare, enacting provisions set out as a note under section 247 of this title, and amending provisions set out as a note under section 534 of Title 28, Judiciary and Judicial Procedure] may be cited as the 'Church Arson Prevention Act of 1996'."

### § 242. Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90–284, title I, §103(b), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100–690, title VII, §7019, Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103–322, title VI, §60006(b), title XXXII, §§320103(b), 320201(b), title XXXIII,

# 18 U.S.C. § 1951

**Section 1951 - Interference with commerce by threats or violence**

**(a)** Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

**(b)** As used in this section-

**(1)** The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

**(2)** The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

**(3)** The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

**(c)** This section shall not be construed to repeal, modify or affect section 17 of Title 15, sections 52, 101-115, 151-166 of Title 29 or sections 151-188 of Title 45.

*18 U.S.C. § 1951*

June 25, 1948, ch. 645, 62 Stat. 793; Pub. L. 103-322, title XXXIII, §330016(1)(L), Sept. 13, 1994, 108 Stat. 2147.

*HISTORICAL AND REVISION NOTESBased on title 18, U.S.C., 1940 ed., §§420a-420e-1 (June 18, 1934, ch. 569, §§1-6, 48 Stat. 979, 980; July 3, 1946, ch. 537, 60 Stat. 420).Section consolidates sections 420a to 420e-1 of Title 18, U.S.C., 1940 ed., with changes in phraseology and arrangement necessary to effect consolidation.Provisions designating offense as felony were omitted as unnecessary in view of definitive section 1 of this title. (See reviser's note under section 550 of this title.) Subsection (c) of the revised section is derived from title II of the 1946 amendment. It substitutes references to specific sections of the United States Code, 1940 ed., in place of references to numerous acts of Congress, in conformity to the style of the revision bill. Subsection (c) as rephrased will preclude any construction of implied repeal of the specified acts of Congress codified in the sections enumerated.The words "attempts or conspires so to do" were substituted for sections 3 and 4 of the 1946 act, omitting as unnecessary the words "participates in an attempt" and the words "or acts in concert with another or with others", in view of section 2 of this title which makes any person who participates in an unlawful*



*No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.*

UNIVERSAL DECLARATION OF HUMAN RIGHTS (1948, art. 5)
INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS (1976, art. 7)

*[T]he term "torture" means any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or a third person information or a confession, punishing him for an act he or a third person has committed or is suspected of having committed, or intimidating or coercing him or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. It does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions.*

CONVENTION AGAINST TORTURE AND OTHER CRUEL, INHUMAN OR DEGRADING TREATMENT OR PUNISHMENT (1984, art. 1, para.1)