**10/15/2018** Phone Call Transcript: **Jeff F.** (615) 837-1300 speaking with **Clerk & Master's Office** (615) 790-5428
Williamson County Chancery Court, in Franklin Tennessee, Clerk & Master Elaine Beaty Beeler
(Court Summons Stated: "For ADA assistance, please call ADA coordinator: 615-5428")



APPENDIX - 20



## ADA CONTACTS

If you have questions about ADA issues, you may contact the Local Judicial Program ADA Coordinator for the county or the specific court in which your case is scheduled to be heard. To find the ADA coordinator in your area, select your county from the menu below.

COUNTY: Williamson [Apply]

| Name | Address | |
|---|---|---|
| Elaine Beeler<br>Clerk & Master | P.O. Box 1666<br>Franklin, TN 37064<br>Williamson County | elaine.beeler@tncourts.gov<br>615-790-5428 |
| Lisa Marsh<br>Chief Deputy Clerk (ADA for Appellate<br>Court Middle Division) | 401 7th Avenue North<br>Nashville, TN 37219-1407<br>Bedford County, Cannon County, Cheatham County, Clay<br>County, Coffee County, Davidson County, DeKalb County, | lisa.marsh@tncourts.gov<br>615-253-1470 |

## TRANSCRIPT OF RECORDED PHONE CALL:

### 2018-10-15 WILCO Clerk and Master - ADA Coordinator.mp3

00:00:07 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

**Clerk & Master's Office.**

00:00:09 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Hi. I um, it says for ADA assistance to call this number. [SEE IMAGE BELOW]**

CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK & MASTER

SEAL

**For ADA assistance, please call ADA coordinator: 615-790-5428**

**10/15/2018 PHONE CALL TRANSCRIPT: JEFF F.** (615) 837-1300 SPEAKING WITH **CLERK & MASTER'S OFFICE** (615) 790-5428
WILLIAMSON COUNTY CHANCERY COURT, IN FRANKLIN TENNESSEE, CLERK & MASTER ELAINE BEATY BEELER
(COURT SUMMONS STATED: "FOR ADA ASSISTANCE, PLEASE CALL ADA COORDINATOR: 615-790-5428")

00:00:16 Jeff F. (Disabled, Broke, Pro Se Litigant):

> I have been served with a divorce summons and um, I've got several disabilities, but I
> don't have any money either, and I don't—haven't been successfully getting any
> attorney to help me, and I don't know how to respond to this.

00:00:36 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> ➢ OK, now the disability would be if you needed help getting into the building.[1]

00:00:41 Jeff F. (Disabled, Broke, Pro Se Litigant):

> Oh [laughing].

00:00:43 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> ➢ From your vehicle, getting into the building.[2,3] [I'm told that the ONLY "ADA
> ACCOMMODATION" offered by the Williamson County Chancery Court, is having a
> WHEELCHAIR brought out curbside, to a disabled person's vehicle, to assist the mobility
> challenged person with entering the Courthouse.]

00:00:46 Jeff F. (Disabled, Broke, Pro Se Litigant):

> OK, so how do I do the rest of this then?

00:00:51 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> OK, the only thing I could give you, would be um, a number for free legal aid, like the
> legal aid society.

---

[1] The Court's answer is in **direct violation** of the **Americans with Disabilities Act**, as well as **Tennessee Judicial Branch Policy 2.07**. The Court also fails to mention the **"REQUEST FOR MODIFICATION"** form available on **TNCourts.gov.**
[2] https://www.tncourts.gov/sites/default/files/policy_2-07_americans_with_disabilities_act_1.pdf
[3] https://www.tncourts.gov/sites/default/files/ada_request_for_modification_form.pdf

**CERTIFICATION (IF APPLICABLE)**

I hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK & MASTER

SEAL

For ADA assistance, please call ADA coordinator: 615-790-5428

PAGE 2 OF 8

**10/15/2018** Phone Call Transcript: **Jeff F.** (615) 837-1300 speaking with **Clerk & Master's Office** (615) 790-5428
Williamson County Chancery Court, in Franklin Tennessee, Clerk & Master Elaine Beaty Beeler
(Court Summons Stated: "For ADA assistance, please call ADA coordinator: 615-790-5428")

00:00:59 Jeff F. (Disabled, Broke, Pro Se Litigant):

> I was told by one attorney that I visited, that my wife made too much money for me to
> qualify for legal aid and even though she doesn't live with me and she won't pay for my
> attorney.

00:01:15 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> That I don't know, you'd have to call the number. Did you call the number for Nashville
> Office?

00:01:22 Jeff F. (Disabled, Broke, Pro Se Litigant):

> No, I didn't he. That was just what one attorney that—a free consultation told me.
> What, what is their number?

00:01:29 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> OK, 615-244-6610.

