# WILLFUL AND WANTON  DISREGARD
## FOR THE RULES OF JUDICIAL AND PROFESSIONAL CONDUCT

## PRINCIPAL RULES VIOLATED

### SECTION 1-TERMINOLOGY — 1

### JUDGES: (RJC) RULES OF JUDICIAL CONDUCT — 2

RULE 1.1 - COMPLIANCE WITH THE LAW — 2

RULE 2.12 - SUPERVISORY DUTIES — 3

RULE 2.15 - RESPONDING TO JUDICIAL AND LAWYER MISCONDUCT — 4

RULE 2.2 - IMPARTIALITY AND FAIRNESS — 5

RULE 2.3 - BIAS, PREJUDICE, AND HARASSMENT — 6

RULE 2.6 - ENSURING THE RIGHT TO BE HEARD — 7

### LAWYERS: (RPC) RULES OF PROFESSIONAL CONDUCT — 8

RULE 3.3 - CANDOR TOWARD THE TRIBUNAL — 8

RULE 3.4 - FAIRNESS TO OPPOSING PARTY AND COUNSEL — 13

RULE 3.5 - IMPARTIALITY AND DECORUM OF THE TRIBUNAL — 15

RULE 4.1 - TRUTHFULNESS IN STATEMENTS TO OTHERS — 17

RULE 8.3 - REPORTING PROFESSIONAL MISCONDUCT — 20

RULE 8.4 - MISCONDUCT — 21

### RULE 45 - AMERICANS WITH DISABILITIES ACT — 22

## Tenn. R. Sup. Ct. 1.0

Rule 1.0 - TERMINOLOGY



**(a)** "Belief" or "believes" denotes that the person involved actually supposed the fact in question to be true. A person's belief may be inferred from circumstances.

**(b)** "Confirmed in writing," when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent. See paragraph (e) for the definition of "informed consent." If it is not feasible to obtain or transmit the writing at the time the person gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

**(c)** "Firm" or "law firm" denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation, government agency, or other organization.





**(d)** "Fraud" or "fraudulent" denotes an intentionally false or misleading statement of material fact, an intentional omission from a statement of fact of such additional information as would be necessary to make the statements made not materially misleading, and such other conduct by a person intended to deceive a person or tribunal with respect to a material issue in a proceeding or other matter.

**(e)** "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

**(f)** "Knowingly," "known," or "knows" denotes actual awareness of the fact in question. A person's knowledge may be inferred from circumstances.

**(g)** "Partner" denotes a partner in a law firm organized as a partnership or professional limited liability partnership, a shareholder in a law firm organized as a professional corporation, a member in a law firm organized as a professional limited liability company, or a sole practitioner who employs other lawyers or nonlawyers in connection with his or her practice.



**(h)** "Reasonable" or "reasonably," when used in relation to conduct by a lawyer, denotes the conduct of a reasonably prudent and competent lawyer.

**(i)** "Reasonable belief" or "reasonably believes" when used in reference to a lawyer, denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

**(j)** "Reasonably should know," when used in reference to a lawyer, denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question.

**(k)** "Screening" and "screened" denote the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law.

**(l)** "Substantial" or "substantially," when used in reference to degree or extent, denotes a material matter of clear and weighty importance.

## Tenn. R. Sup. Ct. 1.1

Rule 1.1 - Compliance with the Law

A judge shall comply with the law, including the Code of Judicial Conduct.

*Tenn. R. Sup. Ct. 1.1*



# Tenn. R. Sup. Ct. 2.12

### Rule 2.12 - Supervisory Duties

**(A)** A judge shall require court staff, court officials, and others subject to the judge's direction and control to act in a manner consistent with the judge's obligations under this Code.

**(B)** A judge with supervisory authority for the performance of other judges shall take reasonable measures to ensure that those judges properly discharge their judicial responsibilities, including the prompt disposition of matters before them.

*Tenn. R. Sup. Ct. 2.12*

**Comment**

*[1] A judge is responsible for his or her own conduct and for the conduct of others, such as staff, when those persons are acting at the judge's direction or control. A judge may not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when such conduct would violate the Code if undertaken by the judge.*

*[2] Public confidence in the judicial system depends upon timely justice. To promote the efficient administration of justice, a judge with supervisory authority must take the steps needed to ensure that judges under his or her supervision administer their workloads promptly. For further guidance on supervisory duties, see Tennessee Code Annotated section 16-2-509(b) (duties of the presiding judge) and other applicable laws, such as Metropolitan Nashville Charter § 14.09A.*



## Tenn. R. Sup. Ct. 2.15

Rule 2.15 - Responding to Judicial and Lawyer Misconduct

**(A)** A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects shall inform the appropriate authority.

**(B)** A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.

**(C)** A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action.

**(D)** A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action.

*Tenn. R. Sup. Ct. 2.15*

**Comment**

*[1] Taking action to address known misconduct is a judge's obligation. Paragraphs (A) and (B) impose an obligation on the judge to report to the appropriate disciplinary authority the known misconduct of another judge or a lawyer that raises a substantial question regarding the honesty, trustworthiness, or fitness of that judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession undermines a judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary must vigorously endeavor to prevent.*

*[2] A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, but receives information indicating a substantial likelihood of such misconduct, is required to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.*



# Tenn. R. Sup. Ct. 2.2

Rule 2.2 - Impartiality and Fairness

A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.

