UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

FILED - LN
October 20, 2023 9:44 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: EOD   SCANNED BY: /10/20

JEFFREY RYAN FENTON,
Plaintiff

v.

VIRGINIA LEE STORY et al.,
Defendants

CASE NO. 1:23-cv-1097

## MOTION TO MAINTAIN VENUE

Plaintiff filed his associated complaint in this court for different reasons. This motion will describe those reasons and is brought pursuant to 28 U.S.C. § 1404 and § 1406.

## PLAINTIFF SUFFERS FROM GEPHYROPHOBIA

Among several mental afflictions, Plaintiff suffers from gephyrophobia, or the fear of going over bridges. He has filed in this court for that reason. It was never his plan to move out of Tennessee, but since he was essentially forced out of that state by the defendants and into Michigan, he has—at this point in time—relocated to Michigan. When Plaintiff traveled here from Tennessee, he needed to take multiple Alprazolam (brand name: Xanax) in order to be able to cross the John A. Roebling Bridge.

Should this case proceed to trial, it would not be equitable for Plaintiff to participate remotely, which he would likely have to do in order to avoid the bridge, if the matter is moved to the Tennessee courts. Obviously, taking heavy medication on the morning of trial would severely and negatively impact Plaintiff's ability to present his case, which is one reason why proceeding in the Tennessee courts will be contrary to justice. Depositions are often conducted remotely these days, so that should not present a problem. Of course, all other aspects of discovery: exchanging interrogatories, requests for production of documents, and requests for admission can all be done remotely.

One of the reasons Plaintiff has brought this case is because the defendants have essentially robbed him of all his assets and he therefore cannot afford counsel, which makes pursuing the case in

1

Tennessee unfeasible since he must proceed *pro se*. Lodging for a multi-day trial, which the instant case would require, is also not economical for Plaintiff. Even if travel to that state were possible for him, another reason precludes the matter from proceeding in that state.

### BIAS AND VIOLATION OF DUE PROCESS IN TENNESSEE

Plaintiff has been the victim of intense bias and malfeasance by many of the defendants. He has been denied due process and has never been able to present his case in the Tennessee court system, which includes some of the federal courts in that state. He has been blocked at every turn. This is yet another reason he has filed in this court. In order for justice to be served, there is no way that the federal Tennessee court system can hear this matter, particularly since some of the named defendants are state entities or public servants in the federal judicial system there. 28 U.S.C. § 1404(a) states that venue for a civil action can be located in any district "in the interest of justice."

### SETTLED U.S. SUPREME COURT LAW PERMITS FILING IN PLAINTIFF'S HOME STATE

A plaintiff can file in federal court in the plaintiff's home state based on diversity jurisdiction or by filing elsewhere and then seeking transfer to the plaintiff's home state. See *Ferens v. John Deere Co.*, 494 U.S. 516 (1990). Plaintiff is a resident of Michigan and has filed the complaint pursuant to diversity of citizenship, 28 U.S.C § 1332.

### CONCLUSION

Plaintiff requests that this case remain here in the U.S. District Court for the Western District of Michigan where Plaintiff can readily participate, or in the alternative and pursuant to 28 U.S.C. § 1406(a) and "in the interest of justice, transfer" the case to the U.S. District Court for the Northern District of Ohio or to any district court east of the Ohio River within a four-hour driving distance, but outside the state of Tennessee, which is where Plaintiff has repeatedly experienced bias, violations of his constitutional rights, and other wrongdoing.

October 18, 2023

                                                Jeffrey Ryan Fenton, *pro se*
                                                17195 Silver Parkway #150
                                                Fenton, MI 48430-3426
                                                P: (810) 428-6500
                                                F: (810) 255-4438
                                                jeff.fenton@live.com

"Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law." *Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)*

"The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that "all pleadings shall be construed to do substantial justice." *Conley v. Gibson, 355 U.S. 41 at 48 (1957)*

"Society's commitment to institutional justice requires that judges be solicitous of the rights of persons who come before the court." *Geiler v. Commission on Judicial Qualifications, (1973) 10 Cal.3d 270, 286*

Jeff Fenton
17195 Silver Parkway, #150
Fenton, MI 48430

METROPLEX MI 480

18 OCT 2023  PM 4  L



United States District Court
Western District of Michigan
113 Federal Bldg
315 W Allegan St
Lansing, MI  48933

48933-151438