9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD W. FISHER, <br>     Plaintiff, <br><br> v. <br><br> CHRISTOPHER GATES AND GATES <br> CONSTRUCTION AND DESIGN, LLC, <br>     Defendants. | ) <br> ) <br> ) <br> )    No. 3-15-cv-127 <br> )    Judge Crenshaw <br> )    Magistrate Judge Frensley <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Vacate Entry of Default (Docket No. 55) and Plaintiff's First Motion for Default Judgment (Docket No. 61). For the reasons stated herein, the undersigned recommends that Defendants' Motion to Vacate Entry of Default (Docket No. 55) be Granted in part and Denied in part; and Plaintiff's First Motion for Default Judgment (Docket No. 61) be Granted in part and Denied in part. Specifically, the undersigned recommends the entry of default as to the individual Defendant, Christopher Gates, be vacated but that the entry of default as to the corporate defendant, Gates Construction and Design, LLC, remain and that the Motion for Default Judgment be Granted as to Gates Construction and Design, LLC only.

### Standard of Review

Federal Rule of Civil Procedure 55 (a) requires the clerk of court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" and "that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55 (a). Upon entry of default a party may proceed to seek default judgment under Rule 55 (b), either from the clerk of court or the district court. The Sixth Circuit has held that entry of default is a

prerequisite to a default judgment. *Devlin v. Kalm*, 493 F. App'x 678, 685-686 (6th Cir. 2012). "Once a default is entered against a defendant, that party is deemed to have admitted all the well pleaded allegations in the complaint except those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S. D. Ohio 2007)(citations omitted). Rule 55 (c) of the Fed. Rules of Civil Procedure allows the district court to set aside an entry of default for good cause. Fed. R. Civ. P. Rule 55 (c).

## DISCUSSION

### Defendants' Request to Set Aside Default

Following the entry of default in this case Defendant filed an Answer to the complaint (Docket No. 54) and Motion to Vacate Entry of Default (Docket No. 55). Plaintiff has not filed a response to Defendant's motion to vacate.

The Court acknowledges that Defendants are acting pro se in this matter, and their pro se status is a factor for the court to consider in its good cause determination in setting aside a Defendant's default. *Dessault Systemes S. A. v. Childress*, 663 F. 3d 832, 844 (6th Cir. 2011)(Citing *Shepard Claims Serv., Inc. v. William Darrah and Associates*, 796 F. 2d 190, 194 (6th Cir. 1986). Nevertheless, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *McNeill v. United States*, 508 U. S. 106, 133 (1980). The Court also notes that "mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 in United States Currency*, 595 F. 3d 318, 327 (6th Cir. 2010).

While the failure of the individually named defendant to answer the complaint is clearly negligent, nothing before the court suggests that defendant acted to thwart the judicial proceedings or with reckless disregard for the effect of his conduct on the proceedings. *See, Childress*, 663 F. 3d at 841. It is clear from the pleadings that the defendant wishes to defend

2

against this action. Therefore, the Court recommends that the default against the individually named defendant be set aside.

With respect to the corporate defendant, the Court has been clear that the defendant corporation must retain an attorney to represent its interest in the case. Docket No. 57. Despite being repeatedly advised of this requirement and its consequences, defendant corporation has not obtained counsel therefore the court recommends that the default as to the defendant corporation remain and not be vacated.

**Plaintiff's Motion for Default Judgment**

Plaintiff has filed a Motion For Default Judgment (Docket No. 61) based upon the previously issued default (Docket No. 51). Defendants have not responded to the Motion for Default Judgment. Plaintiff contends that default judgment is appropriate based upon the corporate defendant's failure to comply with the Court's previous orders requiring that any pleadings be filed by an attorney admitted to practice before this court and that the Answer filed on behalf of the individually named defendant fails to comply with the pleading requirements of Rule 8 (b) and (c) Fed. R. Civ. P.. Docket No. 61, pp. 1-2.

As noted above, the corporate defendant's failure to comply with the rules supports the entry of default under Rule 55 (a) Fed. R. Civ. P. and likewise the entry of default judgment under Rule 55(b). Therefore, the undersigned recommends that the motion for default judgment be GRANTED as to the corporate defendant, Gates Construction and Design, LLC.

With respect to the individually named defendant, the Answer to the complaint states as follows:

> [t]he Plaintiff and only after refusing to perform additional repairs for free on the pool on areas due to damages caused by the mishandling namely freezing of the pool as maintained by the Plaintiff and his pool man who is a disgruntled former employee of the Defendants who was released from Defendants employ

for incompetents (sic) and undesirable conduct, did this action get filed so that the Plaintiff could claim dishonesty on the Defendants part and avoiding the 4 year limitation on his ability to claim.

Defense 1 Failure to State a Claim

Defendant answering the complaint herein, alleges all allegations and counts brought forth therein fails to state a claim for which relief can be granted.

WHEREFORE, Defendant prays that the Plaintiff take nothing and that the Defendant have judgement against the Plaintiff and recover the costs of suit herein, and such other relief that the court may deem proper.

Docket No. 54.

Federal Rules Civil Procedure Rule 8(e) provides that "pleadings must be construed so as to do justice," and the Sixth Circuit has noted that "[t]he drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and pro se litigants should not be precluded from resorting to the courts merely for want of sophistication." *West v. Adecco Employment Agency*, 124 F. App'x 991, 992-93 (6th Cir. 2005)(quoting *Jourdan v. Jabe*, 951 F. 2d 108, 110 (6th Cir. 1991)).

While it is certainly true that the answer does not respond to each and every specific averment in the complaint, viewing the Defendant's pleadings liberally, as it must for all documents filed by pro se litigants, and mindful of the requirement to do justice, it is clear that the individually named defendant has not failed to plead or otherwise defend against this action and therefore the undersigned recommends that the Motion for Default Judgment for the individually named Defendant, Christopher Gates, be DENIED.

### RECOMMENDATION

For the reasons discussed above, the undersigned recommends that the Defendants' Motion to Vacate Entry of Default be Granted as to the individually named defendant, Christopher Gates and be Denied as to the corporate defendant, Gates Construction and Design,

4

LLC, and that the Plaintiff's First Motion for Default Judgment be Granted as to the corporate defendant, Gates Construction and Design, LLC, and Denied as to the individual defendant, Christopher Gates.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986); 28 U. S. C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
U. S. Magistrate Judge

5