6

IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

FAWN ▇ FENTON, )
    Plaintiff/Wife, )
 )
vs. )  No. 48419B
 )
JEFFREY RYAN FENTON, )
    Defendant/Husband. )

*FILED 2019 AUG -6 AM 9:22*
*FILED FOR ENTRY 8-14-19*
*RECEIVED BY Judges' Chambers Date: 8-6-19*

### EX PARTE ORDER OF PROTECTION EXTENDED PENDING FINAL HEARING AND ORDER GRANTING MOTION TO SELL MARITAL RESIDENCE BY AUCTION

This matter came on to be heard on the 1st day of August, 2019, before the Honorable Michael W. Binkley, Judge holding Court for the Chancery Court of Williamson County, Tennessee, upon Motion to Sell the Marital Residence by Auction and upon Ex Parte Order of Protection. It appearing to the Court based upon arguments of counsel, exhibits introduced and the record as a whole that the following shall be the Order of this Court.

It is therefore **ORDERED, ADJUDGED and DECREED** that the parties have reached an agreement to extend the Ex Parte Order of Protection pending final hearing in this cause. Husband shall remain under the Ex Parte Order and is enjoined and restrained from contacting Wife for any reason or from coming about her person. The Ex Parte Order of Protection shall remain in full force and effect and is extended pending further Orders of this Court and the hearing date is waived. Wife likewise is enjoined and restrained from contacting Husband for any reason or from coming about his person.

The Motion to Sell the Marital Residence by Auction is granted and the same shall be auctioned within 45 days from the date of August 1, 2019. Counsel for Husband and Wife will select a professional auctioneer as soon as possible so that the auctioneer can visit the property and market the sale in a fashion to obtain the best price possible for the home. The auctioneer shall prepare the property and market it for sale with the intent to obtain the highest sales price and most

1

favorable terms possible in the parties' best interests. This property shall not be advertised as a desperation sell and the parties will rely on the auctioneer's recommendation, whether an estate sale or other means of marketing, to obtain a fair market price. The auction will be without reserve. Husband is enjoined and restrained from interfering with preparation of the home for auction, the auction or stalling the sale in any manner, either directly or indirectly. The attorneys for the parties will agree upon a date and time for Wife to walk through the home, since Wife has not been in the house since March 2018, to identify items of personal property and to inspect the premises. Wife will provide a list to Husband within ten (10) days from August 1, 2019, through their counsel, of the items of personal property that she would like to obtain and the parties will either agree upon the same or, if they cannot agree, then Wife may file a Motion with the Court to choose the items on her list. Husband will take such actions as necessary to move items of personal property that he would like to retain and tag, price or do whatever steps are necessary to sell the remaining items of personal property. The remaining items at the house that Husband does not take and Wife does not take shall be sold at auction. The net proceeds of the sale of the real property and the personal property shall be deposited into the Chancery Court Clerk's office and placed in an interest-bearing account on behalf of the parties. If either party needs funds from the equity prior to the Final Hearing in this cause or Agreed Order, then he or she may file a Motion with the Court to receive a portion of the funds which will be allocated against their respective share of the marital estate. Husband will notify his tenants to vacate the home on or before August 30, 2019.

All other matters are reserved pending further Orders of this Court.

ENTERED on this __14th__ day of __August__, 2019, *NUNC PRO TUNC* __August 6, 2019.__ /MB/

_____
MICHAEL W. BINKLEY, JUDGE

Michael W. Binkley
Circuit Court Judge/Chancellor
21st Judicial District, Division III

2

*Handwritten annotation in left margin:* Wife was to complete the walk through and provide a list to Husband within 10 days from August 1, 2019. (Due by: 8/11/2019.) So I could sell my stuff to raise money to move, since the court evicted my roommates. This wasn't completed until 8/23/2019.

**APPROVED FOR ENTRY:**

*[signature]*

**VIRGINIA LEE STORY; BPR #11700**
Attorney for Plaintiff/Wife
136 Fourth Avenue South
Franklin, TN 37064
(615) 790-1778
virginia@tnlaw.org

*[signature] /by pmr VLS*

**CHARLES M. DUKE; BPR #23607**
Attorney for Defendant/Husband
LAW OFFICE OF CHARLES M. DUKE, LLC
1200 Villa Place, Suite 201
Nashville, TN 37212
(615) 541-1842
marty@mdukelaw.com

*[signature] /by pmr VLS*

**MITCHELL MILLER; BPR #36126**
Attorney for Defendant/Husband
SCHAFER LAW FIRM, PLLC
1200 Villa Place, Suite 200
Nashville, TN 37212
(615) 712-6394
mitchell@schaferlawfirmtn.com

*Margin annotation (left side): BACK BEFORE I UNDERSTOOD THE "APPROVED FOR ENTRY" PROCESS OF "PROPOSED" ORDERS VS. "AGREED ORDERS"*

## CLERK'S CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent by email and/or first-class mail to Charles M. Duke and Mitchell Miller, Attorneys for Husband, and Virginia Lee Story, Attorney for Wife, at their respective addresses, on this __14__ day of August, 2019.

_____
CLERK

3

**LOCAL RULES OF PRACTICE**
**TWENTY-FIRST JUDICIAL DISTRICT**
**HICKMAN, LEWIS, PERRY AND WILLIAMSON COUNTIES**

---

**RULES OF THE CIRCUIT AND CHANCERY COURTS**
**FOR THE TWENTY-FIRST JUDICIAL DISTRICT**

**Adopted Effective September 1, 2004**
**As Amended Through September 1, 2017**
**And Further Amended March 1, 2019**

### INTRODUCTION

**JUDGES.** The 21st Judicial District embraces Hickman, Lewis, Perry, and Williamson Counties. All Judges of the 21st Judicial District have full civil and criminal jurisdiction therein and are assigned areas of responsibility by the Presiding Judge.

**CLERKS.** Each county within the District has a Circuit Court Clerk and a Clerk and Master with powers and duties prescribed by statute for such offices generally. The Clerk and Master is also clerk of the Probate Division of the Chancery Court.

---

### Rule 11.   Orders and Judgments

#### Section 11.01 Preparation and Submission

Unless the court directs otherwise, attorneys for prevailing parties will prepare proposed orders for entry by the court and shall file such proposed orders not more than seven (7) days following the day on which the ruling is made by the court. If the proposed order submitted reflects that it has been approved for entry by counsel for all parties, then the court will take action promptly to enter such proposed order, or, at the court's discretion, enter the court's own order with respect to the ruling. If the proposed order does not reflect that it has been approved for entry by counsel for all parties, then the court will take no action to enter such proposed order for seven (7) days after receipt of the proposed order to afford counsel for the opposing party to submit an alternative proposed order. If the opposing party submits an alternative proposed order, the court shall undertake promptly to enter either the original proposed order, the alternative proposed order, or the court's own order with respect to the ruling. All of the time periods in this section may, for good cause, be extended by the court.

A party's approval for entry of a proposed order, which does not by its express terms state that it is an agreed order, shall not be construed as anything other than the party's agreement that the proposed order accurately reflects the court's ruling on the particular matter and shall not be construed to imply that party's agreement with or consent to the ruling set out in the proposed order.

[Adopted Effective September 1, 2004;  Amended Effective September 1, 2010;  Further Amended December 1, 2014].