7

RECEIVED BY
Judge     Chambers
Date $8 - 24 - 19 \mathcal{gc} \mathcal{N}$

**R.v3 (381-383)**

**IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN**

FAWN TIFFANY FENTON,      )
     Plaintiff/Wife,            )
                             )
vs.                          )     No. 48419B
                             )
JEFFREY RYAN FENTON,      )
     Defendant/Husband.    )

*2019 AUG 29 PM 2: 34*

*FILED FOR ENTRY* $8-29-19$

## ORDER FROM AUGUST 29, 2019 HEARING

## EX PARTE ORDER OF PROTECTION EXTENDED PENDING FINAL HEARING, RESETTING MOTION FOR VIOLATION OF ORDER OF PROTECTION, WAIVING MEDIATION AND SETTING FINAL HEARING, ORDER TO VACATE AND ORDER ALLOWING WIFE TO SIGN ALL NECESSARY CONTRACTS TO COMPLETE THE SALE OF THE MARITAL HOME AND CLOSING

This matter came on to be heard on the 29th day of August, 2019 before the Honorable

Michael W. Binkley, Judge holding Court for the Chancery Court of Williamson County,

Tennessee, upon Wife's Motion for Violation of Ex Parte Order of Protection and for Date Certain

for Walk Through of House and Motion for Scheduling Order. It appearing to the Court based

upon arguments of counsel, statements of Husband representing himself Pro Se, and the record as ✖

a whole that the following shall be the Order of this Court. *FYI... my opposing counsel (Virginia Story) WROTE this "Order". This does NOT match "the record as a whole". Please compare the 8/1 & 8/29 Transcripts!*

It is therefore **ORDERED, ADJUDGED and DECREED** that the Husband was again

✖ advised of the risks of proceeding Pro Se and that he is required to comply with the rules just as *No Choice! Court Deprived Husband of ALL HIS Assets & Income! Deemed "uncollectible" once house was gone!* an attorney is required. Husband acknowledged that he understood and wishes to proceed Pro Se.

✖ The Motion for Violation of the Order of Protection will be continued pending further Orders of *The "OP" meant NOTHING but LEVERAGE! ALL they wanted was MY HOUSE and ME OUT of it!* the Court as Husband had filed a very lengthy response on the morning of the hearing being ✖ *The alleged "Order of Protection" was just used (and still is) for EXTORTION, to BIND and SILENCE me!* August 29, 2019. The Motion for Violation of the Order of Protection will be reset with the Final

✖ Hearing in this cause set for October 21, 2019 at 9:00 a.m. The Motion for Scheduling Order and *I understood the term "the Final Hearing in this cause" to be referring to the issues WE had DISCUSSED to date,* to Waive Mediation in this cause is appropriate and the same is granted. *the results of our Auction & "OP".*

✖ *AT NO TIME did I understand this to involve the END of our DIVORCE, as we hadn't even BEGUN DISCOVERY yet, which I spent over an hour on the phone with my last counsel to learn how to navigate myself. (Call is recorded as proof!) PLUS Attorney Story had granted my Counsel an EXTENTION (which I have evidence of) on filing the "Divorce Answer and Counter Complaint", so that she could focus on her primary agenda, which was TAKING MY HOUSE!*

SO much HORRIBLE FAITH, dishonesty, deceit, bullying, legal trickery, discrimination, bias, all GAMES with NO regard for
JUSTICE, that ALL PLEADINGS must do SUBSTANTIAL JUSTICE, with NO RESPECT for ANY RULE OF LAW or my LIFE!

The Ex Parte Order of Protection shall remain in full force pending further hearing in this

cause set for October 21, 2019 at 9:00 a.m. The form "Order Extending Ex Parte/Temporary Order

of Protection" shall be executed and forwarded to the appropriate authorities.

