**1**

**INSIDE THE STATE OF TENNESSEE'S LEGISLATURE/COURTS/AOC/TBI, BJC & BPR JURISDICTION:** Arrests, Impeachments, Disbarments, Disciplinary Actions, State Criminal Charges, Corrections, Expungements, Restitution, Damages, Sanctions, Policy Changes To Increase Transparency and Accountability within ALL Tennessee Courts. More Uniform Policies State-Wide to Reduce Discrimination By Local Rules. **Mandatory Disclosures & Recusals of Hearing Cases By "Friends".**

**THE "DOMESTIC" DIVORCE CASE**
Per Chancery Court Record, Docket #48419B
Williamson County Tennessee

**"THE DOG AND PONY SHOW"**
Almost Exclusively Fraud Upon the Court(s), by Officer(s) of Both Court(s)
A Strategically Engineered Emergency Distraction to CIRCUMVENT the FRBP & BK Laws

**OUTSIDE DOJ/FBI JURISDICTION:** Due to the Influence of the "PLAYERS", Nobody within the State of Tennessee Has Shown ANY Interest in Enforcing The "Rule of Law" or Holding the Court and Counsel Accountable To their "Oaths of Office", the Judicial Canons, or the Rules Of Professional Conduct. The Board of Professional Responsibility has Refused To File, Vet and Act Upon My "Serious Complaint" Submitted Well Over Two Years-Ago; Against Attorneys Virginia Lee Story, Mary Beth Ausbrooks, Elaine Beeler, And "Friends".

**INSIDE DOJ/FBI JURISDICTION**
**Bankruptcy Case 3:19-BK-02693**
FRBP 7001 Adversary Proceedings
FRBP 9011 Attorney Certification
28 USC §§ 1927, 1334, 1335 — Jurisdiction
11 USC §§ 363(b)(1), (e) NOTICE & HEARING
11 USC § 363(h) Sell if Benefit to Estate
11 USC §§ 541, 542, 543 Estate Property/Turnover
18 USC § 241 Conspiracy Against Rights
18 USC § 242 Deprivation (Color of Law)
18 USC §§ 157, 1341 BK Fraud(s) & Swindles
18 USC § 1503 Obstruction of Justice
18 USC § 1519 Falsifying BK Records
18 USC § 1951 Hobb's Act Extortion
18 USC § 1957 Unlawful Property Trans.

**IN DOJ/FBI/TBI JURISDICTION**
CONSTITUTIONAL, STATE, AND
— **FEDERAL CRIMES** —
COMMITTED BY BOTH COURTS AND COUNSEL COLLUSIVELY:
CONSPIRACY AGAINST RIGHTS, DEPRIVATION OF PROPERTY AND LIBERTY UNDER COLOR OF LAW, WITHOUT NOTICE/EQUAL OR DUE PROCESS. MALICIOUS LITIGATION, ABUSE, CRUELTY, FAILURE TO INTERVENE, NEGLECT TO PREVENT, CIVIL RIGHTS INTIMIDATION, COERCION, THEFT, EXTORTION, UNDER COLOR OF OFFICIAL RIGHT, ADA COERCION THREATS, INTERFERENCE, RETALIATION.

**SYNOPSIS:** Family Court Attorney, **Virginia Lee Story** (in Williamson County Chancery Court) Conspired with Bankruptcy Specialist, Attorney **Mary Elizabeth Maney Ausbrooks** (in U.S. Bankruptcy Court for the Middle District of Tennessee), well over a Month in Advance of my Ex-wife's secret Divorce Filing & Ambush. The Crux of this Conspiracy Conducted by Counsel, with the Fraudulent Assistance by BOTH Courts, **was to CIRCUMVENT the "Federal Rules of Bankruptcy Procedure" (FRBP) and a Multitude of Federal Bankruptcy Laws**, so they could Illegally FORCE the Deprivation of Multiple Property Interests (purchased/owned/held) by MYSELF in 1986 Sunnyside Drive, Brentwood, TN 37027; as well as by my two Roommates/Tenants State & Federally Protected "Leasehold Property Interests". Each of which Required an **"Adversarial Proceeding"**, including NOTICES & HEARINGS in Federal District Court, or Federal Bankruptcy Court. Under the circumstances, the State Courts were specifically FORBIDDEN from Exercising Jurisdiction. The BK Trustee was REQUIRED to REMOVE the PROPERTY from my Ex-wife's secret **"BANKRUPTCY ESTATE"**, as a **"BURDENSOME ASSET"**, long before I met **Judge Michael W. Binkley**.

