UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

          PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

          DEFENDANTS

CASE NO. 1:23-CV-1097

FILED - LN
January 19, 2024 5:03 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /_____ SCANNED BY: /___/

DECLARATION CERTIFYING THE AUTHENTICITY AND ACCURACY OF

8/29/2019 TRANSCRIPT OF EVIDENCE AND AUDIO RECORDING OF HEARING

Plaintiff brings this testimony pursuant to 28 U.S. Code § 1746.

I, Jeffrey Ryan Fenton, declare under oath as follows:

1. My name is Jeffrey Ryan Fenton.

2. I am the plaintiff in this federal lawsuit.

3. I am 54 years of age.

4. I am a citizen of the United States of America.

5. I am domiciled in Genesee County, Michigan.

6. My mailing address is 17195 Silver Parkway, #150, Fenton, MI 48430-3426.

7. Ms. Fawn Tiffany Fenton (hereinafter "Ms. Fenton", "wife", and "ex-wife") and I were together for fifteen years, thirteen of which we were married.

8. To reduce duplicity in the documentation filed with the court in this case, please

Initials: _____

see my "List of Declarations by Jeffrey Ryan Fenton", available both on the record in this federal lawsuit, as well as on the Internet[1]. Each of my declarations named and linked from this list are incorporated into this document by reference.

9. This list of declarations shall be updated as I am able to complete more, to provide the most robust and complete set of facts which I am capable of producing at each moment and time, considering the other challenges which I must simultaneously face and manage, due to my need to represent myself *pro se* in this lawsuit.

10. These facts are related both to the precipitating cases in the State of Tennessee, as well as my numerous attempts to obtain a cure through the courts, their oversight boards, and both state and federal law enforcement agencies.

11. To date, absolutely zero relief has been within my reach, despite the egregious felonies committed against me by the defendants in this case.

12. I am an ADA party[2], qualified under the Americans with Disabilities Act of 1994, recognized as a vulnerable party, for consideration and accommodations to help me be able to realistically participate in, receive adequate protection from, and obtain justice through the federal judiciary of the United States of America.

13. Due to my disabilities (including both communication disabilities as well as my lack of education), further compounded by the extreme level of fraud committed in the precipitating actions by numerous powerful members of the court, I am literally unable to concisely articulate

---

[1] https://rico.jefffenton.com/evidence/fenton-list-of-declarations-to-date.pdf
[2] https://rico.jefffenton.com/evidence/fenton-declaration-of-disabilities.pdf

Initials: _____

the depth and breadth of the crimes that have been committed against me and the damages which I have and continue to daily suffer, in a single "linear" document format, such as in a long all-encompassing declaration or affidavit.

14. A more in-depth explanation is provided in my "Declaration of Disabilities[3]".

15. My August 29th, 2019 hearing in docket #48419B took place inside the "Historic Williamson County Courthouse" found on Main Street (U.S. 31) at 3rd Avenue South in Franklin, Tennessee.

16. On information and belief, the street address for the Historic Williamson County Courthouse is believed to be 305 Public Square, Franklin, TN 37064. (It is within walking distance of the County Judicial Center found at 135 4th Avenue South, Franklin, TN 37064.)

17. In attendance at this hearing were Chancellor Michael Weimar Binkley, opposing Counsel Attorney Virginia Lee Story, and myself, Jeffrey Ryan Fenton.

18. I represented myself *pro se* as of the start of this hearing, because I could no longer afford legal counsel after my home was ordered to be auctioned during my very first hearing in docket #48419B, prior to the start of discovery.

19. At the beginning of this hearing Chancellor Binkley exited the Court Room and procured the services of Emily L. Sipe, RPR, LCR, Tennessee LCR No. 608, with Harpeth Court Reporters for the purpose of recording our hearing.

20. After which I requested to hire her, and Attorney Story agreed to split the per diem

---

[3] https://rico.jefffenton.com/evidence/fenton-declaration-of-disabilities.pdf

Initials: _[signature]_

with me for her services.

21. Chancellor Binkley put his arrangement on the record at the top of the transcripts, stating: *"I want that to be in the Order because it's best that we put everything in the Order. This gentleman, he's going to share and pay one half of the per diem plus any expenses that he may incur as a result of asking for all or a portion of the transcript that will be ordered by him."*

22. I also asked Chancellor Binkley for his permission to allow me to record the audio from that hearing, with a voice recorder I had brought with me. Chancellor Binkley openly approved in court, prior to me turning the device on. After which it continued to record the entire hearing, uninterrupted.

23. My mother and I meticulously and repeatedly compared the official transcripts of evidence prepared by licensed court reporter Emily L. Sipe, RPR, LCR, Tennessee LCR No. 608, with the audio recording from that same hearing, recorded with the permission of Judge Michael Weimar Binkley.

