UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RYAN FENTON,                          )
      Plaintiff,           )
            ) No. 1:23-cv-1097
-v-             )
            ) Honorable Paul L. Maloney
VIRGINIA LEE STORY, *et al.*,                 )
      Defendants.          )
            )

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiff Fenton filed this lawsuit without the assistance of counsel. In addition to the complaint, Plaintiff filed a document titled "motion to maintain venue" (ECF No. 7). The Magistrate Judge reviewed the complaint and the motion and, on December 13, 2023, issued a report recommending that this Court deny Plaintiff's motion and dismiss the lawsuit because Plaintiff filed it in the wrong location (ECF No. 8). The Court will adopt in part and reject in part the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); W.D. Mich. LCivR 72.3(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

On January 19, 2024, Plaintiff filed more than a dozen documents and several digital media exhibits (ECF Nos. 14-30). Several of the new filings include 100 or more pages (ECF Nos. 18, 19 and 25). The Court has reviewed the newly filed documents. The Court has paid careful attention to ECF No. 14 (Objection) and ECF No. 15 (Declaration in support of Objection).

1. Plaintiff filed his objection after the 14-day deadline. Plaintiff contends he did not receive the report and recommendation until December 27, 2019[1] (ECF No. 15 PageID.2226). Using the December 27 date, Plaintiff's fourteen-day deadline to file objections expired on January 10, 2024. In an abundance of caution, the Court has considered Plaintiff's objections.

2. Discretion to Dismiss Lawsuit. The Magistrate Judge explained that, for lawsuits filed in the wrong venue, the district court exercises its discretion when deciding whether to transfer or to dismiss the action. Plaintiff asserts that the authority cited by the Magistrate Judge involved lawsuits subject to the screening under 28 U.S.C. § 1915(e), which does not apply because he paid the full filing fee.

The Court agrees with Plaintiff. At this point in the litigation, the Court lacks authority to dismiss this lawsuit for improper venue. Ordinarily, a defendant must raise improper venue by motion prior to a responsive pleading. *See* Fed. R. Civ. P. 12(b)(3). The failure to raise improper venue in the first motion constitutes a waiver of the defense. Fed. R. Civ. P. 12(h)(1). Plaintiff is not a prisoner and he paid the filing fee and, therefore, his complaint

---

[1] The Court assumes Plaintiff received the R&R in 2023, not 2019.

cannot be screened under 28 U.S.C. § 1915(e). *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). Following Supreme Court authority, the Sixth Circuit permits a district court to *sua sponte* dismiss a complaint when the allegations are completely frivolous and utterly devoid of merit. *Velarde v. Biden*, No. 23-1465, 2023 WL 8317823, at *1 (6th Cir. Nov. 14, 2023) (citing *Apple*, 183 F.3d at 479). This exception, when a cause of action is totally implausible, permits a court to dismiss the action *sua sponte* because the lawsuit does not present a case or controversy under Article III, meaning that the court lacks subject matter jurisdiction. *Id.* The Magistrate Judge's conclusion that the lawsuit was filed in the wrong forum does not address the merits of Plaintiff's causes of action and, therefore, does not fall under the exception identified in *Apple*.

While the Court will reject the portion of Report and Recommendation and the Magistrate Judge's recommendation that this lawsuit be dismissed without prejudice, the Court must recognize the wisdom in the Report and Recommendation. The complaint contains no allegations that would lead to the conclusion that the Western District of Michigan is a proper venue for this lawsuit. *See* 28 U.S.C. § 1391(b). Section 1391(e)(1) provides an exception permitting the plaintiff to file the lawsuit where the plaintiff resides, but only when a defendant is an officer or employee of the United States acting in his or her official capacity and the lawsuit does not involve real property. The exception does not apply here. More problematic, Plaintiff resides in the Eastern District of Michigan, not the Western District of Michigan. Plaintiff's desire to avoid the federal courts in Tennessee simply does not provide a sufficient basis for venue in Michigan.

3. Motion to Maintain Venue. The Magistrate Judge recommends denying the motion because venue is not proper. Plaintiff objects. Among other reasons, Plaintiff contends he was told by court personnel that he could file the lawsuit in Lansing. Plaintiff insists he was not told that the lawsuit might be dismissed if it was filed in the wrong venue. The Court overrules this particular objection. Plaintiff cannot rely on court personnel for legal advice. *See, e.g., Knopp v. JPMorgan Chase Bank & Co.*, No. 16c6669, 2016 WL 4158958, at *1 (N.D. Ill. Aug. 5, 2016) ("But personnel in the Clerk's Office are not lawyers, and they are certainly not in a position to give legal advice."); *Roosevelt Land. LP v. Childress*, No. 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) ("Failure to follow the rules cannot be excused by blaming court clerks. The clerk of court is neither obligated nor authorized to provide legal advice to *pro se* litigants."). The website for the United States District Court for the Western District of Michigan contains a Frequently Asked Questions (FAQ) section associated with the Local Rules menu. One FAQ explicitly states that Clerk's Office Staff cannot give legal advice. Plaintiff's frustration, while understandable, does not provide a sufficient basis to ignore the role of the Court. The Court, not clerk staff, makes legal determinations.

The Court agrees with the Magistrate Judge that Plaintiff's motion to maintain venue should be denied. Plaintiff filed the lawsuit in the venue of his choosing. At this point in the litigation, Plaintiff's choice of venue is not subject to challenge. The Court lacks the authority to dismiss the lawsuit for improper venue. And, Plaintiff has not served any of the defendants with the complaint. Defendants, therefore, have not been provided with notice of this lawsuit,

5

notice of the motion to maintain venue, and have yet had any opportunity to challenge venue. Accordingly, the Court will deny the motion to maintain venue without prejudice.

Consistent with the explanation above, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation (ECF No. 8).  The Court adopts the portion of the Report and Recommendation denying Plaintiff's motion to maintain venue (ECF No. 7) and will do so without prejudice.  The Court rejects the portion of the Report and Recommendation dismissing this lawsuit because the Court presently lacks the authority to raise venue as a concern.  **IT IS SO ORDERED.**

Date:    January 25, 2024                                   /s/  Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge