Debtor 1    Fawn ███ Fenton                                    Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | | 90.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | | 100.00 |
| | 6d. Other. Specify: | 6d. $ | | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | | 500.00 |
| 8. | **Childcare and children's education costs** | 8. $ | | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | | 89.00 |
| 10. | **Personal care products and services** | 10. $ | | 50.00 |
| 11. | **Medical and dental expenses** | 11. $ | | 10.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | | 150.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | | 50.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | | 25.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. $ | | 0.00 |
| | 15b. Health insurance | 15b. $ | | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | | 200.00 |
| | 15d. Other insurance. Specify: | 15d. $ | | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | | 0.00 |
| | 17c. Other. Specify: **Storage** | 17c. $ | | 117.00 |
| | 17d. Other. Specify: | 17d. $ | | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. Mortgages on other property | 20a. $ | | 0.00 |
| | 20b. Real estate taxes | 20b. $ | | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | | 0.00 |
| 21. | **Other:** Specify: **Pet Supplies - 1 Dog & 2 Bunnies & Fish** | 21. +$ | | 400.00 |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 3,025.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 3,025.00 |

| | | | | |
|---|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | | 5,845.04 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | | 3,025.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | | 2,820.04 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.    Explain here: _____

Official Form 106J                        **Schedule J: Your Expenses**                        page 2
Case 3:19-bk-02693    Doc 1    Filed 04/26/19    Entered 04/26/19 13:28:31    Desc Main
Document        Page 29 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**Fill in this information to identify your case:**

| Debtor 1 | Fawn ▮ Fenton | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   MIDDLE DISTRICT OF TENNESSEE

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____

Attach *Bankruptcy Petition Preparer's Notice,
Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

| X /s/ Fawn ▮ Fenton | X |
|---|---|
| Fawn ▮ Fenton | Signature of Debtor 2 |
| Signature of Debtor 1 | |

Date **April 26, 2019** _____      Date _____

Official Form 106Dec                    **Declaration About an Individual Debtor's Schedules**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Fawn** **Fenton** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF TENNESSEE | | |
| Case number (If known) | | | |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy      4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  **Give Details About Your Marital Status and Where You Lived Before**

1. **What is your current marital status?**

   ■ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☐ No
   ■ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| **1986 Sunny Side Drive Brentwood, TN 37027** | From-To: **May 2011 - April 2018** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 From-To: |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ■ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2**  **Explain the Sources of Your Income**

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of Income Check all that apply. | Gross Income (before deductions and exclusions) | Sources of Income Check all that apply. | Gross Income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ■ Wages, commissions, bonuses, tips | **$26,250.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Case 3:19-bk-02693    Doc 1    Filed 04/26/19    Entered 04/26/19 13:28:31    Desc Main
Document    Page 31 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf                Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
| **For last calendar year:**<br>**(January 1 to December 31, 2018 )** | ■ Wages, commissions, bonuses, tips | **$93,108.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2017 )** | ■ Wages, commissions, bonuses, tips | **$93,677.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

**5. Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Describe below. | Gross income from<br>each source<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income<br>(before deductions and exclusions) |

---

**Part 3:**   **List Certain Payments You Made Before You Filed for Bankruptcy**

**6. Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No.   **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No.   Go to line 7.

☐ Yes   List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes.   **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.   Go to line 7.

■ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Toyota Motor Credit Co.**<br>**Attn Officer Manager or Agent**<br>**5005 N River Blvd. NE**<br>**Cedar Rapids, IA 52411-6634** | **$300.00 Monthly Jan, Feb, March, April** | **$1,200.00** | **$12,600.00** | ☐ Mortgage<br>■ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Case 3:19-bk-02693   Doc 1   Filed 04/26/19   Entered 04/26/19 13:28:31   Desc Main
Document   Page 32 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf   Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1  **Fawn████Fenton**                                  Case number *(if known)* _____

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Bank of America, NA**<br>**Attn: Officer Manager or Agent**<br>**4909 Savarese Circle**<br>**Tampa, FL 33634** | **$1,804.78**<br>**Jan, Feb, March, April** | **$7,219.12** | **$240,182.77** | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **BanCorp South**<br>**Attn: Officer Manager or Agent**<br>**914 Murfreesboro Road**<br>**Franklin, TN 37067** | **Jan $263.56**<br>**Feb $275.01**<br>**March $275.01**<br>**April $275.01** | **$1,088.59** | **$53,967.42** | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Chase Card**<br>**Attn: Officer Manager or Agent**<br>**PO Box 15298**<br>**Wilmington, DE 19850** | **Jan $268.01**<br>**Feb, March**<br>**$100.00 each**<br>**April $429.10** | **$897.11** | **$0.00** | ☐ Mortgage<br>☐ Car<br>■ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Ascend Federal Credit Union**<br>**Attn: Officer Manager or Agent**<br>**PO Box 1210**<br>**Tullahoma, TN 37388** | **Jan $354.00**<br>**Feb $350.00**<br>**March $265.00**<br>**April $262.00** | **$1,181.00** | **$17,811.23** | ☐ Mortgage<br>☐ Car<br>■ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Capital One Bank USA NA**<br>**Attn: Officer Manager or Agent**<br>**PO Box 30281**<br>**Salt Lake City, UT 84130-0281** | **Jan $450.00**<br>**Feb $250.00**<br>**March $350.00** | **$1,050.00** | **$9,818.83** | ☐ Mortgage<br>☐ Car<br>■ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ☐  No
    ■  Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| ████████████ | **March 17, 2018** | **$5,659.80** | **$0.00** | **Loan repayment** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf                Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1   **Fawn** ███████ **Fenton** _____   Case number (*if known*) _____

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

---

**Part 4:   Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Fawn Fenton** vs. **Jeffrey Fenton** | **Divorce Proceeding** | **Williamson County Chancery Court Judicial Center 135 4th Avenue South Franklin, TN 37064** | ☐ Pending ☐ On appeal ■ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
■ No
☐ Yes

---

**Part 5:   List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
☐ No
■ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |
| **Walden's Puddle Wildlife Rehab PO Box 641 Joelton, TN 37080** | **$25.00 Monthly** | **2016 - Present** | **$250.00** |
| Person's relationship to you: | | | |

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Case 3:19-bk-02693   Doc 1   Filed 04/26/19   Entered 04/26/19 13:28:31   Desc Main Document   Page 34 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf

Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1   **Fawn** ▬▬ **Fenton**                                    Case number *(if known)* _____

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

   ■ No
   ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 Charity's Name Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

---

**Part 6:    List Certain Losses**

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

   ■ No
   ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

---

**Part 7:    List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
   Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

   ☐ No
   ■ Yes. Fill in the details.

| Person Who Was Paid Address Email or website address Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| DebtorCC, Inc. | Credit Counseling | 04/01/2019 | $15.00 |

---

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
   Do not include any payment or transfer that you listed on line 16.

   ■ No
   ☐ Yes. Fill in the details.

| Person Who Was Paid Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
   Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.
   ☐ No
   ■ Yes. Fill in the details.

| Person Who Received Transfer Address  Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Jeffrey Fenton 1986 Sunny Side Drive Brentwood, TN 37027 | 2003 Buick LeSabre | None | January 2019 |

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a

Official Form 107            Statement of Financial Affairs for Individuals Filing for Bankruptcy                                  page 5

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**beneficiary?** (These are often called *asset-protection devices*.)

■  No

☐  Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

<div style="border:1px solid">**Part 8:**</div> List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■  No

☐  Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■  No

☐  Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

☐  No

■  Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| **Mallory Station Storage** **309 Mallory Station Rd** **Franklin, TN 37067** | **Fawn ▮▮▮ Fenton** **Brentwood, TN 37027** | **Books, Luggage, Pet Supplies, Christmas decorations** | ☐ No  ■ Yes |

<div style="border:1px solid">**Part 9:**</div>  Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

■  No

☐  Yes.  Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

Case 3:19-bk-02693    Doc 1    Filed 04/26/19    Entered 04/26/19 13:28:31    Desc Main
Document    Page 36 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1  **Fawn** ████ **Fenton**                                        Case number (*if known*)

---

**Part 10:**  **Give Details About Environmental Information**

**For the purpose of Part 10, the following definitions apply:**

- ■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
- ■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
- ■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

**Report all notices, releases, and proceedings that you know about, regardless of when they occurred.**

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

    ■  **No**
    ☐  **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

    ■  **No**
    ☐  **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■  **No**
    ☐  **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:**  **Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

    ☐  **A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time**

    ☐  **A member of a limited liability company (LLC) or limited liability partnership (LLP)**

    ☐  **A partner in a partnership**

    ☐  **An officer, director, or managing executive of a corporation**

    ☐  **An owner of at least 5% of the voting or equity securities of a corporation**

    ■  **No. None of the above applies.  Go to Part 12.**

    ☐  **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

---

Case 3:19-bk-02693    Doc 1    Filed 04/26/19    Entered 04/26/19 13:28:31    Desc Main
                  Document    Page 37 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf                    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

   ■ **No**

   ☐ **Yes. Fill in the details below.**

    **Name**                                    **Date Issued**
    **Address**
    (Number, Street, City, State and ZIP Code)

**Part 12:   Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Fawn ▮▮▮ Fenton

**Fawn** ▮▮▮ **Fenton**                              **Signature of Debtor 2**
**Signature of Debtor 1**

Date   **April 26, 2019**                            **Date**

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

---

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

    Chapter 7 - Liquidation

    Chapter 11 - Reorganization

    Chapter 12 - Voluntary repayment plan
                 for family farmers or
                 fishermen

    Chapter 13 - Voluntary repayment plan
                 for individuals with regular
                 income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

---

| Chapter 7: | Liquidation |
|---|---|

| | |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

    most taxes;

    most student loans;

    domestic support and property settlement obligations;

Case 3:19-bk-02693   Doc 1   Filed 04/26/19   Entered 04/26/19 13:28:31   Desc Main
                             Document      Page 39 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

### Chapter 11: Reorganization

| | | |
|---|---:|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

Case 3:19-bk-02693    Doc 1    Filed 04/26/19    Entered 04/26/19 13:28:31    Desc Main
Document    Page 40 of 50

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Chapter 12: Repayment plan for family farmers or fishermen**

|   |        |                    |
|---|--------|--------------------|
|   | $200   | filing fee         |
| + | $75    | administrative fee |
|   | $275   | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

**Chapter 13: Repayment plan for individuals with regular income**

|   |        |                    |
|---|--------|--------------------|
|   | $235   | filing fee         |
| + | $75    | administrative fee |
|   | $310   | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

  domestic support obligations,

  most student loans,

  certain taxes,

  debts for fraud or theft,

  debts for fraud or defalcation while acting in a fiduciary capacity,

  most criminal fines and restitution obligations,

  certain debts that are not listed in your bankruptcy papers,

  certain debts for acts that caused death or personal injury, and

  certain long-term secured debts.

---

Case 3:19-bk-02693    Doc 1    Filed 04/26/19    Entered 04/26/19 13:28:31    Desc Main
Document    Page 41 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

## Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to: http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

page 4

Best Case Bankruptcy

Case 3:19-bk-02693   Doc 1   Filed 04/26/19   Entered 04/26/19 13:28:31   Desc Main
Document   Page 42 of 50

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf

Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

B2030 (Form 2030) (12/15)

## United States Bankruptcy Court
### Middle District of Tennessee

| In re | **Fawn ▆▆▆ Fenton** | | Case No. | |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | **13** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **4,250.00** |
| Prior to the filing of this statement I have received | $ | **0.00** |
| Balance Due | $ | **4,250.00** |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  [Other provisions as needed]
       **Please refer to the attached Rights and Responsibilities of the Chapter 13 Debtor and Attorney**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Please refer to the attached Rights and Responsibilities of the Chapter 13 Debtor and Attorney**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **April 26, 2019** | **/s/ Mary Beth Ausbrooks** |
|---|---|
| *Date* | **Mary Beth Ausbrooks** |
| | *Signature of Attorney* |
| | **Rothschild & Ausbrooks PLLC** |
| | **1222 16th Avenue South, Suite 12** |
| | **Nashville, TN 37212-2926** |
| | **(615) 242-3996   Fax: (615) 242-2003** |
| | **notice@rothschildbklaw.com** |
| | *Name of law firm* |

---

10.    Contact the attorney before buying, refinancing, or selling real property or a motor vehicle or before entering into any loan agreements to find out what approvals are required, including retaining a real estate agent or listing property for sale.

11.    Contact the attorney if the debtor receives an inheritance.

12.    Contact the attorney if the client is sued during the case.

13.    Contact the attorney if the client has any potential lawsuits against another person or company after the bankruptcy is filed.

14.    Attend a financial management workshop no later than the due date of the last scheduled plan payment.

15.    Open and read all mail from the attorney, Trustee, or Bankruptcy Court.

## ATTORNEY

The attorney has agreed to accept a flat fee of $ _9250_ for all aspects of the bankruptcy case except for services excluded from the flat fee (described below). For some of the excluded services, the attorney has agreed to limit the fees to amounts set by the Bankruptcy Court for the specific services. For the remaining excluded services, the attorney may request additional fees on an hourly basis in accordance with the agreement between the attorney and the client.

