UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

    PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

    DEFENDANTS

CASE NO. 1:23-CV-01097

FILED - LN
August 19, 2024 1:07 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: DIW /____  SCANNED BY: /____

## MOTION TO RECUSE[1]

Defendant moves for recusal under 28 U.S. Code § 455 Disqualification of justice, judge, or magistrate judge (a) and (b)(1). As grounds for such motion, Plaintiff presents the following. Note that *Liljeberg v. Health Services Acquisition Corp.*, 486 U. S. 847 (1988), "requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and that "justice must satisfy the appearance of justice." Magistrate Judge Kent attempted to cause Plaintiff's case to be dismissed *sua sponte*, which is not often done in the federal system. Although this action in itself might not show bias on its surface, digging deeper reveals that the following factors rise at least to the level of the "appearance of partiality" if not actual bias:

> ➢ Magistrate Judge Kent was appointed to his position on August 1, 2015, and for the twenty-seven years prior, practiced law as an attorney. Clearly, he must have known that the case law he cited on page 4 of the REPORT AND RECOMMENDATION (ECF No. 8) (hereinafter "R&R") filed on December 13, 2023, pertains to matters regarding *in forma pauperis* litigants who filed their lawsuits under a fee waiver. It is simply not possible that the magistrate missed the second entry on the court docket clearly indicating that Plaintiff had paid the full filing fee and was not subject to the

---

[1] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

rigors of screening pursuant to 28 U.S. Code § 1915. In fact, on page 4 of the ORDER REGARDING SERVICE (ECF 55, PID.4378) (hereinafter "order"), the magistrate clearly states, "Here, the Court is not required to order the USMS to serve the defendants because [P]laintiff is not proceeding *in forma pauperis*" (emphasis added). He was thus fully aware of Plaintiff's filing status.

➢ Wording of 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," is a far cry from the magistrate's statement on page 6 of the R&R: "Based on [P]laintiff's allegations, including the number of defendants, the claims in this lawsuit, and the possible federal judicial districts where the defendants reside, the interest of justice will not be served by transferring this lawsuit to any one of the multiple federal judicial districts in which plaintiff could have filed this lawsuit" (emphasis added). The literal translation of this extremely biased statement is that *no* federal district exists in which Plaintiff could or should have filed his lawsuit.

➢ On page 1 of the order[2], Magistrate Kent inaccurately stated, "Plaintiff recognized that he had a problem with venue." Plaintiff does *not* have a problem with venue. He has a problem with retaliatory actions by defendants and is trying *preemptively* to prevent them from transferring the case to courts in Tennessee where justice has been consistently deflected rather than embraced. Judges—at any level—are not supposed to presume anything or make statements of "fact" such as this for something entirely untrue.

➢ On page 3 of the order[3], the magistrate stated, "Plaintiff wants the Court to order the USMS to serve his initial pleading and forward him the money for copies and service." To clarify, Plaintiff never asked or intended to ask the court to forward him any money. It appears that the magistrate is attempting to paint Plaintiff in an unfavorable light.

➢ On page 6 of the order[4], the magistrate opines that Plaintiff "feels compelled to flood the Court with documents and CDs before a single defendant has been served." This is not accurate. The magistrate has no idea how Plaintiff "feels." Actually, Plaintiff feels compelled to defend himself from not only the opposing party—who has yet to make an appearance—but also from the court at this early stage.

Particularly for a plaintiff with numerous mental disabilities, it should not be his job to police the judge or the court. He or they should act according to justice and due process on their own.

Frivolous filings by a *pro se* party do not survive the court's muster. Neither should a frivolous

---

[2] ECF 55, PID.4378 | https://rico.jefffenton.com/evidence/2024-07-08_wdm-fenton-order-regarding-service-kent.pdf
[3] ECF 55, PID.4380 | https://rico.jefffenton.com/evidence/2024-07-08_wdm-fenton-order-regarding-service-kent.pdf
[4] ECF 55, PID.4383 | https://rico.jefffenton.com/evidence/2024-07-08_wdm-fenton-order-regarding-service-kent.pdf

R&R by a magistrate. The U.S. Supreme Court held, "A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an <u>absence of actual bias</u> in the trial of cases. <u>But our system of law has always endeavored to prevent even the probability of unfairness</u>" (emphasis added). See *In re Murchison*. Moreover, the U.S. Supreme Court noted in *Rippo v. Baker*, 580 U.S. ___ (2017), that "[u]nder our precedents, the Due Process Clause may sometimes demand recusal even when a judge 'ha[s] no actual bias.' Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable'."

Plaintiff is greatly concerned he is not being provided due process of law as guaranteed in our Constitution. Plaintiff merely seeks a fair hearing of his complaint as is his right. If this motion is not granted, Plaintiff requests the magistrate to provide a complete written response to Plaintiff about the apparently biased conduct in question described herein so that Plaintiff will understand that he is being provided due process of law, or in the alternative, for the magistrate to disqualify himself from these proceedings based on an appearance of bias or actual bias.

Lastly, U.S. District Judge Paul L. Maloney in his ORDER (ECF No. 31) filed on January 25, 2024, stated, "At this point in the litigation, the Court lacks authority to dismiss this lawsuit for improper venue." To remind the court, Plaintiff has had to expend many times the number of hours rebutting the magistrate's R&R than the ordinary *pro se* litigant would have needed to expend because he suffers from multiple mental disabilities. The interest of justice does not require him to be further burdened with bringing his case to trial.

## CONCLUSION

The complaint concerns matters that are quite significant to Plaintiff. They do no concern relatively trivial matters such as someone accidentally killing a prized family exotic pet or someone vandalizing and completely destroying a top-of-the-line Ferrari. They concern life-changing matters to Plaintiff. Nonetheless, he should be afforded due process, which requires the substitution of a different judge. Plaintiff requests that District Judge Paul L. Maloney be the sole judge presiding over all facets of the instant case or that another magistrate judge be immediately assigned to it.

**EXECUTED ON AUGUST 10, 2024**

**JEFFREY RYAN FENTON, PRO SE**

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300