UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY RYAN FENTON, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-1097 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| VIRGINIA LEE STORY, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF INTENT TO TRANSFER ACTION

For the reasons explained below, the Court finds that venue is not proper in the Western District of Michigan. The Court provides notice to the parties that it intends to transfer this lawsuit to the United States District Court for the Middle District of Tennessee.

A.

Plaintiff Jeffrey Fenton filed this lawsuit without the benefit of counsel. The initial complaint named almost 30 defendants located in Florida, Massachusetts and Tennessee. The Magistrate Judge issued a report recommending, in part, that the Court dismiss the lawsuit for improper venue. While authority for that course of action exists when a plaintiff proceeds under the *in forma pauperis* statute, 28 U.S.C. § 1915, Plaintiff had paid the filing fee. Therefore, the undersigned rejected that portion of the report and recommendation.

Plaintiff recently filed an amended complaint. In the amended complaint, Plaintiff named 35 defendants, all but two of which are located in Tennessee. Plaintiff named Bank of America as a defendant and Plaintiff contends Bank of America is located in Tampa, Florida. Plaintiff also named Cadance Bank as a defendant, which Plaintiff asserts is located

in Tupelo, Mississippi. Plaintiff resides in Fenton, Michigan, in Genessee County. Genessee County is located in the United States District Court for the Eastern District of Michigan. Plaintiff continues his efforts to serve the defendants and no defendant has made an appearance in this lawsuit.

B.

Section 1391 governs venue for civil actions in federal courts. *See* 28 U.S.C. § 1391. Subsection (b) identifies several options for proper venue. Under § 1391(b)(1), a plaintiff can file the lawsuit in the federal judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located." Section 1391(b)(2) permits a plaintiff to file the lawsuit in federal judicial district "where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Finally, subsection (b)(3) covers situations where neither (b)(1) nor (b)(2) apply.

The Court concludes that venue in the Western District of Michigan is improper under § 1391. Plaintiff cannot establish venue in this district under § 1391(b)(1). No party to this lawsuit, not even Plaintiff, resides in the Western District of Michigan. *See* 18 U.S.C. § 1391(c) (defining "residency" for purposes of the venue statute). Plaintiff cannot establish venue in this district under § 1391(b)(2). The causes of action pled in the amended complaint arise from a divorce proceeding and a bankruptcy proceeding, both of which occurred in Tennessee. To the extend there is real property involved in this lawsuit (Plaintiff complains about the sale of a home), that property is located in Tennessee.

Because venue is not proper in this district, the Court may consider transfer options. Section 1404(a), 28 U.S.C. § 1404(a), governs the transfer of actions to a different venue. The statute permits a court to transfer a civil action to a different federal district "[f]or the convenience of the parties and witnesses, in the interests of justice[.]" *Id.* The statute permits transfer of the civil lawsuit to "any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* A district court may transfer a lawsuit under § 1404(a) *sua sponte*. *Carver v. Knox Cty. Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989); *accord In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020) ("It is well established that a district court has the authority to sua sponte transfer a case under 28 U.S.C. § 1404."). When considering *sua sponte* transfer to a different federal district court, the court "should make that possibility known to the parties so that they may present their views about the desirability of possible transfer and the possible destination." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3844; *see Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006) (finding a district court erred when it failed to give the parties notice and an opportunity to brief the issue of transfer).

The Court gives no weight to Plaintiff's choice of venue. As explained above, this lawsuit has no connection whatsoever to the Western District of Michigan. The Court previously explained to Plaintiff that he cannot rely on the advice he allegedly received from court personnel about where to file a lawsuit (ECF No. 31 PageID.3294).

The Court finds the relevant factors weigh in favor of transfer. When determining whether transfer would be in the interest of justice, courts consider factors like the

convenience of the parties, the convenience of witnesses, where the operative events occurred, the location of documentary evidence, and the possibility of prejudice in chosen forum of the transfer venue. *See Moore*, 446 F.3d 647; *West American Inc. Co. v. Potts*, 908 F.2d 974 (6th Cir. 1990) (unpublished table opinion). These factors weigh heavily in favor of transfer to a federal district court in Tennessee. With the exception of Plaintiff, all of the other parties are located in Tennessee. The events giving rise to this lawsuit occurred in Tennessee. Most if not all of the potential witnesses would be located in Tennessee. Most of the relevant records and other documentary evidence are located in Tennessee.

The Court believes that venue would be proper in the Middle District of Tennessee. Section 1391(b)(2) provides for venue in the federal district where the majority of the events giving rise to the causes of action occurred. Plaintiff's divorce case occurred in the Williamson County courts, and Williamson County is located in the Middle District of Tennessee. And, Plaintiff's bankruptcy case occurred in the Middle District of Tennessee.

## C.

Accordingly, the Court **GIVES NOTICE** that it intends to transfer this action to the United States District Court for the Middle District of Tennessee. Any party to this lawsuit may file a brief advising the Court whether or not the intended transfer would be appropriate or desireable. The Court is aware that Plaintiff previously filed a motion to maintain venue, a motion this Court denied without prejudice. To the extent Plaintiff opposes transfer to the Middle District of Tennessee, Plaintiff may explain why that location would not be appropriate and must provide an alternative venue that would be appropriate under § 1391(b). Any brief must be on or before October 4, 2024. **IT IS SO ORDERED.**

Date:    September 12, 2024                                        /s/ Paul L. Maloney
                                                                                                  Paul L. Maloney
                                                                                       United States District Judge