# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON

      Plaintiff,

vs.

VIRGINIA LEE STORY,
MICHAEL WEIMAR BINKLEY,
KATHRYN LYNN YARBROUGH,
ELAINE BEATY BEELER,
MARY ELIZABETH MANEY
AUSBROOKS,
ALEXANDER SERGEY KOVAL,
HENRY EDWARD HILDEBRAND III,
CHARLES M. WALKER,
THOMAS EARL EUGENE ANDERSON,
ROY PATRICK MARLIN,
SAMUEL FORREST ANDERSON,
JAMES MICHAEL HIVNER,
JOHN BRANDON COKE,
SANDRA JANE LEACH GARRETT,
FRANK GOAD CLEMENT JR.,
ANDY DWANE BENNETT,
WILLIAM NEAL MCBRAYER,
STORY AND ABERNATHY, PLLP,
ROTHSCHILD & AUSBROOKS, PLLC,
BANKERS TITLE & ESCROW
CORPORATION,
HOSTETTLER, NEUHOFF & DAVIS,
LLC,
MCARTHUR SANDERS REAL ESTATE,
SPRAGINS, BARNETT, & COBB, PLC,
RUBIN LUBLIN TN, PLLC,
BANK OF AMERICA CORPORATION,
CADENCE BANK,
STATE OF TENNESSEE,
COUNTY OF WILLIAMSON
TENNESSEE,
WILLIAMSON COUNTY SHERIFF'S
OFFICE,
CHANCERY COURT FOR WILLIAMSON
COUNTY TENNESSEE,

CASE NO. 1:23-cv-01097
HON. PAUL L. MALONEY

**Virginia Lee Story and Story &
Abernathy, PLLP's Motion to
Dismiss**

i

TENNESSEE COURT OF APPEALS
MIDDLE DIVISION,
SUPREME COURT OF THE STATE OF
TENNESSEE,
BOARD OF PROFESSIONAL
RESPONSIBILITY OF THE SUPREME
COURT OF TN,
TENNESSEE ADMINISTRATIVE
OFFICE OF THE COURTS,

      Defendants,

| JEFFREY RYAN FENTON | VALERIE HENNING MOCK (P55572) |
|---|---|
| IN PRO PER | NICOLE L. GETTLER (P76130) |
| 17195 Silver Parkway #150 | WILSON ELSER MOSKOWITZ |
| Fenton, MI 48430-3426 | EDELMAN & DICKER LLP |
| Tel: (615) 837-1300 | Attorneys for Defendants, Virginia Lee |
| contact@jefffenton.com | Story, and Story and Abernathy, PLLP |
| | Laurel Office Park III |
| | 17197 N. Laurel Park Drive, Suite 201 |
| | Livonia, MI 48152 |
| | Tel: (313) 327-3100 |
| | valerie.mock@wilsonelser.com |
| | nicole.gettler@wilsonelser.com |

## DEFENDANTS' VIRGINIA LEE STORY AND STORY AND ABERNATHY, PLLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)(2)(3)(4) & (5)

Defendants, Virginia Lee Story and Story and Abernathy, PLLP, by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby move to dismiss Plaintiff's Verified Complaint / Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1)(2)(3)(4) & (5) for the reasons fully set forth in the accompanying Brief.

In accordance with L.R. 7.1(d), Defendants, Virginia Lee Story and Story and Abernathy, PLLP, certify that they attempted to obtain concurrence in this Motion from Plaintiff, but believe that this Motion will be opposed.

WHEREFORE, Defendants, Virginia Lee Story and Story and Abernathy, PLLP, respectfully request that this Honorable Court grant their Motion to Dismiss, dismiss Plaintiff's

ii

claims against them in their entirety, with prejudice, and tax all reasonable costs and attorney fees against Plaintiff where permitted by law.

