UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

    Plaintiff,

vs.

VIRGINIA LEE STORY, et al.,

    Defendants.

Case No. 1:23-CV-1097

HON: PAUL L. MALONEY

MAG: RAY KENT

| | |
|---|---|
| Jeffrey Ryan Fenton<br>17195 Silver Parkway #150<br>Fenton, MI 48430<br>(615) 837-1300<br>Plaintiff<br>*PRO SE* | Brian J. Gallagher (P72712)<br>LENNON MILLER PLC<br>Attorneys for Defendants Beeler; Bennett; Binkley; Board of Professional Responsibility of the Supreme Court of TN; Chancery Court for Williamson County, TN; Clement; Coke; Garrett; Hivner; McBrayer; State of TN; Supreme Court of the State of TN; TN Admin Office of the Courts; TN Court of Appeals Middle Division; Williamson County; Williamson County Sheriff's Office ("The Tennessee Defendants")<br>151 South Rose Street, Suite 900<br>Kalamazoo, MI 49007<br>(269) 488-5188 / (269) 381-8822 – Fax<br>bgallagher@lennonmiller.com |
| Valerie Henning Mock (P55572)<br>Wilson Elser Moskowitz Edelman & Dicker LLP (Livonia)<br>Attorneys for Defendants Story and Story and Abernathy, PLLC<br>17197 N Laurel Park Dr., Ste. 201<br>Livonia, MI 48152<br>(313) 327-3100<br>valerie.mock@wilsonelser.com | Sandra J. Densham (P69397)<br>Plunkett Cooney (Grand Rapids)<br>Attorneys for Defendants Marlin and McCarthur Sanders Real Estate<br>333 Bridge St., NW, Ste. 530<br>Grand Rapids, MI 49504<br>(616) 752-4627<br>sdensham@plunkettcooney.com |

**BRIEF IN SUPPORT OF "THE TENNESSEE DEFENDANTS'" MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(3) FILED IN LIEU OF A FIRST RESPONSIVE PLEADING**

## INTRODUCTION

"The Tennessee Defendants" are entitled to be summarily dismissed from this lawsuit as this District Court does not have personal jurisdiction over them and venue is improper. For the reasons stated in this motion and brief, the Tennessee Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

## FACTUAL BACKGROUND

Plaintiff, Jeffrey Fenton, filed this lawsuit against numerous defendants, including those which are being called "the Tennessee Defendants" for purposes of this motion and brief. Plaintiff sets forth in his Complaint several important facts that are crucial to a determination as to whether venue is proper and whether there is personal jurisdiction over the Defendants in this case.[1]

First, Plaintiff states that he is a Michigan resident. (PageID.4873). Next, he rightly claims that the named individuals who make up the Tennessee Defendants, do in fact reside in Tennessee. (PageID.4873-4875). Moreover, he states that the government entities which make up the Tennessee Defendants are in fact located in Tennessee. (PageID.4875). The complaint is filled with allegations that all occurred within the State of Tennessee. Specifically, in Paragraph 11 of the complaint, he states:

> 11. This complaint seeks a cure for two fraudulent predatory actions in Tennessee during 2019, from which flowed four court orders depriving Plaintiff of liberty and/ or property, allegedly on behalf of Plaintiff's then wife, Fawn Fenton (hereinafter "Ms. Fenton," "then wife," or "exwife"), though she and Plaintiff were both financially destroyed as a result and to the sole benefit of outsiders.

There are no allegations that any of the actions or omissions occurred in Michigan or that any of the Tennessee Defendants acted in the State of Michigan.

---

[1] Of course, these Defendants dispute many of the allegations in the Amended Complaint and as stated in their Motion, reserve the right, if necessary, to raise other appropriate defenses. However, even taking the allegations of the Complaint as true, there can be no dispute that venue is not proper and personal jurisdiction does not exist; thus, in the interest of judicial economy, Defendants raise these defenses as a threshold matter.

## LAW AND ARGUMENT

**I.     Standards of Review.**

**Fed. R. Civ. P. 12(b)(2)**

Fed. R. Civ. P. 12(b)(2) allows for the dismissal of a complaint for failing to show personal jurisdiction over a party. The party seeking personal jurisdiction bears the burden of proving that personal jurisdiction exists by making at the very least a prima facie showing that personal jurisdiction exists. CompuServe, Inc. v Patterson, 89 F.3d 1257, 1261-1262 (6th Cir. 1996). "Without personal jurisdiction over an individual ... a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." Friedman v Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991).

