IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

    Plaintiff,

v.

VIRGINIA LEE STORY, et. al.

    Defendants.

Case No. 1:23-CV-01097-PLM-RSK

## RUBIN LUBLIN TN, PLLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Rubin Lublin TN, PLLC ("Rubin Lublin"), by and through counsel, and files this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2),(3), and (6) and Fed. R. Civ. P. 4(m), respectfully showing this Honorable Court as follows:

### I.     INTRODUCTION

Rubin Lublin moves this Court for dismissal of Plaintiff's Complaint based on its total procedural failure and the failure of its claims as a matter of law. Plaintiff has filed this action in the wrong venue pursuant to U.S.C. § 1391(b) as no part of the events giving rise to this action occurred in this District, no defendant resides in this District, and this Court lacks personal jurisdiction over Rubin Lublin under Fed. R. Civ. P. 12(b)(2). Dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(3) because the Complaint itself fails to present a single cogent claim against any Defendant, and justice would not be served by transferring this action. To that end, Rubin Lublin also moves for Dismissal under Fed. R. Civ. P. 12(b)(6), as plaintiff's pleading states no cognizable claim for relief against Rubin Lublin. While Rubin Lublin contends that this Complaint must be dismissed for its utter lack of merit, Rubin Lublin contends that in the

alternative, this Complaint must be dismissed for incorrect process, and lack of service under Fed. R. Civ. P. 4(m). As such, Rubin Lublin's Motion to Dismiss should be granted in its entirety.

## II. STATEMENT OF FACTS

The instant action is one hundred pages of stream of consciousness complaints filed by a *pro se* Plaintiff in Michigan in an attempt to overturn several years' worth of court orders related to his divorce proceedings, various bankruptcies, and real property located in Tennessee. *See* PageID.4870-4972, *generally*. Plaintiff has named over thirty defendants in this action – including various law firms, judges, courts, and State of Tennessee agencies – whom he accuses of engaging in organized racketeering, fraud, abuse, discrimination, and other violations of the United States Constitution. *Id*.

As to the allegations specifically concerning Rubin Lublin, Plaintiff mentions Rubin Lublin only three times in his 103-page complaint. First, Plaintiff names Rubin Lublin as a defendant and identifies it as a law firm. PageID.4874. Second, Plaintiff exempts Rubin Lublin from his claims for fraud and concealment against all defendants in Count 7. PageID.4940. Finally, Plaintiff mentions that he did not make Rubin Lublin aware of any alleged due process violations. PageID.4960. Further, the only counts directed towards Rubin Lublin are Count 6 for intentional infliction of emotional distress and Count 8 for civil conspiracy. PageID.4933, 4946. These two counts are made "against all defendants", but Rubin Lublin is never mentioned as taking any action against Plaintiff. *Id*. As Plaintiff's Complaint is entirely devoid of any allegations of wrongdoings or claims of action against Rubin Lublin, his Complaint must be dismissed for failure to state a claim as well as procedural deficiencies for insufficient service of process, lack of personal jurisdiction, and improper venue.

## ARGUMENT

### A. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(2) allows for the dismissal of a complaint for failing to show personal jurisdiction over a party. The party seeking personal jurisdiction bears the burden of proving that personal jurisdiction exists by making at the very least a prima facie showing that personal jurisdiction exists. *CompuServe, Inc. v Patterson*, 89 F.3d 1257, 1261-1262 (6th Cir. 1996). "Without personal jurisdiction over an individual ... a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

Further, Fed. R. Civ. P. 12(b)(3) allows for the dismissal of a complaint when venue is improper. "The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue." *Audi AG & Volkswagen of Am, Inc v Izumi*, 204 F.Supp.2d 1014, 1022 (ED Mich, 2002). "[T]he plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id*. at 1017.

### B. Plaintiff has Failed to Perfect Service Against Rubin Lublin

Plaintiff's initial Complaint was filed on October 13, 2023. Pursuant to Fed. R. Civ. P. 4(m), defendants should be served within 90 days after the complaint is filed. In this case, Plaintiff failed to serve the Complaint within that time. Over 8 months later, and upon motion of Plaintiff for an extension of time to service the defendants, this Court issued an Order providing Plaintiff until August 22, 2024 to properly serve the defendants. PageID.4378. The Court advised that "any defendant which is not properly served by that date will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m)." *Id*.

