UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

              PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

              DEFENDANTS

CASE NO. 1:23-CV-01097

**COUNTER-AFFIDAVIT TO "AFFIDAVIT OF VIRGINIA LEE STORY"**[1]

Plaintiff brings this testimony pursuant to 28 U.S. Code § 1746.

I, Jeffrey Ryan Fenton, declare under oath as follows:

1. I am the plaintiff in this federal lawsuit.

2. I am a citizen of the United States of America.

3. I am domiciled in Genesee County, Michigan.

4. Throughout this declaration, when I refer to defendant Story's law firm, "Story and Abernathy, PLLP" (hereinafter "SAC"), that will include any prior firms with her as a member operating out of the same office building located at 136 4th Avenue South, Franklin, TN, 37064, regardless of the partnership structure or naming variant used for their law firm during different seasons.

---

[1] Citations to the court record in this lawsuit will be notated without the case name or number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

Page 1 of 6

Initials:

5. In paragraph 11 of defendant Story's affidavit referenced in the title, she falsely stated, "I have never conducted any activity in Michigan related to Plaintiff."[2]

6. She similarly falsely stated in paragraph 12 of that same affidavit, "Story and Abernathy, PLLP has never conducted any activity in Michigan related to Plaintiff." This is also contrary to the interactions she and her company have had with me since I've lived in Michigan.

7. While it may be true that she or her firm or any of its members have never *physically* been located in the State or Michigan or *personally* conducted any business there, they still "conducted [much] activity in Michigan related to Plaintiff."

8. The absolutely false aspect of those statements is that from a physical base inside Tennessee, her company and the courts in Tennessee unlawfully committed a plethora of state and federal felonies against me and my family. This was done under the fictitious *color of law*, without even having lawful jurisdiction over the matters they "adjudicated," nor having lawful jurisdiction over my person after they wrongfully evicted me from my home, clearly knowing in advance that would cause me to become geographically dislocated from the State of Tennessee to the State of Michigan where I could have emergency replacement shelter and provisions from my elderly mother who lives in Genessee County Michigan.

9. After dislocating me, defendants Story, SAC, Yarbrough, and the Williamson County Chancery Court continued to file fraudulent papers[3] in the court and—with the help of

---

[2] ECF 76-1, PID.5078-5079
[3] https://rico.jefffenton.com/evidence/2019-08-30_emergency-attempt-to-correct-court-order.pdf
https://rico.jefffenton.com/evidence/2019-08-30_notified-story-beeler-false-claims-in-court-order.pdf
https://rico.jefffenton.com/evidence/2019-08-30_story-lied-when-notified-false-claims-in-order.pdf
https://rico.jefffenton.com/evidence/2019-09-26_motion-to-sell-contents-of-marital-residence.pdf
https://rico.jefffenton.com/evidence/2019-10-21_fraudulent-final-affidavit-by-virginia-story.pdf

defendants Binkley, Beeler, and Chancery Court—proceeded to terrorize[4] me and my family under the bad faith fraudulent *color of law* as the evidence on record shows.

10. Two letters from defendants Story and SAC sent to me *in Michigan* are shown on pages A4-5 and A4-6 in the complaint as being dated *after* September 3, 2019, the day I was wrongly evicted from his home.[5] Defendant Story knew I would be "be moving to Michigan."[6] In fact, even with the redaction, the letter on page A4-5 shows it being clearly addressed to Marsha Fenton who Story knew lived in Michigan.[7]

11. The preceding paragraph proves on its own that defendants Story and SAC had conducted "activity in Michigan" and clearly shows their affidavit to be falsified.

12. Defendant Story doesn't appear to be denying a single merit of this lawsuit in her affidavit, despite how horrifically it accurately portrays her. She merely seems to imply that it is none of the state court or federal court of Michigan's business, despite me living in Michigan, it and its courts having a duty to provide me with equal protection under the law, and her and defendant SAC injuring me and causing me damages while I was living in Michigan.

13. Defendants Story and SAC did in fact "conducted [much] activity in Michigan related to [me]."

14. "Activity" originated from and/or was primarily caused by, related to, conducted

---

[4] https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand-for-storage.pdf
https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred.pdf
https://rico.jefffenton.com/evidence/2019-tn-wilco-48419b-tech-record-v3-pages-387-402-iied.pdf
https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf
https://rico.jefffenton.com/evidence/2019-11-12_settlement-offer-mitigate-losses-story-refused.pdf

[5] ECF 19-7, PID.2675

[6] ECF 23, PID.2887

[7] ECF 23, PID.2867

through, or subsequent to the actions of defendants Story and SAC after I was no longer a resident of Tennessee.

