UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

FILED - LN
October 10, 2024 1:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /____   SCANNED BY /JY/ 10/11/24

JEFFREY RYAN FENTON,

    PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

    DEFENDANTS

CASE NO. 1:23-CV-01097

**AMENDED[1] MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY[2] (EXPEDITED CONSIDERATION REQUESTED)**

Plaintiff brings this motion pursuant to F.R.Civ.P. 11(b)[3] and Article III, Section 1 of the U.S. Constitution, inherent powers of the court. Article III's grant of inherent authority is conventionally understood as permitting a federal court to regulate its own proceedings. Here, litigation is in danger of being multiplied yet again because of the actions of certain defendants. Plaintiff has filed nearly everything signed under penalty of perjury because he has nothing to hide and truly seeks justice.

    Defendant Story—and seemingly others—on the other hand, are seeking to thwart justice. This has become evident in the fact that of the fifteen bar individuals served process, *not one* of them has actually signed the return receipt[4] as required by certified U.S. mail with restricted delivery,

---

[1] Plaintiff filed a motion substantially similar to this titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY on October 4, 2024, in ECF 96, PID.5259-5264, of which this document is the amended version replacing the previous motion in its entirety. The original motion overlooked including a certification which complied with the requests therein, hence creating a confusing paradox if granted. This motion corrects that oversight.

[2] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

[3] https://www.law.cornell.edu/rules/frcp/rule_11

[4] See attached exhibit 'A'.

likely using their knowledge of the rules and procedures combined with local influence over the populace—including postal carriers—in an attempt to stymie and confound Plaintiff.....and justice. It has also become evident in the fact that nearly everything defendant Story filed in the Tennessee courts contained factually false or materially misleading information[5]. This is one of the reasons why she is a defendant in this matter. To allow her to continue would be preposterous.

---

[5] ECF 19, PID.2617-2716 | https://rico.jefffenton.com/evidence/2019_tn-court-motions-in-chronological-order.pdf
ECF 38, PID.3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf
ECF 22, PID.2818-2862 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-hearing-transcript.pdf
ECF 33, PID.3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 18-7, PID.2526-2589 | https://rico.jefffenton.com/evidence/2019-08-29_husbands-one-and-done-answer-to-all.pdf
ECF 57-1, PID.4394-4404 | https://rico.jefffenton.com/evidence/2019-08-30_emergency-attempt-to-correct-court-order.pdf
ECF 57-1, PID.4405-4413 | https://rico.jefffenton.com/evidence/2019-08-30_notified-story-beeler-false-claims-in-court-order.pdf
ECF 57-1, PID.4459 | https://rico.jefffenton.com/evidence/2019-08-30_story-lied-when-notified-false-claims-in-order.pdf
ECF 57-1, PID.4463-4475 | https://rico.jefffenton.com/evidence/2019-09-26_motion-to-sell-contents-of-marital-residence.pdf
ECF 57-1, PID.4478-4480 | https://rico.jefffenton.com/evidence/2019-10-10_notified-bankers-title-sale-illegal-unauthorized.pdf
ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf
ECF 1-12, PID.479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf
ECF 49, PID.4030-4035 | https://rico.jefffenton.com/evidence/2019-11-12_settlement-offer-mitigate-losses-story-refused.pdf
ECF 49, PID.4036-4041 | https://rico.jefffenton.com/evidence/2019-11-12_proof-story-received-my-settlement-offer.pdf
ECF 57-1, PID.4486-4501 | https://rico.jefffenton.com/evidence/2019-tn-wilco-48419b-tech-record-v3-pages-387-402-iied.pdf
ECF 49, PID.4046-4067 | https://rico.jefffenton.com/evidence/2020-05-05_notified-story-about-her-fraudulent-affidavit.pdf
ECF 28, PID.3276-3288 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-call-declaration.pdf
ECF 54-1, PID.4367 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-recorded-call.mp3
ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf
ECF 57-1, PID.4528-4535 | https://rico.jefffenton.com/evidence/2020-10-05_report-ada-abuse-misconduct-to-coke-hivner.pdf
ECF 50, PID.4082-4086 | https://rico.jefffenton.com/evidence/2020-10-16_coa-emergency-motion-reporting-misconduct.pdf
ECF 51, PID.4088-4135 | https://rico.jefffenton.com/evidence/2020-10-28_motion-to-supplement-and-correct-the-record.pdf
ECF 51, PID.4136-4138 | https://rico.jefffenton.com/evidence/2020-10-30_storys-objection-to-correcting-the-court-record.pdf
ECF 1-29, PID.1665-1681 | https://rico.jefffenton.com/evidence/2021-01-19_reported-misconduct-sought-help-tnsc-aoc-bpr.pdf
ECF 1-28, PID.1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf
ECF 57-1, PID.4558-4560 | https://rico.jefffenton.com/evidence/2021-04-09_tn-court-of-appeals-case-closed-summary.pdf
ECF 54-1, PID.4371 | https://rico.jefffenton.com/evidence/2021-12-02_fbi-mark-shafer-binkley-story-corruption.mp3
ECF 52, PID.4225-4228 | https://rico.jefffenton.com/evidence/2023-12-13_wcso-racketeering-official-oppression.pdf
ECF 53, PID.4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
ECF 68, PID.5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

