UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

                PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

                DEFENDANTS

CASE NO. 1:23-CV-01097

FILED - LN
October 21, 2024 4:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: pjw / ___ SCANNED BY ___ 10/22

## OBJECTION TO "DEFENDANTS' VIRGINIA LEE STORY AND STORY AND ABERNATHY, PLLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)(2)(3)(4) & (5)"[1]

### COUNTER-PRELIMINARY STATEMENT

Defendants Virginia Lee Story and Story and Abernathy, PLLP (hereinafter "defendants") are trying desperately to omit and distort facts and evidence, hide the truth, and do everything possible to avoid litigating this case on the merits because the merits are heavily against them. Plaintiff will show in this objection that their claims are frivolous and meant to thwart justice, not endorse it. Plaintiff has worked tirelessly on this case and asks the court once again to allow this case to be fully litigated as it should be in front of a jury. The defendants make a claim that "Dismissal.....is proper.....due to.....lack of subject matter jurisdiction." However, nowhere in their DEFENDANTS' VIRGINIA LEE STORY AND STORY AND ABERNATHY, PLLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)(2)(3)(4) & (5) (hereinafter "motion") do they reveal how lack of subject matter jurisdiction is even possible.

---

[1] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

## ARGUMENT

On page 2 of the motion, the defendants argue that Plaintiff "assert[s] that proper service of the [s]ummons and [c]omplaint was accomplished on Defendants, which is not true." Firstly, the filing referenced was not a "declaration," but instead was filed with the court to "clarify exactly what was served to each defendant in this lawsuit, and by what media formats and delivery mediums these documents and digital exhibits were served." Secondly, as of the date the motion was filed, no affidavit or declaration of service had yet been filed on behalf of Plaintiff. Thirdly, to imply that "proper service" was not accomplished is ludicrous, particularly when Plaintiff went far above and beyond traditional service requirements by providing the defendants with not only paper versions of the summons and complaint, but also a flash drive containing the entire docket at that time in addition to a link to his website where all filings in the case could be freely downloaded singly or in bulk.

What *is* "not true" is that the defendants' above claim is not true.....and that the majority of everything they provided, stated, and filed in matters leading up to the instant case is not true. Plaintiff has been 100 percent truthful in everything he has filed in this matter. What *is* true is that several defendants in this matter—not just the ones addressed in this objection—have dodged service or otherwise used their knowledge, power, and influence to stymie Plaintiff and justice regarding failure to sign and/or accept—and in one case, physically return process to the post office—registered or certified mail. Despite the summons and complaint being sent by U.S. mail with restricted delivery, someone other than defendant Story signed for the package addressed strictly to her. So, technically, yes, service was not "proper"—not because of anything Plaintiff did *but because of what the defendants did to dodge and/or obfuscate service!* This is

yet another example of why all defendants must be required to state in every filed document that "the content of [it] is in fact true, sworn to under the penalty of perjury, pursuant to 28 U.S. Code § 1746 while also certifying the contents of each document are in compliance with F.R.Civ.P 11(b)" as Plaintiff has requested in his AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY.[2]

Plaintiff has shown "good cause as to the failure of timely service." He has been forced to fight the court on multiple occasions because the magistrate has not followed case law, among other things,[3] and because of a breakdown of Plaintiff's printer, which he described in his MOTION TO EXTEND SERVICE DEADLINE with expedited consideration requested, upon which as of this date, the court has not ruled.[4]

Also on page 2, the defendants state, "Fed. R. Civ. P. 4(e) and 4(h) direct that service on individuals and partnerships be accomplished in a specific way," which is one thing that is actually true. However, they conveniently leave out the fact that the F.R.Civ.P. 4(e)(1) states service can be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," which is precisely what Plaintiff attempted pursuant to Mich. Ct. R. 2.105.

The defendants then state, "Fed. R. Civ. P. 4(l) has specific requirements for proving service, none of which was followed by Plaintiff." Local rule 5.2 requires that "Proof of service

---

[2] ECF 100, PID.5345 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf

[3] Namely, his objection (ECF 14) to the magistrate's improper REPORT AND RECOMMENDATION (ECF 8) and his objection (ECF 62) to the magistrate's ORDER REGARDING SERVICE (ECF 55).

