UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RYAN FENTON, )
         Plaintiff, )
    ) No. 1:23-CV-1097
-v- )
    ) Honorable Paul L. Maloney
VIRGINIA LEE STORY, *et al.*, )
         Defendants. )
    )

## ORDER TRANSFERRING VENUE

Plaintiff Jeffrey Fenton filed this lawsuit without the assistance of counsel. He alleges claims arising from and related to litigation in Tennessee. Plaintiff named more than thirty defendants, most (or all) of whom reside in Tennessee. On September 12, 2024, this Court provided the parties with notice of the intent to transfer this lawsuit to the Middle District of Tennessee (ECF No. 72). The Court afforded all parties an opportunity to advise whether the intended transfer would be appropriate. The Court instructed that if Plaintiff objected to the transfer, he needed to explain why the proposed location would not be appropriate and must also provide an alternative venue that would be appropriate under 28 U.S.C. § 1391(b). Plaintiff filed an amended brief addressing the notice (ECF No. 102).

I.

As the Court explained in the notice, § 1391 governs venue for civil actions in federal courts. *See* 28 U.S.C. § 1391; *Atl. Marine Constr. Co. v. United States Dist. Ct. for the Western Dist. of Texas*, 571 U.S. 49, 55 (2013) ("This question—whether venue is 'wrong' or

'improper' is generally governed by 28 U.S.C. § 1391."). Subsection (b) provides three options for a plaintiff to file a lawsuit:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Subsection (e)(1)(C) and 28 U.S.C. § 1402(b) set forth specific conditions (e.g., a lawsuit against the United States or an officer of the United States acting in his or her official capacity) under which a plaintiff may filed the lawsuit where the plaintiff resides.

Section 1391(b) does not permit Plaintiff to file his lawsuit in this judicial district, the Western District of Michigan. Plaintiff does not reside in this district; he resides in Genesee County, which is in the Eastern District of Michigan. No defendant resides in Michigan. None of the acts, events or omissions giving rise to this lawsuit occurred in Michigan. Plaintiff pleads that his home was taken from him as part of the lawsuit and that real property is located in Tennessee. The fact that Plaintiff relocated to Michigan while the underlying litigation occurred in Tennessee does not mean that Plaintiff's injury occurred in Michigan. Any alleged injury occurred in Tennessee, where the litigation took place. Plaintiff indicates he suffers from several disabilities. The Court is unaware of any authority supporting the conclusion that a plaintiff's disabilities provide a basis for avoiding the directives contained in the venue statute.

II.

Because venue is not proper in this judicial district, the Court will transfer the lawsuit. Section 1406(a), 28 U.S.C. § 1406(a) provides that when a plaintiff files a lawsuit in the wrong judicial district, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."[1] *See* Charles A. Wright, Arthur R. Miller, Edward H. Cooper and Richard D. Freer, Federal Practice and Procedure §3827 (4th ed. 2013) ("A prerequisite to invoking Section 1406(a) is that the venue chosen by the plaintiff is improper."). "A transfer under s 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of that forum." *Martin v. Stokes*, 623 F.2d 469, 472 (6th Cir. 1980). Ordinarily, if the court (rather than a party) raises venue concerns, court should give the parties notice of the court's intent to transfer the lawsuit, which the Court has already done. *See Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).

Plaintiff indicates his preferences for transfer: (1) the Eastern District of Michigan, (2) a judicial court in Ohio, preferably on the western side of the state, (3) the Eastern District of Tennessee (Knoxville), and (4) the Middle District of Tennessee (Nashville). As the Court explained in the notice, Plaintiff needed to identify venues that would be appropriate under § 1391. The transfer statute, § 1406(a) permits a court to transfer a civil action only to judicial

---

[1] In the notice, the Court cited 28 U.S.C. § 1404 rather than § 1406 (ECF No. 72 PageID.5048). Both provisions permit a court to transfer venue. Section 1406 applies when a plaintiff files the lawsuit in the wrong venue. *K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 409 (6th Cir. 2017) ("Section 1404(a) applies for cases brought in a court where venue is proper; § 1406 for cases brought in an improper venue.").

district where the lawsuit could have been brought.[2] The Court cannot transfer this lawsuit to the Eastern District of Michigan or to any judicial district in Ohio. Plaintiff could not have filed this lawsuit in any of those judicial districts for the same reasons he should not have filed the lawsuit in the Western District of Michigan. No defendant resides in those districts and none of the events giving rise to this lawsuit occurred in those districts. Plaintiff has not established that his third choice, the Eastern District of Tennessee, would be permissible under the statute. The events giving rise to Plaintiff's claims occurred in the Middle District of Tennessee. Plaintiff has not indicated to the Court that any of the defendants reside in the Eastern District of Tennessee.

The Court acknowledges Plaintiff's limitations and concerns about this transfer. Plaintiff, however, has not established that any of those limitations or concerns provide a legal basis for permitting his lawsuit to proceed in this district. In the interests of justice, the Court will transfer the action rather than dismissing it. The Court also notes a practical consideration. All of the defendants who have appeared and filed motions to dismiss have raised both personal jurisdiction and venue objections. If those concerns have merit, the Court would have to grant the motions and dismiss those defendants without prejudice. Plaintiff's recourse would be to refile this lawsuit, likely in the Middle District of Tennessee.

---

[2] Section 1404(a) contains a similar restriction; a court may transfer the lawsuit only to a judicial district where the action might have been brought to a judicial district to which all parties have consented.

## III.

Because § 1391 does not support Plaintiff's choice of venue, the Court will transfer this lawsuit to the Middle District of Tennessee. The events giving rise to Plaintiff's claims occurred in that district.

Accordingly, the Court **TRANSFERS** this lawsuit to the United States District Court for the Middle District of Tennessee. **IT IS SO ORDERED.**

Date:   October 25, 2024                                          /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                   United States District Judge