UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY RYAN FENTON, ) | |
| Plaintiff, ) | |
| ) | No. 1:23-cv-1097 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| VIRGINIA LEE STORY, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## ORDER REJECTING DOCUMENTS

The Court has examined the documents received April 11, 2025. The Court orders the Clerk to reject the documents and return them to Jeffrey Fenton. This case was transferred to the Middle District of Tennessee on October 25, 2024. As a result, Mr. Fenton's civil lawsuit in this district has been terminated.

This is the third attempt by Mr. Fenton to file documents in this case in this district since the Court issued the transfer order. The two previous times, Magistrate Judge Kent issued orders directing the Clerk to reject the documents and return them to Mr. Fenton. In this third attempt to file yet more documents (in excess of 100 pages), Mr. Fenton explains that he is merely attempting to correct the record.

The Court appreciates Mr. Fenton's diligence, but his efforts are both unnecessary and improper. The Court has reviewed the documents submitted to the Clerk. Mr. Fenton does seek to continue this lawsuit in this district. Mr. Fenton objects to the Court's decision to restrict access to certain documents, asserting that the information is public, based on an order issued after the Court transferred this lawsuit. The Court exercised discretion and

found good cause to restrict access to a document that included the home address of a sitting judge. Mr. Fenton contends this Court failed to provide him with compensation for damages caused by the Magistrate Judge, who he accused of bias. Mr. Fenton's remedy was an objection or an appeal concerning the actions of the Magistrate Judge. He does not have any claim for damages or other compensation against the Magistrate Judge.

Mr. Fenton also objects to the two orders issued by Magistrate Judge Kent directing the Clerk to reject Mr. Fenton's documents. Mr. Fenton misunderstands the organization of the court and the nature of the referral order. As a matter of administration, both a district judge and a magistrate judge are assigned to this case. This Court initially referred the entire action to Magistrate Judge Kent under 28 U.S.C. § 636(a) and § 636(b)(1). This sort of referral directs a magistrate judge to resolve all nondispositive motions and to submit proposed findings of fact and recommendations for all dispositive motions, without the need for the referral of any specific motion. Magistrate Judge Kent remained assigned to this civil action even after the order vacating the order of referral. And, Magistrate Judge Kent properly exercised his administrative duties when he directed the Clerk to reject documents filed in a civil case that had been terminated.

The Court emphasizes to Mr. Fenton that the action has been transferred to another federal district court and he should direct his efforts and his filings to that court. **IT IS SO ORDERED.**

Date: __May 2, 2025__                              __/s/ Paul L. Maloney___
                                                                Paul L. Maloney
                                                                United States District Judge