00:01:34 Jeff F. (Disabled, Broke, Pro Se Litigant):

> 244-6610. OK, and um, can you tell me just um, I filled out the, it says a $10,000
> exemption. I—I made like a spreadsheet of that, but I don't know. It says it's supposed
> to be sworn and—and mailed to this address.

00:01:56 Jeff F. (Disabled, Broke, Pro Se Litigant):

> I understand the mailing it to this address, but I don't understand exactly what format
> they want it in and how you swear it under oath or whatever. Um, do you have any
> idea of where—am I supposed to use a specific form or do you have any idea what—
> how I'm supposed to do that?

---

**CERTIFICATION (IF APPLICABLE)**

I hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK & MASTER

SEAL

For ADA assistance, please call ADA coordinator: 615-790-5428

---

**10/15/2018 Phone Call Transcript: Jeff F.** (615) 837-1300 speaking with **Clerk & Master's Office** (615) 790-5428
Williamson County Chancery Court, in Franklin Tennessee, Clerk & Master Elaine Beaty Beeler
(Court Summons Stated: "For ADA assistance, please call ADA coordinator: 615-790-5428")

00:02:14 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> **Yeah, I can't give you any advice. I mean, I'm not an attorney.[4,5,6]**

00:02:18 Jeff F. (Disabled, Broke, Pro Se Litigant):

> **Right. So um, so the same thing with this complaint um, I mean my understanding is people can represent themselves if you can't get an attorney. But I've only got 2 weeks left or she gets a default judgment, and I don't have any clue how.**

00:02:37 Jeff F. (Disabled, Broke, Pro Se Litigant):

> **I mean I can understand how to rebuttal her—her statements that are false here, but I don't have any clue as far as what kind of form or format that should take or anything else. Do you have any knowledge of any stock forms that State of Tennessee offers for replying to this?**

---

[4] This wasn't a request for "legal advice", it was a question about **procedural information** and specifically a **FORM** called **"Protected Income and Assets (Affidavit of Claim Exemptions)"** which the State of Tennessee has prepared in both WORD, PDF, and Fillable PDF formats, again on their TNCourts.gov website, along with many other **FORMS!**
[5] https://www.tncourts.gov/docs/documents-forms/supreme-court-approved-forms/protected-income-and-assets-ia-fillable-pdf (This is the exact form that I am asking for, while the Court acts clueless and refuses to assist.)
[6] **Information** such as I sought, was well within the **"Guidelines for Tennessee Court Clerks Who Assist Self-Represented Persons"**. Which states in Section A, **"The primary goal of court and clerks' staff is to provide high quality service to court users. Court clerks strive to provide accurate information and assistance in a prompt and courteous manner."** While Section B of that same document, was violated throughout much of my case, **"Absolute duty of impartiality. Court clerks must treat all litigants fairly and equally.** Court clerks must not provide assistance for the purpose of giving one party an advantage over another, **nor give assistance to one party that they would not give to an opponent."**

**CERTIFICATION (IF APPLICABLE)**

I hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK & MASTER          SEAL

For ADA assistance, please call ADA coordinator: 615-790-5428

FRBP Violated: #3:19-bk-02693          TENNESSEE: #M2019-02059-COA-R3-CV (WILCO: 48419B)          JRF.126.1004.00

**10/15/2018 Phone Call Transcript: Jeff F.** (615) 837-1300 speaking with Clerk & Master's Office (615) 790-5428
Williamson County Chancery Court, in Franklin Tennessee, Clerk & Master Elaine Beaty Beeler
(Court Summons Stated: "For ADA assistance, please call ADA coordinator: 615-790-5428")

00:03:01 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

### No, we don't have any forms here in this office.[7,8,9,10,11]

---

[7] The Court withheld simple INFORMATION about pre-drafted FORMS provided by the State of Tennessee, which are approved for use by the Tennessee Supreme Court, easily available in at least three different locations, **if you simply know WHERE to LOOK:**

[8] **SAMPLE COURT FORMS are provided in the last 58-PAGES of that Court's OWN LOCAL RULES,** in APPENDIX A (on page-24) through **APPENDIX K** (on page 82), of the LOCAL RULES OF PRACTICE, TWENTY-FIRST JUDICIAL DISTRICT, HICKMAN, LEWIS, PERRY AND **WILLIAMSON COUNTIES**. RULES OF THE CIRCUIT AND CHANCERY COURTS FOR THE TWENTY-FIRST JUDICIAL DISTRICT (Amended March 1, 2019).

[9] https://www.tncourts.gov/ (NOBODY at Williamson County Chancery Court EVER told me about this website!)