*Tenn. R. Sup. Ct. 2.2*

**Comment**

*[1] To ensure impartiality and fairness to all parties, a judge must be objective and open-minded.*

*[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.*

*[3] When applying and interpreting the law, a judge sometimes may make good-faith errors of fact or law. Errors of this kind do not violate this Rule.*

*[4] It is not a violation of this Rule for a judge to make reasonable accommodations to ensure self-represented litigants the opportunity to have their matters fairly heard.*





## Tenn. R. Sup. Ct. 2.3

Rule 2.3 - Bias, Prejudice, and Harassment



**(A)** A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.

**(B)** A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.

**(C)** A judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice, or engaging in harassment, based upon attributes including but not limited to race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, against parties, witnesses, lawyers, or others.

**(D)** The restrictions of paragraphs (B) and (C) do not preclude judges or lawyers from making legitimate reference to the listed factors, or similar factors, when they are relevant to an issue in a proceeding.

*Tenn. R. Sup. Ct. 2.3*

**Comment**

*[1] A judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute.*

*[2] Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey to parties and lawyers in the proceeding, jurors, the media, and others an appearance of bias or prejudice. A judge must avoid conduct that may reasonably be perceived as prejudiced or biased.*

*[3] Harassment, as referred to in paragraphs (B) and (C), is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation.*

*[4] Sexual harassment includes but is not limited to ... ...uests for sexual favors, and other verbal or physical conduct of a sexual nature th...*



## Tenn. R. Sup. Ct. 2.6

Rule 2.6 - Ensuring the Right to Be Heard    **WITNESS**

**(A)** A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.

**(B)** A judge may encourage settlement of disputed matters in a proceeding but shall not act in a manner that coerces any party into settlement. A judge who participates in a judicial settlement conference shall not preside over the trial or any other contested issue in that matter.

*Tenn. R. Sup. Ct. 2.6*

*Comment*

*[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed.*

*[2] If a judge participates in the settlement of disputes, he or she should be careful that efforts to further settlement do not undermine any party's right to be heard according to law. Among the factors that a judge should consider when deciding upon an appropriate settlement practice for a case are (1) whether the parties have requested or voluntarily consented to a certain level of participation by the judge in settlement discussions, (2) whether the parties and their counsel are relatively sophisticated in legal matters, (3) whether the case will be tried by the judge or a jury, (4) whether the parties participate with their counsel in settlement discussions, (5) whether any parties are unrepresented by counsel, and (6) whether the matter is civil or criminal.*

*[3] Information ob̲tained by a judge during a judic̲ial _____ ____ _____ ̲t to the safeguards of the rules of evidence a̲ _____ and may pl̲ _____ _____ le motions for new trial; judgment notw̲ _____ _____ r other issues in which the judge may m̲ _____ _____g. Therefore, it is not appropriat̲e _____ _____ ̲eeding does not result in the _____ _____ ̲icipate in any other conte̲_____*

*[4] A judic̲ _____ _____ ̲ficer as defined in ̲Tenn. _____ _____ ̲nces or other pretrial conferen̲*



**Tenn. R. Sup. Ct. 3.3**

Rule 3.3 - Candor Toward the Tribunal

> BY LAW, any STATEMENTS or AFFIDAVITS written by a Lawyer, especially in an EX PARTE HEARING against a PRO SE LITIGANT, which FAILS to include ALL the MATERIAL FACTS KNOWN TO THE LAWYER, that will enable the tribunal to make an informed decision, whether or not the facts are adverse, constitute "FRAUD UPON THE COURT, BY OFFICER(S) OF THE COURT!"

**(a)** A lawyer shall not knowingly:

**(1)** make a false statement of fact or law to a tribunal; or

**(2)** fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

**(3)** in an ex parte proceeding, fail to inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

**(b)** A lawyer shall not offer evidence the lawyer knows to be false, except that a lawyer who represents a defendant in a criminal proceeding, and who has been denied permission to withdraw from the defendant's representation after compliance with paragraph (f), may allow the client to testify by way of an undirected narrative or take such other action as is necessary to honor the defendant's constitutional rights in connection with the proceeding.

**(c)** A lawyer shall not affirm the validity of, or otherwise use, any evidence the lawyer knows to be false.

**(d)** A lawyer may refuse to offer or use evidence, other than the testimony of a client who is a defendant in a criminal matter, that the lawyer reasonably believes is false, misleading, fraudulent or illegally obtained.

**(e)** If a lawyer knows that the lawyer's client intends to perpetrate a fraud upon the tribunal or otherwise commit an offense against the administration of justice in connection with the proceeding, including improper conduct toward a juror or a member of the jury pool, or comes to know, prior to the conclusion of the proceeding, that the client has, during the course of the lawyer's representation, perpetrated such a crime or fraud, the lawyer shall advise the client to refrain from, or to disclose or otherwise rectify, the crime or fraud and shall discuss with the client the consequences of the client's failure to do so.