Husband signed the listing agreement for the martial home with the Auctioneer,
FORCED TO SIGN BY JUDGE BINKLEY, UNDER THE THREAT OF INCARCERATION, without even READING IT!
Mr. Tommy Anderson, on August 29, 2019. Wife shall be allowed to sign any further contracts
Afterwards I NOTIFIED everyone, that I was FORCED to SIGN under DURESS. I Canceled the Listing: NULL & VOID!
to effectuate the sale and closings of the property located at 1986 Sunnyside Drive, Franklin, TN
YET Mr. Tommy Anderson said he was AUCTIONING MY HOME regardless! To do whatever I want! Unethical and illegal!
37069. Husband shall vacate the martial home on or before September 3, 2019 at 12:00 noon. The
JUST FIVE-DAYS NOTICE!
Williamson County Sheriff's Office shall have a deputy on standby to ensure that Mr. Fenton is
Actually 4-DEPUTIES with their hands on their GUNS, like I was a dangerous FELON! (NEVER arrested in my LIFE!)
vacated and that he only takes with him his personal clothing, his jewelry and effects such as his

toiletries and medication. Mr. Fenton shall not remove any further furnishings or personal

property. Husband is admonished that he is under a Restraining Order pursuant to the Statutory

Injunction entered upon the filing of the Complaint for Divorce as of June 4, 2019. Mr. Fenton

filed a Notice with the Court to allow him to file pleadings Pro Se and in the pleadings filed with
This is FALSIFYING COURT RECORDS, a FELONY in TN! I EMAILED Attorney Story the TRUTH the Night Before!
the Court he acknowledged that he had sold a TV gifted to his Wife from her brother for $1,000
To CORRECT her "misunderstanding", in hopes of avoiding MORE theatrical FRAUD UPON THE COURT, to DISRUPT!
and that he had sold a commercial dehumidifier which was at the marital residence for $2,500.
SHE smiled at me, LIED ANYWAY, to enrage the Judge, then WROTE THE FRAUD directly into the COURT RECORDS!
These amounts will be accounted for at the Final Hearing and any other property sold will also be
The next day, I saw the Court Order, I called the Court to try to correct. Emailed Ms. Story, then she LIED to me AGAIN!
addressed at the Final Hearing. No further property will be removed by Mr. Fenton and he shall
FRAUD UPON THE COURT BY OFFICER(S) OF THE COURT - Binkley signed the INCORRECT/FALSIFIED Order!
tag all items that he would like the Court to consider to be awarded to him. Any items that he does
PURELY to FURTHER ABUSE me, "under color of law". That's when I lost ALL Respect for Ms. Story and her CRIMES!
not wish to retain shall be sold at auction or Wife may retain. Pursuant to the Court Order, Wife
ACTUALLY, according to the 8/1 Court Order,
has tagged the items that she would request to be awarded when she conducted the walk through
This was supposed to be completed by 8/11/2019, but WASN'T until 8/23/2019. Costing me a loss of thousands of dollars!
pursuant to the Court Order from the August 1, 2019. (Order entered by Court on August 14,
Because the Court had evicted my TENANTS, I had no money to MOVE, so the Court allowed me to SELL what was MINE.
2019.) The auction will take place pursuant to said Order of August 14, 2019 which is to be 45
But my Counsel strongly urged that I NOT SELL ANYTHING until AFTER the "10-Day Walk-through." Since it was done
days from August 1, 2019 with all proceeds to be deposited into the Clerk's office.
So LATE, I had no TIME to SELL anything that was MINE, to fund my MOVE. When I returned, much had been STOLEN!
"Court Orders" (and LAWS in general) were only WEAPONS they used against ME. Ms. Story showed NO CARE for either.

**R.v3 (381-383)**

All other matters are reserved pending further Orders of this Court.

**ENTERED** on this _29th_ day of _August_ 2019.

_____
**MICHAEL W. BINKLEY, JUDGE**

**APPROVED FOR ENTRY:**

Michael W. Binkley
Circuit Court Judge/Chancellor
21st Judicial District, Division III

_____
**VIRGINIA LEE STORY; BPR #11700**
Attorney for Plaintiff/Wife
136 Fourth Avenue South
Franklin, TN 37064
(615) 790-1778
virginia@tnlaw.org

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent courtesy copy to Mr. Jeffrey Fenton, Defendant Pro Se, at 1986 Sunnyside Drive, Brentwood, TN 37027 on this _29th_ day of August, 2019.