# 28 U.S.C. § 455

Section 455 - Disqualification of justice, judge, or magistrate judge

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

**(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

**(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

**(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

**(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;

**(ii)** Is acting as a lawyer in the proceeding;

**(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

**(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

**(c)** A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

**(d)** For the purposes of this section the following words or phrases shall have the meaning indicated:

**(1)** "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

**(2)** the degree of relationship is calculated according to the civil law system;

**(3)** "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

# Tenn. R. Sup. Ct. 2.11

Rule 2.11 - Disqualification

**(A)** A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

  **(1)** The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

  **(2)** The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:

   **(a)** a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

   **(b)** acting as a lawyer in the proceeding;

   **(c)** a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

   **(d)** likely to be a material witness in the proceeding.

  **(3)** The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

  **(4)** The judge knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has made contributions or given such support to the judge's campaign that the judge's impartiality might reasonably be questioned.

  **(5)** The judge, while a judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

  **(6)** The judge:

   **(a)** served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

   **(b)** served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy;

   **(c)** was a material witness concerning the matter;

 casetext

# Tenn. Code § 39-16-507

### Section 39-16-507 - Coercion or persuasion of witness

**(a)** A person commits an offense who, by means of coercion, influences or attempts to influence a witness or prospective witness in an official proceeding with intent to influence the witness to:

  (1) Testify falsely;

  (2) Withhold any truthful testimony, truthful information, document or thing; or

  (3) Elude legal process summoning the witness to testify or supply evidence, or to be absent from an official proceeding to which the witness has been legally summoned.

**(b)** A violation of this section is a Class D felony.

**(c)** A defendant in a criminal case involving domestic assault, pursuant to § 39-13-111, or a person acting at the direction of the defendant, commits an offense who, by any means of persuasion that is not coercion, intentionally influences or attempts to influence a witness or prospective witness in an official proceeding to:

  (1) Testify falsely;

  (2) Withhold any truthful testimony, information, document, or evidence; or

  (3) Elude legal process summoning the witness to testify or supply evidence, or to be absent from an official proceeding to which the witness has been legally summoned.

**(d)** A violation of subsection (c) is a Class A misdemeanor and, upon conviction, the sentence runs consecutively to the sentence for any other offense that is based in whole or in part on the factual allegations about which the person was seeking to influence a witness.

**(e)** Nothing in this section shall operate to impede the investigative activities of an attorney representing a defendant.

   *T.C.A. § 39-16-507*

Amended by 2019 Tenn. Acts, ch. 104,s 1, eff. 7/1/2019.
Acts 1989, ch. 591, § 1; 1990, ch. 980, § 8.



# Tenn. R. Sup. Ct. 2.15

## Rule 2.15 - Responding to Judicial and Lawyer Misconduct

**(A)** A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects shall inform the appropriate authority.

**(B)** A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.

**(C)** A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action.

**(D)** A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action.

*Tenn. R. Sup. Ct. 2.15*

### Comment

*[1] Taking action to address known misconduct is a judge's obligation. Paragraphs (A) and (B) impose an obligation on the judge to report to the appropriate disciplinary authority the known misconduct of another judge or a lawyer that raises a substantial question regarding the honesty, trustworthiness, or fitness of that judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession undermines a judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary must vigorously endeavor to prevent.*