24. My mother and I carefully synchronized the audio recording with the written transcript, by writing the timestamps from the audio to the left of each new paragraph in the transcript (except when extremely short).

25. We methodically did this throughout the roughly 30-minute-long hearing.

26. This transcript consists of 25-typed pages, not counting the index.

27. My mother and I also made very minor language and grammatical corrections to Ms. Sipe's typed transcripts (to match what was said, having the exact audio clearly recorded, by which to verify it).

Initials: _____

28. To easily differentiate the certified original transcripts from any corrections or timestamps which we made on the documents, we performed our work by hand, using bold red ink.

29. No pages or original text was removed, deleted, covered-up, or made illegible.

30. Beyond what is clearly recognizable, notated with red ink, using manual handwriting (instead of by any digital or typed process), I hereby provide my sworn declaration and oath, under the penalty of perjury, that no other modification[4], addition, or subtraction was executed upon this certified original transcript[5] of evidence from this 8/29/2019 hearing in Williamson County Chancery Court.

31. Similarly, audio recording "2019-08-29_chancery-hearing-audio-recording.mp3", is the original, authentic, true verbatim audio recording[6], of the same August 29, 2019 hearing in Williamson County Chancery Court.

32. This recording was performed with the permission of Chancellor Michael Weimar Binkley, granted immediately prior to starting my recording device.

33. This audio recording was created in good faith, and has been retained in its entirety, as is evidenced by the content matching nearly perfectly with the certified original transcript of evidence, recorded by licensed Tennessee court reporter, Emily L. Sipe, RPR, LCR No. 608.

---

[4] Publishing exceptions: I've added a footer throughout showing the document and case information, as well as the URL to where both the written transcript and the audio recording can be found online. I've also redacted my ex-wife's middle name for her privacy.

This declaration has also been appended to the transcript for simplicity, authentication, and ease of use.

Documentation regarding the violations of law, the federal rules, and the rules of professional conduct may also be added.

[5] https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf

[6] https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3

Initials: 

34. I believe that this audio recording is necessary to establish, determine, and prove the context, tone, respect, abuse, forcefulness, harassment, manner, concern, coercion, and care shown by defendants Binkley and Story during this critical hearing.

35. I do not believe that the above characteristics can be accurately determined and gauged by reading the typed transcripts alone, without hearing the actual words spoken.

36. I believe that the evidentiary value of this audio recording, increases the evidentiary value of the certified original transcript of evidence[7].

37. I conversely believe that the evidentiary value of the certified original transcript[8] of evidence, validates and increases the evidentiary value of this audio recording.[9]

38. On information and belief, I believe that it is self-evident that through cross-referencing and examination, that both this transcript of evidence combined with this audio recording from the same hearing, provide a far more comprehensive, complete, and accurate record of evidence from this hearing.

39. On information and belief, the conduct of the court and counsel during this one hearing is one of the most critical pieces of evidence I have for demonstrating the excessive foul-play between defendants Binkley and Story.

40. The only editing performed on this audio recording was to remove noise while attempting to balance and clarify our voices. The metadata was also populated to provide

---

[7] https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
[8] https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
[9] https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3

Page 6 of 12

Initials: 

contextual information.

41. I Jeffrey Ryan Fenton hereby provide my sworn declaration and oath, under the penalty of perjury, that this audio recording has not been added to, subtracted from, or modified in any way to change the factual contents of the testimony given in court on 8/29/2019.

42. I further certify and swear that this audio recording[10] is an authentic, true, and complete audio recording of my hearing in Williamson County Chancery Court on 8/29/2019.

43. On information and belief, this audio evidence, when tested and verified against the true facts of the matters herein, the supreme law of the land, the judicial canons, the federal rules, the State of Tennessee's Rules of both Judicial and Professional Conduct, the record to date in docket #48419B, and the claims, demands, and orders by defendants Story and Binkley herein, prove that significant criminal misconduct was performed during this hearing by defendants Story and Binkley. At the same time a level of bias and collusion were demonstrated by defendant Binkley which clearly exceeded any tolerable threshold, by which defendant Binkley was stripped of all lawful authority prior to any valid orders being issued by this court.

44. Because defendant Binkley refused to recuse himself despite his obvious bias against me and his unlawful and even unethical actions in favor of defendant Story and her client, not only was every order of this court without lawful jurisdiction and authority due to him having been automatically disqualified by 455(a), but the lawless demands by defendant Story and the lawless orders by defendant Binkley were performed without legal authority and are in fact void.

---

[10] https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3

Initials: _____

45. Said orders constituted felony crimes committed against me, my life, my property, and my person, by defendants Binkley and Story, under the color of law, office, and official right, though wholly repugnant of the law.