Fees shall be paid by the Trustee through the plan unless otherwise ordered. The attorney may not receive fees directly from the client other than the initial retainer, unless paid by a third party, in which event such payment must be fully disclosed to the Bankruptcy Court. Any fee must be agreed upon by the client and the attorney, and approved by the court.

**Services included in the flat fee.** The services the attorney agrees to provide for the flat fee include:

1.    Meet with the client to review the client's debts, assets, liabilities, income, and expenses. Request appropriate financial information, including credit reports and information on any mortgage debt or support obligation.

2.    Conduct necessary due diligence regarding any prior bankruptcies involving the client.

3.    Counsel the client regarding the advisability of filing a bankruptcy and whether filing either a Chapter 7 or Chapter 13 case would assist in meeting the client's objectives; discuss procedures in both Chapter 7 and Chapter 13 with the client, and answer the client's questions.

4.    Explain what payments will be made directly by the client and what payments will be made through the client's Chapter 13 plan.

5.    Explain to the client how, when, and where to make the Chapter 13 plan payments, including advising the client that the first plan payment must be made to the Trustee no later than 30 days after the case is filed.

6.    Explain to the client how the attorney's fees and trustee's fees are paid, providing a signed copy of the contract between the client and the attorney and a copy of this Rights and Responsibilities to the debtor.

7.   Advise the client of the requirement to attend the 341 Meeting of Creditors, arriving early, and instruct the client as to the date, time, and place of the meeting. Advise the client to bring a copy of the petition and the schedules and statements to the Meeting.
8.   Advise the client of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases and advise the client of the duty to insure all property of the estate.
9.   Timely prepare and file the client's petition, plan, statements, and schedules.
10.  Ensure that if the plan includes a motion to void liens, that the collateral is identified and an exemption is claimed.
11.  Ensure proper notice and service of the plan.
12.  Appear at the 341 Meeting of Creditors with the client.
13.  Review all documents filed in the case and all communications concerning the case.
14.  Respond to objections to plan confirmation and, where necessary, prepare an amended plan, and appear at the confirmation hearing.
15.  Explain that a plan may be modified after confirmation and, where needed, prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.
16.  Prepare, file, and serve necessary amended statements and schedules in accordance with information provided by the client.
17.  Review the confirmation order and the Trustee's notice of intent to pay claims.
18.  If necessary, object to improper or invalid claims based upon information provided by the client.
19.  File claims for creditors when the client's goals and interests are served by such filing.
20.  Respond to client communications, advising the client of the best and most efficient means of communications.
21.  File notice of change of employment/change of address.
22.  Represent the client in connection with all motions filed in the bankruptcy case, other than those listed in the excluded services below.
23.  Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.

**Additional services requiring additional limited fees.** The following services are not included in the flat fee, but the attorney has agreed to provide these services, when necessary and appropriate for the case, for additional compensation based on a fee schedule approved by the Court. The maximum additional fee for work performed in connection with obtaining the necessary Court approval for certain activities is indicated below:

1.   Mortgage loan modification of the claim secured by the debtor's principal residence – up to $500
2.   Substitution of collateral – up to $400.
3.   Retention of a realtor, auctioneer or other professional relating to the sale of property or representing the interests of the estate – up to $200
4.   Sale of property and disposition of the proceeds, resulting in the closing of such sale and the filing of any necessary report of the sale – up to $300.

5.   Retention of special counsel relating to collecting or pursuing a cause of action in a different judicial forum and that results in the filing of a motion and order authorizing the approval of a settlement of such litigation – up to $300.

**Additional services on an hourly basis.** The following services are not included in the flat fee and are not covered by any specific cap on fee, but the attorney has agreed to provide these services, when necessary and appropriate for the case, but may charge an hourly rate for the work performed – subject to Court approval:

1.   Motions for sanctions or contempt.
2.   Representation at a Rule 2004 examination.

**Services the attorney has not agreed to provide.** The attorney has not agreed to represent the client in any adversary proceeding or certain contested matters placed on an "adversary track" by order of the Court, unless the details of such separate litigation representation are spelled out in an addendum to this agreement or in a separate supplemental contract. The client will be fully apprised of any such anticipated litigation that would not be covered by this agreement.

Effective Date: ___4-24-19___

Rothschild & Ausbrooks, PLLC

By: _____

CLIENT  _Fawn Fenton_

_____

CLIENT (*if joint*)

**United States Bankruptcy Court**
**Middle District of Tennessee**

In re    **Fawn ████ Fenton** _____    Case No. _____
                                              Debtor(s)    Chapter    **13** _____

## VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **April 26, 2019** _____        /s/ Fawn ████ Fenton _____
                                              Fawn ████ Fenton
                                              Signature of Debtor

FAWN ▮▮▮▮▮▮ FENTON

BRENTWOOD TN 37027

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS PLLC
1222 16TH AVENUE SOUTH, SUITE 12
NASHVILLE, TN 37212-2926

AMERICAN EXPRESS
ATTN: OFFICER MANAGER OR AGENT
PO BOX 981537
EL PASO TX 79998

ASCEND FEDERAL CREDIT UNION
ATTN: OFFICER MANAGER OR AGENT
PO BOX 1210
TULLAHOMA TN 37388

BANCORP SOUTH
ATTN: OFFICER MANAGER OR AGENT
914 MURFREESBORO ROAD
FRANKLIN TN 37067

BANK OF AMERICA
ATTN: OFFICER MANAGER OR AGENT
PO BOX 982238
EL PASO TX 79998

BANK OF AMERICA, NA
ATTN: OFFICER MANAGER OR AGENT
4909 SAVARESE CIRCLE
TAMPA FL 33634

CAPITAL ONE BANK USA NA
ATTN: OFFICER MANAGER OR AGENT
PO BOX 30281
SALT LAKE CITY UT 84130-0281

CHASE CARD
ATTN: OFFICER MANAGER OR AGENT
PO BOX 15298
WILMINGTON DE 19850

IRS INSOLVENCY
ATTN: OFFICER MANAGER OR AGENT
PO BOX 7346
PHILADELPHIA PA 19101-7346

IRS INSOLVENCY
801 BROADWAY ROOM 285
MDP 146
NASHVILLE TN 37203

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

TOYOTA MOTOR CREDIT CO.
ATTN OFFICER MANAGER OR AGENT
5005 N RIVER BLVD. NE
CEDAR RAPIDS IA 52411-6634

US ATTORNEY GENERAL
US DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE
WASHINGTON DC 20530

C/O BROOKSIDE PROPERTIES, INC.
2002 RICHARD JONES ROAD, SUITE 200-C
NASHVILLE TN 37215

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor    **Fawn** ▓▓ **Fenton**

United States Bankruptcy Court for the:    **MIDDLE DISTRICT OF TENNESSEE**    ☐ Check if this is an amended plan
[Bankruptcy district]

Case number: _____

# Chapter 13 Plan

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1 | $595.00 | Semi-Monthly | 60 months | ☑ Debtor will make payment directly to trustee |
| ☐ Debtor 2 | | | | ☐ Debtor consents to payroll deduction from: |

**2.2 Income tax refunds.**
*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.3 Additional payments.**
*Check one.*

☑ None. If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $100%.**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1 Maintenance of payments and cure of default. Check one.**

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be

APPENDIX D

Debtor    **Fawn** ▆ **Fenton**                                    Case number _____

disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| BanCorp South | 1986 Sunny Side Drive Brentwood, TN 37027 Williamson County | **See Nonstandard provisions, set out in Part 9.** | Prepetition: $0.00 Gap payments: Last month in gap: | 0.00% | **See Nonstandard provisions, set out in Part 9.** |
| Bank of America, NA | 1986 Sunny Side Drive Brentwood, TN 37027 Williamson County | **See Nonstandard provisions, set out in Part 9.** | Prepetition: $0.00 Gap payments: Last month in gap: | 0.00% | **See Nonstandard provisions, set out in Part 9.** |

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
     **The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑    For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 3:19-bk-02693    Doc 2    Filed 04/26/19    Entered 04/26/19 13:29:16    Desc Main
                                Document    Page 2 of 5

| Debtor | Fawn ▮▮▮ Fenton | | | Case number | | | |
|---|---|---|---|---|---|---|---|
| **Name of creditor** | **Estimated amount of creditor's total claim** | **Collateral** | **Value of collateral** | **Amount of claims senior to creditor's claim** | **Value securing claim** | **Interest rate** | **Monthly payment** |
| **Toyota Motor Credit Co.** | $12,600.00 | 2017 Toyota Prius 23,000 miles VIN: ▮▮▮▮ | $16,375.00 | $0.00 | $12,600.00 | 5.50% | $356.99 (Class 3) |

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:** **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,250.00 (Class 3)**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☑ The attorney for the debtor(s) shall receive a monthly payment of **$770 (Class 3)**.

☐ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
☐ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.
☑ The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| **IRS Insolvency** | **$0.00 (Class 4)** |
| **Bankruptcy Court Clerk** | **$310.00 (Class 1 & 2)** |

**Part 5:** **Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐ The sum of $
☑ **100.00** % of the total amount of these claims. **(Class 5)**
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

Debtor    **Fawn** ████ **Fenton**       Case number _____

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

> ☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

> ☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

> ☑    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

> Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

**Part 6:**    **Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

> ☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Part 7:**    **Order of Distribution of Available Funds by Trustee**

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

c. Other fixed monthly payments

> If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

> The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☑ **Alternative order of distribution:**

> **1. Filing Fee**
> **2. Notice Fee**
> **3. Monthly Payments on Secured Debts & Attorney's Fees**
> **4. Priority Debts**
> **5. General Unsecured Claims**
> **6. §1305 Claims**

**Part 8:**    **Vesting of Property of the Estate**

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*

**APPENDIX D**                          Chapter 13 Plan                            Page 4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor      **Fawn ▮▮▮ Fenton**                                    Case number

- [ ] plan confirmation.
- [x] other:  **Entry of Discharge**

---

**Part 9:  Nonstandard Plan Provisions**
*Nonstandard provisions are required to be set forth below.*

These plan provisions will be effective only if the applicable box in § 1.3 is checked.

**Adequate Protection Payments:**
**Toyota Motor Credit Co. @ $25.00**

Debtor moves for permission to sell real property located at 1986 Sunny Side Drive Brentwood, TN 37027  Williamson County, within 180 days of confirmation with no payments being made in the interim.  The liens of Bank of America, NA and BanCorp South shall be satisfied in full and all remaining proceeds after Debtor's homestead exemption and costs of sale shall be paid to the Chapter 13 Trustee for the benefit of the estate.

Confirmation of this Plan imposes upon any claimholder treated under § 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

The Trustee may adjust the post-petition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

The Trustee is authorized to pay any post-petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

**Part 10:  Signatures:**

| | | | |
|---|---|---|---|
| X | **/s/ Mary Beth Ausbrooks** | Date | **April 26, 2019** |
| | **Mary Beth Ausbrooks** | | |
| | **Signature of Attorney for Debtor(s)** | | |
| X | **/s/ Fawn ▮▮▮ Fenton** | Date | **April 26, 2019** |
| | **Fawn ▮▮▮ Fenton** | | |
| X | | Date | |

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 3:19-bk-02693   Doc 2   Filed 04/26/19   Entered 04/26/19 13:29:16   Desc Main
Document      Page 5 of 5

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Fawn** **Fenton** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | MIDDLE DISTRICT OF TENNESSEE | |
| Case number (if known) | | | |

☐ Check if this an amended filing

## Official Form 103A
## Application for Individuals to Pay the Filing Fee in Installments

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

### Part 1:    Specify Your Proposed Payment Timetable

1. **Which chapter of the Bankruptcy Code are you choosing to file under?**

   ☐ Chapter 7
   ☐ Chapter 11
   ☐ Chapter 12
   ■ Chapter 13

2. **You may apply to pay the filing fee in up to four installments. Fill in the amounts you propose to pay and the dates you plan to pay them. Be sure all dates are business days. Then add the payments you propose to pay.**

   **You must propose to pay the entire fee no later than 120 days after you file this bankruptcy case. If the court approves your application, the court will set your final payment timetable.**

   You propose to pay...

   $ **0.00**
   ■ With the filing of the petition
   ☐ On or before this date.........    MM / DD/ YYYY

   $ _____    On or before this date...........    MM / DD/ YYYY

   (X) or, balance to be paid through plan by Chapter 13 Trustee.

   $ _____    On or before this date...........    MM / DD/ YYYY

   + $ _____    On or before this date...........    MM / DD/ YYYY

   **Total**    $ **310.00**    Your total must equal the entire fee for the chapter you checked in line 1.

### Part 2:    Sign Below

By signing here, you state that you are unable to pay the full filing fee at once, that you want to pay the fee in installments, and that you understand that:

- You must pay your entire filing fee before you make any more payments or transfer any more property to an attorney, bankruptcy petition preparer, or anyone else for services in connection with your bankruptcy case.
- You must pay the entire fee no later than 120 days after you first file for bankruptcy, unless the court later extends your deadline. Your debts will not be discharged until your entire fee is paid.
- If you do not make any payment when it is due, your bankruptcy case may be dismissed, and your rights in other bankruptcy proceedings may be affected.

| X **/s/ Fawn Fenton** | X _____ | X **/s/ Mary Beth Ausbrooks** |
|---|---|---|
| **Fawn Fenton** | | **Mary Beth Ausbrooks** |
| Signature of Debtor 1 | Signature of Debtor 2 | Your attorney's name and signature, if you used one |
| Date **April 26, 2019** | Date | Date **April 26, 2019** |
| MM / DD / YYYY | MM / DD / YYYY | MM/ DD / YYYY |

| Fill in this information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Fawn** | **Fenton** | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | MIDDLE DISTRICT OF TENNESSEE | |
| Case number (*if known*) | | | |

Chapter filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13

## Order Approving Payment of Filing Fee in Installments

After considering the *Application for Individuals to Pay the Filing Fee in Installments* (Official Form 103A), the court orders that:

☐ The debtor(s) may pay the filing fee in installments on the terms proposed in the application.

☐ The debtor(s) must pay the filing fee according to the following terms:

| You must pay... | On or before this date... |
|---|---|
| $ _____ | _____ Month / day / year |
| $ _____ | _____ Month / day / year |
| $ _____ | _____ Month / day / year |
| + $ _____ | _____ Month / day / year |
| **Total** $ _____ | |

Until the filing fee is paid in full, the debtor(s) must not make any additional payment or transfer any additional property to an attorney or to anyone else for services in connection with this case.

_____     **By the court:** _____
Month / day / year                          United States Bankruptcy Judge

| Fill in this information to identify your case: | Check as directed in lines 17 and 21: |
|---|---|

**Debtor 1**  Fawn ▮▮▮ Fenton

**Debtor 2**
(Spouse, if filing)

United States Bankruptcy Court for the:    Middle District of Tennessee

**Case number**
(if known)

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☑ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

☑ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:    Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

    ☐ **Not married.** Fill out Column A, lines 2-11.

    ☑ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 7,500.00 | $ 0.00 |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 0.00 | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | |
| Net monthly income from a business, profession, or farm | $ | 0.00 | Copy here -> $ 0.00 | $ 0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 0.00 | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | |
| Net monthly income from rental or other real property | $ | 0.00 | Copy here -> $ 0.00 | $ 0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 3:19-bk-02693    Doc 5    Filed 04/26/19    Entered 04/26/19 13:29:49    Desc Main
Document    Page 1 of 4

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1    **Fawn** ████ **Fenton**      Case number (*if known*) _____

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

**7.**   **Interest, dividends, and royalties**     $   0.00    $   0.00

**8.**   **Unemployment compensation**     $   0.00    $   0.00

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you      $   0.00

For your spouse      $   0.00

**9.**   **Pension or retirement income. Do not include any amount received that was a benefit under the Social Security Act.**     $   0.00    $   0.00

**10. Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

    _____    $   0.00    $   0.00

    _____    $   0.00    $   0.00

Total amounts from separate pages, if any.    + $   0.00    $   0.00

**11.**   **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.     $   7,500.00   + $   0.00   = $   7,500.00

                 *Total average<br>monthly income*

---

| **Part 2:** | **Determine How to Measure Your Deductions from Income** |
|---|---|

**12. Copy your total average monthly income from line 11.** ..................................................    $   7,500.00

**13. Calculate the marital adjustment.** Check one:

☐   You are not married. Fill in 0 below.

☐   You are married and your spouse is filing with you. Fill in 0 below.

■   You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

    _____    $ _____

    _____    $ _____

    _____    + $ _____

Total    ..........................................    $   0.00    Copy here=>    -    0.00

**14.**   **Your current monthly income.** Subtract line 13 from line 12.     $   7,500.00

**15.**   **Calculate your current monthly income for the year.** Follow these steps:

15a.   Copy line 14 here=>     $   7,500.00

      Multiply line 15a by 12 (the number of months in a year).     x 12

15b.   The result is your current monthly income for the year for this part of the form. ..........................................     $   90,000.00

---

Case 3:19-bk-02693    Doc 5    Filed 04/26/19    Entered 04/26/19 13:29:49    Desc Main
Document     Page 2 of 4

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.                          **TN**

16b. Fill in the number of people in your household.               **1**

16c. Fill in the median family income for your state and size of household.                    $ **47,214.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. Go to Part 3. Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ■ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. Go to Part 3 and fill out *Calculation of Your Disposable Income* (Official Form 122C-2). On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. Copy your total average monthly income from line 11 .                         $ **7,500.00**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.             -$ **0.00**

19b. **Subtract line 19a from line 18.**                                          $ **7,500.00**

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b                                                               $ **7,500.00**

Multiply by 12 (the number of months in a year).                                 x **12**

20b. The result is your current monthly income for the year for this part of the form    $ **90,000.00**

20c. Copy the median family income for your state and size of household from line 16c    $ **47,214.00**

21. **How do the lines compare?**

☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. Go to Part 4.

■ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Fawn ▇▇ Fenton**
   **Fawn ▇▇ Fenton**
   Signature of Debtor 1

Date **April 26, 2019**
      MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Debtor 1    **Fawn**      **Fenton**                                   Case number (*if known*) _____

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**

Income for the Period **10/01/2018** to **03/31/2019**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**

Source of Income: **Adkisson & Associates**

Constant income of **$7,500.00** per month.

Fill in this information to identify your case:

| Debtor 1 | **Fawn** ███ **Fenton** |
|---|---|
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Middle District of Tennessee |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 122C-2

# Chapter 13 Calculation of Your Disposable Income

04/19

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

### Part 1:   Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

   **1**

**National Standards**      You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.     $      **647.00**

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1   **Fawn**  ████  **Fenton**                     Case number *(if known)* _____

**People who are under 65 years of age**

| | | | | | | |
|---|---|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ | 52 | | | |
| 7b. | Number of people who are under 65 | X | 1 | | | |
| 7c. | Subtotal. Multiply line 7a by line 7b. | $ | 52.00 | Copy here=> | $ | 52.00 |

**People who are 65 years of age or older**

| | | | | | | |
|---|---|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ | 114 | | | |
| 7e. | Number of people who are 65 or older | X | 0 | | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | 0.00 | Copy here=> | $ | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7g. | **Total.** Add line 7c and line 7f | $ | 52.00 | Copy total here=> | $ | 52.00 |

**Local Standards**   You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

■ **Housing and utilities - Insurance and operating expenses**

■ **Housing and utilities - Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8.   **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.     $   **490.00**

9.   **Housing and utilities - Mortgage or rent expenses:**

    9a.   Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.     $   **1,447.00**

    9b.   Total average monthly payment for all mortgages and other debts secured by your home.

       To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| -NONE- | $ |

            9b. Total average monthly payment   $ **0.00**   Copy here=>   -$ **0.00**   Repeat this amount on line 33a.

    9c.   Net mortgage or rent expense.

       Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.   $ **1,447.00**   Copy here=>   $ **1,447.00**

10.   **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**     $   **0.00**

    Explain why: _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 3:19-bk-02693   Doc 6   Filed 04/26/19   Entered 04/26/19 13:29:58   Desc Main Document     Page 2 of 8

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1   **Fawn** ▮▮▮▮ **Fenton**                                                    Case number (*if known*) _____

---

11.  **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

■ 1. Go to line 12.

☐ 2 or more. Go to line 12.

12.  **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.                           $ __196.00__

13.  **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle.  In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1      Describe Vehicle 1:**   **2017 Toyota Prius 23,000 miles VIN:** ▮▮▮▮▮▮

13a. Ownership or leasing costs using IRS Local Standard...................................................   $     497.00

13b. Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment | | |
|---|---|---|---|
| **Toyota Motor Credit Co.** | $     300.00 | | |
| Total Average Monthly Payment | $    300.00 | Copy here => -$    300.00 | Repeat this amount on line 33b. |

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. if the numbert is less than $0, enter $0.  ...................   $   197.00   | Copy net Vehicle 1 expense here =>  $   197.00

**Vehicle 2      Describe Vehicle 2:**

13d. Ownership or leasing costs using IRS Local Standard.................................................   $     0.00

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment | | |
|---|---|---|---|
| | $ _____ | | |
| Total average monthly payment | $ _____ | Copy here => -$    0.00 | Repeat this amount on line 33c. |

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. if this number is less than $0, enter $0.  ...................   $   0.00   | Copy net Vehicle 2 expense here =>  $   0.00

14.  **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.                           $     0.00

15.  **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.                           $     0.00

---

Official Form 122C-2                 **Chapter 13 Calculation of Your Disposable Income**                 page 3

Case 3:19-bk-02693   Doc 6   Filed 04/26/19   Entered 04/26/19 13:29:58   Desc Main
Document   Page 3 of 8

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1 **Fawn** ███ **Fenton**  Case number (*if known*) _____

---

**Other Necessary Expenses**  In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes. $ **1,654.96**

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings. $ **0.00**

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term. $ **0.00**

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35. $ **0.00**

20. **Education:** The total monthly amount that you pay for education that is either required:
   ■ as a condition for your job, or
   ■ for your physically or mentally challenged dependent child if no public education is available for similar services. $ **0.00**

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
Do not include payments for any elementary or secondary school education. $ **0.00**

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25. $ **0.00**

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.
Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted. +$ **0.00**

24. **Add all of the expenses allowed under the IRS expense allowances.** $ **4,683.96**
Add lines 6 through 23.

**Additional Expense Deductions**  These are additional deductions allowed by the Means Test.

*Note*: Do not include any expense allowances listed in lines 6-24.

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | | |
|---|---|---|
| Health insurance | $ | 0.00 |
| Disability insurance | $ | 0.00 |
| Health savings account | + $ | 0.00 |
| Total | $ | 0.00 |  Copy total here=>  $ **0.00**

Do you actually spend this total amount?
☐ No. How much do you actually spend?
■ Yes $ _____

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b). $ **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

By law, the court must keep the nature of these expenses confidential. $ **0.00**

---

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf  Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1  **Fawn ▮▮▮▮ Fenton**                                      Case number *(if known)*

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

    If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.

    You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.                                                    $ _____0.00

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $170.83* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

    You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

    * Subject to adjustment on 4/01/22, and every 3 years after that for cases begun on or after the date of adjustment.     $ _____0.00

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

    To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

    You must show that the additional amount claimed is reasonable and necessary.                                   $ _____0.00

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

    Do not include any amount more than 15% of your gross monthly income.                                        $ _____25.00

32. **Add all of the additional expense deductions.**
    Add lines 25 through 31.                                                                                   $ _____25.00

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

|  |  | Average monthly payment |
|---|---|---|
| | **Mortgages on your home** | |
| 33a. | Copy line 9b here ⇒ | $ _____0.00 |
| | **Loans on your first two vehicles** | |
| 33b. | Copy line 13b here ⇒ | $ _____300.00 |
| 33c. | Copy line 13e here ⇒ | $ _____0.00 |

33d.  List other secured debts

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| -NONE- | | ☐ No<br>☐ Yes | $ _____ |
| | | ☐ No<br>☐ Yes | $ _____ |
| | | ☐ No<br>☐ Yes  + | $ _____ |

| 33e. | Total average monthly payment. Add lines 33a through 33d | $ 300.00 | Copy total here ⇒ | $ 300.00 |
|---|---|---|---|---|

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1    **Fawn** ▉▉▉ **Fenton** _____    Case number (*if known*) _____

---

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☐ No.    Go to line 35.

☐ Yes.   State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| -NONE- | | $ | ÷ 60 = $ | |
| | | Total $    0.00 | Copy total here=> $ | 0.00 |

35. **Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case? 11 U.S.C. § 507.**

☐ No.    Go to line 36.

☑ Yes.   Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

| | | | | |
|---|---|---|---|---|
| Total amount of all past-due priority claims | | $   310.00 | ÷ 60   $ | 5.17 |

36. **Projected monthly Chapter 13 plan payment**    $   1,190.00

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).    X   3.50

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

| | | |
|---|---|---|
| Average monthly administrative expense | $   41.65 | Copy total here=>   $   41.65 |

37. **Add all of the deductions for debt payment.**    $   346.82
Add lines 33e through 36.

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

| Copy line 24, *All of the expenses allowed under IRS expense allowances* | $ | 4,683.96 | |
|---|---|---|---|
| Copy line 32, *All of the additional expense deductions* | $ | 25.00 | |
| Copy line 37, *All of the deductions for debt payment* | +$ | 346.82 | |
| Total deductions................................................... | $ | 5,055.78 | Copy total here=>   $   5,055.78 |

---

Case 3:19-bk-02693   Doc 6   Filed 04/26/19   Entered 04/26/19 13:29:58   Desc Main
                             Document      Page 6 of 8

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1   **Fawn ▮▮▮▮ Fenton**                                    Case number (*if known*) _____

| Part 2: | Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2) |
|---|---|

39. Copy your total current monthly income from line 14 of Form 122C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*            $ **7,500.00**

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.            $ **0.00**

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).            $ **0.00**

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here  ⇒  $ **5,055.78**

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

**Describe the special circumstances**                          **Amount of expense**

_____    $ _____
_____    $ _____
_____    $ _____

                              Total  $ **0.00**          Copy here=> $ **0.00**

44. **Total adjustments.** Add lines 40 through 43            ⇒  $ **5,055.78**          Copy here=> -$ **5,055.78**

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.            $ **2,444.22**

| Part 3: | Change in Income or Expenses |
|---|---|

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 | _____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | _____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | _____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | _____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | _____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | _____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | _____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | _____ | _____ | _____ | ☐ Decrease | $ _____ |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf                Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

| Part 4: | **Sign Below** |
|---|---|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

X **/s/ Fawn** ▮▮ **Fenton** _____
   **Fawn** ▮▮ **Fenton**
   Signature of Debtor 1

Date **April 26, 2019** _____
   MM / DD / YYYY

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf   Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Certificate Number: 15725-TNM-CC-032535372



15725-TNM-CC-032535372

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>April 1, 2019</u>, at <u>3:36</u> o'clock <u>PM EDT</u>, <u>Fawn Fenton</u> received from <u>001 Debtorcc, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Middle District of Tennessee</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:    <u>April 1, 2019</u>                    By:    <u>/s/Landes Thomas</u>

                                Name:   <u>Landes Thomas</u>

                                Title:   <u>Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
Fawn ▮ Fenton )           CHAPTER      13
▮▮▮▮▮ )                   CASE NO:     19-02693
Brentwood, TN 37027 )     JUDGE        WALKER
SSN: XXX-XX-2065 )
)

Debtor

## CERTIFICATE OF SERVICE

I certify that on this 26TH day of April, 2019, I served a copy of the foregoing Chapter 13 Plan in the

following manner:

### *Email by Electronic Case Noticing to:*

Asst. U.S. Trustee
Henry E. Hildebrand, III, Chapter 13 Trustee

### *By U.S. Postal Service, Certified Mail to:*

### *By U.S. Postal Service, postage prepaid to:*

BanCorp South
Attn: Officer Manager or Agent
914 Murfreesboro Road
Franklin TN 37067-0000

Bank of America, NA
Attn: Officer Manager or Agent
4909 Savarese Circle
Tampa FL 33634-0000

Toyota Motor Credit Co.
Attn Officer Manager or Agent
5005 N River Blvd. NE
Cedar Rapids IA 52411-6634

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf      Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

0 TOTAL CERTIFIED MAILINGS: $0.00
3 TOTAL USPS MAILINGS: $3.00

Respectfully submitted

*/s/ Mary Beth Ausbrooks*
Mary Beth Ausbrooks

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

| Debtor | **Fawn** ▮▮▮▮ **Fenton** | | | |
|---|---|---|---|---|
| United States Bankruptcy Court for the | **MIDDLE DISTRICT OF TENNESSEE** | | ☐ | Check if this is an |
| | [Bankruptcy district] | | | amended plan |
| Case number: | | | | |

## Chapter 13 Plan

**Part 1:    Notices**

**To Debtor(s):**  This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:**  Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ **Included** | ☐ **Not Included** |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ **Included** | ☑ **Not Included** |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ **Included** | ☐ **Not Included** |

**Part 2:    Plan Payments and Length of Plan**

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1 | **$595.00** | **Semi-Monthly** | **60** months | ☑ Debtor will make payment directly to trustee |
| ☐ Debtor 2 | | | | ☐ Debtor consents to payroll deduction from: |

**2.2 Income tax refunds.**
*Check one.*

☑  Debtor(s) will retain any income tax refunds received during the plan term.

☐  Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐  Debtor(s) will treat income refunds as follows:

**2.3 Additional payments.**
*Check one.*

☑  **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $100%.**

**Part 3:    Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of default.** Check one.

☐  **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☑  Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be

APPENDIX D

Chapter 13 Plan

Page 1

| Debtor | **Fawn** ▉▉▉ **Fenton** | Case number _____ |

disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| **BanCorp South** | **1986 Sunny Side Drive Brentwood, TN 37027 Williamson County** | **See Nonstandard provisions, set out in Part 9.** | Prepetition: **$0.00** Gap payments: Last month in gap: | **0.00%** | **See Nonstandard provisions, set out in Part 9.** |
| **Bank of America, NA** | **1986 Sunny Side Drive Brentwood, TN 37027 Williamson County** | **See Nonstandard provisions, set out in Part 9.** | Prepetition: **$0.00** Gap payments: Last month in gap: | **0.00%** | **See Nonstandard provisions, set out in Part 9.** |

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
   **The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑ For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf                              Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

| Debtor | **Fawn** ▓▓▓ | **Fenton** | | Case number | | | |
|---|---|---|---|---|---|---|---|
| **Name of creditor** | **Estimated amount of creditor's total claim** | **Collateral** | **Value of collateral** | **Amount of claims senior to creditor's claim** | **Value securing claim** | **Interest rate** | **Monthly payment** |
| Toyota Motor Credit Co. | $12,600.00 | **2017 Toyota Prius 23,000 miles** **VIN:** ▓▓▓▓ | $16,375.00 | $0.00 | $12,600.00 | 5.50% | $356.99 (Class 3) |

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

   ☑   **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance.** *Check one.*
   ☑   **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
   ☑   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)** |
|---|---|

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,250.00 (Class 3)**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

   ☑   The attorney for the debtor(s) shall receive a monthly payment of **$770 (Class 3)**.

   ☐   The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

   **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
   ☑   **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

   **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
   ☑   **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
   ☐   **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.
   ☑   The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| **Name of Creditor** | **Estimated amount of claim to be paid** |
|---|---|
| **IRS Insolvency** | **$0.00 (Class 4)** |
| **Bankruptcy Court Clerk** | **$310.00 (Class 1 & 2)** |

| Part 5: | **Treatment of Nonpriority Unsecured Claims and Postpetition Claims** |
|---|---|

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
   ☐   The sum of $
   ☑   **100.00** % of the total amount of these claims. **(Class 5)**
   ☐   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf      Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor   **Fawn** ████ **Fenton**                    Case number _____

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

> ☑   **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

> ☑   **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

> ☑   **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

> Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

**Part 6:   Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

> ☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Part 7:   Order of Distribution of Available Funds by Trustee**

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

c. Other fixed monthly payments

> If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

> The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☑ **Alternative order of distribution:**

> **1. Filing Fee**
> **2. Notice Fee**
> **3. Monthly Payments on Secured Debts & Attorney's Fees**
> **4. Priority Debts**
> **5. General Unsecured Claims**
> **6. §1305 Claims**

**Part 8:   Vesting of Property of the Estate**

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*

APPENDIX D                          Chapter 13 Plan                          Page 4

Debtor   **Fawn ▮ Fenton**                                   Case number _____

☐   plan confirmation.
☑   other:   **Entry of Discharge** _____

| **Part 9:** | **Nonstandard Plan Provisions** |

*Nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in § 1.3 is checked.**

**Adequate Protection Payments:**
**Toyota Motor Credit Co. @ $25.00**

**Debtor moves for permission to sell real property located at 1986 Sunny Side Drive Brentwood, TN 37027  Williamson County, within 180 days of confirmation with no payments being made in the interim.  The liens of Bank of America, NA and BanCorp South shall be satisfied in full and all remaining proceeds after Debtor's homestead exemption and costs of sale shall be paid to the Chapter 13 Trustee for the benefit of the estate.**

Confirmation of this Plan imposes upon any claimholder treated under § 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

The Trustee may adjust the post-petition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

The Trustee is authorized to pay any post-petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

| **Part 10:** | **Signatures:** |

X   **/s/ Mary Beth Ausbrooks**                    Date   **April 26, 2019**
      **Mary Beth Ausbrooks**
      **Signature of Attorney for Debtor(s)**

X   **/s/ Fawn ▮ Fenton**                           Date   **April 26, 2019**
      **Fawn ▮ Fenton**

X   _____           Date   _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

Case 3:19-bk-02693   Doc 8-1   Filed 04/26/19   Entered 04/26/19 13:57:22   Desc
Ch ap ter 13 Plan   Page 5 of 5

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Form oinst

# United States Bankruptcy Court

MIDDLE DISTRICT OF TENNESSEE
**Case No. 3:19−bk−02693**
**Chapter 13**

In re:



Fawn ▮ Fenton

Brentwood, TN 37027

Social Security No.:
xxx−xx−2065

Employer's Tax I.D. No.:

## Order Approving Payment of Filing Fees in Installments

The debtor has filed an application and affidavit stating the terms for paying the filing fees in this case in installments.

IT IS ORDERED that the debtor shall pay the filing fee in the amount of $ 310.00 by cash, money order or cashiers check made payable to the Clerk of the US Bankruptcy Court, 701 Broadway, Suite 170, Nashville, TN 37203 within 120 days of the original filing of the petition

IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor(s) shall not make any additional payment or transfer any additional property to an attorney or any other person for services in connection with this case.

BY THE COURT

Dated: 4/26/19                                    /s/ Charles M Walker
                                                United States Bankruptcy Judge

KMD

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                          CASE NO. 19-02693-CW3-13
FAWN ██████ FENTON                              04/29/2019

BRENTWOOD, TN  37027

SSN XXX-XX-2065

---

### ORDER TO PAY TRUSTEE

---

The debtor named above has filed a petition for relief under Chapter 13 of the Bankruptcy code and has submitted all future income to the jurisdiction of the United States Bankruptcy Court.

IT IS , THEREFORE, ORDERED that until further order of this Court, the debtor named above shall pay the sum of **$595.00 SEMI-MONTHLY** and each succeeding period thereafter to the Trustee at least monthly.

| MAKE CHECKS PAYABLE AND MAIL PAYMENTS TO:<br><br>CHAPTER 13 TRUSTEE<br>P O BOX 340019<br>NASHVILLE, TN  37203 | PLEASE INCLUDE ON ALL PAYMENTS:<br><br>NAME: FAWN ██████ FENTON<br>CASE NUMBER: 319-02693 | FOR INQUIRIES:<br><br>PHONE: 615-244-1101<br>        800-231-5928<br>FAX:    615-242-3241 |
|---|---|---|

IT IS FURTHER ORDERED, that all funds forwarded to the Trustee shall be by money order, cashiers check or certified funds.

IT IS FURTHER ORDERED, that the payments required herein are to commence IMMEDIATELY UPON RECEIPT of this order.

IT IS FURTHER ORDERED, that this order supercedes previous orders to the debtor to make payments to the Trustee in this case.

cc: FAWN ██████ FENTON
    ROTHSCHILD AND AUSBROOKS PLLC
    PAID DIRECT BY DEBTOR

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

Charles M. Walker
U.S. Bankruptcy Judge
   Dated:  4/30/2019



KMD

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

IN RE:                                          CASE NO. 19-02693-CW3-13
FAWN        FENTON                              04/29/2019
BRENTWOOD, TN  37027

SSN XXX-XX-2065

---

### ORDER TO PAY TRUSTEE

The debtor named above has filed a petition for relief under Chapter 13 of the Bankruptcy code and has submitted all future income to the jurisdiction of the United States Bankruptcy Court.

IT IS , THEREFORE, ORDERED that until further order of this Court, the debtor named above shall pay the sum of **$595.00 SEMI-MONTHLY** and each succeeding period thereafter to the Trustee at least monthly.

| MAKE CHECKS PAYABLE AND MAIL PAYMENTS TO:<br><br>CHAPTER 13 TRUSTEE<br>P O BOX 340019<br>NASHVILLE, TN  37203 | PLEASE INCLUDE ON ALL PAYMENTS:<br><br>NAME: FAWN     FENTON<br>CASE NUMBER: 319-02693 | FOR INQUIRIES:<br><br>PHONE: 615-244-1101<br>       800-231-5928<br>FAX:   615-242-3241 |
| --- | --- | --- |

IT IS FURTHER ORDERED, that all funds forwarded to the Trustee shall be by money order, cashiers check or certified funds.

IT IS FURTHER ORDERED, that the payments required herein are to commence IMMEDIATELY UPON RECEIPT of this order.

IT IS FURTHER ORDERED, that this order supercedes previous orders to the debtor to make payments to the Trustee in this case.

cc:  FAWN        FENTON
     ROTHSCHILD AND AUSBROOKS PLLC
     PAID DIRECT BY DEBTOR

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE
TOP OF THE FIRST PAGE.

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | Fawn ▓ Fenton | | | Social Security number or ITIN   xxx–xx–2065 |
| | First Name | Middle Name | Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 | | | | Social Security number or ITIN  _ _ _ _ |
| (Spouse, if filing) | First Name | Middle Name | Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   MIDDLE DISTRICT OF TENNESSEE | | | | Date case filed for chapter 13  4/26/19 |
| Case number:   3:19–bk–02693 | | | | |

## Official Form 309I
## Notice of Chapter 13 Bankruptcy Case

12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Fawn ▓ Fenton | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | Brentwood, TN 37027 | |
| 4. | Debtor's attorney Name and address | MARY ELIZABETH AUSBROOKS ROTHSCHILD & AUSBROOKS 1222 16TH AVE SO STE 12 NASHVILLE, TN 37212–2926 | Contact phone: 615–242–3996 Email: marybeth@rothschildbklaw.com |
| 5. | Bankruptcy trustee Name and address | HENRY EDWARD HILDEBRAND III OFFICE OF THE CHAPTER 13 TRUSTEE PO BOX 340019 NASHVILLE, TN 37203–0019 | Contact phone: 615 244–1101 Email: None |
| 6. | Bankruptcy clerk's office Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 701 Broadway Room 170 Nashville, TN 37203 | Hours open: 8:00AM–4:00PM Monday–Friday Contact phone: 615–736–5584 Date: 4/30/19 |

**For more information, see page 2**

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf         Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor Fawn ████ Fenton

Case number 3:19-bk-02693

| 7. Meeting of creditors<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | June 11, 2019 at 11:00 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>Customs House, 701 Broadway, Room 100, Nashville, TN 37203 |
|---|---|---|
| | *** Valid photo identification required *** | |

| 8. Deadlines<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>You must file:<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 8/12/19** |
|---|---|---|
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 7/5/19** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 10/23/19** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 9. Filing of plan | If the debtor has filed a plan, it is enclosed. Any written objection must be filed at least 5 calendar days before the meeting of creditors. An oral objection may be raised at the meeting of creditors. If a timely objection is made, the confirmation hearing will be held on: 7/15/19 at 08:30 AM,<br>Location: Courtroom 1, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203.<br>If no timely objection is made, the plan may be confirmed as unopposed. |
|---|---|
| 10. Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 11. Filing a chapter 13 bankruptcy case | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| 12. Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| 13. Discharge of debts | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. |

https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Wife doesn't even mention the fact that she stopped paying their mortgage payments, risking both their life's savings and retirement investments, while also filing for bankruptcy and seeking to forfeit their home, literally 20-days earlier!

## Jeff Fenton

| | |
|---|---|
| **From:** | Fawn Fenton |
| **Sent:** | Thursday, May 16, 2019 5:02 PM |
| **To:** | Jeff Fenton |
| **Subject:** | RE: Terminate $500 Per Month - Partial Support - Keeping Utilities in Your Name for Now |

Ok, I am good with keeping the utilities and not sending you checks for now.
Thanks.

**From:** Jeff Fenton
**Sent:** Thursday, May 16, 2019 1:21 PM
**To:** Fawn Fenton ; Fawn Fenton
**Subject:** Terminate $500 Per Month - Partial Support - Keeping Utilities in Your Name for Now
**Importance:** High

Hey Fawn,

Since I haven't heard anything back about transferring the utilities. I think it is probably best for now that we leave the SS utilities in your name and you can just quit mailing me the $250 checks for my expenses every two weeks.

I deposited the final check that I have yesterday anyway, and since this is a bit of a hassle to keep reminding you about, just save this money for now to meet your own financial short-fall, which if I understood you correctly, should completely cure your present negative cash-flow.

I've been working on a million projects to make my roommates comfortable (they PEE a lot, so I need to TRY to fix the bonus room toilet), and to secure the house once I start some vocational training or job, which will be next on my list.

My stuff is all in chaos now, after cleaning out both "junk rooms", and I still have that lawsuit with BCS to contend with… response due next week.

Anyhow, I primarily wanted to touch base about the money and utilities, since it is a slight deviation from what we previously spoke of. This should benefit you slightly though financially.

I will open a new Netflix account, and email you once I do, so that you can close your account if you are no longer using it.

That way I can setup a new profile for each roommate.

1

I also still need to deal with AT&T who has been charging me around $95 per month for my cell service, since you ported out.

I also still need to increase my Comcast subscription, since we are exceeding the data cap, due to our three streaming TVs.

Anyhow, I hope that you are well.

# JEFF FENTON
## METICULOUS.tech
(615) 837-1300 OFFICE
(615) 837-1301 MOBILE
(615) 837-1302 FAX

TECHNICAL CONSULTING, SERVICES, AND SOLUTIONS,
WHEN IT'S WORTH DOING RIGHT THE FIRST TIME!

SUBMIT OR RESPOND TO A SUPPORT TICKET HERE.

A DIVISION OF METICULOUS MARKETING LLC

https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-premarital-assets-invested.pdf
https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-brentwood-tn-deed.pdf
https://rico.jefffenton.com/evidence/2011-04-29_fenton-marital-residence-tenancy-by-entirety.pdf
https://rico.jefffenton.com/evidence/1986-sunnyside-brentwood-tn-2019-property-taxes.pdf
https://rico.jefffenton.com/evidence/1986-sunnyside-property-improvement-highlights.pdf
https://rico.jefffenton.com/evidence/2018-04-23_wife-locked-plaintiff-out-of-financial-accounts.pdf
https://rico.jefffenton.com/evidence/2018-05-02_family-budget-living-apart.pdf
https://rico.jefffenton.com/evidence/2018-07-12_arons-and-associates-divorce-planning.pdf
https://rico.jefffenton.com/evidence/2018-10-09_wife-does-not-want-to-keep-marital-residence.pdf
https://rico.jefffenton.com/evidence/2018-10-27_verbal-settlement-agreement.pdf
https://rico.jefffenton.com/evidence/2019-01-28_verbal-agreement-needed-in-writing-for-closing.pdf
https://rico.jefffenton.com/evidence/2019-02-21_request-for-clarification-on-finances.pdf
https://rico.jefffenton.com/evidence/2019-02-25_wifes-monthly-budget-deficit_400-500
https://rico.jefffenton.com/evidence/2019-04-26_ausbrooks-story-fraudulent-bk-petition.pdf
https://rico.jefffenton.com/evidence/2019-05-16_support-email-wife-never-mentioned-bankruptcy.pdf

https://rico.jefffenton.com/evidence/2019-06-04_tn-chancery-divorce-filing-date-48419b.pdf
https://rico.jefffenton.com/evidence/2019-07-17_chancery-motion-to-sell-marital-residence.pdf
https://rico.jefffenton.com/evidence/2019-08-14_bankrupcy-planned-for-when-employer-retires.pdf
https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf
https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.pdf
https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.mp4

https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-call-declaration.pdf
https://rico.jefffenton.com/evidence/2020-07-02_ch7-bk-trustee-john-mclemore-phone-call.mp3
https://rico.jefffenton.com/evidence/2021-01-26_trustees-final-account-and-distribution-report.pdf
https://rico.jefffenton.com/evidence/2021-12-02_fbi-mark-shafer-binkley-story-corruption.mp3
https://rico.jefffenton.com/evidence/2022-02-01_fenton-affidavit-of-story-binkley-fraud-on-court.pdf
https://rico.jefffenton.com/evidence/2022-03-10_doj-ustp-megan-seliber-bk-fraud-referral.mp3
https://rico.jefffenton.com/evidence/2022-03-15_ustp-bk-fraud-referral-confirmed-no-notice.pdf
https://rico.jefffenton.com/evidence/2024-01-12_irrefutable-proof-of-criminal-conspiracy.pdf
https://rico.jefffenton.com/evidence/2024-01-18_binkley-disqualification-for-bias-coercion.pdf

Debtor 1    **Fawn** ▊ **Fenton**                     Case number (if known)    3:19-bk-02693

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**    18. $    **0.00**
19. **Other payments you make to support others who do not live with you.**    $    **0.00**

20. Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*
    20a. Mortgages on other property    20a. $    **0.00**
    20b. Real estate taxes    20b. $    **0.00**



https://rico.jefffenton.com/evidence/2019-05-16_support-email-wife-never-mentioned-bankruptcy.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Fawn** ▊ **Fenton** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF TENNESSEE | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

### 1. Do any creditors have claims secured by your property?

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral | Unsecured |
| | | Do not deduct the | that supports this | portion |
| | | value of collateral. | claim | If any |

**2.1    BanCorp South**
Creditor's Name

Attn: Officer Manager or Agent
914 Murfreesboro Road
Franklin, TN 37067

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**1986 Sunny Side Drive Brentwood, TN 37027  Williamson County**
Separated Spouse is on Deed only

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)   Home Equity L

Column A: $53,967.42    Column B: $425,000.00    Column C: $0.00

*Attorney Ausbrooks failed to list me here as having any FINANCIAL investment and interest in OUR EQUALLY Deeded Marital Property. Although the loans were in Ms. Fenton's name, since our previous residence was still financed in my name (making the income to debt ratios easier, to qualify for more favorable interest rates), every dollar, asset, and debt we had, while we were married, we owned a joint and equal interest in! There was NO differentiation between his/hers money, property, or debt obligations. While I was also required to sign as a BORROWER at closing for both of these loans/mortgages, to subject my interest in the property to the repayment of these notes. This is clearly "Fraud On the Court by Officer(s) of the Court!" by Ausbrooks.*

Who owes the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred ___    Last 4 digits of account number ___

**2.2    Bank of America, NA**
Creditor's Name

Attn: Officer Manager or Agent
4909 Savarese Circle
Tampa, FL 33634

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**1986 Sunny Side Drive Brentwood, TN 37027  Williamson County**
Separated Spouse is on Deed only

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)   First Mortgage

$240,182.77    $425,000.00    $0.00

*Furthermore, Ms. Ausbrooks "erroneously" lists the information about me existing, in the PROPERTY ADDRESS BOX, while failing to check the boxes to indicate that I have any financial responsibility for these loans, that I have any financial investment or interest in this property, or that my financial interest is subject to these mortgages and notes being paid as promised. While I was provided absolutely NO NOTICE that my ex-wife was secretly filing for bankruptcy, or that she had specifically REQUESTED to unnecessarily forfeit OUR Marital Residence, and that the whole of ALL my investments in life, were being defaulted on and about to be LOST!*

Who owes the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred ___    Last 4 digits of account number ___

Official Form 106D          Schedule D: Creditors Who Have Claims Secured by Property          page 1 of 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

https://rico.jeffenton.com/evidence/2019-04-26_ausbrooks-story-fraudulent-bk-petition.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor 1  Fawn ▮▮ Fenton                                    Case number (if known)

| 4.4 | **Capital One Bank USA NA** | Last 4 digits of account number | $9,818.83 |

Nonpriority Creditor's Name
**Attn: Officer Manager or Agent**
**PO Box 30281**
**Salt Lake City, UT 84130-0281**
Number Street City State Zip Code

**When was the debt incurred?**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify  **Flexible Spending Account**

| 4.5 | **Chase Card** | Last 4 digits of account number | $0.00 |

Nonpriority Creditor's Name
**Attn: Officer Manager or Agent**
**PO Box 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

**When was the debt incurred?**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify  **Notice**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

Name and Address
**IRS Insolvency**
**801 Broadway Room 285**
**MDP 146**
**Nashville, TN 37203**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **2.1** of (Check one):

■ Part 1: Creditors with Priority Unsecured Claims

☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**US Attorney General**
**US Department of Justice**
**950 Pennsylvania Avenue**
**Washington, DC 20530**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **2.1** of (Check one):

■ Part 1: Creditors with Priority Unsecured Claims

☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | **Total Claim** |
|---|---|---|
| 6a. **Domestic support obligations** | 6a. $ | 0.00 |
| **Total** | | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Case 3:19-bk-02693    Doc 1    Filed 04/26/19    Entered 04/26/19 13:28:31    Desc Main
Document    Page 22 of 50

https://rico.jefffenton.com/evidence/2019-04-26_ausbrooks-story-fraudulent-bk-petition.pdf        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

| Debtor 1 | **Fawn** | **Fenton** | | Case number *(if known)* | |
|---|---|---|---|---|---|

| claims from Part 1 | | | | |
|---|---|---|---|---|
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |

| Total claims from Part 2 | | | | **Total Claim** |
|---|---|---|---|---|
| | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 48,941.30 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 48,941.30 |



Wife's counsel fraudulently concealed the fact that she had voluntarily been the primary breadwinner for her family from 2011-2019, as an MIT educated, highly accredited and paid, licensed professional architect.

They hid the fact that she had promised to pay (and had been paying) the mortgage payments for their martial residence, along with $500 per month toward husband's consumable expenses, paid in $250 installments, with each of her biweekly paydays.

In fact, this bankruptcy petition was secretly signed on **4/26/2019**, fraudulently declaring that she had **no domestic support obligations**, while she still continued to pay husband $250 every two weeks for support, on both **4/30/2019** and on **5/15/2019**. Hence her own bank records prove this bankruptcy petition was fraudulent.

They hid the fact that she had also promised to pay husband alimony in the amount of **$1,750 per month for a duration of 6-years**, as the couple was advised as "fair", with all factors considered, by divorce financial expert and "collaborative divorce" professional, Sandy Arons MBA, of Arons and Associates Divorce Planning.

https://rico.jefffenton.com/evidence/2018-07-12_arons-and-associates-divorce-planning.pdf

All with no lawful or ethical notice to husband whatsoever. No notice that she had stopped paying their mortgages and they had gone into default. No notice that she had filed for bankruptcy. No notice she had asked the bankruptcy court to sell their marital residence. No notice that she would no longer provide the repeatedly agreed domestic support, for years to come. No notice that she spent the money instead to hire two law firms to attack and destroy her husband's interests both in State and Federal courts concurrently.

Debtor 1   **Fawn** ▆▆▆▆ **Fenton**                                   Case number *(if known)* _____

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** ..... .. ........... ............ | 4. | $ **7,500.00** | $ **N/A** |

**5.** **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **1,654.96** | $ **N/A** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **0.00** | $ **N/A** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **N/A** |
| 5e. | **Insurance** | 5e. | $ **0.00** | $ **N/A** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ **0.00** + | $ **N/A** |

**6.** **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ **1,654.96**   $ **N/A**

**7.** **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ **5,845.04**   $ **N/A**

**8.** **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **N/A** |
| 8b. | **Interest and dividends** | 8b. | $ **0.00** | $ **N/A** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. | **Unemployment compensation** | 8d. | $ **0.00** | $ **N/A** |
| 8e. | **Social Security** | 8e. | $ **0.00** | $ **N/A** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ **0.00** | $ **N/A** |
| 8g. | **Pension or retirement income** | 8g. | $ **0.00** | $ **N/A** |
| 8h. | **Other monthly income.** Specify: _____ | 8h.+ | $ **0.00** + | $ **N/A** |

**9.** **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ **0.00**   $ **N/A**

**10.** **Calculate monthly income.** Add line 7 + line 9.   10.   $ **5,845.04** + $ **N/A** = $ **5,845.04**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

**11.** **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____   11.   +$ **0.00**

**12.** **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies   12.   $ **5,845.04**

**Combined monthly income**

**13.** **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:   **They knew a year in advance, when Ken Adkisson planned to retire, within only a few months.**

https://rico.jefffenton.com/evidence/2019-04-26_ausbrooks-story-fraudulent-bk-petition.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Debtor    **Fawn** ▓▓▓ **Fenton** _____    Case number _____

☐  plan confirmation.
☑  other:  **Entry of Discharge**

| Part 9: | **Nonstandard Plan Provisions** |

_Nonstandard provisions are required to be set forth below._

These plan provisions will be effective only if the applicable box in § 1.3 is checked.

**Adequate Protection Payments:**
**Toyota Motor Credit Co. @ $25.00**

Debtor moves for permission to sell real property located at 1986 Sunny Side Drive Brentwood, TN 37027  Williamson County, within 180 days of confirmation with no payments being made in the interim.  The liens of Bank of America, NA and BanCorp South shall be satisfied in full and all remaining proceeds after Debtor's homestead exemption and costs of sale shall be paid to the Chapter 13 Trustee for the benefit of the estate.

Confirmation of this Plan imposes upon any claimholder treated under § 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

The Trustee may adjust the post-petition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

The Trustee is authorized to pay any post-petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

| Part 10: | **Signatures:** |

X    **/s/ Mary Beth Ausbrooks** _____    Date  **April 26, 2019** _____
     **Mary Beth Ausbrooks**
     **Signature of Attorney for Debtor(s)**

X    **/s/ Fawn** ▓▓▓ **Fenton** _____    Date  **April 26, 2019** _____
     **Fawn** ▓▓▓ **Fenton**

X    _____    Date  _____

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                          Best Case Bankruptcy

## Jeff Fenton

| | |
|---|---|
| **From:** | Seliber, Megan (USTP) <Megan.Seliber@usdoj.gov> |
| **Sent:** | Tuesday, March 15, 2022 6:08 PM |
| **To:** | Jeff Fenton |
| **Subject:** | Fenton 19-02693: sale motion complaint |
| **Attachments:** | fenton 319-02693 deed.pdf |

Mr. Fenton,

> **IF the BANKRUPTCY COURT had OBEYED the FRBP, then the Bankruptcy Trustee would have been FORCED by the Federal Bankruptcy Court or the Federal District Court to REMOVE the Marital Residence from my Ex-wife's "BANKRUPTCY ESTATE" as a "BURDENSOME ASSET" long before I ever even MET Judge Binkley! BOTH my INTERESTS and my TENANT'S LEASEHOLD INTERESTS were PROTECTED under Federal Bankruptcy Laws!**

I further investigated your complaint that you were not given notice of the motion to sell 1986 Sunnyside Drive as a co-owner in bankruptcy court. I confirmed that you did not receive notice. ~~Because Judge Binkley gave your ex-wife the power to close the sale in family court, it does not appear that any objection in bankruptcy court would have been availing even if you had been given notice.~~ For your records, I've attached the warranty deed and the family court order that was recorded.

Although you are welcome to seek bankruptcy counsel to investigate the matter further, ~~I believe that because the family court had dual jurisdiction over the property, you will need to seek any further remedy in state court. As the property has already been sold to a third-party purchaser, it is also unclear if any remedies would be available.~~

This concludes my investigation into your complaint.

Best,



**Megan Seliber**
Trial Attorney, Office of the United States Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 695-4060

> **The State Court DID NOT have DUAL JURISDICTION, that is a LIE! The Federal Court always has ORIGINAL JURISDICTION, and usually EXCLUSIVE JURISDICTION over all property, where it sits, as it sits, upon the day the BANKRUPTCY IS FILED!**
>
> **The State Court is actually SPECIFICIALLY FORBIDDEN from taking Jurisdiction over the property** because of the circumstances, and the Bankruptcy having been filed **39-DAYS** before the DIVORCE!
>
> **REMEDIES are ALWAYS available for RACKETEERING and FRAUD,** especially with as many bad-actors, in a **Conspiracy to intentionally CIRCUMVENT the FRBP and FEDERAL BANKRUPTCY LAWS** via **CRIMES UNDER COLOR OF LAW,** without EQUAL or DUE PROCESS, in a Corrupt State Court!

> **The CRIMINAL EVIDENCE of CONPIRACY AGAINST RIGHTS (AND PROPERTY) UNDER COLOR OF LAW, FRAUD UPON BOTH COURTS, HOBBS ACT EXTORTION, and a BUNCH OF FEDERAL BANKRUPTCY CRIMES is ALL in the TIME-LINE:**
>
> **DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when DIVORCE was FILED on 6/04/2019: 39-DAYS**
>
> **DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when I was SERVED DIVORCE PAPERS 6/15/2019: 50-DAYS**
>
> **DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when fraudulent "Order of Protection Ex Parte was Served on 6/20/2019: 55-DAYS**
>
> **DAYS between when BANKRUPTCY was FILED on 4/26/2029 and when I had my FIRST HEARING in CHANCERY COURT on 8/1/2019: 97-DAYS (The Bankruptcy Attorney HAD TO KNOW this far in ADVANCE, that Judge Binkley would "PLAY BALL"!)** Otherwise the Bankruptcy Attorney would have gotten CAUGHT filing a FRAUDULENT BANKRUPTY PETITION, as would the TRUSTEE. The Bankruptcy Attorney would have been responsible for all losses, faced serious sanctions, and removal from office! She HAD TO KNOW that Judge Binkley would illegally FORCE THE AUCTION OF MY HOME, **on my VERY FIRST DAY in Court,** before she could **WAIT for 97-DAYS** for what she was **REQUIRED to do within the first 14-DAYS of FILING** the FRAUDULENT BANKRUPTCY!
>
> **DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when I was FORCEFULLY EVICTED from my home on 9/3/2019: 130-DAYS**

**IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**AT FRANKLIN**

FAWN ~~~~~ FENTON,                    )
    Plaintiff/Wife,                  )
                     )

vs.                                  )   No. 48419B

                     )
JEFFREY RYAN FENTON,                 )
    Defendant/Husband.               )

*[handwritten:]* 2019 OCT 10 AM 9:56

*[stamp:]* FILED FOR ENTRY 10-10-19

*[stamp:]* COPY

**ORDER**

This matter came on to be heard on the 10th day of October, 2019 before the Honorable Michael W. Binkley, Judge holding Court for the Chancery Court of Williamson County, Tennessee, upon Wife's Motion to Sell Remaining Contents of Marital Residence. It appearing to the Court based upon statements of counsel and the record as a whole that the following shall be the Order of this Court.

It is therefore **ORDERED, ADJUDGED and DECREED** that Husband came to the home during the week of October 7, 2019 with a U-Haul truck and removed the items that he ~~wanted~~ **COULD**. ~~The remaining items were Wife's and/or items to donate.~~ All property has now been removed so that the closing may take place on October 15, 2019. The auction brought sufficient funds to pay the costs of the sale and both first and second mortgages however there will not be anything proceeds remaining to disburse between the parties.

It is further **ORDERED, ADJUDGED and DECREED** that Wife is hereby granted authority to sign the deed conveying the property located at 1986 Sunnyside Drive, Brentwood, TN 37027, and another other necessary documents, to effectuate the payoff of the mortgages and for closing without Husband's signature.

All other matters are reserved pending further Orders of this Court.

**ENTERED** on this _10_ day of _Oct_, 2019.

**ALL actions taken against me (in EVERY "Hearing"), were primarily "FRAUD UPON THE COURT(s) by OFFICERS OF THE COURT(s)". Through a complex "Conspiracy Against my Rights and my Property, Under Color of Law, Office, and Official Right", spanning BOTH State and Federal Courts in tandem. Strategically planned in advance and executed illegally in horrible-faith, to intentionally CIRCUMVENT my Federal Rights under the Federal Rules of Bankruptcy Procedure (ex-wife fraudulently filed in secret - with the help of multiple corrupt Attorneys & Judge(s)). The Court & Counsel committed roughly a dozen Title 18 Crimes Against me, about 50-100 Violations of Tennessee's Rules of Judicial & Professional Conduct, plus approximately a dozen Tennessee State Crimes (primarily felonies), viscously destroying me beyond benefit to ANY party! Repeatedly denying me ANY "ADA Accommodations", as they targeted, attacked, and overwhelmed my known disabilities!**

NOT ONE legal, lawful, honest, honorable, equal, equitable, fair, impartial, good-faith, or humane action took place between EITHER the Williamson County Chancery Court in Docket #48419B, OR the United States Bankruptcy Court for the Middle District of Tennessee in Case 3:19-bk-02693. NOT ONE!

**MICHAEL W. BINKLEY, JUDGE**

**APPROVED FOR ENTRY:**

**VIRGINIA LEE STORY; BPR #11700**
Attorney for Wife
136 Fourth Avenue South
Franklin, TN 37064
(615) 790-1778
virginia@tnlaw.org

Unknown to me, and undisclosed by any party, my abusive, vexatious, unethical, opposing counsel, Attorney Virginia Lee Story (I believe the "mastermind" of this entire scam), is a close "FAMILY FRIEND" and vacationing/partying buddy of Presiding Judge Michael W. Binkley. Repeatedly exposed by the Tennessean Newspaper and admitted, while claiming their friendship does not jeopardize impartiality.

This NEGLIGENTLY DENIES the LAWS of HUMANITY, where the KNOWN and TRUSTED PARTY will always have an advantage over the UNKNOWN PARTY!

SEE: https://www.facebook.com/judgebinkley to discover the tip of the iceburg!

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was forwarded via U.S. first-class mail and email to:

Mr. Jeffrey Fenton
17195 Silver Parkway, #150
Fenton, MI 48430

on this the ___10___ day of October, 2019.

**VIRGINIA LEE STORY**

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was forwarded via U.S. first-class mail and email to:

Mr. Jeffrey Fenton
17195 Silver Parkway, #150
Fenton, MI 48430

on this the ___10___ day of October, 2019.

**CLERK**

There went $250,000 of OUR EQUITY, our life's savings, our premarital retirement funds, and the proceeds of a DECADE of MY HARD and painstaking LABOR! As of the DAY the ILLEGALLY FORCED AUCTION took place! While the property has appreciated roughly $100k per YEAR since! It was worth $800k in 2022, while we only owed $300k on the mortgages! Yet the Court and Counsel left us without a PENNY toward our relocation, survival, or retirement! ABSOLUTELY NOTHING!

PARTIES LIKELY INVOLVED IN CRIMES & MISCONDUCT IN THIS CASE: 2-Judges, 7-Attorneys, 2-Paralegals, and 2-Brokers (to START).

ENDING with the Involvement, Discrimination, Collusion, Conspiracy, and/or the Refusal to Assist by a Total of 5-Judges, 11-Attorneys, 2-Paralegals, and 2-Brokers. While you can add a USTP Trial Attorney to that also now, who threatened that my ex-wife will be in danger, if I expose all these POWERFUL CRIMINALS, who are committing crimes against humanity!

| Debtor 1 | **Fawn** ▓▓▓ **Fenton** | Case number (if known) | 3:19-bk-02693 |

| | | | |
|---|---|---|---|
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I). | 18. $ | 0.00 |
| 19. | Other payments you make to support others who do not live with you. | $ | 0.00 |

20. Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*

| | | | |
|---|---|---|---|
| 20a. | Mortgages on other property | 20a. $ | 0.00 |
| 20b. | Real estate taxes | 20b. $ | 0.00 |



The scanned version of this document represents
an exact copy of the original as submitted to the
Clerk's Office. The original has not been retained.

Ɽ E C E I V
APR 0 7 2020
By

Vol 1
Appendix
13-1

# TECHNICAL RECORD

NO. 48419B
COA NO. M2019-02059-COA-R3-CV

TR-5
TE-1

FILED
JUN 1 5 2020
Clerk of the Appellate Courts
Rec'd By

**APPPEALED FROM**
CHANCERY COURT
AT FRANKLIN TENNESSEE
MICHAEL W. BINKLEY CHANCELLOR
ELAINE B. BEELER, CHANCERY COURT CLERK

*IN THE CASE OF*
FAWN ▮▮▮▮ FENTON
VS.
JEFFREY RYAN FENTON

*TO THE*
APPEALS COURT
NASHVILLE TENNESSEE

VIRGINIA L. STORY
135 FOURTH AVE. SOUTH
FRANKLIN, TN 37064
**ATTORNEY FOR APPELLEE**

JEFFREY RYAN FENTON
17195 SILVER PARKWAY, #150
FENTON, MI 48430
**PRO SE APPELLANT**

FILED 31ST DAY OF MARCH 2020.

CHANCERY COURT                                              CLERK
NO. 48419B          *Fara B McKinney*          DEP. CLERK

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### FAWN ████ FENTON v. JEFFREY RYAN FENTON

**Chancery Court for Williamson County**
**No. 48419b**
**COA NO. M2019-02059-COA-R3-CV**

### <u>CERTIFICATE OF APPELLATE RECORD</u>

I, Elaine B. Beeler, Clerk and Master, Williamson County Chancery Court, Franklin, Tennessee, do hereby certify that the following items herewith transmitted to the Court of Appeals are original or true and correct copies of all or the designated papers on file in my office in the captioned case.

1.  Technical record attached to this certificate consisting of 709 pages contained in five volumes.

2.  One volume of transcripts filed in my office on February 18, 2020, and authenticated by the Trial Judge or automatically authenticated under T.R.A.P. Rule 24(f).

    1 Volume - Hearing Date August 1, 2019

3.  No exhibits are included in the  record.

4.  No sealed documents and/or exhibits are included in the record.

5.  No depositions are included in the record.

6.  No exhibits and/or documents of unusual bulk or weight have been retained in my office.

This the 31st day of March, 2020.

(SEAL)

Elaine B. Beeler
Clerk and Master
Williamson County Chancery Court
Franklin, Tennessee

| FILED/ENTERED DATE | INDEX | PAGE |
|---|---|---|
| 6/4/19 | COMPLAINT FOR DIVORCE | 1-4 |
| 6/4/19 | TEMPORARY RESTRAINING ORDER | 5 |
| 6/11/19 | AFFIDAVIT OF LORI POLK | 6-8 |
| 6/20/19 | PETITION FOR ORDER OF PROTECTION AND ORDER FOR HEARING | 9-29 |
| 6/20/19 | TEMPORARY ORDER OF PROTECTION | 30-32 |
| 6/20/19 | MOTION TO DEEM HUSBAND SERVED | 33-40 |
| 7/17/19 | MOTION TO SELL THE MARITAL RESIDENCE | 41-44 |
| 7/29/19 | HUSBAND'S RESPONSE TO WIFE'S MOTION TO SELL MARITAL RESIDENCE | 45-106 |
| 8/13/19 | ORDER EXTENDING EX-PARTE/TEMPORARY ORDER OF PROTECTION | 107-109 |
| 8/14/19 | EX PARTE ORDER OF PROTECTION EXTENDED PENDING FINAL HEARING AND ORDER GRANTING MOTION TO SELL MARITAL RESIDENCE BY AUCTION | 110-112 |
| 8/15/19 | MOTION FOR VIOLATION OF THE EX PARTE ORDER OF PROTECTION AND FOR DATE CERTAIN FOR WALK THROUGH OF HOUSE AND MOTION FOR SCHEDULING ORDER | 113-118 |
| 8/29/19 | HUSBAND'S RESPONSE AND COUNTERMOTION TO WIFE'S MOTION FOR VIOLATION OF THE EX PARTE ORDER OF PROTECTION AND FOR DATE CERTAIN FOR WALK THROUGH OF HOUSE AND MOTION FOR SCHEDULING ORDER | 119-380 |
| 8/29/19 | ORDER/EXTEND ORDER OF PROTECTION, RESET MOTION, WAIVE MEDIATION, SET FINAL HEARING, ETC. | 381-383 |
| 8/29/19 | ORDER EXTENDING EX PARTE/TEMPORARY ORDER OF PROTECTION | 384-386 |
| 9/20/19 | PROTECTED INCOME AND ASSETS | 387-391 |
| 9/26/19 | MOTION TO SELL REMAINING CONTENTS OF MARITAL RESIDENCE | 392-399 |
| 10/10/19 | NOTICE OF FILING/ORDER ENTERED BY THE U.S. BANKRUPTCY COURT | 400-402 |
| 10/10/19 | ORDER/MOTION TO SELL REMAINING CONTENTS OF THE MARITAL RESIDENCE | 403-404 |
| 10/21/19 | ORDER OF PROTECTION | 405-410 |
| 10/21/19 | AFFIDAVIT OF VIRGINIA LEE STORY | 411-415 |
| 10/28/19 | FINAL DECREE OF DIVORCE | 416-423 |
| 11/20/19 | NOTICE OF APPEAL | 424-425 |
| 2/18/20 | NOTICE OF FILING/TRANSCRIPT | 426 |
| 2/18/20 | DEFENDANT'S RESPONSE TO NOTICE OF FAILURE TO COMPLY WITH T.R.A.P. RULE 24, RESPONSE TO MOTION TO DISMISS, AND RESPONSE TO ADMINISTRATIVE ORDER BY THE COURT OF APPEALS | 427-709 |

# STATE OF TENNESSEE
## SUMMONS

PM 3:34

### IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

FILED FOR ENTRY

FAWN ███ FENTON
**Plaintiff**

CIVIL ACTION NO. 48419 B

vs.

JEFFREY RYAN FENTON
**Defendant**

**Service By:**
□ Sheriff
X Attorney
□ Sec. Of State
□ Comm. of Insurance

To the above-named Defendant:     **Jeffrey Ryan Fenton**
**1986 Sunny Side Drive**
**Brentwood, TN 37027**

You are hereby summoned and required to serve upon Virginia L. Story, Esq., Plaintiff's attorney, whose address is 136 Fourth Avenue South, Franklin, Tennessee 37064, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Elaine B. Beeler, Clerk and Master for said Court at office this 4 day of June, 2019.

_Jacqueline Edwards_
**Clerk & Master**

### NOTICE:

To the Defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk and Master, P.O. Box 1666, Franklin, TN 37065.

## DEFT. / WITNESS COPY

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check one: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

❑   1.      I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

❑   2.      I failed to serve a copy of this summons on the witness because _____

❑   3.      I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____
ADDRESS OF PROCESS SERVER (TRCP 4.01) _____
Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 2019, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 2019. I received the return receipt, which had been signed by _____ on the _____ day of _____, 2019. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

_____        _____
Signature                                                        Address (TRCP 4.01)

Sworn to and subscribed before me on this _____ day of _____, 2019.

_____        Commission Expires: _____
Signature of Notary Public or Deputy Clerk

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK & MASTER

**For ADA assistance, please call ADA coordinator: 615-790-5428**

IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

FAWN ▇▇▇ FENTON,  )
    Plaintiff/Wife,  )
         FILED FOR ENTRY  )
v.  )  No. 48419 B
          )
JEFFREY RYAN FENTON,  )
    Defendant/Husband.  )

## COMPLAINT FOR DIVORCE

Plaintiff, makes the following complaint for absolute divorce against, Defendant, and states as follows:

**I.**

Pursuant to Tenn. Code Ann. §36-4-106(b), Plaintiff has filed under seal the parties' statistical

information, and further provides as follows:

| Husband | | Wife |
|---|---|---|
| **Jeffrey Ryan Fenton** | **Full Name (and Maiden)** | Fawn ▇▇▇ Fenton (▇▇▇) |
| **1986 Sunny Side Drive Brentwood, TN 37027** | **Mailing Address** | ▇▇▇ Brentwood, TN 37027 |
| 24 years | **Length of Residence in TN** | 20 years |
| ▇▇▇ | **Date and Place of Birth** | ▇▇▇ |
| Caucasian | **Race** | Caucasian |
| 3 | **Number of this marriage** | 2 |
| Divorce | **How did prior marriages end** | Divorce |
| 12 | **Years of Education** | 16 |
| ▇▇▇ | **Employer Name and Address** | ▇▇▇ Architects, Inc. 3322 West End Avenue, Suite 103 Nashville, TN 37203 |

The parties were married on October 16, 2005 in Davidson County, Tennessee.

1

DEFT. / WITNESS COPY

Plaintiff has resided in the State of Tennessee more than six (6) months preceding the filing of this complaint. The acts complained of were committed while the Plaintiff was a bona fide resident of Tennessee.

## II.

There are no children born of this marriage.

## III.

Plaintiff would show that the parties have been experiencing difficulties in their marriage and all attempts at reconciliation have failed, thus rendering the marriage irreconcilably broken. Plaintiff requests that she be granted a divorce based on the grounds of irreconcilable differences, or in the alternative, if the parties are unable to reach an amicable agreement, then Plaintiff requests that she be granted a divorce on grounds of inappropriate marital conduct.

## IV.

Plaintiff would show that the parties have no assets other than personal property which has been divided with the exception of a few items. Husband and Wife have lived separately since April 2018. Husband refuses to work and has not paid the mortgage payment or assisted with the mortgage payment or the bills of the home. Wife has spoken to Husband and made every attempt to have the house listed and Husband previously agreed in 2018 but then refused. Wife cannot continue to pay the mortgage payment and allow Husband to stay in the house without financial help. Husband has rented two of the bedrooms out and he retains the rent. Husband ran up over $10,000 in credit card debt in Wife's name. Wife has now had to file bankruptcy to manage the debt accrual which debt all in her name as Husband has not any credit since 2016. Wife requests that the house be sold immediately. Wife requests that she be awarded her attorney's fees.

WHEREFORE, Plaintiff prays for the following relief:

2

1.     That Defendant be served and required to answer within the time allowed by law, his oath being waived.

2.     That Plaintiff be awarded an absolute divorce from Defendant and be restored to all the rights and privileges of an unmarried person.

3.     That the Court approve a Marital Dissolution Agreement, if entered into between the parties; or, in the alternative if the parties cannot reach an agreement, that the Court make an equitable distribution of the parties' real and personal property and the parties' debts.

4.     That the Plaintiff be awarded reasonable attorneys fees; and that costs be taxed to Defendant.

5.     For all other relief this Court may deem proper.

Respectfully submitted,

Virginia Lee Story, #11700
Kathryn L Yarbrough, #32789
*Attorneys for Plaintiff*
136 Fourth Avenue South
Franklin, TN 37064
(615)-790-1778
virginia@tnlaw.org
kyarbrough@tnlaw.org

3

**STATE OF TENNESSEE**          )
**COUNTY OF WILLIAMSON**        )

I, **Fawn** ███ **Fenton**, after first being duly sworn in accordance with the law make oath that I am the Complainant in the foregoing Complaint for Absolute Divorce and that the facts stated therein are true and correct to the best of my knowledge, information and belief and that the Complaint is not made out of levity or by collusion with the Defendant, but out of sincerity and truth for the causes alleged in the Complaint.

FAWN ███ FENTON

Sworn to and subscribed before me on this ___ day of _____, 2019.

Notary Public
My commission expires: 9-24-22

4

FAWN ████████ FENTON v. JEFFREY RYAN FENTON

## STATISTICAL INFORMATION FOR DIVORCING PARTIES
## FILED UNDER SEAL

The following statistical information is provided under seal pursuant to T.C.A. Section 36-

04-106(b):

48419 B

| Husband | | Wife |
|---|---|---|
| Jeffrey Ryan Fenton | Full Name (and Maiden) | Fawn ████ Fenton |
| 1986 Sunny Side Drive Brentwood, TN 37027 | Mailing Address | ████████ Brentwood, TN 37027 |
| ████████ | Date of Birth | ████████ |
| ████████ | Social Security Number | ████████ |

**There are no children born of this marriage.**

FILED FOR ENTRY
2019 JUN -4  PM 3: 35

DEFT. / WITNESS COPY

## IN THE CHANCERY COURT OF WILLIAMSON COUNTY, TENNESSEE

Fawn ▮▮▮▮ Fenton                  )   CLERK & MASTER
                                   )
                                   )   2019 JUN -4 )PM 3:35
vs.                                )                       NO. 48419 B
Jeffrey Ryan Fenton    FILED FOR ENTRY 6/4/19   )
                                   )

### TEMPORARY RESTRAINING ORDER

Pursuant to T.C.A. § 36-4-106 (d), it is hereby ORDERED as follows:

1. Each party is hereby restrained and enjoined from transferring, assigning, borrowing against, concealing or in any way dissipating or disposing of any marital property without permission of the Court or by consent order.

2. Expenditures from current income to maintain the marital standard of living and usual and ordinary costs of operating a business are not restricted by this injunction.   Each party shall maintain records of all such expenditures and provide copies to the other party upon request.

3. Each party is restrained and enjoined from voluntarily canceling, modifying, terminating, assigning or allowing to lapse for non-payment of premiums any insurance policy of a party or in which a party or child of the parties has an interest without permission of the Court or by consent order.

4. Each party is restrained and enjoined from harassing, threatening, assaulting or abusing the other party and from making disparaging remarks about the other party to or in the presence of any children of the parties or to an employer of a party.

5. Each party is restrained and enjoined from hiding, destroying or spoiling, in whole or in part, any evidence electronically stored or on computer hard drives or other memory storage devices

6. Each party is restrained and enjoined from relocating any children of the parties outside the State of Tennessee or for more than 50 miles from the marital home without permission of the Court or by consent order, except in the case of a removal based upon a well-founded fear of physical abuse against either the fleeing parent or the child.  In such latter case, upon the request of the non-relocating parent, the Court will conduct an expedited hearing to determine the reasonableness of the relocation and to make such other orders as appropriate. Nothing herein shall preclude the Court from revising, modifying or expanding the terms of this order pursuant to T.R.C.P. 65.07.

Entered this ___ day of _June_____, 20_19_.

Deanna B. Johnson
Chancellor

### Clerk's Certificate of Service

I hereby certify that a true and exact copy of the foregoing Order has been mailed or delivered to all parties and/or counsel of record.

This the ___ day of _June_____, 20_19_.

Jacqueline Edwards
Clerk and Master

DEFT. / WITNESS COPY

Fawn Fenton
 mobile



Groundhog dragged the food bowl down the steps, and raccoon is like WTF???



Ha ha ha! 

Jun 7, 2019

   

Fawn Fenton (mobile) • Jun 7, 2019

Fawn Fenton
 · mobile

Lol! I just put a bunch more out for raccoon and he came running!

I need to make a special run into town tomorrow, just to buy more raccoon, possum, and groundhog food!

The pecking order is groundhog on top, then raccoons, then poor possums.

Chris and I heard the doorbell in the middle of the night, just really briefly. We figure it was raccoon climbing the rear door trim, trying to get our attention to get more food.

I would be happy to deliver dinner to you... taco salads, or whatever you want, if you let me come eat with you and play with pets.

I promise to be in and out within 30 minutes.

I know that you will say "no thanks".... so it is a STANDING OFFER, if you ever change your mind.

My favorite taco salads nearby, are at the mexican place between us, in the shopping center your chiropractor business was.

I miss you all...

Jun 7, 2019



Fawn Fenton
· mobile

Driving all over to find cheap chicken flavor dog food for the kids. Didn't have at Krogers.

Got 200lbs, 3 different varieties, to mix it up a bit.

Groundhog is up at 10:30 PM eating dog food, getting the jump on the raccoons again.

I haven't seen her eating any GRASS, and the lawn is high too.

Jun 8, 2019





Fawn Fenton
· mobile



I don't understand why in the world she goes through the trouble to jump up there, when the bowl on the ground is full of fresh water!



Jun 11, 2019

    love groundhog!

Fawn Fenton (mobile) · Jun 11, 2019

Yep... pretty precarious though! Been coming up and pushing the raccoons out of the way to eat every night within the past week!



Jun 11, 2019



Hard to believe it doesn't tip over!

Fawn Fenton (mobile) · Jun 11, 2019

Lol!

I would like to see her fatness jump up there, instead of just jumping down.

Trying to do a conference call with you and Waste Industries, so I can take over account and pay myself.

**Fawn Fenton**

· mobile

Are you available? They just want to verify with you that I can take account out of your name and put in mine, since you have a zero balance. Otherwise I need to pay setup fees to transfer to a completely new account, and I must repay for current term.

She left you a voicemail, and will call you back tomorrow.

FYI.... even though it takes all of my slack, with both roommates, out of my budget, I feel like I should take over all the utilities, and my car insurance, while I can (before my credit gets worse).

I really wanted to only "need" one of my tenants rent in order to cash-flow (in case one doesn't work out), but this will require BOTH of my rooms to remain rented.

Yet I feel in my heart, that this is what I should do to lesson the load on you.

NES was switched over today, into a new acvounn my name, so you will receive a final bill from them soon.

Some utilities have wanted me to set me up with a completely different account number,  while other are removing your name om the old accounts, and replacing them with my name, contact info, and banking account to auto-draft from.

This won't affect you for taxes this year, as I anticipate we will still be filing jointly, and since we are still legally married, everything financial is considered the same for both you and I.

I'm not going this to take anything from you, it just seems, especially with me having roommates, that I should be responsible for at least the utilities.

So the financial relief directly to you of my $1,400 per month in rental income, will be/is benefitting  you by about $900 per month.... $500 partial support check + $400+ for my utilities and car insurance.

The only one I need your "permission" on is the dad gum trash. Unless I want to waste some money setting up a new account. Without receiving credit for what you have prepaid.

Hopefully you will APPRECIATE this, as it was a hard decision for me to make, since it has been so long since I've had a little extra change in my pocket, but I feel it is the right thing to do.

The trash and car insurance are all I have left to switch over, which I hope to do tomorrow.

Hopefully you can see that I am trying to HELP take some financial pressure off of you.

**Fawn Fenton**

 · mobile

My mom is still paying for my counseling.

So after I finish assuming these bills, then all you will be left paying for are the mortgages. Is that correct?

Please remind me if I'm missing anything.

Thanks.

I spent hours downloading statements first, so no worries.

I'm not doing this to in any way benefit me, but rather to be fair to you with what I have at the moment, to pull more of my own weight, and because I CAN right now, while having both roommates, until my credit gets destroyed.

So far, I haven't been charged any transfer fees or deposits.

NES still had my decade of good payment history on file, from the duplex.

Thanks.

Hello! Are you breathing? Does this not make you happy? To quit paying for these expensive bill's over here?

Please advise.... thought you would be exstatic!

You still don't need to send me the $500 check each month. You get to save on BOTH!

Anyhow.... feedback requested...



Jun 11, 2019

Sorry, had a rough day, had phone set to do-not-disturb.

Fawn Fenton (mobile) · Jun 11, 2019

Ok, sorry to hear that, hope you are ok.

You are ok with me assuming the utilities, right?

If you can take the call tomorrow from waste industries and grant permission to transfer the trash account, that should be all I need.

Fawn Fenton
· mobile





My little buddy brought "her" four cute little babies to the bowl for the first time.

Second generation, raised at our food bowl.

I saw one of them only, about a month ago. It was about half the size.

But it wasn't on hard food yet. Now they are.

CUTE AS HECK!



Fawn Fenton
· mobile

Time for maw and paw to eat... I believe they are siblings. And the first generation of their family raised at this bowl.

My buddy rang the back doorbell again briefly tonight, when I was taking too long getting the food out.







https://youtu.be/J6OiP_94ut8

Fawn Fenton
· mobile



https://youtu.be/yY5-ycJxB-U



https://youtu.be/m0Q4aiMppOE

Brain melting night... lots more, but time for bed.

Hope they make you smile when you take xyreme.

Night, night. 

Jun 12, 2019

 Yes baby raccoon pictures are brain-melting!!

Fawn Fenton (mobile) · Jun 12, 2019

No happiness, about me taking over another $400-$500 worth of Bill's? To let you apply those funds to your credit cards, or however you like?

I hope I didn't stretch myself so thin without you even caring. 

Jun 12, 2019

## Jeff Fenton

| | |
|---|---|
| **From:** | Brittany Gates <brittanylmgates@icloud.com> |
| **Sent:** | Wednesday, June 19, 2019 5:16 PM |
| **To:** | Jeff Fenton |
| **Subject:** | Re: Sunnyside house (This whole thread, explains a lot to do with our home, Fawn's devious plans, why I couldn't trust her to sell it with a POA to sign my name). |

I've reached out to Virginia and we've scheduled a call for tomorrow. Once I speak to her i'd like hear your side of the case in order to prepare a counter complaint. Does 11:00 am work for your schedule if I speak to Virginia in the morning?

Brittany Gates
Attorney at Law
1616 Westgate Circle, Suite 116
Brentwood, Tennessee 37027
(615)844-6195:office
(615)844-6196:facsimile
(615)517-9490: cell phone
Sent from my iPhone

1

## Jeff Fenton

| | |
|---|---|
| **From:** | Heidi Macy <Heidi@tnlaw.org> |
| **Sent:** | Thursday, June 20, 2019 4:20 PM |
| **To:** | Jeff Fenton |
| **Cc:** | Virginia Story; Kathryn Yarbrough |
| **Subject:** | Fenton vs. Fenton; Williamson County Chancery Court No. 48419B |
| **Attachments:** | copier@TNlaw.org_20190620_111625.pdf |

Mr. Fenton,

Attached is a Court-stamped service copy of a Motion in the referenced matter.

Thanks,

Paralegal to Virginia Lee Story
136 Fourth Avenue South
Franklin, Tennessee 37064
615.790.1778 office
615.790.7468 fax

\*\*Note\*\*   This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer is not the intended recipient of this e-mail, or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email, or the information contained in it, is strictly prohibited. If you have received this email in error, please immediately notify the person named above at once by telephone. Thank you.

1

## Jeff Fenton

| | |
|---|---|
| **From:** | Jeff Fenton |
| **Sent:** | Thursday, June 20, 2019 6:07 PM |
| **To:** | Heidi Macy |
| **Cc:** | Virginia Story; Kathryn Yarbrough; Brittany Gates (brittany@gateslawtn.com) |
| **Subject:** | Re: Fenton vs. Fenton; Williamson County Chancery Court No. 48419B |

Hello,

To all concerned, I have been served Fawn's Complaint for Divorce, and have not been attempting to avoid service in this matter.

Forgive me, but I'm sitting in my car and this is difficult for me to clearly view on my phone.

The female process server, you apparently hired, I received video notifications about via my SkyBell doorbell camera, on two concurrent days, but she left absolutely no contact information, that she was trying to serve me, or actually any information at all.

I received service via regular snail mail, which is the best means of sending me information, as my postal carrier will not deliver certified mail, due to my no trespassing signs.

I thought that having received service of Fawn's initial complaint, was acknowledged, since my attorney, Brittany Gates had spoken with Ms. Story this morning regarding our case.

I have no desire to postpone these proceedings, and am not trying to interfere in any way.

To expedite future service, while receiving proof of service simultaneously, please send all correspondances through my attorney, Ms. Brittany Gates, whose email is copied above, and phone number along with the address to her law office is publicly listed. (I can't see it from this screen on my phone.)

I see no need for the mentioned hearing, as I have and am herein acknowledging service of Fawn's Initial Complaint for Divorce, as represented by Ms. Story.

Please bear in mind that I've only briefly glanced at your attached documents, while sitting in my vehicle, as mentioned.

Should you have any questions, require further correspondances, have future documents to serve me, and/or need to communicate in the future, please contact Attorney Brittany Gates on my behalf.

Thank you.
Jeff Fenton


Sent from my METICULOUS Android


From: Heidi Macy
Sent: Thursday, June 20, 3:20 PM
Subject: Fenton vs. Fenton; Williamson County Chancery Court No. 48419B
To: Jeff Fenton
Cc: Virginia Story, Kathryn Yarbrough

1

Mr. Fenton,

Attached is a Court-stamped service copy of a Motion in the referenced matter.

Thanks,


Paralegal to Virginia Lee Story
136 Fourth Avenue South
Franklin, Tennessee 37064
615.790.1778 office
615.790.7468 fax

\*\*Note\*\*    This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer is not the intended recipient of this e-mail, or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email, or the information contained in it, is strictly prohibited. If you have received this email in error, please immediately notify the person named above at once by telephone. Thank you.

https://rico.jefffenton.com/evidence/2019-06-20_notification-to-story-husband-accepted-service.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)