Respectfully Submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *Valerie Henning Mock*_____
VALERIE HENNING MOCK (P55572)
NICOLE L. GETTLER (P76130)
Attorneys for Defendants, Virginia Lee Story, and
Story and Abernathy, PLLP
Laurel Office Park III
17197 N. Laurel Park Drive, Suite 201
Dated: September 16, 2024        Livonia, MI 48152

iii

302101758v.1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

JEFFREY RYAN FENTON

      Plaintiff,

vs.

VIRGINIA LEE STORY,
MICHAEL WEIMAR BINKLEY,
KATHRYN LYNN YARBROUGH,
ELAINE BEATY BEELER,
MARY ELIZABETH MANEY
AUSBROOKS,
ALEXANDER SERGEY KOVAL,
HENRY EDWARD HILDEBRAND III,
CHARLES M. WALKER,
THOMAS EARL EUGENE ANDERSON,
ROY PATRICK MARLIN,
SAMUEL FORREST ANDERSON,
JAMES MICHAEL HIVNER,
JOHN BRANDON COKE,
SANDRA JANE LEACH GARRETT,
FRANK GOAD CLEMENT JR.,
ANDY DWANE BENNETT,
WILLIAM NEAL MCBRAYER,
STORY AND ABERNATHY, PLLP,
ROTHSCHILD & AUSBROOKS, PLLC,
BANKERS TITLE & ESCROW
CORPORATION,
HOSTETTLER, NEUHOFF & DAVIS,
LLC,
MCARTHUR SANDERS REAL ESTATE,
SPRAGINS, BARNETT, & COBB, PLC,
RUBIN LUBLIN TN, PLLC,
BANK OF AMERICA CORPORATION,
CADENCE BANK,
STATE OF TENNESSEE,
COUNTY OF WILLIAMSON
TENNESSEE,
WILLIAMSON COUNTY SHERIFF'S
OFFICE,
CHANCERY COURT FOR WILLIAMSON
COUNTY TENNESSEE,
TENNESSEE COURT OF APPEALS
MIDDLE DIVISION,

CASE NO. 1:23-cv-01097
HON. PAUL L. MALONEY

iv

SUPREME COURT OF THE STATE OF
TENNESSEE,
BOARD OF PROFESSIONAL
RESPONSIBILITY OF THE SUPREME
COURT OF TN,
TENNESSEE ADMINISTRATIVE
OFFICE OF THE COURTS,

     Defendants,

| | |
|---|---|
| JEFFREY RYAN FENTON | VALERIE HENNING MOCK (P55572) |
| IN PRO PER | NICOLE L. GETTLER (P76130) |
| 17195 Silver Parkway #150 | WILSON ELSER MOSKOWITZ |
| Fenton, MI 48430-3426 | EDELMAN & DICKER LLP |
| Tel: (615) 837-1300 | Attorneys for Defendants, Virginia Lee |
| contact@jefffenton.com | Story, and Story and Abernathy, PLLP |
| | Laurel Office Park III |
| | 17197 N. Laurel Park Drive, Suite 201 |
| | Livonia, MI 48152 |
| | Tel: (313) 327-3100 |
| | valerie.mock@wilsonelser.com |
| | nicole.gettler@wilsonelser.com |

**BRIEF IN SUPPORT OF DEFENDANTS' VIRGINIA LEE STORY AND STORY AND
ABERNATHY, PLLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(b)(1)(2)(3)(4) & (5)**

**ORAL ARGUMENT REQUESTED**

v

## **TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES........................................................................................ vii

INDEX OF EXHIBITS............................................................................................... viii

ISSUES PRESENTED................................................................................................ ix

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...............................................................................................................2

    I.      Plaintiff's Complaint Should be Dismissed As To These Defendants For Insufficient Service of Process………………………………………………2

    II.    Plaintiff's Complaint Should Be Dismissed As To These Defendants For Violation Of This Honorable Court's July 8, 2024 Order Regarding Service….…..…..3

    III.   Plaintiff's Complaint Should Be Dismissed As To These Defendants For Failure To File Motion For Leave To File An Amended Complaint………………3

    IV.   Plaintiff's Complaint Should Be Dismissed As To These Defendants For Lack Of Personal Jurisdiction …………………………………………………………4

    V.    Plaintiff's Complaint Should Be Dismissed As To These Defendants For Improper Venue…………………………………………………...……………5

CONCLUSION/RELIEF REQUESTED.............................................................................6

302101758v.1

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Bird v. Parsons*, 289 F. 3d 865, 871 (6th Cir. 2002) ........................................................ 4
*Campbell v. Bridgeview Marina, Ltd.,* 347 F. Supp. 2d 458 (E.D. Mich. 2004) ........................... 5

## FEDERAL STATUTES

28 U.S.C. §1391(b) .............................................................................................. 6, 7
28 U.S.C. §1391(g) .............................................................................................. 7

## STATE STATUTES

M.C.L. §600.5805 ............................................................................................... 7
M.C.L. §600.705 ................................................................................................ 4

## FEDERAL RULES

Fed. R. Civ. P. 4(c)(1) ......................................................................................... 2
Fed. R. Civ. P. 4(e) ............................................................................................. 2
Fed. R. Civ. P. 4(h) ............................................................................................. 2
Fed. R. Civ. P. 4(1).. ............................................................................................. 2
Fed. R. Civ. P. 4(m) ............................................................................................. 2
Fed. R. Civ. P. 8(a) .......................................................................................... 2, 3
Fed. R. Civ. P. 12(b)(2) ..................................................................................... 1, 5
Fed. R. Civ. P. 12(b)(3) ..................................................................................... 1, 7
Fed. R. Civ. P. 12(b)(4) ..................................................................................... 1, 4
Fed. R. Civ. P. 12(b)(5) ................................................................................... 1, 2, 3
Fed. R. Civ. P. 15(a). .......................................................................................... 3

302101758v.1

## <u>INDEX OF EXHIBITS</u>

**Exhibit A**              Affidavit of Virginia Lee Story

302101758v.1

## <u>ISSUES PRESENTED</u>

I.    Whether Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) as to these Defendants for insufficient service of process.

    Defendants answer "yes."
    Plaintiff answers "no."

II.    Whether Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for violation of this Honorable Court's July 8, 2024 Order Regarding Service.

    Defendants answer "yes."
    Plaintiff answers "no."

III.    Whether Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) due to Plaintiff's failure to file a Motion for Leave to File an Amended Complaint.

    Defendants answer "yes."
    Plaintiff answers "no."

IV.    Whether Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

    Defendants answer "yes."
    Plaintiff answers "no."

V.    Whether Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

    Defendants answer "yes."
    Plaintiff answers "no."

302101758v.1

## PRELIMINARY STATEMENT

Plaintiff filed his original Complaint against Defendants, Virginia Lee Story and Story and Abernathy, PLLP, on October 13, 2023.  Pursuant to this Honorable Court's July 8, 2024 Order Regarding Service, Plaintiff was ordered to serve all Defendants on or before August 22, 2024, which did not occur.  Instead, Plaintiff, without leave of the Court, filed an Amended Complaint on August 21, 2024.

Dismissal of Plaintiff's claims against Defendants, Virginia Lee Story and Story and Abernathy, PLLP, is proper, pursuant to Fed. R. Civ. P. 12(b)(2), (3), (4), and (5) due to insufficient service of process, violation of this Honorable Court's July 8, 2024 Order Regarding Service, Plaintiff's failure to file a Motion for Leave to File an Amended Complaint, lack of personal jurisdiction, lack of subject matter jurisdiction, and lack of venue.

As attested by Defendant, Virginia Lee Story, neither she, nor anyone at her law firm, Story and Abernathy, PLLP, have ever been admitted to practice law in Michigan, resided in Michigan, or conducted any activity in Michigan related to Plaintiff.  **(Exhibit A, Defendant, Virginia Lee Story Affidavit)**  Additionally, the substantial part of the events giving rise to the Complaint did not occur in Michigan.

## ARGUMENT

### I.    Plaintiff's Claims Must Be Dismissed For Insufficient Service Of Process

On October 13, 2023, *pro se* Plaintiff filed his original Complaint **(ECF 1)**, and on August 21, 2024, he filed an Amended Complaint for Tortious Conduct and Injunctive Relief.  **(ECF 66)** In addition, on September 11, 2024, Plaintiff filed a Declaration regarding service pleading, which seems to assert that proper service of the Summons and Complaint was accomplished on Defendants, which is not true.  **(ECF 69)**

Fed. R. Civ. P. 4(c)(1) states: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Moreover, Fed. R. Civ. P. 4(m) specifically requires that a defendant be served within 90 days after the complaint is filed, or show good cause as to the failure of timely service.  Dismissal is proper when the plaintiff has not shown good cause.

Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In addition, Fed. R. Civ. P. 4(e) and 4(h) direct that service on individuals and partnerships be accomplished in a specific way, and further, Fed. R. Civ. P. 4(l) has specific requirements for proving service, none of which was followed by Plaintiff.  Here, Plaintiff never properly served Defendants, Virginia Lee Story and Story and Abernathy, PLLP, with either Complaint, and has not shown good cause for failure to do so.  Accordingly, Plaintiff's claims must be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

302101758v.1

**II.**    **Plaintiff's Claims Must Be Dismissed For Violation Of This Honorable Court's July 8, 2024 Order Regarding Service**

On July 8, 2024, this Honorable Court entered an Order Regarding Service, granting in part and denying in part Plaintiff's Motion for Extension of Time, and directing that Plaintiff serve Defendants by August 22, 2024.  **(ECF 55)**  It is well-settled that Courts speak through their Orders.  Here, and as set forth above, Defendants were not properly served with the Summons and Complaint by August 22, 2024.  Accordingly, Plaintiff's claims must be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

**III.**    **Plaintiff's Claims Must Be Dismissed Due To Plaintiff's Failure To File Motion For Leave To File An Amended Complaint**

There was approximately a 10-month period of time between the filing of Plaintiff's original Complaint on October 13, 2023, and Plaintiff's Amended Complaint on August 21, 2024.  Fed. R. Civ. P. 15(a), which governs amended and supplemental pleadings, required Plaintiff to file a Motion for Leave to File an Amended Complaint, as follows:

> (a) AMENDMENTS BEFORE TRIAL.
>
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff did not submit a Motion for Leave to File an Amended Complaint.  Accordingly, Plaintiff's claims must be dismissed for insufficient process pursuant to Fed. R. Civ. P. 12(b)(4).

302101758v.1

## IV.    Plaintiff's Claims Must Be Dismissed For Lack Of Personal Jurisdiction

Defendant, Virginia Lee Story, is a family law and estate planning attorney who lives and works in Franklin, Tennessee, and Defendant, Story and Abernathy, PLLP, is a partnership / law firm located in Franklin, Tennessee.  **(Exhibit A)**  For non-resident defendants, such as these Defendants, personal jurisdiction exists only if the defendant is subject to service of process under the state's long-arm statute and if the exercise of personal jurisdiction would not deny that defendant due process.  *See, e.g., Bird v. Parsons*, 289 F. 3d 865, 871 (6th Cir. 2002)(citations omitted).

These Defendants were not served in Michigan; therefore, the only possible applicable long-arm statute for these non-consenting Defendants is M.C.L. §600.705, the limited personal jurisdiction statute, which states:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

302101758v.1

(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

To be consistent with due process in the exercise of limited personal jurisdiction, essentially the defendants must purposefully avail themselves of the privilege of acting in the forum state with the claimed actions of the defendants having a substantial connection to that forum state to make the exercise of jurisdiction reasonable. *Campbell v. Bridgeview Marina, Ltd.,* 347 F. Supp. 2d 458 (E.D. Mich. 2004).

In the instant case, these Defendants have no contacts whatsoever with the State of Michigan. **(Exhibit A)** Defendant, Virginia Lee Story, is not licensed to practice law in Michigan, has never been admitted *pro hac vice* in Michigan, and has never lived in Michigan. Moreover, Defendant, Story and Abernathy, PLLP, is located in Tennessee, and no attorneys at that law firm are licensed to practice in Michigan, nor have any been admitted *pro hac vice* in Michigan. Specifically with respect to any activities involving the Plaintiff, Defendants had no contacts whatsoever with the State of Michigan. As such, Defendants certainly have not personally availed themselves of the privilege of acting within the State of Michigan and do not have the sufficient minimum contacts (indeed, they have none) with this state for the exercise of personal jurisdiction. Therefore, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## V.    <u>Plaintiff's Claims Must Be Dismissed For Improper Venue</u>

Lastly, the Western District of Michigan is an improper venue for Plaintiff's claims, and the interests of justice do not require transferring this lawsuit to any other district. Plaintiff must have anticipated this argument since Plaintiff filed a Motion for Order to Maintain Venue on October 20, 2023. **(ECF 7)**

302101758v.1

Venue is governed by 28 U.S.C. §1391.  28 U.S.C. §1391(b)(1), Venue in General, provides that civil actions may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.  Here, as described above, Defendants, Virginia Lee Story and Story and Abernathy, PLLP, are not residents of the State of Michigan.  Moreover, Plaintiff is a resident of Fenton, Michigan, located in Genesee County, which is included in the United States District Court for the Eastern District of Michigan.

28 U.S.C. §1391(b)(2) provides that civil actions may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, neither of which applies here.  As described above, Defendant, Virginia Lee Story, represented Plaintiff's ex-wife in a divorce proceeding that was adjudicated in Tennessee.

28 U.S.C. §1391(b)(3) provides that if there is no district in which an action may otherwise be brought as provided in this section, civil actions may be brought in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  Here, and as described above, there is no personal jurisdiction over these Defendants, as they do not reside or work in Michigan, and no events giving rise to this cause of action occurred in Michigan.

Lastly, 28 U.S.C. §1391(g) governing multiparty, multiforum litigation, also does not save the venue issue in this case as neither Plaintiff, nor any of the 32-named Defendants, reside within the United States District Court for the Western District of Michigan.  Therefore, Plaintiff's claims against these Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

## **CONCLUSION/RELIEF REQUESTED**

Defendants, Virginia Lee Story and Story and Abernathy, PLLP, respectfully request that this Honorable Court grant their Motion to Dismiss, dismiss Plaintiff's claims against them in their entirety, with prejudice and with costs and attorney fees so wrongfully incurred.

6

Respectfully Submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *Valerie Henning Mock*
VALERIE HENNING MOCK (P55572)
NICOLE L. GETTLER (P76130)
Attorneys for Defendants, Virginia Lee Story, and
Story and Abernathy, PLLP
Laurel Office Park III
17197 N. Laurel Park Drive, Suite 201
Dated: September 16, 2024       Livonia, MI 48152

7

## CERTIFICATE OF COMPLIANCE

In accordance with W.D. Mich. L.Civ.R. 7.3(b)(ii), Defendants state as follows:

    Word Count:    3,029 words

    Software Used:  Microsoft Word

            Respectfully Submitted,

            WILSON ELSER MOSKOWITZ
            EDELMAN & DICKER LLP

            /s/ *Valerie Henning Mock*
            VALERIE HENNING MOCK (P55572)
            NICOLE L. GETTLER (P76130)
            Attorneys for Defendants, Virginia Lee Story, and
            Story and Abernathy, PLLP
            Laurel Office Park III
            17197 N. Laurel Park Drive, Suite 201
Dated: September 16, 2024    Livonia, MI 48152

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2024, I sent the foregoing document to Plaintiff via first-class mail at his address, 17195 Silver Parkway #150, Fenton, MI 48430-3426, as well as via email at <u>contact@jefffenton.com</u>.

*/s/ Rhoda Haick*
Rhoda Haick

302101758v.1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON

        Plaintiff,

vs.

VIRGINIA LEE STORY,
MICHAEL WEIMAR BINKLEY,
KATHRYN LYNN YARBROUGH,
ELAINE BEATY BEELER,
MARY ELIZABETH MANEY
AUSBROOKS,
ALEXANDER SERGEY KOVAL,
HENRY EDWARD HILDEBRAND III,
CHARLES M. WALKER,
THOMAS EARL EUGENE ANDERSON,
ROY PATRICK MARLIN,
SAMUEL FORREST ANDERSON,
JAMES MICHAEL HIVNER,
JOHN BRANDON COKE,
SANDRA JANE LEACH GARRETT,
FRANK GOAD CLEMENT JR.,
ANDY DWANE BENNETT,
WILLIAM NEAL MCBRAYER,
STORY AND ABERNATHY, PLLP,
ROTHSCHILD & AUSBROOKS, PLLC,
BANKERS TITLE & ESCROW
CORPORATION,
HOSTETTLER, NEUHOFF & DAVIS,
LLC,
MCARTHUR SANDERS REAL ESTATE,
SPRAGINS, BARNETT, & COBB, PLC,
RUBIN LUBLIN TN, PLLC,
BANK OF AMERICA CORPORATION,
CADENCE BANK,
STATE OF TENNESSEE,
COUNTY OF WILLIAMSON
TENNESSEE,
WILLIAMSON COUNTY SHERIFF'S
OFFICE,
CHANCERY COURT FOR WILLIAMSON
COUNTY TENNESSEE,

CASE NO. 1:23-cv-01097
HON. PAUL L. MALONEY

1

TENNESSEE COURT OF APPEALS
MIDDLE DIVISION,
SUPREME COURT OF THE STATE OF
TENNESSEE,
BOARD OF PROFESSIONAL
RESPONSIBILITY OF THE SUPREME
COURT OF TN,
TENNESSEE ADMINISTRATIVE
OFFICE OF THE COURTS,

        Defendants,

| | |
|---|---|
| JEFFREY RYAN FENTON | VALERIE HENNING MOCK (P55572) |
| IN PRO PER | NICOLE L. GETTLER (P76130) |
| 17195 Silver Parkway #150 | WILSON ELSER MOSKOWITZ |
| Fenton, MI 48430-3426 | EDELMAN & DICKER LLP |
| Tel: (615) 837-1300 | Attorneys for Defendants, Virginia Lee |
| contact@jefffenton.com | Story, and Story and Abernathy, PLLP |
| | Laurel Office Park III |
| | 17197 N. Laurel Park Drive, Suite 201 |
| | Livonia, MI 48152 |
| | Tel: (313) 327-3100 |
| | valerie.mock@wilsonelser.com |
| | nicole.gettler@wilsonelser.com |

## <u>NOTICE OF LIMITED APPEARANCE</u>

Valerie Henning Mock and Nicole L. Gettler, attorneys with the law firm, Wilson Elser

Moskowitz Edelman & Dicker LLP, hereby give notice of their limited appearance of counsel of

record for Defendants, Virginia Lee Story and Story and Abernathy, PLLP, only, for the purpose

of a Motion to Dismiss, presently pending before this Honorable Court.

2

302186274v.1

Respectfully Submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *Valerie Henning Mock*
VALERIE HENNING MOCK (P55572)
NICOLE L. GETTLER (P76130)
Attorneys for Defendants, Virginia Lee Story, and
Story and Abernathy, PLLP
Laurel Office Park III
17197 N. Laurel Park Drive, Suite 201
Dated: September 16, 2024        Livonia, MI 48152

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I sent the foregoing document to Plaintiff via

first-class mail at his address, 17195 Silver Parkway #150, Fenton, MI 48430-3426, as well as via

email at contact@jefffenton.com.

*/s/ Rhoda Haick*
Rhoda Haick

3

302186274v.1