**Fed. R. Civ. P. 12(b)(3)**

Fed. R. Civ. P. 12(b)(3) allows for the dismissal of a complaint when venue is improper. "The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue." Audi AG & Volkswagen of Am, Inc v Izumi, 204 F Supp 2d 1014, 1022 (ED Mich, 2002). "[T]he plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." Id. at 1017.

**II.    Venue is Improper in this Court and the Case must be Dismissed.**

Venue is governed in civil actions by 28 U.S.C. § 1391(b) which provides that a civil action may be brought in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a case is filed in the wrong district, the District Court *shall* dismiss such claims unless a transfer is proper due to the interests of justice. 28 U.S.C. § 1406(a). The decision is within the Court's sole, sound discretion. *See* <u>Means v United States Conference of Catholic Bishops</u>, 836 F.3d 643, 648 (6th Cir. 2016) (citing <u>First of Mich. Corp. v Bramlet</u>, 141 F.3d 260, 262 (6th Cir. 1998)).

Plaintiff's Amended Complaint shows that venue is improper in the Western District of Michigan. As even Plaintiff notes in the Complaint (PageID.4873-4875), the Tennessee Defendants are all residents of Tennessee. As such, venue is improper under 28 U.S.C. 1391(b)(1). As Plaintiff states in the Complaint, (ECF No. 66) all of the events giving rise to the alleged claims *and* the property that is subject to the action is situated in Tennessee. Likewise, venue is improper under 28 U.S.C. 1391(b)(2). Finally, venue is improper under 28 U.S.C. 1391(b)(3), because this is not a district of last resort. This is not the only district that this action could have been brought. Moreover, as explained below, none of the Tennessee Defendants are subject to this Court's personal jurisdiction.

Plaintiff's claim that diversity jurisdiction applies as to the Tennessee Defendants is misplaced. The Tennessee Defendants have no connections or dealings in Michigan, let alone the Western District. The Plaintiff has no connections to the Western District either.[2] Further, in anticipation of Plaintiff's future argument, he misapplies the law and holding in the Complaint in which he cites *Ferens v. John Deere Co.,* 494 U.S. 516 (1990). That case dealt with whether the

---

[2] Indeed, Mr. Fenton resides in Genesse County, which actually means he filed this suit in the wrong United States District Court in Michigan. He is a resident of a county which sits in the Federal Court for the Eastern District of Michigan.

law from the transferor or transferee state applied in a case sitting in diversity jurisdiction after a case was transferred for convenience. Diversity Jurisdiction does not apply and it is clear that venue is improper. It is thus up to the Court's discretion to dismiss or transfer the case.

Here, Plaintiff's claims are baseless and many of the Defendants have not been properly served. Transfer of the case will not support the interests of justice, but only instead delay the inevitable dismissal of the lawsuit against the Tennessee Defendants. Indeed, Plaintiff has failed to state claims upon which relief can be granted against the Tennessee Defendants. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that, to survive a motion to dismiss, a plaintiff must present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Based upon the Amended Complaint, it is unclear whether Plaintiff's claims would survive in any of the three Federal District Courts in Tennessee. Thus, referral is not in the interest of justice. As such, the claims against the Tennessee Defendants must be summarily dismissed.

### III. There Is No Personal Jurisdiction Over The Tennessee Defendants and the Case must be Dismissed.

A federal court's exercise of personal jurisdiction must be authorized by the law of the state in which it sits and consistent with the Due Process Clause of the Fourteenth Amendment. *See* Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1115 (6th Cir. 1994). "Under the Constitution, personal jurisdiction over a defendant arises from 'certain minimum contacts with [the forum district] such that maintenance of the suit does not offend 'traditional notions of fair place and substantial justice.''" Id. at 1116 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citations omitted)). Depending on the nature of the contacts involved, personal jurisdiction can be classified as general or specific. Id. General personal jurisdiction exists where a defendant's contacts "are so 'continuous and systematic' as to render [the defendant] essentially

at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe, 326 U.S. at 317)). Specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. (citations omitted) (alteration in original).

In order for a non-resident defendant to be subject to personal jurisdiction, the defendant must be subject to service under the long-arm statute of the state in which the case was filed. Exercise of personal jurisdiction must also comport with principals of due process.

Michigan's long-arm statute provides limited jurisdiction over individuals pursuant to MCL 600.705. MCL 600.705 is the Michigan Statute that establishes limited personal jurisdiction over individuals. It reads:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

The statute extends "the state's jurisdiction to the farthest limits permitted by due process." <u>Sifers v. Horen</u>, 385 Mich. 195, 188 N.W.2d 623, 623–24 (1971).

Courts in the Sixth Circuit employ a three-part test to determine whether the exercise of jurisdiction comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

<u>Bridgeport Music, Inc. v. Still N the Water Publ'g</u>, 327 F.3d, 472, 477-78 (6th Cir. 2003) (quoting <u>So. Machine Co. v. Mohasco Indus., Inc.</u>, 401 F.2d 374, 381 (6th Cir. 1968)). The party seeking to establish the existence of personal jurisdiction bears the burden of establishing the court's personal jurisdiction over each defendant. <u>Days Inns Worldwide, Inc. v. Patel</u>, 445 F.3d 899, 904 (6th Cir. 2006) (internal citations omitted).

The allegations in Plaintiff's Amended Complaint all occurred in the State of Tennessee and have no connection with Michigan. The only way Michigan is seemingly connected to this case is that *Plaintiff* currently resides here. The Tennessee Defendants have no contacts with the State of Michigan. The cause of actions alleged did not arise from the Tennessee Defendants' activities in Michigan. Moreover, the Tennessee Defendants have not waived personal jurisdiction and have not purposefully availed themselves of "the privilege of acting in" Michigan.

To be clear, the Tennessee Defendants have no contacts with Michigan. They do not do business with Michigan; have not committed torts here; do not own, use, or possess property in Michigan; do not have principal places of business in Michigan; and/or do not maintain domicile here. Judge Binkley was the presiding judge in the Williamson Chancery Court and resides in Tennessee; Mr. Hivner is the Tennessee Court of Appeals Clerk and resides in Tennessee; Mr. Coke is an attorney in Tennessee and was the state-wide ADA Coordinator at the time of the

underlying litigation in Tennessee, who also resides in Tennessee; Ms. Garrett is the Administrative Office of the Court's executive director/chief disciplinary officer and resides in Tennessee; Judges Clement, Bennett, and McBrayer are Tennessee Court of Appeals Judges who reside in Tennessee; and Chancery Court Clerk and Master Beeler resides in Tennessee.

The remaining entities all are by definition in Tennessee – not Michigan. The State of Tennessee is quite literally the State of Tennessee. Its government is headquartered in Nashville as are a number of the Tennessee Defendants – the Tennessee Supreme Court, the Tennessee Administrative Office of the Court, and the Court of Appeals. The remainder of the Defendants are all located in Williamson County, Tennessee, including the Tennessee Board of Professional Responsibility.[3]

For all of these reasons, this Court has no personal jurisdiction over the Tennessee Defendants and the case must be summarily dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

## CONCLUSION/RELIEF REQUESTED

For the reasons stated in this motion and the brief in support, Defendants Elaine Beaty Beeler; Andy Dwane Bennett; Michael Weimar Binkley; Board of Professional Responsibility of the Supreme Court of Tennessee; Chancery Court for Williamson County Tennessee; Frank Goad Clement, Jr.; John Brandon Coke; Sandra Jane Leach Garrett; James Michael Hivner; William Neal McBrayer; Supreme Court of the State of Tennessee; Tennessee Administrative Office of the Courts; Tennessee Court of Appeals Middle Division; State of Tennessee; Williamson County; Williamson County Sheriff's Office respectfully request that the Plaintiff's case against them be summarily dismissed based upon improper venue and lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

---

[3] While the Williamson County Sheriff's Office is not a separate legal entity from the County, it nonetheless exists – in Tennessee.

Dated:  September 20, 2024

*/s/ Brian J. Gallagher*
_____
Brian J. Gallagher (P72712)
Attorneys for Defendants Beeler; Bennett; Binkley; Board of Professional Responsibility of the Supreme Court of TN; Chancery Court for Williamson County, TN; Clement; Coke; Garrett; Hivner; McBrayer; State of TN; Supreme Court of the State of TN; TN Admin Office of the Courts; TN Court of Appeals Middle Division; Williamson County; Williamson County Sheriff's Office
151 South Rose Street, Suite 900
Kalamazoo, MI 49007
(269) 488-3027
bgallagher@lennonmiller.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2024 I electronically filed the foregoing papers with the Clerk of the Court using the ECF/CM, which will send the instant filing and notification of same to all counsel electronically and served the Plaintiff the same document by mail.

Dated:  September 20, 2024

*/s/ Brian J. Gallagher*
_____
Brian J. Gallagher (P72712)
Attorneys for Defendants Beeler; Bennett; Binkley; Board of Professional Responsibility of the Supreme Court of TN; Chancery Court for Williamson County, TN; Clement; Coke; Garrett; Hivner; McBrayer; State of TN; Supreme Court of the State of TN; TN Admin Office of the Courts; TN Court of Appeals Middle Division; Williamson County; Williamson County Sheriff's Office
151 South Rose Street, Suite 900
Kalamazoo, MI 49007
(269) 488-3027
bgallagher@lennonmiller.com