Here, Rubin Lublin was not properly served with the Complaint prior to the August 22, 2024 deadline and Plaintiff has failed to provide any proof of such service or the manner of such service as required by the Order of this Court. For this reason, Rubin Lublin should be dismissed from this action for failure to perfect service pursuant to Fed. R. Civ. P. 4(m).

**C. This Court Lacks Personal Jurisdiction over Rubin Lublin.**

To determine "whether limited personal jurisdiction exists over a given defendant", this Court must "look to both the long-arm statute of the forum state and constitutional due-process requirements." *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017). MCL 600.705 provides the long-arm statute establishing limited personal jurisdiction over persons in Michigan and provides as follows:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Further, the Sixth Circuit maintains a three-prong test to determine the due process considerations of persona jurisdictions

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968). "If any of the three requirements is not met, personal jurisdiction may not be invoked." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)(citing *LAK, Inc. v. Deer Creek Enters.,* 885 F.2d 1293, 1303 (6th Cir.1989)).

Here, Rubin Lublin is a professional limited liability company organized in the State of Tennessee and maintains a law practice throughout the State of Tennessee. Rubin Lublin has never conducted business, contracted with any parties, or taken any actions whatsoever in the State of Michigan and does not have any ownership in any personal or real property in the State of Michigan. Since Rubin Lublin has no contacts with Michigan, personal jurisdiction cannot be established through the Michigan long-arm statute.

Neither can due process establish limited personal jurisdiction over Rubin Lublin in the state of Michigan. Rubin Lublin has not purposely availed itself to the jurisdiction of Michigan as it has taken no actions within the state, nor has it caused a consequence there. Further and most importantly, the actions complained of by Plaintiff all admittedly take place in the State of Tennessee, not in Michigan. Finally, as Plaintiff has alleged no wrongdoing of Rubin Lublin in his Complaint, the third prong cannot be satisfied since the Court cannot determine a connection with

the forum state through actions that are not alleged. For this reason, this Court lack personal jurisdiction over Rubin Lublin and this Complaint must be dismissed.

### D. Plaintiff has filed his Complaint in an Improper Venue

Under 28 U.S.C. § 1391(b)(2), "A civil action may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located, (2) a judicial district in which a substantial party of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Throughout the Complaint, Plaintiff only alleges actions that took place in Tennessee and seeks damages against actors from the State of Tennessee. Despite these facts, Plaintiff filed his Complaint in the Western District of Michigan – a district in which he does not even reside. It has been established that Rubin Lublin does not reside in Michigan. Further, based on the allegations in the Complaint, defendants only reside in the states of Tennessee, Florida,[1] and Mississippi.[2] Plaintiff has not met any requirement for venue as none of the defendants reside in the Western District of Michigan and the events complained of in the Complaint did not occur in Western District of Michigan. For this reason, venue of the Western District of Michigan is improper and should be dismissed.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. As set forth in more detail below

---

[1] PageID.4874 – Bank of America Corporation.
[2] PageID.4875 – Cadence Bank

the instant action is completely meritless and provides no allegations that Rubin Lublin is liable to him for any reason at all. Accordingly, the deficiencies of Plaintiff's pleading necessitate its dismissal because the action's transfer would only prolong its inevitable dismissal.

### E. Plaintiff Fails to State Any Claim Against Rubin Lublin.

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Despite the volume of Plaintiff's pleadings, he fails to enumerate any act or omission, nor attribute any legal violation that has occurred against him to Rubin Lublin. Rubin Lublin is only mentioned three times in the entire Complaint and these mentions only reference Rubin Lublin as a defendant with no actual allegations attached to it. As such, it provides Rubin Lublin with no notice of the claims brought against it and the Complaint wholly fails to meet the threshold requirements to state a claim for relief. For this reason, the Complaint must be dismissed.

### CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that this Court grant its Motion to Dismiss

Respectfully submitted, this 24th day of September, 2024.

*/s/ Bret J. Chaness*
BRET J. CHANESS (720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorneys for Rubin Lublin TN, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 24th day of September 2024, filed the within and foregoing via CM/ECF, which will serve electronic notice on all parties pursuant to LCivR 5.7.  It further certified that I have, this 24th day of September, 2024, served the Plaintiff in this matter with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Jeffrey Fenton
17915 Silver Parkway #150
Fenton, Michigan 48430

*/s/ Bret J. Chaness*
BRET J. CHANESS (720572)