15. Forgetting for the moment that paragraphs 11 and 12 of defendant Story's affidavit are false, even if paragraphs 11, 12, and 13 were all true, one could not logically deduce that "the substantial part of the events giving rise to the [c]omplaint did not occur in Michigan." Moreover, the crime and corruption arising from the "divorce proceeding" are only a portion of the foundation of the complaint. The crime and corruption born of the bankruptcy comprise the other portion to which defendants Story and SAC were certainly connected.

16. Taking this one step further, even if defendant Story had not prevaricated and everything in the affidavit could be taken as true, she is still implying that federal courts in Michigan do not have personal jurisdiction over her or her firm. Such flawed reasoning, if instead true, would negate nearly half of all federal cases brought under diversity of citizenship. The whole purpose of diversity—under which the instant case was brought—is to litigate cases in which no plaintiffs are residents of any of the states of the defendants.

17. To clarify based upon time calculations related to defendant Story's and SAC's claim, I only lived in Tennessee from June 6, 2019, when defendant Story filed a divorce complaint, through September 3, 2019, when I was wrongfully evicted from my home by four officers of the Williamson County Sheriff's Office.

18. The period in which I lived in Tennessee impacted by the "activity" of defendants Story and SAC is from June 6 through September 3, 2019, which is merely 90 days.

19. The period in which I remained in litigation with defendants Story and SAC after I began living in Michigan was from September 7, 2019, through April 4, 2021, when the case was

closed by the Tennessee Court of Appeals[8]. This is a total of 576 days in litigation.

20. That means I was in litigation with defendants Story and SAC 486 days longer while living in Michigan than while living in Tennessee.

21. The computation also means that I only lived in Tennessee for less than 16 percent of the duration during which I actively attempted to defend myself against the malicious and illegal practices of defendants Story and SAC with more than 84 percent of the time being while I lived in Michigan.

22. Therefore, "the substantial part of the events giving rise to the [c]omplaint did not occur in Michigan," in paragraph 14 of defendant Story's affidavit is another factually untrue statement.

23. According to the Tennessee Supreme Court's Rules of Professional Conduct for attorneys, in Tenn. R. Sup. Ct. 1.0 Rule 1.0 - TERMINOLOGY[9], they define "Fraud" or "Fraudulent" as follows:

> ➢ (d) "Fraud" or "fraudulent" denotes an intentionally false or misleading statement of material fact, an intentional omission from a statement of fact of such additional information as would be necessary to make the statements made not materially misleading, and such other conduct by a person intended to deceive a person or tribunal with respect to a material issue in a proceeding or other matter.

24. In my experience, this is defendant Story's *signature* move in literally almost every document filed by her and SAC during the preceding matters in Tennessee…..and thus far 100 percent of the time in this matter.

---

[8] https://rico.jefffenton.com/evidence/2021-04-09_tn-court-of-appeals-case-closed-summary.pdf
[9] ECF 41, PID.3572

25. If merely a fraction of what I have sworn to *under the penalty of perjury* in my complaint is true, the Department of Justice should be leading an investigation into underlying matters for felony criminal charges against several of the defendants.

## DECLARATION

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

Executed on October 3, 2024

_____

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2024, I am mailing the foregoing papers to the defendants or their counsel, by first class mail, at the addresses below. If for any reason, beyond my control, I am unable to complete this on the date specified, I will mail them on the very next mailing day.

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

FENTON v. STORY et al.    Page 1 of 3    Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-03_counter-affidavit-correcting-storys-false-claims.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN  37204-3140

KATHRYN LYNN YARBROUGH
408 PREAKNESS DR
THOMPSONS STATION, TN 37179-5238

ALEXANDER SERGEY KOVAL
281 PARAGON MILLS RD
NASHVILLE, TN 37211-4034

HENRY EDWARD HILDEBRAND III
217 LAUDERDALE RD
NASHVILLE, TN 37205-1821

CHARLES M. WALKER
1925B WARFIELD DR
NASHVILLE, TN 37215-3422

THOMAS E. ANDERSON
215 GLENSTONE CIR
BRENTWOOD, TN  37027-3916

FENTON v. STORY et al.    Page 2 of 3    Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-03_counter-affidavit-correcting-storys-false-claims.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

Executed on October 4, 2024

*JEFFREY RYAN FENTON, PRO SE*

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

FENTON v. STORY et al.            Page **3** of **3**            Case 1:23-cv-01097-PLM-RSK