In her very first filing, she has already done so[6]. This has been proved by Plaintiff's COUNTER-AFFIDAVIT[7] filed on October 4, 2024, in ECF 96-2, PID.5286-5294.

In the interests of justice, truth, and the most productive use of time and resources by all involved, including the court, Plaintiff is asking this court to require all parties filing any "pleading, written motion, or other paper" that s/he "certifies that to the best of the person's knowledge" the content of each document is in fact true, sworn to under the penalty of perjury, pursuant to 28 U.S. Code § 1746 while also certifying the contents of each document are in compliance with F.R.Civ.P. 11(b) that:

> "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

This should reduce future filings in the case because Plaintiff will not have to waste time, energy, and other resources countering many of the false documents that have been filed and are still yet to be filed. It should therefore not only somewhat unburden Plaintiff, but also the court by reducing the potential docket size by perhaps a factor of two or something close. It should also be another step towards justice, not *away* from it.

Should any party not sign any filed document pursuant to 28 U.S. Code § 1746 stating that the contents are true and in compliance with F.R.Civ.P. 11(b), that document should be

---

[6] ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[7] An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

automatically struck, or otherwise, not require a response from Plaintiff, and the court would not give it any merit. Lastly, Plaintiff is asking the court to make its order retroactive to the date of the court's "NOTICE OF INTENT TO TRANSFER ACTION"[8] so that any motion to dismiss will also be subject to this order.

## EQUITABLE CONSIDERATION

This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, three courts, and five government entities in the State of Tennessee who are so far represented by five more law firms. Plaintiff, who is a *pro se* litigant, has only a high school education and multiple disabilities,[9] which further diminish his capacity to litigate and protect his interests.

At the absolute least, this court should require all parties to proceed honestly, in good faith, and in the pursuit of justice[10] in accordance with the federal rules and swear under the penalty of perjury they are doing so as Plaintiff has largely done throughout. Otherwise, Plaintiff should not be burdened with responding to any paper they file, nor should the court give them any consideration.

---

> Society's commitment to institutional justice <u>requires that judges be solicitous of the rights of persons</u> who come before the court. *Geiler v. Commission on Judicial Qualifications,* (1973) 10 Cal.3d 270, 286 (emphasis added).

---

[8] ECF 72, PID.5046-5050 | https://rico.jefffenton.com/evidence/2024-09-12_wdm-notice-of-intent-to-transfer-action.pdf

[9] ECF 32, PID.3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
ECF 1-38, PID.2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[10] How they are required to proceed per the federal rules in the first place, but they haven't while so far there has been no active oversight, discipline, or penalty for their outrageous misconduct.

## PROCESS VERSUS MERITS AND CONDUCT

In the matters underlying this cause of action, the defendants have held *process* over merits and conduct, when merits are supposed to rule and conduct is not supposed to be optional. This is especially true when a *pro se* litigant[11] who has acted honestly and in good faith[12] and has never failed to plead[13]. It is clear from Plaintiff's pleadings that he has both wanted and earnestly attempted to defend himself in the preceding actions. He has never acted to thwart the judicial proceedings or with reckless disregard for the effect of his conduct on the proceedings[14].

> "*Pro se* pleadings are to be considered without regard to technicality; *pro se* litigants' pleadings are not to be held to the same high standards of perfection as lawyers." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233 (emphasis added).
>
> "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a **just** judgment." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938) (emphasis added).

If this court denies Plaintiff's motion to require the defendants to essentially *obey* the court's rules of conduct, some of these defendants will undoubtedly[15] keep using the same "game plan" they used in Tennessee: ignoring misconduct and the primary merits of the matters before the court while *overwhelming* Plaintiff with *process* which realistically exceeds his ability to satisfy.

---

[11] *Dessault Systemes S. A. v. Childress*, 663 F. 3d 832, 844 (6th Cir. 2011)(Citing *Shepard Claims Serv., Inc. v. William Darrah and Associates*, 796 F. 2d 190, 194 (6th Cir. 1986).

[12] ECF 43, PID.3705-3709 | https://rico.jefffenton.com/evidence/2017-04-10_usdc-tnmd-fisher-v-gates-pro-se-report.pdf

[13] ECF 51, PID.4088-4135 | https://rico.jefffenton.com/evidence/2020-10-28_motion-to-supplement-and-correct-the-record.pdf

[14] *See Childress*, 663 F. 3d at 841

[15] As defendant Story has just exhibited, in her September 16, 2024, affidavit filed with this court in ECF 76-1, PID.5076-5079.

This cannot be allowed, nor can Plaintiff be expected to police every word written and to call out every lie—lest it all be taken as truth by the court—without the court demanding the multitude of court officials supporting the opposition to *obey* the court's rules of both judicial and professional conduct. Similarly, when Plaintiff must divert his valuable time from proving the merits of his case to calling out obvious misconduct and motioning the court to act in the interests of justice, the court must take substantial action to dissuade similar misconduct from reoccurring, or no justice will be found as a result of these proceedings.

> "Following the simple guide of rule 8(f) that <u>all pleadings shall be so construed as to do substantial justice</u>"… "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and <u>accept the principle that the purpose of pleading is to facilitate a proper decision on the merits</u>." *Conley v. Gibson,* 355 U.S. 41 at 48 (1957) (emphasis added).

By sheer size and strength, Plaintiff doesn't have a chance in this case—*regardless of the merits*—unless the court strictly adheres to its rules of professional and judicial conduct while prioritizing the merits of this case and the conduct of the defendants, both in the preceding actions and in this current action, over technical rules of court processes and procedures. Yet Plaintiff is expected and required to comply with these processes and procedures in order to proceed with this litigation and have any chance at obtaining a remedy.

> "Where rights secured by the Constitution are involved, <u>there can be no 'rule making' or legislation which would abrogate them</u>." *Miranda v. Arizona,* 384 U.S. 426, 491; 86 S. Ct. 1603 (emphasis added).
>
> "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury." *Owen v. City of Independence*

## CONCLUSION

For the foregoing reasons, this court should require language in all filings to specifically certify pursuant to 28 U.S. Code § 1746 that their contents are factually true and have been submitted in compliance with F.R.Civ.P. Rule 11(b) and to make its order retroactive to the date of September 12, 2024, when this court issued the NOTICE OF INTENT TO TRANSFER ACTION[16] prior to any defendant making an appearance in this case.

Plaintiff requests a ruling by October 11, 2024, so that he has sufficient time to reply to DEFENDANTS' VIRGINIA LEE STORY AND STORY AND ABERNATHY, PLLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)(2)(3)(4) & (5) if not mooted by granting this motion.

Plaintiff filed a motion substantially similar to this titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY on October 4, 2024, in ECF 96, PID.5259-5264, of which this document is the amended version replacing the previous motion in its entirety. The original motion overlooked including a certification which complied with the requests therein, hence creating a confusing paradox if granted. This motion corrects that oversight.

---

[16] ECF 72, PID.5046-5050 | https://rico.jefffenton.com/evidence/2024-09-12_wdm-notice-of-intent-to-transfer-action.pdf

## CERTIFICATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I filed the foregoing papers in person in the United States District Court for the Western District of Michigan, in Lansing Michigan, while also serving a copy of the documents by first class mail to the defendants or their counsel as listed below.

USDC WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI    48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

FENTON v. STORY et al.          Page 1 of 3          Case 1:23-cv-01097-PLM-RSK

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN  37204-3140

KATHRYN LYNN YARBROUGH
408 PREAKNESS DR
THOMPSONS STATION, TN 37179-5238

ALEXANDER SERGEY KOVAL
281 PARAGON MILLS RD
NASHVILLE, TN 37211-4034

HENRY EDWARD HILDEBRAND III
217 LAUDERDALE RD
NASHVILLE, TN 37205-1821

CHARLES M. WALKER
1925B WARFIELD DR
NASHVILLE, TN 37215-3422

THOMAS E. ANDERSON
215 GLENSTONE CIR
BRENTWOOD, TN  37027-3916

FENTON v. STORY et al.    Page 2 of 3    Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-08-motion-all-filings-be-under-penalty-of-perjury.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2024

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

FENTON v. STORY et al.        Page 3 of 3        Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-08-motion-all-filings-be-under-penalty-of-perjury.pdf        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)