[4] ECF 61, PID.4740-4741 and ECF 61-1, PID.4743

of all pleadings and other papers required or permitted to be served shall be filed promptly after service." Plaintiff is still working on this. Moreover, "promptly" is not defined. Because of the shenanigans of some defendants, i.e., fifteen out of fifteen individual defendants refusing to sign the U.S.P.S. return receipt[5], service has become more complicated than it should be thereby causing Plaintiff to expend more time, energy, and money completing this phase of the lawsuit. Just because proof of service has not been filed *yet* in no way means it will not be soon.

"Plaintiff never properly served Defendants, Virginia Lee Story and Story and Abernathy, PLLP, with either Complaint" is another false claim the defendants make. They do not say *how* they were not properly served, just simply that they were "never properly served." Again, to invoke gamesmanship on their part by not signing as required per U.S.P.S regulations and then claim they were "never properly served" the amended complaint is wildly absurd. Since they were in fact served the amended complaint—as is obvious by the entry into the case of their counsel—one can only presume this is what they are insinuating by improper service.

On page 3 of the motion, the defendants think that the case against them should be dismissed because "Defendants were not properly served with the [s]ummons and [c]omplaint by August 22, 2024." Defendants accepted service on August 26, 2024, which was mailed less than 48 hours after the court's deadline. However, the defendants neglect to mention that Plaintiff asked for a short extension as aforementioned herein because of the breakdown of his printer due to the inordinate demands he was forced to put on it, to some extent, as a result of the actions of the court and defendants causing the case's document count to increase dramatically.

Also on page 3, the defendants point to F.R.Civ.P. 15 and quote it accurately, but falsely

---

[5] ECF 100-1, PID.5354-5372

claim—once again—that leave of court is required to file an amended complaint.  Even *pro se* litigants with only a basic level of understanding of federal rules know that leave is not needed for the *first* amending.  In fact, the very portion of the rule that the defendants cite, 15(a)(1)(A), "<u>A party may amend its pleading once as a matter of course</u> no later than 21 days after serving it," (emphasis added) clearly says that no permission is necessary to file such a pleading.  Plaintiff easily met this requirement because he filed his amended complaint *well before* the deadline required, "21 days after serving it."

On page 4, defendants continue to go off the rails.  They claim that personal jurisdiction is absent, which is nonsensical on so many levels.  First of all, they appear to be trying to apply state law jurisdiction to a federal case.  However, the very statute that they quote, M.C.L. §600.705, makes them liable to personal jurisdiction under provisions (1) and (2) as explained in Plaintiff's COUNTER-AFFIDAVIT[6] because they did, in fact, do "business within the state" and cause "an act to be done, or <u>consequences to occur</u>, in the state resulting in an action for tort" (emphasis added).  More than 84 percent of the prior litigation and *all* physical damages done to Plaintiff as a consequence of the defendants' actions occurred while he was living in Michigan.

On page 5, continuing from page 4, the defendants wrongly conclude that "the defendants must purposefully avail themselves of the privilege of acting in the forum state" in order for the court to exercise personal jurisdiction and that they have no "contact[] whatsoever with the State of Michigan" and point to defendant Story's fraudulent affidavit to support this assertion.  They go on to make the bold statement: "Specifically with respect to any activities involving the [p]laintiff, Defendants had no contacts whatsoever with the State of Michigan."

---

[6] ECF 100, PID.5343-5079 | https://rico.jefffenton.com/evidence/2024-10-06_counter-affidavit-correcting-storys-false-claims.pdf

Even if 100 percent true—instead of being 100 percent false as Plaintiff proved in his COUNTER-AFFIDAVIT—then their "logic" would completely dissolve nearly half of all federal cases filed under diversity of citizenship which *requires* that no plaintiffs are residents of the same state as any of the defendants.[7] Plaintiff has filed the instant case under such diversity.

Continuing on page 5, the defendants erroneously claim that venue in Michigan is improper. As Plaintiff has pointed out numerous times[8], this is not true. Most of the damage done to Plaintiff occurred while he was located in Michigan—fraudulent orders of protection being issued, other fraudulent and/or falsified papers being filed, his home being stolen, etc. Moreover, directly from the U.S. courts website, "Generally, a <u>lawsuit must be filed in the jurisdiction</u> where the defendant resides or <u>where the claim arose. In cases based on diversity of citizenship</u> (when the plaintiff and defendant are residents of different states), <u>the lawsuit may be filed in the jurisdiction *where the plaintiff*</u> or the defendant *resides*" (emphasis and strongest emphasis added).[9]

As just stated, the majority of "the claim arose" in Michigan. *Ferens v. John Deere* Co., 494 U.S. 516 (1990), a diversity case whereby a plaintiff sued in his home state, also reinforces this statement. Under the JURISDICTION AND VENUE section of the complaint, Plaintiff clearly is bringing his suit "based on diversity of citizenship" pursuant to 28 U.S. Code § 1332. If the prerequisite for *Ferens* is that a diversity case must be litigated in the district in which the

---

[7] https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2022 (diversity cases were 46 percent)

[8] Most recently, Plaintiff has proved venue in Michigan is proper in his AMENDED DECLARATION VOICING PLAINTIFF'S CONCERNS ABOUT TRANSFERRING THIS ACTION TO TENNESSEE (ECF 102, PID.5391-5468)

[9] www.uscourts.gov/statistics-reports/covering-civil-cases-journalists-guide

Importantly, while neither the above page nor the PDF version of the guide downloadable from the above page have publication dates associated with them, the PDF refers to a date as recent as 2017 in the *past tense* on page 46 (See exhibit "A" in ECF 102). This means the cited text is no older than that year, and nobody can legitimately claim that the statement is "out of date" if nothing related has changed in the last seven years.

plaintiff lives, then Plaintiff would be amenable to having the matter transferred to the U.S. District Court for the Eastern District of Michigan rather than having it transferred to any other district court—particularly middle Tennessee where justice will undoubtedly *not* be served.

At the very bottom of page 5 and having no solid evidence, the defendants come to the wrong conclusion again: "Plaintiff must have anticipated this argument since Plaintiff filed a Motion for Order to Maintain Venue on October 20, 2023." Plaintiff filed his motion as a *preemptive strike* to attempt to prevent the defendants from transferring the case to a locale where their friends and colleagues occupy high positions of influence and authority.....and where justice will almost certainly *not* be served.

## FINAL POINTS

It is important to note that the instant case is a "David versus Goliath." It is thirty-four against one.....and a mighty big thirty-four at that. In order for a true level playing field to be had, deadlines and other restrictive mechanisms should be more relaxed upon Plaintiff. For example, he must now file many objections to an equal number of motions to dismiss. Each defendant only must file one. Assuming none of the defendants are discharged, which they shouldn't be, this lopsided fight will continue throughout the case. This is not fair. It is even less fair against a litigant with disabilities. Indeed, the defendants specific to this objection have committed some of the most egregious offenses in underlying matters that have been the genesis of the injuries inflicted upon Plaintiff.

There is another facet of this action that is equally unlevel as the uneven playing field mentioned above. Thus far, all defendants have ECF capabilities and have filed electronically. This court has denied the same capability to Plaintiff. Filing documents with the court has been

expedited for the defendants. Requiring Plaintiff to obtain paper, print thousands of sheets of documents, and drive to the post office to mail them is outrageous. This is a classic example of a reverse Robin Hood—stealing from the poor to give to the rich. This court has made an already easy job far easier for the defendants and an already burdensome job more burdensome for Plaintiff. Such treatment borders on being constitutionally offensive.

Regarding jurisdiction, Defendant Story did not have a care in the world about it in one of the matters precipitating this action. She was very well aware that Plaintiff's house was part of his ex-wife's bankruptcy estate and that the federal court—not the Tennessee state court—had original and exclusive jurisdiction over it.[10] Despite this, she took steps necessary to severely injure Plaintiff by punching through jurisdiction in order to steal his home[11]. Now, however, she has suddenly taken a keen interest in jurisdiction by trying to hide behind it as a shield.

Regarding court rules and the law, Defendant Story was fine illegally distorting them to *deprive* Plaintiff of his life, liberty, and property, but now she wants to use them to the letter to prevent Plaintiff from reaching a *remedy*. She cannot be allowed to break the rules and laws one minute in order to destroy a disabled litigant and then be protected by them the next in order to prevent that same litigant from holding her accountable for her illicit acts. *None* of the responsible state actors did anything to stop her and reverse the damage she caused and, by doing so, have become active participants in wrongdoing.....which is why they are now defendants in this matter.

Regarding constitutionality, the merits of the instant case—which have been supported

---

[10] Per 28 U.S. Code § 1334(e)(1) reads in part: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor."

[11] ECF 53, PID.4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

already by ample evidence in the record—*require* that a jury should decide its outcome. It should not be dismissed unless the merits are somehow proved defective. Thus far, nobody seems to be making such a ridiculous claim, probably because of the mountain of evidence. Plaintiff has spent well over 10,000 hours preparing for this matter. Dismissing it without deciding it on the merits would be nothing short of abominable.

While alleging "insufficient service of process," the defendants did not state anything specific regarding the summons, but on page 3, section II, they claim they "were not properly served with the [s]ummons and [c]omplaint by August 22, 2024."

It is crucial to note that Plaintiff was prevented by the court from obtaining the summonses[12] before July 8, 2024, when Magistrate Kent finally ruled[13] on Plaintiff's "MOTION FOR 45-DAY EXTENSION TO SERVE PARTIES REGARDING F.R.Civ.P.4(m), MOTION FOR PREPAYMENT OF SERVICE FEES – SERVICE BY U.S. MARSHALS, MOTION FOR ADA ACCOMMODATIONS, REQUEST FOR CLARIFICATION, EXPEDITED CONSIDERATION REQUESTED" filed by Plaintiff in ECF-16 almost six months earlier, on January 19, 2024.

---

[12] When Plaintiff filed the motion above in January, he also brought the summonses into the court to have them endorsed by the clerk so that he could begin service, but since it was toward the end of the day, the clerk told Plaintiff that he needed to leave them overnight to be executed. When Plaintiff later contacted the court to check on the status of his summonses, he was told they had been filed along with his motion, as "Proposed Summons", which can be clearly seen in this docket in ECF 16-1, PID.2267-2330.

It was never Plaintiff's intention nor understanding that his summonses would be filed into the court record as "proposed summonses" or anything else, he left them with the court specifically to be endorsed so they would be actionable. He contacted the court on multiple occasions thereafter attempting to retrieve his summonses, while seeking to expedite the response of the court to his motion, but he was told that the motion was still pending and he would receive his summonses back (or the court would use them to serve—if his request for service via the U.S.M.S. was approved), after the court ruled on his motion.

Plaintiff was very uneasy with how long this was taking, concerned that he would be blamed for the delay and for failure to timely serve, but it was beyond his control. On March 25, 2024, in ECF 35-36 Plaintiff went so far as to essentially file another motion regarding service on top of the previous motion, along with a declaration and even a proposed order, in hopes of protecting his interests and encouraging some forward mobility on the issue, yet it was still almost four months later before the original motion was ruled on.

[13] ECF 55 | https://rico.jefffenton.com/evidence/2024-07-08_wdm-fenton-order-regarding-service-kent.pdf

That was the first time since this lawsuit was filed, Plaintiff had *most* of what he needed, including the court's permission, to where it was finally within his reach to move forward and serve his lawsuit, as soon as he could figure out *how* to physically proceed with the limited resources at his disposal.

Unfortunately, at the exact same time, Magistrate Kent denied every other motion which Plaintiff had filed to help him have the means by which to serve his lawsuit, while also protecting it from being prematurely dismissed, without lawful and equitable consideration, based upon the significant constitutional merits of the case.

A book could be written about the challenges next faced by Plaintiff, as he tried to confront what he perceived as judicial misconduct by Magistrate Kent, filing a motion for his recusal, filing objections to the orders which had him *poised* for dismissal without the slightest interest or consideration about the real merits of his lawsuit. Those are the orders which the defendants in this case are crying out for now, the ones which were prejudicial against the honest interests of justice, long before they made an appearance in this matter.

Since that time, on August 21, 2024, Plaintiff filed his first amended complaint[14] with this court, correcting many problems and errors in his original complaint, whereupon it became clear the substantial constitutional and justice interests in allowing this lawsuit to proceed toward litigation.

At the same time on August 21, Plaintiff was finally able to pick up his summonses from the court, that being the very first day which he had ever held actionable summonses in his hands.

It is unrealistic to assume that all thirty-plus defendants could be served within twenty-

---

[14] ECF 66, PID.4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

four hours, especially considering that some still have not been because they are dodging service.

Plaintiff put forth a herculean effort, the details of which I doubt anyone wants to take the time to read, but I hope this court can acknowledge that he has done his part to stand up for his rights and contend for honest justice, despite the odds and the army against him. The courts, our country, and justice owe him a chance to obtain a remedy which can help save his life.

Lastly, the defendants have obviously been made aware of this lawsuit and not been prejudiced in any way, shape, or form by a maximum forty-eight hour delay. This is in *extreme contrast* to Plaintiff—who the defendants *significantly* prejudiced in the underlying suits. Any extensions of time are supported by the federal rules. Because of the tremendous workload imposed upon a disabled litigant and the enormity of work involved regardless—recall that Plaintiff is spending ten to fourteen hours per day on this matter at least six days per week—F.R.Civ.P. 6(b)(1)(A) illustrates that a deadline can be extended "with or without motion or notice if the court acts, or <u>if a request is made, before the original time</u> or its extension <u>expires</u>" (emphasis added). Plaintiff made his request on August 19, 2024, before the "original time.....expire[d]" as already mentioned.

**CONCLUSION**

Dismissing a case with significant merit such as this one would not serve the interests of true justice at this point. Some defendants are responsible for deliberate wrongdoing—and even deliberate criminal acts. Others are either accessories to nefarious conduct or active participants in it. Allowing these culpable parties to escape justice because of political ties or improper influence or because of minor technicalities—some of which are at least partly the fault of the

defendants—is not serving justice; it is serving *in*justice. Plaintiff's constitutional rights require that he have his day in court, which has yet to happen and thus necessitated this very action. For all of the preceding reasons, this matter cannot be dismissed against the defendants *if justice is to be really served*. Finally, should this court seriously entertain any motion to dismiss at this juncture, Plaintiff demands an evidentiary hearing prior to any related decision, and he is filing a separate motion accordingly.

## CERTIFICATION & DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

Executed on October 20, 2024

_____

**JEFFREY RYAN FENTON, PRO SE**

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I am filing the foregoing papers in person, in the United States District Court in the Western District of Michigan, located in Lansing Michigan. I further certify that on October 22, 2024, I am serving these same documents to the defendants or their counsel, by first class mail, at the addresses below. If for any reason beyond my control, I am unable to complete either, I will do so on the very next business day.

U.S.D.C. WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI    48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

FENTON v. STORY et al.    Page 1 of 3    Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-20_objection-to-storys-motion-to-dismiss.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

LAURA C. BAUCUS
DYKEMA GOSSETT PLLC
39577 WOODWARD AVE STE 300
BLOOMFIELD HILLS, MI 48304-5086

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN 37204-3140

KATHRYN LYNN YARBROUGH
408 PREAKNESS DR
THOMPSONS STATION, TN 37179-5238

ALEXANDER SERGEY KOVAL
281 PARAGON MILLS RD
NASHVILLE, TN 37211-4034

HENRY EDWARD HILDEBRAND III
217 LAUDERDALE RD
NASHVILLE, TN 37205-1821

CHARLES M. WALKER
1925B WARFIELD DR
NASHVILLE, TN 37215-3422

THOMAS E. ANDERSON
215 GLENSTONE CIR
BRENTWOOD, TN  37027-3916

FENTON v. STORY et al.   Page 2 of 3   Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-20_objection-to-storys-motion-to-dismiss.pdf   Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

FENTON v. STORY et al.   Page 3 of 3   Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-20_objection-to-storys-motion-to-dismiss.pdf   Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)