[10] https://justiceforalltn.org/forms/ (NOBODY at Williamson County Chancery Court EVER told me about this website, or the resources it hosts!) **There was NO SIGNAGE or any information to assist Pro Se or Disabled litigants!**

[11] Later, on a separate occasion, when visiting the Williamson County Chancery Court, Clerk & Master's Office (I don't know the date or time, who I spoke with, or the exact language of our conversation. It was one of my first times there, I didn't know anybody by name.) I asked again about where I could find or obtain any FORMS or INFORMATION that I could use as a guide, and where I could find their LOCAL COURT RULES, so that I could ensure that whatever I drafted and filed would comply with the specific format desired by the Williamson County Chancery Court.

Whomever I spoke with in the Clerk & Master's Office, failed or refused to provide me with ANY useful information or assistance whatsoever! I was never provided with ANY of the information above, prepared by and hosted by both the State and County governments. Nor did I receive any helpful information whatsoever.

I specifically remember inquiring about the **local library,** and whether or not they had any TN State Law Books or resources to assist me. Any Local Court Rules, form styles, templates, anything... to which I was told "no", or not that they knew of... I was advised to look online, but not informed about **ANY** websites or resources provided by the State of Tennessee or the TN Court System, **which I specifically asked about,** to again receive a **"nothing that I'm aware of"** (or substantially similar response). Instead, I repeatedly received a general suggestion such as **"that's why people hire attorneys, you'll just need to research it online."**

At that time, I had been researching it online, but **I never found any websites for the TN Courts in my search results.** Instead, I found a BUNCH of companies who wanted to SELL ME FORMS, which included some type of "form builder" to design the forms in compliance with each State (they said). **Though none of them looked like what I had been served**, so I was extremely reluctant. I finally wasted $100 buying a set of divorce answer forms, from the most legitimate looking website I could find. Unfortunately, there were so many irrelevant looking pages, while the entire package and format looked goofy and generic, that I never used them.

**This was specifically WHY I repeatedly tried to get SOME INFORMATION from the Clerk & Master's Office** about WHICH WEBSITE to buy the forms from, or any other resources provided by the State of Tennessee, whether located online or in a building in Middle Tennessee, that I could drive to, to perform some research, obtain some information, anything that would point me in the right direction, where I could reasonably expect my filing would be acceptable to the Court. Yet they refused to even point me in the general direction! **(I didn't mind spending $100 for FORMS, I just wanted to ensure the forms I purchased would be acceptable to the Williamson County Chancery Court.)**

---

**CERTIFICATION (IF APPLICABLE)**

I hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK & MASTER

SEAL

For ADA assistance, please call ADA coordinator: 615-790-5428

FRBP Violated: #3:19-bk-02693          TENNESSEE: #M2019-02059-COA-R3-CV (WILCO: 48419B)          JRF.126.1005.00

**10/15/2018** PHONE CALL TRANSCRIPT: **JEFF F.** (615) 837-1300 speaking with **CLERK & MASTER'S OFFICE** (615) 790-5428
WILLIAMSON COUNTY CHANCERY COURT, IN FRANKLIN TENNESSEE, CLERK & MASTER ELAINE BEATY BEELER
(COURT SUMMONS STATED: "FOR ADA ASSISTANCE, PLEASE CALL ADA COORDINATOR: 615-790-5428")

00:03:04 Jeff F. (Disabled, Broke, Pro Se Litigant):

> OK. And is there, is this the, is this just the ADA office or is this an office associated with the legal?

00:03:12 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> This is Chancery Court, Clerk & Master's Office.

00:03:15 Jeff F. (Disabled, Broke, Pro Se Litigant):

> OK, so—so [laughing] what do you advise I do?

00:03:21 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> I can't give you any advice because I'm not an attorney.

00:03:25 Jeff F. (Disabled, Broke, Pro Se Litigant):

> Right. [pause] But attorneys cost money, and if I don't have any money, then what do I do? [laughing]

00:03:34 Jeff F. (Disabled, Broke, Pro Se Litigant):

> I mean, it seems like there should be some way—I thought that there was some way that legally people could represent themselves and um respond to this without just being in trouble, because they get a default judgment if you don't.

00:03:50 Jeff F. (Disabled, Broke, Pro Se Litigant):

> And actually that's what the attorney had told me too, that I consulted with was that even if I get an attorney at this point, um and they try to go to get her to pay the fees. I probably need to respond to this myself ahead of time, because I'm gonna run out of time.

---

**CERTIFICATION (IF APPLICABLE)**

I hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK & MASTER

SEAL

For ADA assistance, please call ADA coordinator: 615-790-5428

---

**10/15/2018** Phone Call Transcript: **Jeff F.** (615) 837-1300 speaking with **Clerk & Master's Office** (615) 790-5428 Williamson County Chancery Court, in Franklin Tennessee, Clerk & Master Elaine Beaty Beeler (Court Summons Stated: "For ADA assistance, please call ADA coordinator: 615-790-5428")

**00:04:11 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):**

> And did that Attorney not give you any advice or any suggestions.

**00:04:16 Jeff F. (Disabled, Broke, Pro Se Litigant):**

> He—he looked online. He said he didn't see the forms. He looked real quick online and said he didn't see the forms and uh and no, he did not give me any. I mean, he suggested that I do not allow this to get a default judgment. He suggested that I reply to this even if I do it myself, um but he didn't tell me how to do that. He just said I guess research it online, or this or that, but um there's all kinds of stuff online. I want to make sure that I do it in a way that is acceptable to the Williamson County Court System.

**00:04:53 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):**

> Like I said, you know, I'm sorry, but you know, I'm not an attorney. I can't give you any advice and we don't have any standard forms for that—that we could give you.[12]

**00:05:01 Jeff F. (Disabled, Broke, Pro Se Litigant):**

> OK. Is there any um, ADA area of the State of Tennessee that helps people that have um certified—doctors certified mental handicaps to figure out how to do this, with—if they don't have money.

---

[12] According to the **"Guidelines for Tennessee Court Clerks Who Assist Self-Represented Persons"** (attached), in section D, on pages 2 and 3, it states as follows:

Authorized information and assistance. When a self-represented person seeks help -- excluding legal advice -- court or clerks' staff may respond to questions to the best of her or his ability. Court clerks are authorized to:

Provide a copy of or recite common, routinely employed: court rules, court procedures, administrative practices. Show or tell the self-represented person where to access statutes or rules of procedure.

Identify forms [and informational booklets] that might meet the needs of the self-represented person, and provide forms [and informational booklets] that the Supreme Court [or trial judge] has [approved] mandated for the guidance of self-represented persons. When a clerk is reasonably certain about which form is most appropriate for use by a given litigant, clerk should identify the appropriate form and answer questions about how to complete it.

<table>
<tr><td><b>CERTIFICATION (IF APPLICABLE)</b><br><br>I hereby certify this to be a true and correct copy of the original summons issued in this case.<br><br><br>CLERK & MASTER      SEAL<br><br><span style="background:yellow">For ADA assistance, please call ADA coordinator: 615-790-5428</span></td></tr>
</table>

FRBP Violated: #3:19-bk-02693     TENNESSEE: #M2019-02059-COA-R3-CV (WILCO: 48419B)     JRF.126.1007.00

**10/15/2018 Phone Call Transcript: Jeff F.** (615) 837-1300 speaking with **Clerk & Master's Office** (615) 790-5428 Williamson County Chancery Court, in Franklin Tennessee, Clerk & Master Elaine Beaty Beeler (Court Summons Stated: "For ADA assistance, please call ADA coordinator: 615-790-5428")

00:05:18 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> There's nothing that I'm aware of, you know like I said, **the ADA number on there is simply if you need assistance getting into the building.**[13] [The court says that the ADA PHONE NUMBER (printed at the bottom of every Court Summons), is ONLY there for people who need help getting into the building.]

00:05:22 Jeff F. (Disabled, Broke, Pro Se Litigant):

> Right, that's a <u>wheelchair</u> or something but…

00:05:24 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> Um-Hun. [confirming]

00:05:25 Jeff F. (Disabled, Broke, Pro Se Litigant):

> …there's a—a—a—a there's a—OK, that won't really help me. [laughing] OK.

00:05:36 Jeff F. (Disabled, Broke, Pro Se Litigant):

> Well, thank you.

00:05:24 Chancery Court Clerk & Master's Office (615) 790-5428 (Williamson County, TN):

> You're welcome.

00:05:38 Jeff F. (Disabled, Broke, Pro Se Litigant):

> Have a good day. Bye bye.

---

[13] This is so highly **discriminative** against poor and disabled litigants, while being a flagrant violation of both State and Federal ADA Laws and related Policies, "under color of law" and/or local policies, this is absolutely unacceptable!

ALL that I was looking for was a **tiny bit of human decency,** and the **slightest CHANCE at an actually FAIR and IMPARTIAL trial,** as is required of every Court of Equity and Law within the United States of America, in order to have and maintain **any lawful authority and jurisdiction** to hear, judge, or rule over any matter! **Instead, I found the exact opposite inside Williamson County Chancery Court,** more times and in more ways, than so far, I can count!

> ### CERTIFICATION (IF APPLICABLE)
>
> I hereby certify this to be a true and correct copy of the original summons issued in this case.
>
> CLERK & MASTER
>
> SEAL
>
> For ADA assistance, please call ADA coordinator: 615-790-5428

FRBP Violated: #3:19-bk-02693          TENNESSEE: #M2019-02059-COA-R3-CV (WILCO: 48419B)          JRF.126.1008.00

## Guidelines for
## Tennessee Court Clerks Who Assist Self-Represented Persons
**(Approved by the Tennessee State Court Clerks Association and endorsed by the Tennessee Supreme Court)**

**A.**  ==**The primary goal of court and clerks' staff is to provide high quality service to court users.**== ==Court clerks strive to provide accurate information and assistance in a prompt and courteous manner.== However, in many or most situations involving *pro se* litigants (or represented litigants who come to the clerk's office without their attorneys), the best customer service might be to advise the litigant to seek the assistance of an attorney. The purpose of this rule is to provide guidance to court clerks about the services they may provide to self-represented persons without violation of the prohibition against engaging in the unauthorized practice of law. ==It is not intended to restrict the powers of court clerks as otherwise provided by statute or rule,== nor is it intended to eliminate the collection of applicable fees or costs.  Finally, it is not the purpose of this Rule to require court clerks to provide the assistance authorized by paragraph D.

**B.**  ==**Absolute duty of impartiality.** Court clerks must treat all litigants fairly and equally. Court clerks must not provide assistance for the purpose of giving one party an advantage over another, nor give assistance to one party that they would not give to an opponent.==

**C.**  **Prohibition against giving legal advice.** As specified in paragraph C.2, court clerks shall not provide legal advice or recommend a specific course of action for an individual other than the advice to seek the assistance of a lawyer. (*See Guideline* C.2 for examples of legal advice.)

1.  If a court user asks for legal advice, court clerks shall inform the person that the clerk is not authorized to provide legal advice and shall advise the person to seek the assistance of an attorney.

2.  Court clerks shall not apply the law to the facts of a given case, nor give directions regarding how a litigant *should* respond or behave in any aspect of the legal process. For example, court clerks shall not:

    a.  Recommend whether to file a petition or other pleading.
    b.  Recommend phrasing or specific content for pleadings.
    c.  Fill in a form for the self-represented person, provided, however, that if a litigant has a physical disability or is illiterate and therefore unable to fill in a form, and the litigant explains the disability to a clerk's staff member and requests appropriate assistance, then the staff member may fill in the form. In such a case, however, the clerk's staff member must write down the *exact words* provided by the litigant, and another staff member must witness the action.)
    d.  Recommend specific people against whom to file petitions or other pleadings.
    e.  Recommend specific types of claims or arguments to assert in pleadings or at trial.

f.  Recommend what types or amount of damages to seek or the specific litigants from whom to seek damages.

g.  Recommend specific questions to ask witnesses or other litigants.

h.  Recommend specific techniques for presenting evidence in pleadings or at trial.

i.  Recommend which objections to raise to an opponent's pleadings or motions at trial or when and specifically how to raise them.

j.  Recommend when or whether a litigant should request (or oppose) a continuance.

k.  Recommend when or whether a litigant should settle a dispute.

l.  Recommend whether a litigant should appeal a judge's decision.

m.  Interpret the meaning or implications of statutes or appellate court decisions as they might apply to an individual case.

n.  Perform legal research.

o.  Predict the outcome of a particular case, strategy, or action.

3.  If a court clerk is uncertain whether the advice or information constitutes "legal advice," the clerk shall inform the person that the clerk is not authorized to provide legal advice and shall advise the person to seek the assistance of an attorney.

**D.  Authorized information and assistance.** When a self-represented person seeks help -- excluding legal advice -- court or clerks' staff may respond to questions to the best of her or his ability. Court clerks are authorized to:

1.  Unless prohibited by statute or court rule, provide public information contained in:
    a.  dockets or calendars,
    b.  case files,
    c.  indexes, and
    d.  other reports.

2.  Provide a copy of or recite common, routinely employed:
    a.  court rules,
    b.  court procedures, and
    c.  administrative practices.

3.  Show or tell the self-represented person where to access statutes or rules of procedure.

4.  Identify forms [and informational booklets] that might meet the needs of the self-represented person, and provide forms [and informational booklets] that the Supreme Court [or trial judge] has [approved] mandated for the guidance of self-represented persons. When a clerk is reasonably certain about which form is most appropriate for use by a given litigant, the clerk should identify the appropriate form.  However, clerks should avoid telling litigants that they *should* or *must* use a particular form.  The appropriate approach in most situations is to tell the

2

litigant: a) a particular form probably will meet the individual's needs; b) clerks cannot guarantee that this is the correct form; and c) the litigant should read the form very closely or consult an attorney to determine the appropriateness of the form for the litigant's purposes.

5. Answer questions about how to complete forms (*e.g.,* where to write in particular types of information), but **not** questions about how the litigant *should* phrase his or her responses on the forms.

6. Define or explain terms commonly used in court processes.

7. Provide phone numbers for legal assistance organizations, mediator and lawyer referral services, and other judicially approved programs providing assistance to self-represented persons. .

**E.**  **Prohibition against revealing the outcome of a case before the information is officially released to the litigants or public.** Court clerks shall not disclose the outcome of a matter submitted to a judge for decision until the outcome is part of the public record, or until the judge directs disclosure of the matter.

**F.**  **Ex parte communications.**

1. If a litigant or attorney submits an *ex parte* **written** communication for a judge (*e.g.*, to grant a continuance; to stop or limit a garnishment), court staff **must** deliver it to a judge who should decide what action, if any, is appropriate.

2. If a party makes a **verbal** request that a judge take some type of **action** in a case, the clerk should tell the litigant to **put the request in writing** and:

   a. address the request to the court;
   b. include the case number (if any) on the document;
   c. write the date on the document;
   d. sign the written document;
   e. print the person's name under the signature;
   f. write the person's address and telephone number on the document;
   g. deliver the written request to the clerk's office; and
   h. serve a copy of the document on opposing litigant or litigant's attorney (in a manner consistent with the Tennessee Rules of Civil Procedure..

3. If a party or attorney contacts a court clerk by telephone with a verbal request for judicial action and there is insufficient time to deliver a written request to the clerk's office (i.e., an emergency situation), the clerk may communicate the request to a judge in accordance with rules established by the chief or presiding judge(s) for handling such communications. The clerk, however, should tell the caller that the clerk cannot guarantee that the judge will grant the request.

3



| | Index #: 2.07 | Page 1 of 11 |
|---|---|---|
| **Administrative Policies** **And Procedures** **Tennessee Supreme Court** **Administrative Office of the Courts** | Effective Date: 11/14/08 | |
| | Supersedes: 2.07 (03/15/06) | |

Approved by: Chief Justice Janice M. Holder and Elizabeth A. Sykes, Director

Subject: Americans with Disabilities Act

I.    Authority: T.C.A. §16-3-803, 42 U.S.C. 12131 *et seq*. (Americans with Disabilities Act)

II.   Purpose: To ensure that all individuals have equal access to judicial programs and to prohibit discrimination against any individual on the basis of physical or mental disability in accessing or participating in its programs.

III.  Application: All employees of the Judicial Branch.

IV.   Definitions:

    A.    Disability: With respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment.

    B.    Facility: All or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure or equipment is located.

    C.    Individual with a disability: A person who has a disability.

    D.    Qualified individual with a disability: An individual with a disability who, with or without reasonable modification to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

V.    Policy: It shall be the policy of the Judicial Branch of the State of Tennessee to prohibit discrimination against any qualified individual on the basis of physical or mental disability in accessing or participating in its

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 2 of 11 |
|---|---|---|

judicial programs. The Judicial Branch shall conduct its services, programs or activities, when viewed in their entirety, in a manner that is readily accessible to and usable by qualified individuals with disabilities.

VI.   Procedures:

A.   Upon request, the Tennessee Judicial Branch will provide reasonable modifications to its rules, policies, services, procedures, and practices when doing so is necessary to provide effective access to a qualified individual with a disability. A "reasonable modification" may include, but is not limited to, furnishing, at no charge, auxiliary aids and services, which include but are not limited to equipment, devices, materials in alternative formats, and qualified interpreters or readers; and relocating judicial programs, services or activities to alternate accessible facilities or alternate accessible sites. Such modifications shall be designed to make each service, program, or activity, when viewed in its entirety, readily accessible to be usable by a qualified individual with a disability.

B.   In the event that the reasonable modification requires relocation of a judicial program, service or activity to an alternate facility or site, the alternate facility or site shall comply with the requirements of the Americans with Disabilities Act and the Tennessee Public Buildings Accessibility Act. The alternate facility or site shall also comply with Tennessee law concerning the location of county courthouses.

The Local Judicial Program ADA Coordinator in a county where the county courthouse is not ADA compliant, shall maintain a list of alternate facilities or sites that may be used for relocation of judicial programs, services and activities. An up to date copy of the alternate facility or site list shall be submitted to the Tennessee Judicial Program ADA Coordinator.

C.   The Tennessee Judicial Branch has Judicial Program ADA Coordinator, employed by the Administrative Office of the Courts (AOC), who oversees the administration of this policy, any complaints associated with issues raised by this policy, and Requests for Modification under the Americans with Disabilities Act within the Judicial Branch, and will have the ultimate responsibility for compliance with this policy.

D.   The Tennessee Judicial Program ADA Coordinator will designate a Local Judicial Program ADA Coordinator for each county in a judicial district, who will be responsible for handling all Requests for Modification to access judicial programs, activities and services within that county. The Local Judicial Program ADA Coordinator

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 3 of 11 |
|---|---|---|

should be involved with or familiar with the judicial program of the county.

E.    Persons requiring modification to obtain access to judicial programs, services or activities at any facility used for such purposes should contact the Local Judicial Program ADA Coordinator (Coordinator). A written Request for Modification is preferred. However, this request may be made by telephone to the Coordinator. In such instances, the Coordinator shall commit such requests to writing. The Coordinator shall maintain a record of all Requests for Modification. A Request for Modification form is available and may be obtained from the Local Judicial Program ADA Coordinator, the Tennessee Judicial Program ADA Coordinator, any court clerk's office, or online at www.tncourts.gov. If appropriate or upon request, the Local Judicial Program ADA Coordinator or the Tennessee Judicial Program ADA Coordinator will provide assistance with writing and submitting the written request for Modification. Large print and Braille versions of the Request form are available upon request. If appropriate, other personnel associated with the judicial program, service or activity may assist the applicant in the submission of a completed Request for Modification to the Coordinator.

The written Request for Modification shall include a description of the person's disability, the role of the person in the judicial proceeding, the Modification sought, the date and time of the Modification requested, and the judicial proceeding for which the Modification is sought. Once a Request for Modification has been granted, the Local Judicial Program ADA Coordinator will advise the applicant of the procedure to be followed with regard to subsequent proceedings associated with the original Request. If necessary, the Local Judicial Program ADA Coordinator may require the applicant to provide additional information about the qualifying disability in order to determine the appropriate Modification to meet the applicant's needs, but only such information that may be required to make such a determination. Under no circumstances will the Local Judicial Program ADA Coordinator be permitted to request information regarding the applicant's disability that is not necessary for the evaluation of the Modification requested.

F.    An application requesting Modification may be submitted by any lawyer, party, witness, juror or other individual with an interest in attending any judicial program, activity or service or another person on behalf of such interested person.

G.    The Request for Modification should be submitted with as much advance notice as possible, but in any event should be made no less than five (5) business day prior to the date for which the

Modification is sought. An immediate Request for Modification should be made when urgent and/or emergency circumstances arise. In criminal cases where a defendant is confined to jail, the Request for Modification should be made as soon as possible. However, it may be necessary that the Request for Modification may be made contemporaneously with his or her initial court appearance.

H.  In the event that a person requiring a Modification has not made a timely Request for Modification, the court may, in its discretion, immediately grant such Modification without requiring an advance written request. In such a case, a Request for Modification form shall be completed by either the person requesting Modification or court personnel for the court's records. Alternately, the court may, in its discretion, postpone, reschedule or otherwise delay the judicial program, service or activity affected. Under such circumstances, the individual requesting Modification shall be required to immediately submit a written request. If appropriate or upon request, court personnel will provide assistance with writing and submitting the request for Modification.

I.  The Local Judicial Program ADA Coordinator will, as soon as practicable, notify the requesting individual of the Modification to be provided. An alternate Modification may be offered instead of the requested Modification if the Local Judicial Program ADA Coordinator determines that another equally effective Modification is available.

J.  If the Local Judicial Program ADA Coordinator determines that additional time may be necessary in order to achieve and/or obtain Modification, the Local Judicial Program ADA Coordinator shall notify the judge presiding over the matter, who will determine an appropriate course of action.

K.  A request for Modification may be denied only if the Local Judicial Program ADA Coordinator finds that:

1)  The person making the request is not a qualified individual with a disability; or,

2)  The requested Modification would create an undue financial or administrative burden; or,

3)  The requested Modification would fundamentally alter the nature of the judicial program, service or activity; or,

4)  Some other Modification would be as effective and involve less cost or inconvenience; or,

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 5 of 11 |
|---|---|---|

5)     The applicant has refused to comply with this Policy; or,

6)     The applicant's failure to comply with this Policy makes impossible or impracticable the ability to provide the requested Modification.

L.     No employee of the Judicial Branch of the State of Tennessee shall retaliate against any person who exercises his/her rights under the Americans with Disabilities Act or who requests modification pursuant to this policy.

M.     If a Request for Modification is denied or the offered alternate Modification is unsatisfactory to the applicant, the applicant may appeal the decision of the Local Judicial Program ADA Coordinator to the presiding judge of the judicial district within ten (10) days of the denial of Modification or offer of alternate Modification. The judge shall rule on the appeal as soon as practicable, and where possible, in advance of the date of the hearing for which the Modification is requested.

N.     If an applicant is dissatisfied with the ruling of the presiding judge, the decision may be appealed, within ten (10) days of the ruling, to the Director of the Administrative Office of the Courts, or his/her designee. A written request must include reasons for disagreement with the previous determinations, as well as the remedy sought. The Director shall provide a ruling as to the request as expeditiously as possible. In resolving appeals, the Director is authorized to independently investigate the facts surrounding the appeal and has the discretion to utilize appropriate dispute resolution processes or other methods, including but not limited to, designating an appropriate neutral to assist in resolving the issues in controversy.

O.     A public notice shall be posted in visible places throughout each facility where judicial programs, services and/or activities are held, including but not limited to each court clerk's office, that identifies the Local Judicial Program ADA Coordinator and the Tennessee Judicial Program ADA Coordinator. Such public notice shall also provide a website address where a copy of this policy, implementation guidance, and Request for Modification form may be obtained electronically.

Should the courthouse facility within which judicial programs, services and/or activities are provided be inaccessible, a public notice shall be posted on the outside of the building or at another such location at or near the building that is readily accessible.

P.     When a summons, subpoena, juror summons or other pleading, order or document compelling participation in a judicial program,

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 6 of 11 |
|---|---|---|

service or activity is issued, said documents shall provide notice of the identity of the Local Judicial Program ADA Coordinator, the Tennessee Judicial Program ADA Coordinator and a specific designation as to how each may be contacted, including telephone numbers and email addresses.  Such notice shall also provide information about program accessibility and the procedure for submission of requests for reasonable modifications.  Such notice shall also provide a website address where a copy of this policy and Request for Modification request form may be obtained electronically.  In the alternative, an abbreviated form of notice, i.e. a stamped or printed statement, that may be integrated onto a pre-printed form, may be provided on such documents that provides contact information for persons requiring assistance under the Americans with Disabilities Act, e.g. "For ADA assistance, please call (insert contact information for Local Judicial Branch ADA Coordinator)."

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 7 of 11 |
|---|---|---|

### REQUEST FOR MODIFICATION
**Applicant requests accommodation under Tennessee Judicial Branch Policy 2.07**

### Applicant Information

Applicant is: _____Witness _____Juror _____Attorney _____Party _____Other (Specify Nature of Interest):_____

Name:_____     Court:_____

Telephone: _____

Address:_____

Judge:_____     Case No.:_____

Type of proceeding: Criminal _____Civil _____

Proceedings to be covered (e.g., bail hearing, preliminary hearing, particular witnesses at trial, sentencing hearing, motion hearing, and trial):_____

_____

_____

Dates modification needed (specify): _____

Disability necessitating modification (specify): _____

_____

Type of modification requested (specify:_____

_____

Special requests or anticipated problems (specify:_____

_____

I hereby certify that the above information is true and correct to the best of my knowledge.

Date:_____        _____
                                            (Signature of Applicant)

□ The request for modification is **GRANTED.**

□ **OFFER OF REASONABLE ALTERNATE MODIFICATION** _____

_____

□ The request for modification is **DENIED** because:

_____ the applicant is not a qualified individual with a disability

_____ the requested modification would fundamentally alter the nature of the judicial program, service or activity

_____ the requested modification would create an undue financial or administrative burden

_____ the applicant refused to comply with the Policy

_____ the applicant's failure to comply with the Policy makes impossible or impracticable the ability to provide the requested Modification

(Specify)_____

DATE: _____        _____
                                            Local Judicial Program ADA Coordinator

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 8 of 11 |
|---|---|---|

## APPEALS

□ Presiding Judge Review requested. (Specify reason and the remedy you want): _____

_____

_____

_____

DATE:_____        _____

(Signature of Person Requesting Review)

### PRESIDING JUDGE REVIEW

    I have reviewed the original request for modification, the offer of alternate modification OR the denial of modification and the reason for the denial, and the reason that this review has been requested and find as follows:_____

_____

_____

_____

DATE:_____        _____

PRESIDING JUDGE

□ Administrative Office of the Courts Review requested. (Specify reason and the remedy you want):_____

_____

DATE:_____        _____

(Signature of Person Requesting Review)

### ADMINISTRATIVE OFFICE OF THE COURTS REVIEW

    I have reviewed the original request for modification, the offer of alternate modification OR the denial of modification and the reason for the denial, and the reason that this review has been requested and find as follows:_____

_____

_____

_____

DATE:_____        _____

AOC DIRECTOR

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 9 of 11 |
|---|---|---|

## PUBLIC NOTICE

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact your Local Judicial Program ADA Coordinator:

_____
_____
_____
_____
_____

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

_____
_____
_____
_____
_____

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tncourts.gov.

| Subject:  Americans with Disabilities Act | Index #: 2.07 | Page 10 of 11 |
|---|---|---|

## <u>NOTICE</u>

**(To be sent along with Summons, Subpoenas, Juror Summons or other order compelling participation in a judicial program)**

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability.  The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs.   In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible.  A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

_____
_____
_____
_____
_____

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

_____
_____
_____
_____
_____

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at <u>www.tncourts.gov.</u>

| Subject: Americans with Disabilities Act | Index #: 2.07 | Page 11 of 11 |
|---|---|---|

### *ALTERNATIVE NOTICE FORM

**(To be sent along with Summons, Subpoenas, Juror Summons or other order compelling participation in a judicial program)**

For ADA assistance, please call (<u>insert contact information for Local Judicial Branch ADA Coordinator</u>).

*This language is model language and may be amended for local court use.