**(f)** If a lawyer, after discussion with the client as required by paragraph (e), knows that the client still intends to perpetrate the crime or fraud, or refuses or is unable to disclose or otherwise rectify the crime or fraud, the lawyer shall seek permission of the tribunal to withdraw from the representation of the client and shall inform the tribunal, without further disclosure of information protected by RPC 1.6, that the lawyer's request to withdraw is required by the Rules of Professional Conduct.

**(g)** A lawyer who, prior to conclusion of the proceeding, comes to know that the lawyer has offered false tangible or documentary evidence shall withdraw or disaffirm such evidence without further disclosure of information protected by RPC 1.6.

**(h)** A lawyer who, prior to the conclusion of the proceeding, comes to know that a person other than the client has perpetrated a fraud upon the tribunal or otherwise committed an offense against the administration of justice in connection with the proceeding, and in which the lawyer's client was not implicated, shall promptly report the improper conduct to the

1



THEY POOED ALL
OVER THIS RULE!

tribunal, even if so doing requires the disclosure of information otherwise protected by RPC 1.6.

**(i)** A lawyer who, prior to conclusion of the proceeding, comes to know of improper conduct by or toward a juror or a member of the jury pool shall report the improper conduct to the tribunal, even if so doing requires the disclosure of information otherwise protected by RPC 1.6.

**(j)** If, in response to a lawyer's request to withdraw from the representation of the client or the lawyer's report of a perjury, fraud, or offense against the administration of justice by a person other than the lawyer's client, a tribunal requests additional information that the lawyer can only provide by disclosing information protected by RPC 1.6 or 1.9(c), the lawyer shall comply with the request, but only if finally ordered to do so by the tribunal after the lawyer has asserted on behalf of the client all non-frivolous claims that the information sought by the tribunal is protected by the attorney-client privilege.

*Tenn. R. Sup. Ct. 3.3*

*Comment*

*[1] This Rule governs the conduct of a lawyer who is representing a client in connection with the proceedings of a tribunal, such as a court or an administrative agency acting in an adjudicative capacity. It applies not only when the lawyer appears before the tribunal, but also when the lawyer participates in activities conducted pursuant to the tribunal's authority, such as pre-trial discovery in a civil matter.*

*[2] The advocate's task is to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate's duty to refrain from assisting a client to perpetrate a fraud upon the tribunal. However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value.*

*Representations by a Lawyer*

*[3] An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer. Compare RPC 3.1. However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in RPC 1.2(d) not to counsel a client to commit, or assist the client in committing a fraud, applies in litigation. Regarding compliance with RPC 1.2(d), see the Comment to that Rule and also Comments [1] and [7] to RPC 8.4.*

*Misleading Legal Argument*

*[4] Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(2), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.*

*Ex Parte Proceedings*

2

TNJudicial.Case 3:23-cv-01097-PLM-RSK    ECF No. 1-40, PageID.2078    Filed 10/13/23    DOCument 1-3 Page 10 of 22
of 23

Rule 3.3 - Candor Toward the Tribunal        Tenn. R. Sup. Ct. 3.3

[5] Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in an ex parte proceeding, such as an application for a temporary restraining order or one conducted pursuant to RPC 1.7(c), there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. *As provided in paragraph (a)(3), the lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.*

**Refusing to Offer or Use False Evidence**

You Know How Bunnies Are
We Leave a Little TRAIL!

[6] When evidence that a lawyer knows to be false is provided by a person who is not the client, the lawyer must refuse to offer it regardless of the client's wishes. The lawyer must similarly refuse to offer a client's testimony that the lawyer knows to be false, except that paragraph (b) permits the lawyer to allow a criminal defendant to testify by way of narrative if the lawyer's request to withdraw, as required by paragraph (f), is denied. Paragraph (c) precludes a lawyer from affirming the validity of, or otherwise using, any evidence the lawyer knows to be false, including the narrative testimony of a criminal defendant.

[7] As provided in paragraph (d), a lawyer has authority to refuse to offer or use testimony or other proof that the lawyer believes is untrustworthy. Offering such proof may reflect adversely on the lawyer's ability to discriminate in the quality of evidence and thus impair the lawyer's effectiveness as an advocate. Because of the special protections historically provided criminal defendants, however, this Rule does not permit a lawyer to refuse to offer or use the testimony of such a client because the lawyer reasonably believes the testimony to be false. Unless the lawyer knows the testimony will be false, the lawyer must honor the client's decision to testify.

**Wrongdoing in Adjudicative Proceedings by Clients and Others**

[8] A lawyer who is representing a client in an adjudicative proceeding and comes to know prior to the completion of the proceeding that the client has perpetrated a fraud or committed perjury or another offense against the administration of justice, or intends to do so before the end of the proceeding, is in a difficult position in which the lawyer must strike a professionally responsible balance between the lawyer's duties of loyalty and confidentiality owed to the client and the equally important duty of the lawyer to avoid assisting the client with the consummation of the fraud or perjury. In all such cases, paragraph (e) requires the lawyer to advise the client to desist from or to rectify the crime or fraud and inform the client of the consequences of a failure to do so. The hard questions come in those rare cases in which the client refuses to reveal the misconduct and prohibits the lawyer from doing so.

[9] Paragraph (f) sets forth the lawyer's responsibilities in situations in which the lawyer's client is implicated in the misconduct. In these situations, the Rules do not permit the lawyer to report the client's offense. Confidentiality under RPC 1.6 prevails over the lawyer's duty of candor to the tribunal. Only if the client is implicated in misconduct by or toward a juror or a member of the jury pool does the lawyer's duty of candor to the tribunal prevail over confidentiality. See paragraph (i).

[10] Although the lawyer may not reveal the client's misconduct, the lawyer must not voluntarily continue to represent the client, for to do so without disclosure of the misconduct would assist the client to consummate the offense. The Rule, therefore, requires the lawyer to seek permission of the tribunal to withdraw from the representation of the client. To increase the likelihood that the tribunal will permit the lawyer to withdraw, the lawyer is also required to inform the tribunal that the request for permission to withdraw is required by the Rules of Professional Conduct. This statement also serves to advise the tribunal that something is amiss without providing

3

the tribunal with any of the information related to the representation that is protected by RPC 1.6. These Rules, therefore, are intended to preserve confidentiality while requiring the lawyer to act so as not to assist the client with the consummation of the fraud. This reflects a judgment that the legal system will be best served by rules that encourage clients to confide in their lawyers, who in turn will advise them to rectify the fraud. Many, if not most, clients will abide by their lawyer's advice, particularly if the lawyer spells out the consequences of failing to do so. At the same time, our legal system and profession cannot permit lawyers to assist clients who refuse to follow their advice and insist on consummating an ongoing fraud.

[11] Once the lawyer has made a request for permission to withdraw, the tribunal may grant or deny the request to withdraw without further inquiry or may seek more information from the lawyer about the reasons for the lawyer's request. If the judge seeks more information, the lawyer must resist disclosure of information protected by RPC 1.6, but only to the extent that the lawyer may do so in compliance with RPC 3.1. If the lawyer cannot make a non-frivolous argument that the information sought by the tribunal is protected by the attorney-client privilege, the lawyer must respond truthfully to the inquiry. If, however, there is a non-frivolous argument that the information sought is privileged, paragraph (h) requires the lawyer to invoke the privilege. Whether to seek an interlocutory appeal from an adverse decision with respect to the claim of privilege is governed by RPCs 1.2 and 3.1.

[12] If a lawyer is required to seek permission from a tribunal to withdraw from the representation of a client in either a civil or criminal proceeding because the client has refused to rectify a perjury or fraud, it is ultimately the responsibility of the tribunal to determine whether the lawyer will be permitted to withdraw from the representation. In a criminal proceeding, however, a decision to permit the lawyer's withdrawal may implicate the constitutional rights of the accused and may even have the effect of precluding further prosecution of the client. Notwithstanding this possibility, the lawyer must seek permission to withdraw, leaving it to the prosecutor to object to the request and to the tribunal to ultimately determine whether withdrawal is permitted. If permission to withdraw is not granted, the lawyer must continue to represent the client, but cannot assist the client in consummating the fraud or perjury by directly or indirectly using the perjured testimony or false evidence during the current or any subsequent stage of the proceeding. A defense lawyer who complies with these rules acts professionally without regard to the effect of the lawyer's compliance on the outcome of the proceeding.

**False Documentary or Tangible Evidence**

[13] If a lawyer comes to know that tangible items or documents that the lawyer has previously offered into evidence have been altered or falsified, paragraph (g) requires that the lawyer withdraw or disaffirm the evidence, but does not otherwise permit disclosure of information protected by RPC 1.6. Because disaffirmance, like withdrawal, can be accomplished without disclosure of information protected by RPC 1.6, it is required when necessary for the lawyer to avoid assisting a fraud on the tribunal.

**Crimes or Frauds by Persons Other than the Client**

[14] Paragraph (h) applies if the lawyer comes to know that a person other than the client has engaged in misconduct in connection with the proceeding. Upon learning prior to the completion of the proceeding that such misconduct has occurred, the lawyer is required by paragraph (e) to promptly reveal the offense to the tribunal. The client's interest in protecting the wrongdoer is not sufficiently important as to override the lawyer's duty of candor to the court and to take affirmative steps to prevent the administration of justice from being tainted by perjury, fraud, or other improper conduct.

**Misconduct By or Toward Jurors or Members of Jury Pool**

*[15] Because jury tampering undermines the institutional mechanism that our adversary system of justice uses to determine the truth or falsity of testimony or evidence, paragraph (i) requires a lawyer who learns prior to the completion of the proceeding that there has been misconduct by or directed toward a juror or prospective juror must reveal the misconduct and the identity of the perpetrator to the tribunal, even if so doing requires disclosure of information protected by RPC 1.6. Paragraph (i) does not require that the lawyer seek permission to withdraw from the further representation of the client in the proceeding, but in cases in which the client is implicated in the jury tampering, the lawyer's continued representation of the client may violate RPC 1.7. RPC 1.16(a)(1) would then require the lawyer to seek permission to withdraw from the case.*

**Crime or Fraud Discovered After Conclusion of Proceeding**

*[16] In cases in which the lawyer learns of the client's misconduct after the termination of the proceeding in which the misconduct occurred, the lawyer is prohibited from reporting the client's misconduct to the tribunal. Even though the lawyer may have innocently assisted the client to perpetrate the offense, the lawyer should treat this information as the lawyer would treat information with respect to any past crime a client might have committed. The client's offense will be deemed completed as of the conclusion of the proceeding. An offense that occurs at an earlier stage in the proceeding will be deemed an ongoing offense until the final stage of the proceeding is completed. A proceeding has concluded within the meaning of this Rule when a final judgment in the proceeding has been affirmed on appeal or the time for an appeal has passed.*

**Constitutional Requirements**

*[17] These Rules apply to defense counsel in criminal cases, as well as in other instances. However, the definition of the lawyer's ethical duty in such a situation may be qualified by constitutional provisions for due process and the right to counsel in criminal cases. The obligation of the advocate under these Rules is subordinate to any such constitutional requirement.*

*DEFINITIONAL CROSS-REFERENCES "Fraud" and "fraudulent" See RPC 1.0(d) "Knowingly," "known," and "knows" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonably believes" See RPC 1.0(i)"Tribunal" See RPC 1.0(m)*

5



**FRAUD UPON THE COURT (BY OFFICERS OF THE COURT)**

OFFICIAL OPPRESSION (TCA § 39-16-403), COERCION & RETALIATION (42 USC § 12202 & 12203, TCA § 39-16-507) INTERFERENCE WITH COMMERCE BY EXTORTION (18 USC § 1951 (A)(B)(2)) FRAUDS (18 USC § 1341, 1957), U.S. CONST. AMEND. XIV, 18 USC § 153, 154, 156, 241, 242, 249..



## Tenn. R. Sup. Ct. 3.4

Rule 3.4 - Fairness to Opposing Party and Counsel

A lawyer shall not:

**(a)** unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; or

**(b)** falsify evidence, counsel or assist a witness to offer false or misleading testimony; or
**(c)** knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; or

**(d)** in pretrial procedure, make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party; or

**(e)** in trial,

**(1)** allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence; or

**(2)** assert personal knowledge of facts in issue except when testifying as a witness; or

**(3)** state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

**(f)** request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

**(1)** the person is a relative or an employee or other agent of a client; and

**(2)** the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information; or

**(g)** request or assist any person to take action that will render the person unavailable to appear as a witness by way of deposition or at trial; or
**(h)** offer an inducement to a witness that is prohibited by law; or pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent on the content of his or her testimony or the outcome of the case. A lawyer may advance, guarantee, or acquiesce in the payment of:

1



This is VIOLATED in almost every single <u>SENTENCE</u> <u>SPOKEN</u> IN COURT by Attorney Virginia Lee Story. All you need to do is <u>CHECK</u> <u>the</u> <u>TRANSCRIPTS</u>, while completely IGNORING the "MERITS" of her CLAIMS. Ms. Story's outrageous CLAIMS are just a STRATEGICALLY FRAUDULENT, baseless assassination of my character - which should have no affect upon her compliance with the RPC or the RULE of LAW, regardless. Hence, it's just a "Dog and Pony SHOW" to DISTRACT anyone seeking the TRUTH! (Remember, this was a DIVORCE, I've NEVER been arrested in my LIFE. In 25-YEARS, I didn't get a single TRAFFIC TICKET!) Instead, simply FOCUS on her LANGUAGE, while FACT CHECKING the LAWS she cites, as well as VERIFYING the CONTINUITY between the TWO sets of TRANSCRIPTS, and the subsequent Court Orders. (THEY <u>DON'T</u> <u>MATCH,</u> nor do they MATCH Ms. Story's Original COMPLAINT FOR DIVORCE!) IT IS ALL A FRAUDULENT SCAM, beyond your wildest imagination, which I can <u>DEFINITIVELY PROVE</u>, if ever given the CHANCE!

She shows NO MORE CARE about these RULES OF PROFESSIONAL CONDUCT than she shows for her Oath of Office or operating under ANY RULE OF LAW! (VERIFY for yourself, with both the 8/1/2019 Transcripts of Evidence, and the 8/29/2019 Transcripts of Evidence in R.v4 (495-523), HIDDEN by the CLERKS. (No matter what Elaine Beeler says, she has been a "family friend" of STORY for literally FORTY-YEARS and interfered MULTIPLE TIMES!)

Rule 3.4 - Fairness to Opposing Party and Counsel    Tenn. R. Sup. Ct. 3.4

*[1] The procedure of the adversary system contemplates that the evidence in a case is to be marshaled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.*

*[2] Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed, or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for the purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Paragraph (a) applies to evidentiary material generally, including computerized information. Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter or destroy material characteristics of the evidence. In such a case, applicable law may require the lawyer to turn the evidence over to the police or other prosecuting authority, depending on the circumstances.*

*[3] Although paragraph (f) broadly prohibits lawyers from taking extrajudicial action to impede informal fact-gathering, it does permit the lawyer to request that the lawyer's client, and relatives, employees, or agents of the client, refrain from voluntarily giving information to another party. This principle follows because such relatives and employees will normally identify their interests with those of the client. See also RPC 4.2.*

*[4] With regard to paragraph (h), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.*

*DEFINITIONAL CROSS-REFERENCES "Knowingly" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonable" and "reasonably" See RPC 1.0(h) "Reasonably believes" See RPC 1.0(i) "Tribunal" See RPC 1.0(m)*



2

# Tenn. R. Sup. Ct. 3.5

Rule 3.5 - Impartiality and Decorum of The Tribunal

A lawyer shall not:

**(a)** seek to influence a judge, juror, prospective juror, or other official by means prohibited by law;

**(b)** communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;

**(c)** communicate with a juror or prospective juror after discharge of the jury if:

  **(1)** the communication is prohibited by law or court order;

  **(2)** the juror has made known to the lawyer a desire not to communicate; or

  **(3)** the communication involves misrepresentation, coercion, duress, or harassment;

**(d)** conduct a vexatious or harassing investigation of a juror or prospective juror; or

**(e)** engage in conduct intended to disrupt a tribunal.

*Tenn. R. Sup. Ct. 3.5*

**Comment**

*[1] Many forms of improper influence upon a tribunal are proscribed by criminal law. Others are specified in the Tennessee Code of Judicial Conduct, with which an advocate should be familiar. A lawyer is required to avoid contributing to a violation of such provisions. For example, a lawyer shall not give or lend anything of value to a judge, judicial officer, or employee of a tribunal, except as permitted by RJC 3.13 of the Code of Judicial Conduct. A lawyer, however, may make a contribution to the campaign fund of a candidate for judicial office in conformity with RJC 4.4 of the Code of Judicial Conduct.*

*[2] During a proceeding a lawyer may not communicate ex parte with persons serving in an official capacity in the proceeding, such as judges, masters or jurors, unless authorized to do so by law or court order. Unless such a communication is otherwise prohibited by law or court order, paragraph (b) of this Rule would not prohibit a lawyer from communicating with a judge on the merits of the cause in writing if the lawyer promptly delivers a copy of the writing to opposing counsel and to parties who are not represented by counsel because that would not be an ex parte communication.*

*[3] Paragraph (b) also does not prohibit a lawyer from communicating with a judge in an ex parte hearing to establish the absence of a conflict of interest under RPC 1.7(c). In such proceedings, the lawyer is of course bound by the duty of candor in RPC 3.3(a)(3).*

*[4] A lawyer may on occasion want to communicate with a juror or prospective juror after the jury has been discharged. The lawyer may do so unless the communication is prohibited by law or a court order entered in the case or by a federal court rule, but must respect the desire of the juror not to talk with the lawyer. The lawyer may not engage in improper conduct during the communication. As the Court stated in State v. Thomas. 813 S.W. 2d. 395 (Tenn. 1991): "After the trial, communication by a lawyer with jurors is permitted so long as he [or she] refrains from asking questions or making comments that tend to harass or embarrass the juror or to influence actions of the juror in future cases. Were a lawyer to be prohibited from communicating after trial with a juror, he [or she] could*

1

TNJudicial.org Case 1:23-cv-01097-PLM-RSK ECF No. 1-40, PageID.2084 Filed 10/13/23 Doc. 102 Page 16 of 22 of 23

Rule 3.5 - Impartiality and Decorum of The Tribunal    Tenn. R. Sup. Ct. 3.5

*not ascertain if the verdict might be subject to legal challenge, in which event the invalidity of a verdict might go undetected." Id. (quoting Tenn. Sup. Ct. R. 8, EC 7-291 ). The Court went on to state in Thomas that "Rule 8 therefore allows post-trial interviews by Counsel with jurors on these matters without the prior approval of the trial court." Id. at 396. Although the Court's analysis in Thomas was based on an earlier version of Rule 8 (i.e., the Code of Professional Responsibility), the foregoing principles quoted from Thomas remain valid in the context of RPC 3.5.*

*[4a] A communication with, or an investigation of, the spouse, child, parent, or sibling of a juror or prospective juror will be deemed a communication with or an investigation of the juror or prospective juror.*

*[5] The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge, but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review, and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.*

*[6] The duty to refrain from disruptive conduct applies to any proceeding of a tribunal, including a deposition. See RPC 1.0(m).*

*DEFINITIONAL CROSS-REFERENCES "Known" See RPC 1.0(f) "Tribunal" See RPC 1.0(m)*



2



## Tenn. R. Sup. Ct. 4.1

Rule 4.1 - Truthfulness in Statements to Others

**(a)** In the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person.

**(b)** If, in the course of representing a client in a nonadjudicative matter, a lawyer knows that the client intends to perpetrate a crime or fraud, the lawyer shall promptly advise the client to refrain from doing so and shall discuss with the client the consequences of the client's conduct. If after such discussion, the lawyer knows that the client still intends to engage in the wrongful conduct, the lawyer shall:

**(1)** withdraw from the representation of the client in the matter; and

**(2)** give notice of the withdrawal to any person who the lawyer knows is aware of the lawyer's representation of the client in the matter and whose financial or property interests are likely to be injured by the client's criminal or fraudulent conduct. The lawyer shall also give notice to any such person of the lawyer's disaffirmance of any written statements, opinions, or other material prepared by the lawyer on behalf of the client and which the lawyer reasonably believes may be used by the client in furtherance of the crime or fraud.

**(c)** If a lawyer who is representing or has represented a client in a nonadjudicative matter comes to know, prior to the conclusion of the matter, that the client has, during the course of the lawyer's representation of the client, perpetrated a crime or fraud, the lawyer shall promptly advise the client to rectify the crime or fraud and discuss with the client the consequences of the client's failure to do so. If the client refuses or is unable to rectify the crime or fraud, the lawyer shall:

**(1)** if currently representing the client in the matter, withdraw from the representation and give notice of the withdrawal to any person whom the lawyer knows is aware of the lawyer's representation of the client in the matter and whose financial or property interests are likely to be injured by the client's criminal or fraudulent conduct; and

**(2)** give notice to any such person of the lawyer's disaffirmance of any written statements, opinions, or other material prepared by the lawyer on behalf of the client and that the lawyer reasonably believes may be used by the client in furtherance of the crime or fraud.

*Tenn. R. Sup. Ct. 4.1*

**Comment**

*Misrepresentation*

*[1] A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts or law. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by*

1



**This is Getting REDUNDANT!!!**

*partially true but misleading statements or omissions that are the equivalent of affirmative false statements. For dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client, see RPC 8.4.*

**Statements of Fact**

*[2] This Rule refers to statements of fact. Whether a particular statement should be regarded as one of fact can depend on the circumstances. Under generally accepted conventions in negotiation, certain types of statements ordinarily are not taken as statements of material fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are ordinarily in this category, as is the existence of an undisclosed principal except where nondisclosure of the principal would constitute fraud. Lawyers should be mindful of their obligations under applicable law to avoid criminal and tortious misrepresentation.*

**Crime or Fraud by Client**

*[3] Paragraphs (b) and (c) provide guidance for lawyers who discover that a client intends to or is engaging in criminal or fraudulent conduct, and in some cases may even have used the lawyer's services to assist them commit the crime or fraud. To avoid assisting the client with the crime or fraud, the lawyer must advise the client to refrain from or to rectify the consequences of the criminal or fraudulent act. If the client refuses or is unable to do so, the lawyer must withdraw from the representation of the client in the matter. Additionally, this Rule mandates limited disclosures - notice of withdrawal or disaffirmance of written work product - in circumstances in which such disclosure is necessary for the lawyer to prevent the client from using the lawyer's services in furtherance of the crime or fraud. To this limited extent, then, this Rule overrides the lawyer's duties in RPCs 1.6, 1.8(b), and 1.9(c) prohibiting disclosure or use to the disadvantage of the client of information relating to the representation. Other than the disclosure mandated by this Rule, however, the lawyer must not reveal information relating to the representation unless permitted to do so by RPC 1.6.*

*[4] If a lawyer learns that a client intends to commit a crime or fraud under circumstances in which the lawyer will not assist the offense by remaining silent, paragraph (b) requires remonstration with the client against the crime or fraud and requires withdrawal if the client does not desist from the course of conduct in question. Although the lawyer is not required to reveal the client's intended or ongoing fraud, the lawyer is required to communicate the fact that he or she has withdrawn from the representation of the client to any person who the lawyer reasonably believes knows of the lawyer's involvement in the matter and whose financial or property interests are likely to be damaged by the client's intended or ongoing misconduct. This communication is necessary to fully distance the lawyer from the client's misconduct. If the client's intended conduct is a crime, full disclosure of the crime is permitted by RPC 1.6(b), but such disclosure is not required by paragraph (b) of this Rule.*

*[5] In some cases, a lawyer will learn about a client's crime or fraud after he or she has innocently prepared and submitted statements, opinions, or other materials to third parties who will be adversely affected if the client persists with his or her misconduct. If the lawyer was misled by the client, some of these statements, opinions or materials may be false or misleading. Even though accurate, they may be necessary for the accomplishment of the client's crime or fraud. This presents the lawyer with a dilemma. Without the consent of the client, the lawyer may not correct the statements, opinions, or materials. That would violate the prohibition against revealing information related to the representation of the client. Yet to do nothing would allow the client to use the lawyer's work in the client's ongoing effort to consummate the fraud. To resolve this dilemma, paragraphs (b) and (c) do not require disclosure of the crime or fraud but only require that the lawyer effectively disengage from the crime or fraud by giving notice to affected persons of the lawyer's disaffirmance of the lawyer's work product that the lawyer reasonably believes may be used by the client in furtherance of the crime or fraud. See RPC 1.6(b)(1) and (2) for the*

2

TNJudicial.Case in 1.23... cv-01097-PLM-RSK    ECF No. 1-40, PageID.2087    Filed 10/13/23    DOC... 103 Page 19 of 22
of 23
Rule 4.1 - Truthfulness in Statements to Others    Tenn. R. Sup. Ct. 4.1

*circumstances in which the lawyer is permitted to reveal information for the purposes of preventing the client's crime or fraud, and RPC 1.6(b)(3) for the circumstances in which a lawyer may reveal a client's crime or fraud for the purpose of preventing, rectifying or mitigating its consequences. See RPC 1.6(c)(1) for the circumstances in which the lawyer is required to reveal information for the purpose of preventing reasonably certain death or substantial bodily harm.*

*[6] This Rule does not apply if the lawyer learns of the client's crime or fraud after the lawyer's representation in the matter is concluded. In such circumstances, the lawyer must comply with RPCs 1.6, 1.8(b), and 1.9(c) and may not make any disclosures concerning the client's crime or fraud, unless permitted or required to do so by those Rules. See, e.g., RPC 1.6(b)(3) (permitting disclosure to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services); RPC 1.6(b)(4) (permitting disclosures to secure legal advice about compliance with these Rules); RPC 1.6(b)(5) (permitting disclosures to establish a defense to an allegation of misconduct); and RPC 1.6(c)(1) (requiring disclosure to prevent reasonably certain death or substantial bodily harm.*

*DEFINITIONAL CROSS-REFERENCES "Fraud" and fraudulent" See RPC 1.0(d) "Knowingly" and "knows" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonably believes" See RPC 1.0(i)*



3



**THEY BROKE
THIS RULE TOO!**

## Tenn. R. Sup. Ct. 8.3

Rule 8.3 - REPORTING PROFESSIONAL MISCONDUCT

**(a)** A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, shall inform the Disciplinary Counsel of the Board of Professional Responsibility.
**(b)** A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the Disciplinary Counsel of the Board of Judicial Conduct.
**(c)** This Rule does not require disclosure of information otherwise protected by RPC 1.6 or information gained by a lawyer or judge while serving as a member of a lawyer assistance program approved by the Supreme Court of Tennessee or by the Board of Professional Responsibility.

*Tenn. R. Sup. Ct. 8.3*

***Comment***

*[1] Self-regulation of the legal profession requires that members of the profession initiate disciplinary investigation when they know of a violation of the Rules of Professional Conduct. Lawyers have a similar obligation with respect to judicial misconduct. An apparently isolated violation may indicate a pattern of misconduct that only a disciplinary investigation can uncover. Reporting a violation is especially important where the victim is unlikely to discover the offense.*

*[2] A report about misconduct is not required where it would involve violation of RPC 1.6. However, a lawyer should encourage a client to consent to disclosure where prosecution would not substantially prejudice the client's interests.*

*[3] If a lawyer were obliged to report every violation of the Rules, the failure to report any violation would itself be a professional offense. Such a requirement existed in many jurisdictions but proved to be unenforceable. This Rule limits the reporting obligation to those offenses that a self-regulating profession must vigorously endeavor to prevent. A measure of judgment is, therefore, required in complying with the provisions of this Rule. The term "substantial" refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware. Similar considerations apply to the reporting of judicial misconduct.*

*[4] The duty to report professional misconduct does not apply to a lawyer retained to represent a lawyer whose professional conduct is in question. Such a situation is governed by the Rules applicable to the client-lawyer relationship.*

*[5] Information about a lawyer's or judge's misconduct or fitness may be received by a lawyer or judge in the course of that lawyer's or judge's participation in an approved lawyers or judges assistance program. In that circumstance, providing for an exception to the reporting requirements of paragraphs (a) and (b) of this Rule encourages lawyers and judges to seek treatment through such a program. Conversely, without such an exception, lawyers and judges may hesitate to seek assistance from these programs, which may then result in additional harm to their professional careers and additional injury to the welfare of clients and the public. The extent to which information received by a*

## Tenn. R. Sup. Ct. 8.4

Rule 8.4 - MISCONDUCT

It is professional misconduct for a lawyer to:

**(a)** violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

**(b)** commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

**(c)** engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

**(d)** engage in conduct that is prejudicial to the administration of justice;

**(e)** state or imply an ability to influence a tribunal or a governmental agency or official on grounds unrelated to the merits of, or the procedures governing, the matter under consideration;

**(f)** knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or

**(g)** knowingly fail to comply with a final court order entered in a proceeding in which the lawyer is a party, unless the lawyer is unable to comply with the order or is seeking in good faith to determine the validity, scope, meaning, or application of the law upon which the order is based.

*Tenn. R. Sup. Ct. 8.4*

**Comment**

*[1] Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another, as when they request or instruct an agent to do so on the lawyer's behalf. Paragraph (a), however, does not prohibit a lawyer from advising a client concerning action the client is legally entitled to take.*

*[2] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. Although under certain circumstances a single offense reflecting adversely on a lawyer's fitness to practice - such as a minor assault - may not be sufficiently serious to warrant discipline, a pattern of repeated offenses, even ones that are of minor significance when considered separately, can indicate indifference to legal obligation.*

*[3] A lawyer who, in the course of representing a client, knowingly manifests, by words or conduct, bias or prejudice based on race, sex, religion, national origin, disability, age, sexual orientation, or socio-economic status violates paragraph (d) when such actions are prejudicial to the administration of justice. Legitimate advocacy respecting the foregoing factors does not violate paragraph (d).*

## Tenn. R. Sup. Ct. 45

Rule 45 - Americans with Disabilities Act

The administrative director of the courts is authorized to establish any policies and procedures that may be necessary to assist courts with compliance with the Americans with Disabilities Act, 42 U.S.C. 12131 et. seq. The Supreme Court shall approve any such policies and procedures prior to implementation. Participants in the judicial system shall comply with any policies and procedures that may be implemented. This rule shall apply to all courts in this state, including without limitation, municipal courts, general sessions courts, juvenile courts, circuit courts, chancery courts, criminal courts, and the respective appellate courts.

*Tenn. R. Sup. Ct. 45*

**Commentary:**

*Policies and procedures that are implemented pursuant to this rule will be available by contacting the administrative office of the courts or accessing the website at www.tncourts.gov.*