_____
**VIRGINIA LEE STORY**

## CLERK'S CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent courtesy copy to Mr. Jeffrey Fenton, Defendant Pro Se, at 1986 Sunnyside Drive, Brentwood, TN 37027, and to Virginia Lee Story, Attorney for Wife, at their respective addresses, on this _21_ day of _August_, 2019.

_____
**CLERK**



# FRAUD UPON THE COURT
## (BY OFFICERS OF THE COURT)

Official Oppression (TCA § 39-16-403), Coercion & Retaliation (42 USC § 12203 & 12203,
TCA § 39-16-507) Interference with Commerce by Extortion (18 USC § 1951 (a)(b)(2))
Frauds (18 USC § 1341, 1957), U.S. Const. amend. XIV, 18 USC § 153, 154, 156, 241, 242, 249...

**LOCAL RULES OF PRACTICE**
**TWENTY-FIRST JUDICIAL DISTRICT**
**HICKMAN, LEWIS, PERRY AND WILLIAMSON COUNTIES**

**RULES OF THE CIRCUIT AND CHANCERY COURTS**
**FOR THE TWENTY-FIRST JUDICIAL DISTRICT**

**Adopted Effective September 1, 2004**
**As Amended Through September 1, 2017**
**And Further Amended March 1, 2019**

### INTRODUCTION

**JUDGES.** The 21st Judicial District embraces Hickman, Lewis, Perry, and Williamson Counties. All Judges of the 21st Judicial District have full civil and criminal jurisdiction therein and are assigned areas of responsibility by the Presiding Judge.

**CLERKS.** Each county within the District has a Circuit Court Clerk and a Clerk and Master with powers and duties prescribed by statute for such offices generally. The Clerk and Master is also clerk of the Probate Division of the Chancery Court.

PRO SE Parties are NOT Allowed to Participate in this "Proposed Order" / "Agreed Order" / "Alternate Proposed Order" Process, in the 21st Judicial District in Tennessee (though allowed in other Tennessee Judicial Districts). Which means that your highly skilled opposing counsel, who already has a tremendous advantage over most Pro Se litigants, **literally gets to WRITE THE COURT ORDERS AGAINST YOU!** (With little IF any Accountability or Supervision!) This is DISCRIMINATION against PRO SE and financially disadvantaged people as a matter of **COURT POLICY!** By the Court's own "LOCAL RULES OF PRACTICE"! This is **completely inappropriate, fosters misconduct, and must be changed for the Court to ever claim to honestly be impartial!**

**Rule 11.    Orders and Judgments**

### Section 11.01  Preparation and Submission

Unless the court directs otherwise, attorneys for prevailing parties will prepare proposed orders for entry by the court and shall file such proposed orders not more than seven (7) days following the day on which the ruling is made by the court. If the proposed order submitted reflects that it has been approved for entry by counsel for all parties, then the court will take action promptly to enter such proposed order, or, at the court's discretion, enter the court's own order with respect to the ruling. If the proposed order does not reflect that it has been approved for entry by counsel for all parties, then the court will take no action to enter such proposed order for seven (7) days after receipt of the proposed order to afford counsel for the opposing party to submit an alternative proposed order. If the opposing party submits an alternative proposed order, the court shall undertake promptly to enter either the original proposed order, the alternative proposed order, or the court's own order with respect to the ruling. All of the time periods in this section may, for good cause, be extended by the court.

A party's approval for entry of a proposed order, which does not by its express terms state that it is an agreed order, shall not be construed as anything other than the party's agreement that the proposed order accurately reflects the court's ruling on the particular matter and shall not be construed to imply that party's agreement with or consent to the ruling set out in the proposed order.

[Adopted Effective September 1, 2004; Amended Effective September 1, 2010; Further Amended December 1, 2014].