*[2] A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, but receives information indicating a substantial likelihood of such misconduct, is required to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.*

 casetext

1

# Tenn. R. Sup. Ct. 3.3

Rule 3.3 - Candor Toward the Tribunal

**(a)** A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal; or

(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(3) in an ex parte proceeding, fail to inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

**(b)** A lawyer shall not offer evidence the lawyer knows to be false, except that a lawyer who represents a defendant in a criminal proceeding, and who has been denied permission to withdraw from the defendant's representation after compliance with paragraph (f), may allow the client to testify by way of an undirected narrative or take such other action as is necessary to honor the defendant's constitutional rights in connection with the proceeding.
**(c)** A lawyer shall not affirm the validity of, or otherwise use, any evidence the lawyer knows to be false.
**(d)** A lawyer may refuse to offer or use evidence, other than the testimony of a client who is a defendant in a criminal matter, that the lawyer reasonably believes is false, misleading, fraudulent or illegally obtained.
**(e)** If a lawyer knows that the lawyer's client intends to perpetrate a fraud upon the tribunal or otherwise commit an offense against the administration of justice in connection with the proceeding, including improper conduct toward a juror or a member of the jury pool, or comes to know, prior to the conclusion of the proceeding, that the client has, during the course of the lawyer's representation, perpetrated such a crime or fraud, the lawyer shall advise the client to refrain from, or to disclose or otherwise rectify, the crime or fraud and shall discuss with the client the consequences of the client's failure to do so.
**(f)** If a lawyer, after discussion with the client as required by paragraph (e), knows that the client still intends to perpetrate the crime or fraud, or refuses or is unable to disclose or otherwise rectify the crime or fraud, the lawyer shall seek permission of the tribunal to withdraw from the representation of the client and shall inform the tribunal, without further disclosure of information protected by RPC 1.6, that the lawyer's request to withdraw is required by the Rules of Professional Conduct.
**(g)** A lawyer who, prior to conclusion of the proceeding, comes to know that the lawyer has offered false tangible or documentary evidence shall withdraw or disaffirm such evidence without further disclosure of information protected by RPC 1.6.
**(h)** A lawyer who, prior to the conclusion of the proceeding, comes to know that a person other than the client has perpetrated a fraud upon the tribunal or otherwise committed an offense against the administration of justice in connection with the proceeding, and in which the lawyer's client was not implicated, shall promptly report the improper conduct to the



Case 1:23-cv-01097-PLM-RSK  ECF No. 21-1, PageID.2808  Filed 01/19/24  Page 8 of 17

Rule 3.3 - Candor Toward the Tribunal    Tenn. R. Sup. Ct. 3.3

tribunal, even if so doing requires the disclosure of information otherwise protected by RPC 1.6.

**(i)** A lawyer who, prior to conclusion of the proceeding, comes to know of improper conduct by or toward a juror or a member of the jury pool shall report the improper conduct to the tribunal, even if so doing requires the disclosure of information otherwise protected by RPC 1.6.

**(j)** If, in response to a lawyer's request to withdraw from the representation of the client or the lawyer's report of a perjury, fraud, or offense against the administration of justice by a person other than the lawyer's client, a tribunal requests additional information that the lawyer can only provide by disclosing information protected by RPC 1.6 or 1.9(c), the lawyer shall comply with the request, but only if finally ordered to do so by the tribunal after the lawyer has asserted on behalf of the client all non-frivolous claims that the information sought by the tribunal is protected by the attorney-client privilege.

*Tenn. R. Sup. Ct. 3.3*

### Comment

*[1] This Rule governs the conduct of a lawyer who is representing a client in connection with the proceedings of a tribunal, such as a court or an administrative agency acting in an adjudicative capacity. It applies not only when the lawyer appears before the tribunal, but also when the lawyer participates in activities conducted pursuant to the tribunal's authority, such as pre-trial discovery in a civil matter.*

*[2] The advocate's task is to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate's duty to refrain from assisting a client to perpetrate a fraud upon the tribunal. However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value.*

### Representations by a Lawyer

*[3] An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer. Compare RPC 3.1. However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in RPC 1.2(d) not to counsel a client to commit, or assist the client in committing a fraud, applies in litigation. Regarding compliance with RPC 1.2(d), see the Comment to that Rule and also Comments [1] and [7] to RPC 8.4.*

### Misleading Legal Argument

*[4] Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(2), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.*

### Ex Parte Proceedings



[5] Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in an ex parte proceeding, such as an application for a temporary restraining order or one conducted pursuant to RPC 1.7(c), there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. As provided in paragraph (a)(3), the lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

### Refusing to Offer or Use False Evidence

[6] When evidence that a lawyer knows to be false is provided by a person who is not the client, the lawyer must refuse to offer it regardless of the client's wishes. The lawyer must similarly refuse to offer a client's testimony that the lawyer knows to be false, except that paragraph (b) permits the lawyer to allow a criminal defendant to testify by way of narrative if the lawyer's request to withdraw, as required by paragraph (f), is denied. Paragraph (c) precludes a lawyer from affirming the validity of, or otherwise using, any evidence the lawyer knows to be false, including the narrative testimony of a criminal defendant.

[7] As provided in paragraph (d), a lawyer has authority to refuse to offer or use testimony or other proof that the lawyer believes is untrustworthy. Offering such proof may reflect adversely on the lawyer's ability to discriminate in the quality of evidence and thus impair the lawyer's effectiveness as an advocate. Because of the special protections historically provided criminal defendants, however, this Rule does not permit a lawyer to refuse to offer or use the testimony of such a client because the lawyer reasonably believes the testimony to be false. Unless the lawyer knows the testimony will be false, the lawyer must honor the client's decision to testify.

### Wrongdoing in Adjudicative Proceedings by Clients and Others

[8] A lawyer who is representing a client in an adjudicative proceeding and comes to know prior to the completion of the proceeding that the client has perpetrated a fraud or committed perjury or another offense against the administration of justice, or intends to do so before the end of the proceeding, is in a difficult position in which the lawyer must strike a professionally responsible balance between the lawyer's duties of loyalty and confidentiality owed to the client and the equally important duty of the lawyer to avoid assisting the client with the consummation of the fraud or perjury. In all such cases, paragraph (e) requires the lawyer to advise the client to desist from or to rectify the crime or fraud and inform the client of the consequences of a failure to do so. The hard questions come in those rare cases in which the client refuses to reveal the misconduct and prohibits the lawyer from doing so.

[9] Paragraph (f) sets forth the lawyer's responsibilities in situations in which the lawyer's client is implicated in the misconduct. In these situations, the Rules do not permit the lawyer to report the client's offense. Confidentiality under RPC 1.6 prevails over the lawyer's duty of candor to the tribunal. Only if the client is implicated in misconduct by or toward a juror or a member of the jury pool does the lawyer's duty of candor to the tribunal prevail over confidentiality. See paragraph (i).

[10] Although the lawyer may not reveal the client's misconduct, the lawyer must not voluntarily continue to represent the client, for to do so without disclosure of the misconduct would assist the client to consummate the offense. The Rule, therefore, requires the lawyer to seek permission of the tribunal to withdraw from the representation of the client. To increase the likelihood that the tribunal will permit the lawyer to withdraw, the lawyer is also required to inform the tribunal that the request for permission to withdraw is required by the Rules of Professional Conduct. This statement also serves to advise the tribunal that something is amiss without providing



Case 1:23-cv-01097-PLM-RSK   ECF No. 21-1, PageID.2810   Filed 01/19/24   Page 10 of 17

Rule 3.3 - Candor Toward the Tribunal — Tenn. R. Sup. Ct. 3.3

*the tribunal with any of the information related to the representation that is protected by RPC 1.6. These Rules, therefore, are intended to preserve confidentiality while requiring the lawyer to act so as not to assist the client with the consummation of the fraud. This reflects a judgment that the legal system will be best served by rules that encourage clients to confide in their lawyers, who in turn will advise them to rectify the fraud. Many, if not most, clients will abide by their lawyer's advice, particularly if the lawyer spells out the consequences of failing to do so. At the same time, our legal system and profession cannot permit lawyers to assist clients who refuse to follow their advice and insist on consummating an ongoing fraud.*

*[11] Once the lawyer has made a request for permission to withdraw, the tribunal may grant or deny the request to withdraw without further inquiry or may seek more information from the lawyer about the reasons for the lawyer's request. If the judge seeks more information, the lawyer must resist disclosure of information protected by RPC 1.6, but only to the extent that the lawyer may do so in compliance with RPC 3.1. If the lawyer cannot make a non-frivolous argument that the information sought by the tribunal is protected by the attorney-client privilege, the lawyer must respond truthfully to the inquiry. If, however, there is a non-frivolous argument that the information sought is privileged, paragraph (h) requires the lawyer to invoke the privilege. Whether to seek an interlocutory appeal from an adverse decision with respect to the claim of privilege is governed by RPCs 1.2 and 3.1.*

*[12] If a lawyer is required to seek permission from a tribunal to withdraw from the representation of a client in either a civil or criminal proceeding because the client has refused to rectify a perjury or fraud, it is ultimately the responsibility of the tribunal to determine whether the lawyer will be permitted to withdraw from the representation. In a criminal proceeding, however, a decision to permit the lawyer's withdrawal may implicate the constitutional rights of the accused and may even have the effect of precluding further prosecution of the client. Notwithstanding this possibility, the lawyer must seek permission to withdraw, leaving it to the prosecutor to object to the request and to the tribunal to ultimately determine whether withdrawal is permitted. If permission to withdraw is not granted, the lawyer must continue to represent the client, but cannot assist the client in consummating the fraud or perjury by directly or indirectly using the perjured testimony or false evidence during the current or any subsequent stage of the proceeding. A defense lawyer who complies with these rules acts professionally without regard to the effect of the lawyer's compliance on the outcome of the proceeding.*

**False Documentary or Tangible Evidence**

*[13] If a lawyer comes to know that tangible items or documents that the lawyer has previously offered into evidence have been altered or falsified, paragraph (g) requires that the lawyer withdraw or disaffirm the evidence, but does not otherwise permit disclosure of information protected by RPC 1.6. Because disaffirmance, like withdrawal, can be accomplished without disclosure of information protected by RPC 1.6, it is required when necessary for the lawyer to avoid assisting a fraud on the tribunal.*

**Crimes or Frauds by Persons Other than the Client**

*[14] Paragraph (h) applies if the lawyer comes to know that a person other than the client has engaged in misconduct in connection with the proceeding. Upon learning prior to the completion of the proceeding that such misconduct has occurred, the lawyer is required by paragraph (e) to promptly reveal the offense to the tribunal. The client's interest in protecting the wrongdoer is not sufficiently important as to override the lawyer's duty of candor to the court and to take affirmative steps to prevent the administration of justice from being tainted by perjury, fraud, or other improper conduct.*

**Misconduct By or Toward Jurors or Members of Jury Pool**



4

Case 1:23-cv-01097-PLM-RSK    ECF No. 21-1, PageID.2811    Filed 01/19/24    Page 11 of 17

Rule 3.3 - Candor Toward the Tribunal    Tenn. R. Sup. Ct. 3.3

*[15] Because jury tampering undermines the institutional mechanism that our adversary system of justice uses to determine the truth or falsity of testimony or evidence, paragraph (i) requires a lawyer who learns prior to the completion of the proceeding that there has been misconduct by or directed toward a juror or prospective juror must reveal the misconduct and the identity of the perpetrator to the tribunal, even if so doing requires disclosure of information protected by RPC 1.6. Paragraph (i) does not require that the lawyer seek permission to withdraw from the further representation of the client in the proceeding, but in cases in which the client is implicated in the jury tampering, the lawyer's continued representation of the client may violate RPC 1.7. RPC 1.16(a)(1) would then require the lawyer to seek permission to withdraw from the case.*

**Crime or Fraud Discovered After Conclusion of Proceeding**

*[16] In cases in which the lawyer learns of the client's misconduct after the termination of the proceeding in which the misconduct occurred, the lawyer is prohibited from reporting the client's misconduct to the tribunal. Even though the lawyer may have innocently assisted the client to perpetrate the offense, the lawyer should treat this information as the lawyer would treat information with respect to any past crime a client might have committed. The client's offense will be deemed completed as of the conclusion of the proceeding. An offense that occurs at an earlier stage in the proceeding will be deemed an ongoing offense until the final stage of the proceeding is completed. A proceeding has concluded within the meaning of this Rule when a final judgment in the proceeding has been affirmed on appeal or the time for an appeal has passed.*

**Constitutional Requirements**

*[17] These Rules apply to defense counsel in criminal cases, as well as in other instances. However, the definition of the lawyer's ethical duty in such a situation may be qualified by constitutional provisions for due process and the right to counsel in criminal cases. The obligation of the advocate under these Rules is subordinate to any such constitutional requirement.*

*DEFINITIONAL CROSS-REFERENCES "Fraud" and "fraudulent" See RPC 1.0(d) "Knowingly," "known," and "knows" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonably believes" See RPC 1.0(i) "Tribunal" See RPC 1.0(m)*



# Tenn. R. Sup. Ct. 3.4

Rule 3.4 - Fairness to Opposing Party and Counsel

A lawyer shall not:

**(a)** unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; or

**(b)** falsify evidence, counsel or assist a witness to offer false or misleading testimony; or

**(c)** knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; or

**(d)** in pretrial procedure, make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party; or

**(e)** in trial,

  **(1)** allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence; or

  **(2)** assert personal knowledge of facts in issue except when testifying as a witness; or

  **(3)** state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

**(f)** request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

  **(1)** the person is a relative or an employee or other agent of a client; and

  **(2)** the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information; or

**(g)** request or assist any person to take action that will render the person unavailable to appear as a witness by way of deposition or at trial; or

**(h)** offer an inducement to a witness that is prohibited by law; or pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent on the content of his or her testimony or the outcome of the case. A lawyer may advance, guarantee, or acquiesce in the payment of:

  **(1)** expenses reasonably incurred by a witness in attending or testifying;

  **(2)** reasonable compensation to a witness for that witness's loss of time in attending or testifying; or

  **(3)** a reasonable fee for the professional services of an expert witness.

*Tenn. R. Sup. Ct. 3.4*

**Comment**



Case 1:23-cv-01097-PLM-RSK   ECF No. 21-1,   PageID.2813   Filed 01/19/24   Page 13 of 17

Rule 3.4 - Fairness to Opposing Party and Counsel   Tenn. R. Sup. Ct. 3.4

[1] The procedure of the adversary system contemplates that the evidence in a case is to be marshaled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.

[2] Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed, or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for the purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Paragraph (a) applies to evidentiary material generally, including computerized information. Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter or destroy material characteristics of the evidence. In such a case, applicable law may require the lawyer to turn the evidence over to the police or other prosecuting authority, depending on the circumstances.

[3] Although paragraph (f) broadly prohibits lawyers from taking extrajudicial action to impede informal fact-gathering, it does permit the lawyer to request that the lawyer's client, and relatives, employees, or agents of the client, refrain from voluntarily giving information to another party. This principle follows because such relatives and employees will normally identify their interests with those of the client. See also RPC 4.2.

[4] With regard to paragraph (h), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

DEFINITIONAL CROSS-REFERENCES "Knowingly" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonable" and "reasonably" See RPC 1.0(h) "Reasonably believes" See RPC 1.0(i) "Tribunal" See RPC 1.0(m)



# Tenn. R. Sup. Ct. 3.5

Rule 3.5 - Impartiality and Decorum of The Tribunal

A lawyer shall not:

**(a)** seek to influence a judge, juror, prospective juror, or other official by means prohibited by law;

**(b)** communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;

**(c)** communicate with a juror or prospective juror after discharge of the jury if:

**(1)** the communication is prohibited by law or court order;

**(2)** the juror has made known to the lawyer a desire not to communicate; or

**(3)** the communication involves misrepresentation, coercion, duress, or harassment;

**(d)** conduct a vexatious or harassing investigation of a juror or prospective juror; or

**(e)** engage in conduct intended to disrupt a tribunal.

*Tenn. R. Sup. Ct. 3.5*

**Comment**

*[1] Many forms of improper influence upon a tribunal are proscribed by criminal law. Others are specified in the Tennessee Code of Judicial Conduct, with which an advocate should be familiar. A lawyer is required to avoid contributing to a violation of such provisions. For example, a lawyer shall not give or lend anything of value to a judge, judicial officer, or employee of a tribunal, except as permitted by RJC 3.13 of the Code of Judicial Conduct. A lawyer, however, may make a contribution to the campaign fund of a candidate for judicial office in conformity with RJC 4.4 of the Code of Judicial Conduct.*

*[2] During a proceeding a lawyer may not communicate ex parte with persons serving in an official capacity in the proceeding, such as judges, masters or jurors, unless authorized to do so by law or court order. Unless such a communication is otherwise prohibited by law or court order, paragraph (b) of this Rule would not prohibit a lawyer from communicating with a judge on the merits of the cause in writing if the lawyer promptly delivers a copy of the writing to opposing counsel and to parties who are not represented by counsel because that would not be an ex parte communication.*

*[3] Paragraph (b) also does not prohibit a lawyer from communicating with a judge in an ex parte hearing to establish the absence of a conflict of interest under RPC 1.7(c). In such proceedings, the lawyer is of course bound by the duty of candor in RPC 3.3(a)(3).*

*[4] A lawyer may on occasion want to communicate with a juror or prospective juror after the jury has been discharged. The lawyer may do so unless the communication is prohibited by law or a court order entered in the case or by a federal court rule, but must respect the desire of the juror not to talk with the lawyer. The lawyer may not engage in improper conduct during the communication. As the Court stated in State v. Thomas. 813 S.W. 2d. 395 (Tenn. 1991): "After the trial, communication by a lawyer with jurors is permitted so long as he [or she] refrains from asking questions or making comments that tend to harass or embarrass the juror or to influence actions of the juror in future cases. Were a lawyer to be prohibited from communicating after trial with a juror, he [or she] could*



Case 1:23-cv-01097-PLM-RSK   ECF No. 21-1, PageID.2815   Filed 01/19/24   Page 15 of 17

Rule 3.5 - Impartiality and Decorum of The Tribunal, Tenn. R. Sup. Ct. 3.5

not ascertain if the verdict might be subject to legal challenge, in which event the invalidity of a verdict might go undetected." Id. (quoting Tenn. Sup. Ct. R. 8, EC 7-291 ). The Court went on to state in Thomas that "Rule 8 therefore allows post-trial interviews by Counsel with jurors on these matters without the prior approval of the trial court." Id. at 396. Although the Court's analysis in Thomas was based on an earlier version of Rule 8 (i.e., the Code of Professional Responsibility), the foregoing principles quoted from Thomas remain valid in the context of RPC 3.5.

[4a] A communication with, or an investigation of, the spouse, child, parent, or sibling of a juror or prospective juror will be deemed a communication with or an investigation of the juror or prospective juror.

[5] The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge, but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review, and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

[6] The duty to refrain from disruptive conduct applies to any proceeding of a tribunal, including a deposition. See RPC 1.0(m).

DEFINITIONAL CROSS-REFERENCES "Known" See RPC 1.0(f) "Tribunal" See RPC 1.0(m)


casetext

# Tenn. R. Sup. Ct. 8.4

### Rule 8.4 - MISCONDUCT

It is professional misconduct for a lawyer to:

**(a)** violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
**(b)** commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;
**(c)** engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
**(d)** engage in conduct that is prejudicial to the administration of justice;
**(e)** state or imply an ability to influence a tribunal or a governmental agency or official on grounds unrelated to the merits of, or the procedures governing, the matter under consideration;
**(f)** knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or
**(g)** knowingly fail to comply with a final court order entered in a proceeding in which the lawyer is a party, unless the lawyer is unable to comply with the order or is seeking in good faith to determine the validity, scope, meaning, or application of the law upon which the order is based.

*Tenn. R. Sup. Ct. 8.4*

*Comment*

*[1] Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another, as when they request or instruct an agent to do so on the lawyer's behalf. Paragraph (a), however, does not prohibit a lawyer from advising a client concerning action the client is legally entitled to take.*

*[2] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. Although under certain circumstances a single offense reflecting adversely on a lawyer's fitness to practice - such as a minor assault - may not be sufficiently serious to warrant discipline, a pattern of repeated offenses, even ones that are of minor significance when considered separately, can indicate indifference to legal obligation.*

*[3] A lawyer who, in the course of representing a client, knowingly manifests, by words or conduct, bias or prejudice based on race, sex, religion, national origin, disability, age, sexual orientation, or socio-economic status violates paragraph (d) when such actions are prejudicial to the administration of justice. Legitimate advocacy respecting the foregoing factors does not violate paragraph (d).*



[4] A lawyer may refuse to comply with an obligation imposed by law upon a good faith belief that no valid obligation exists. The provisions of RPC 1.2(d) concerning a good faith challenge to the validity, scope, meaning, or application of the law apply to challenges of legal regulation of the practice of law.

[5] Paragraph (c) prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Such conduct reflects adversely on the lawyer's fitness to practice law. In some circumstances, however, prosecutors are authorized by law to use, or to direct investigative agents to use, investigative techniques that might be regarded as deceitful. This Rule does not prohibit such conduct.

[6] The lawful secret or surreptitious recording of a conversation or the actions of another for the purpose of obtaining or preserving evidence does not, by itself, constitute conduct involving deceit or dishonesty. See RPC 4.4.

[7] Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of lawyers. The same is true of abuse of positions of private trust such as trustee, executor, administrator, guardian, agent and officer, director, or manager of a corporation or other organization.

[8] Paragraph (f) precludes a lawyer from assisting a judge or judicial officer in conduct that is a violation of the rules of judicial conduct. A lawyer cannot, for example, make a gift, bequest, favor, or loan to a judge, or a member of the judge's family who resides in the judge's household, unless the judge would be permitted to accept, or acquiesce in the acceptance of such a gift, favor, bequest, or loan in accordance with RJC 3.13 of the Code of Judicial Conduct.

[9] In both their professional and personal activities, lawyers have special obligations to demonstrate respect for the law and legal institutions. Normally, a lawyer who knowingly fails to obey a court order demonstrates disrespect for the law that is prejudicial to the administration of justice. Failure to comply with a court order is not a disciplinary offense, however, when it does not evidence disrespect for the law either because the lawyer is unable to comply with the order or the lawyer is seeking in good faith to determine the validity, scope, meaning, or application of the law upon which the order is based.

DEFINITIONAL CROSS-REFERENCES "Fraud" See RPC 1.0(d) "Knowingly" See RPC 1.0(f) "Tribunal" See RPC 1.0(m)