46. On page-6, lines 20-23 of this transcript of evidence, defendant Story stated, *"So if you let him take anything out at this point it's going to be sold and he's dissipating marital assets, which would be in violation of the restraining order."* **This is a bold face lie.**

47. On page-2, section IV of attorney Story's divorce complaint filed in #48419B, it states, *"Plaintiff would show that the parties have no assets other than personal property which has been divided with the exception of a few items. Husband and Wife have lived separately since April 2018."*

> **IV.**
>
> Plaintiff would show that the parties have no assets other than personal property which has been divided with the exception of a few items. Husband and Wife have lived separately since April 2018.
>
> **Wife's Complaint for Divorce, Page 2, Section IV**
> **Case 1:23-cv-01097-PLM-RSK, ECF 1-17, PageID.648**

48. Hence the claim that I was "dissipating marital assets" wasn't even physically possible in any meaningful capacity.

49. In the previous court order from the 8/1/2019 hearing, while I had the benefit of counsel, before I was financially forced to represent myself pro se in this court, the order of the court from the 8/1/2019 hearing stated in part, *"Husband will take such actions as necessary to*

Initials:

*move items of personal property that he would like to retain and tag, price or do whatever steps are necessary to sell the remaining items of personal property. The remaining items at the house that Husband does not take and Wife does not take shall be sold at auction."*

50. I did no more or less than I was allowed to per the express order of the court from the 8/1/2019 hearing by defendants Story and Binkley.

51. Yet I was chastised, harassed, and harshly punished under the false, fraudulent, and substantially impossible claims by defendant Story, *"So if you let him take anything out at this point it's going to be sold and he's dissipating marital assets, which would be in violation of the restraining order."*

52. This was the clear crime of **"obstruction of justice"**, while I have evidence from both before and after that hearing, which clearly prove that Attorney Story was well aware that her claims were false. She intentionally "cried wolf", with deceptive claims, for the specific purpose of having my wrongfully evicted from my home, and subsequently the State of Tennessee.

53. On information and belief, I believe that in this intentionally obstructive act by defendant Story, she committed both State and Federal felony crimes against me, while she also violated a multitude the State of Tennessee's Rules of Professional Conduct.

54. On information and belief, I believe that defendant Story committed at least the following violations of Professional Conduct, by exerting these fraudulent claims:

Tenn. R. Sup. Ct. 8.4 – Misconduct:

➢ It is professional misconduct for a lawyer to:

- ➢ (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

- ➢ (d) engage in conduct that is prejudicial to the administration of justice;

Tenn. R. Sup. Ct. 3.5 – Impartiality and Decorum of The Tribunal

- ➢ A lawyer shall not:

- ➢ (e) engage in conduct intended to disrupt a tribunal.

Tenn. R. Sup. Ct. 3.4 – Fairness to Opposing Party and Counsel

- ➢ A lawyer shall not:

- ➢ (e) in trial,

- ➢ (1) allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence; or

- ➢ (2) assert personal knowledge of facts in issue except when testifying as a witness; or

- ➢ (3) state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

- ➢ (g) request or assist any person **to take action that will render the person unavailable to appear** as a witness by way of deposition or at trial

Page 10 of 12

Initials: _____

55. During the 8/1/2019 hearing, the Court and Counsel evicted my tenants, who paid me $1,400 per month in rents.

56. My rental income was my only stream of income[11], at that moment and time, due to the secret betrayal by my ex-wife and her counsel without lawful or ethical notice.

57. On information and belief, the result of my 8/1/2019 hearing was the court ordered auction of my marital residence, with no minimums.

58. On information and belief, the court knew that I was not employed at that moment, nor was I capable of immediately obtaining employment due to my disabilities combined with defendant Story's aggressive litigation. The changes which were being forced upon me during that month and a half demanded all of my attention to simply survive while trying not to lose more of my life, my freedom, or my property than was required by the circumstances and parties involved.

59. On information and belief, the events which took place and the testimony that was recorded during this 8/29/2019 hearing, are of critical value and consequence to my life and liberty, in my pursuit for justice without discrimination or bias.

60. None of this has been provided for any improper purpose.

---

[11] https://rico.jefffenton.com/evidence/2019-03-26_fenton-sunnyside-roommate-lease-merriman.pdf
https://rico.jefffenton.com/evidence/2019-04-09_fenton-sunnyside-roommate-lease-garcia.pdf

Initials: 

## DECLARATION

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

Executed on January 10, 2024

JEFFREY RYAN FENTON

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
JEFF.FENTON@LIVE.COM
(P) 615.837.1300
(F) 810.255.4438

A list of all my published declarations of fact and testimony can be found online at:
https://rico.jefffenton.com/evidence/fenton-list-of-declarations-to-date.pdf

Initials: